IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:　C.A. No. 04-1538<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR PROTECTIVE ORDER

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, brings this Motion for Protective Order relating to Plaintiff's refusal to timely conduct her second inspection, as demanded, of the UPS package delivery van (the "package van"), thereby unfairly prejudicing UPS's ability to repair the package van and release it to regular business use, and in support of same avers as follows:

1.　On or about October 23, 2004, a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware.  Mr. Vascek was killed in the collision.

2.　On or about December 22, 2004, decedent's wife, Heidi Vascek ("Plaintiff"), filed the above-captioned wrongful death and survival action against UPS and Mark Bard.

3. UPS owns and remains in possession of the package van operated by Mark Bard at the time of the accident. UPS has preserved the package van in its post-accident condition and has not made any repairs to the package van.

4. On or about November 22, 3004, Plaintiff's counsel and her experts inspected the package van in its post-accident condition.

5. The damage to the package van is limited to the front hood of the package van, is relatively minor, minimally affects the operation of the package van and is entirely reparable.

6. On December 15, 2005, after plaintiff inspected the package van, UPS's counsel informed plaintiff's counsel that UPS would preserve the damaged portion of the package van – namely the hood – and intended to return the package van to regular service. See letter of December 15, 2004 from Jayne A. Risk, Esquire to Michael T. van der Veen, Esquire, attached hereto as Exhibit "A".

7. Plaintiff's counsel informed UPS that it wished to inspect the package van a second time, and UPS agreed to produce the package van for a second inspection upon plaintiff's request. See letter of February 11, 2005 from Ms. Risk to Mr. van der Veen, attached hereto as Exhibit "B". Thereafter, plaintiff failed to request to inspect the package van.

8. By letter dated February 17, 2005, counsel for UPS again corresponded to plaintiff's counsel its intention to release the package van to normal service, while maintaining the damaged hood, and seeking plaintiff's agreement with that course of action. See letter dated February 17, 2005 from Ms. Risk to Mr. van der Veen, Esquire, attached hereto as Exhibit "C".

9. That same day, plaintiff's counsel responded by objecting to the release of the package van to regular service because plaintiff "intended" to conduct further investigation that required a second inspection of the package van. Plaintiff's counsel warned that releasing the

package van to regular service would be "spoliation of material evidence." See letter of February 17, 2005 from Mr. van der Veen to Ms. Risk, attached hereto as Exhibit "D".

10. UPS thereafter again agreed to continue preserving the package van, requesting that if plaintiff intended to conduct further inspections that plaintiff due so "in a timely manner." See letter dated February 21, 2005 from Ms. Risk to Mr. van der Veen, attached hereto as Exhibit "E".

11. Plaintiff, however, again failed to schedule a second inspection of the package van. Accordingly, UPS again corresponded to plaintiff's counsel that it remained interested in returning the package van to service and reminding plaintiff's counsel that the hood, the part of the package van that was damaged, would be preserved. UPS also confirmed plaintiff's counsel representations that he intended to conduct the inspection by the end of the month of April. See letter of April 6, 2005 from Ms. Risk to Mr. van der Veen, attached hereto as Exhibit "F".

12. Plaintiff failed to schedule a second inspection of the package van by the end of April. On May, 3, 2005, UPS once again restated its request that the plaintiff schedule an immediate inspection of the vehicle so that UPS could return it to regular service. See letter of May 3, 2005 from Ms. Risk to Mr. van der Veen, attached hereto as Exhibit "G". Plaintiff's counsel again responded that it was his intention to inspect the package van, again implying that UPS would be responsible for spoliation if the package van were not preserved. See letter of May 6, 2005 from Mr. van der Veen to Ms. Risk, attached hereto as Exhibit "H".

13. To date, after seven months and despite numerous telephone calls and repeated written correspondence, plaintiff has failed and/or refused to schedule the second inspection of the package van. Plaintiff's refusal to follow through with her own demand to perform a second inspection of the package van, while unreasonably insisting that UPS maintain the package van

in its post-accident condition indefinitely, is unfairly prejudicing UPS's rights with respect to its own property and business.

14. Fed. R. Civ. P. 26(c)(2) provides, in pertinent part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

15. Per the foregoing, UPS seeks an Order of this Court, consistent with the guidance of Rule 26(c)(2), setting forth the "specified terms and conditions, including a designation of the time or place" by which plaintiff must perform an inspection of the package van, or waive her right to do so. Specifically, UPS requests an Order directing plaintiff to conduct an inspection of the package van within ten days of the entry of said Order, with plaintiff thereafter forfeiting her right to inspect the package van if she fails to do so within ten days of the Order, and after the expiration of ten days releasing UPS from any further obligation to preserve the package van in its post-accident condition.

**WHEREFORE**, defendant United Parcel Service, Inc. respectfully requests that this Court grant the Motion to for Protective Order directing plaintiff to perform an inspection of the package van within ten days of the entry of the Order or otherwise forfeit her right to do so, and grant such other relief as this Court deems appropriate.

**RAWLE & HENDERSON LLP**


/s/ William J. Cattie, III
--------------------------------
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200


**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328

Dated: June 2, 2005