IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>       Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>       Defendants. | : <br> : <br> : <br> : <br> :    C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : |

BRIEF IN SUPPORT OF
DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION FOR PROTECTIVE ORDER

I. **INTRODUCTION / STATEMENT OF THE FACTS**

On or about October 23, 2004, a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was killed in the collision. On or about December 22, 2004, decedent's wife, Heidi Vascek ("Plaintiff"), filed the above-captioned wrongful death and survival action against UPS and Mark Bard.

UPS owns and remains in possession of the package van operated by Mark Bard at the time of the accident. UPS has preserved the package van in its post-accident condition and has not made any repairs to the package van. The damage to the package van is limited to the front hood of the van, is relatively minor, minimally affects the operation of the package van and is entirely reparable.

On November 22, 2004, Plaintiff's counsel and at least two experts inspected the package van in its post-accident condition. On December 15, 2005, after plaintiff inspected the package van, UPS's counsel informed plaintiff's counsel that UPS would preserve the damaged portion of the package van – namely the hood – and would return the package van to regular service. <u>See</u> Exhibit "A". Plaintiff's counsel informed UPS that it wished to inspect the package vehicle a second time, and UPS agreed to preserve the package van and produce it for inspection upon plaintiff's request. <u>See</u> Exhibit "B". Thereafter, plaintiff failed to request to inspect the package van.

Two months later, by letter dated February 17, 2005, counsel for UPS <u>again</u> corresponded to plaintiff's counsel its intention to release the package van to normal service, while maintaining the damaged hood, and seeking plaintiff's agreement with that course of action. <u>See</u> Exhibit "C". That same day, plaintiff's counsel responded by objecting to the release of the package car to regular service because plaintiff intended to conduct further investigation that required a second inspection of the package van. Plaintiff's counsel alleged that releasing the package van to regular service would be "spoliation of material evidence." <u>See</u> Exhibit "D". UPS thereafter agreed to continue preserving the package van, requesting that if plaintiff intended to conduct further inspections that plaintiff cooperate by doing so "in a timely manner." <u>See</u> Exhibit "E".

Plaintiff did not, however, schedule a timely second inspection of the package van. Accordingly, UPS again corresponded to plaintiff's counsel that it remained interested in returning the package van to regular business service and reminding plaintiff's counsel that the hood, the part of the package van that was damaged, would be preserved. UPS also confirmed plaintiff's counsel representations that plaintiff intended to conduct the inspection by the end of the month of April. <u>See</u> Exhibit "F". Plaintiff did not, however, schedule a second inspection of

the package van by the end of April. Accordingly, on May, 3, 2005, UPS again restated its request that the plaintiff schedule an immediate inspection of the van so that UPS could return it to regular business service. See Exhibit "G". Plaintiff's counsel again responded that it was his intention to inspect the package van, again implying that UPS would be responsible for spoliation if the package van were not preserved. See Exhibit "H".

To date, after more than seven months, plaintiff has failed and/or refused to schedule the second inspection despite UPS's repeated requests. Plaintiff's refusal to follow through with her own demand to perform a second inspection of the package van, while unreasonably insisting that UPS maintain the package van in its post-accident condition indefinitely, is prejudicing UPS's rights with respect to its business interests and its own property. The UPS package van is the property of UPS and is capable of being returned to operational status. There is no justification for why UPS should not be permitted to do so. Plaintiff will not be prejudiced where UPS has provided countless opportunities for plaintiff to perform a *second* inspection and plaintiff has simply been lax in taking advantage of such opportunities. Accordingly, UPS seeks a Protective Order giving plaintiff no more than ten days from the date of the Order in which to conduct a second inspection of the package van, or thereafter forfeit her right to do so, such that UPS may then be released from any further obligation to preserve the entire package van in its post-accident condition.

## II.    ARGUMENT

UPS owns the package van that its employee, Mark Bard, was driving at the time of the accident. The damage to the van is entirely reparable, and the actual damaged component, the hood of the van, can be independently preserved for purposes of this litigation. Plaintiff's two experts have already once inspected the package van. In fact, plaintiff's experts had a full and

fair opportunity to inspect, examine and photograph the package van, which they did. UPS would now like to repair its package van and return it to regular business service. Plaintiff has, for more than seven months, insisted on her right to inspect the package vehicle a second time, such that UPS has been forced to preserve the vehicle in its post-accident condition indefinitely and, as a result, suffer business losses. Plaintiff has been unreasonable in her failure to timely inspect the package van that UPS has preserved and made available to her, prejudicing UPS's rights with respect to its business interests and its own property.

Plaintiff has stated on more than one occasion that UPS would be responsible for spoliation of evidence if it returned the package van to regular service (this, despite UPS's representations that it would preserve the only damaged portion of the package van, namely the hood). This Court has held:

> When determining whether to impose sanctions for the spoliation of evidence, this court must consider the following three factors:
>
> (1) the degree of fault and personal responsibility of the party who destroyed the evidence;
>
> (2) the degree of prejudice suffered by the other party; and
>
> (3) the availability of lesser sanctions which would avoid any unfairness to the innocent party while, at the same time, serving as a sufficient penalty to deter the same type of conduct in the future.

In re Wechsler, 121 F. Supp. 2d 404, 415 (D. Del. 2000).

However, UPS has, throughout this litigation, preserved the package van and has given plaintiff repeated opportunities to conduct a second inspection. Not once has UPS denied plaintiff the opportunity to inspect the van. Moreover, plaintiff's expert has already once inspected the package van. In that vein, the Wechsler Court cautioned:

> [W]hen determining the degree of fault and personal responsibility attributable to the party that destroyed the evidence, the court must consider whether that party intended to impair the ability of the other side to effectively litigate its case. ...
> In addition, when considering the degree of prejudice suffered by the party that did not destroy the evidence, *the court should take into account whether that party had a meaningful opportunity to examine the evidence in question before it was destroyed.* ...

Id. at 415-416 (emphasis supplied).

Accordingly, plaintiff's threats of seeking spoliation sanctions are hollowed by her own failure to perform the second inspection that she has demanded, despite every opportunity to do so. UPS has maintained the package van and will continue to do so until plaintiff's second inspection is performed. Accordingly, UPS seeks a Protective Order from plaintiff's demand that the package van be indefinitely preserved for purposes of performing an inspection that plaintiff refuses to conduct in a timely manner.

Fed. R. Civ. P. 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed. R. Civ. P. 26(c)(2).

UPS seeks an Order of this Court, consistent with the guidance of Rule 26(c)(2), setting forth the "specified terms and conditions, including a designation of the time or place" by which plaintiff may perform an inspection of the package van. Specifically, UPS requests an Order directing plaintiff to conduct an inspection of the package van within ten days of the entry of said Order, with plaintiff thereafter forfeiting her right to inspect the package van a second time if she

fails to do so within ten days of the Order, and then releasing UPS from any further obligation to preserve the package van in its post-accident condition.

## III. CONCLUSION

Per the foregoing, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion for Protective Order (1) directing plaintiff to perform an inspection of the package van within ten days of the entry of the Order; (2) establishing that plaintiff will forfeit her right to inspect the package vehicle if she fails to do so within ten days of the entry of the Order; and (3) releasing UPS from any further obligation to preserve the package van in its post-accident condition after the expiration of ten days from the entry of the Order; and granting such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**


/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200


**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328

Dated: June 2, 2005