IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>           Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>           Defendants. | : <br> : <br> : <br> : <br> :    C.A. No. 04-1538 SLR <br> : <br> : <br> : <br> : <br> : |

## MOTION TO COMPEL DEFENDANT'S ANSWERS TO WRITTEN INTERROGATORIES

Pursuant to the Federal Rule of Civil Procedure 37, Plaintiff, Heidi Vascek, individually and as Administratrix of the Estate of John Vascek, by her attorney Michael T. van der Veen, Esquire, requests that this Honorable Court enter an Order directing Defendant, Mark Bard to file full and complete answers to written Interrogatories and in support thereof, avers as follows:

1. On or about March 1, 2005, Plaintiff served Defendant Bard with Plaintiff's First Set of Written Interrogatories, (the discovery requests). *See* Exhibit "A" attached hereto.

2. Federal Rule of Civil Procedure 33, Interrogatories to Parties, states in pertinent part:

> (b)    Answers and Objections
> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
> (2) **The answers are to be signed by the person making them, and the objections signed by the attorney making them.**
> [Emphasis added]

3. On or about April 26, 2005, Jayne Risk, counsel for Defendant Bard, responded to Plaintiff's discovery requests with answers that were not Mr. Bard's, but rather were summaries, paraphrases and redrafts of Mr. Bard's alleged answers and were not prepared by Mr. Bard. *See* Exhibit "B" attached hereto.

4. On June 15, 2005, after several unsuccessful requests by Plaintiff's counsel via phone, Plaintiff's counsel wrote to Defense counsel requesting they provide Defendant driver, Mark Bard's answers to Plaintiff's Interrogatories in original form and not in a form which was prepared, summarized, paraphrased and redrafted by counsel. Plaintiff also wrote requesting Mr. Bard provide a Verification. *See* Exhibit "C" attached hereto.

5. On June 18, 2005, Plaintiff's counsel wrote to Defense counsel requesting that when they did send Mr. Bard's actual verified answers, the following Interrogatories were to be answered fully and completely: 7(b), 10, 11, 12, 13, 14(a), 17(b), 18, 24(a-b) and 25. *See* Exhibit "D" attached hereto.

6. Furthermore, on June 25, 2005, Plaintiff's counsel again wrote to Defense counsel requesting complete answers to the following Interrogatories: 8, 13, 15, 26, 31, 36, 37, 42, 44, 45 and 46. *See* Exhibit "E" attached hereto.

7. On June 29, 2005, Defense counsel, for the first time, responded that <u>her responses</u> are "complete as written", or, in the alternative, that the Plaintiff's Interrogatories were too numerous and therefore Defendant need not respond. This objection is not made in good faith or with clean hands in that prior to Plaintiff serving her discovery, Defendant's counsel served **127 Interrogatories** on Plaintiff. *See* Defense counsel's letter attached as Exhibit "F".

8.  Defendant, Mr. Bard, failed to comply with Federal Rule of Civil Procedure 33 governing responses to Interrogatories in that the responses are not answered by the Defendant, Mr. Bard, but rather are summaries, paraphrases and redrafts prepared by his attorney, in the third person; and are absent a Verification.

9.  Mr. Bard, an employee of UPS, is the Defendant driver in a package van *versus* motorcycle fatality case.

10. It is critical to the preparation of Plaintiff's case and absolutely necessary prior to Mr. Bard's deposition that full, complete and verified answers be supplied by him. The current discovery deadline in this case is August 8, 2005.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter the attached Order compelling Defendant Mark Bard to answer Plaintiff's Written Interrogatories within fourteen (14) days.

Respectfully submitted,

Dated: 7/13/05

_____
Michael T. van der Veen
25 Bustleton Pike
Feasterville, PA  19053
Counsel for Plaintiff

_____
Daniel W. Scialpi (4146)
Richard R. Wier, Jr., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@wierlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of June 2005, that I electronically filed the attached motion to compel with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following

William J. Catie, Esq.
Rawle & Henderson
300 Delaware Ave., Suite 1015
Wilmington, DE 19899

**RICHARD R. WIER, JR., P.A.**

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@Wierlaw.com