Exhibit A

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES[†]

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
   KATS & ASSOCIATES, P.C.

March 1, 2005

Jayne A. Risk, Esquire
DLA Piper Rudnick Gary Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

    RE:    Heidi Vascek, Individually and as Administratrix of the Estate of John Vascek, Jr. v. United Parcel Services, Inc. and Mark Bard

Dear Ms. Risk,

    Enclosed please find Plaintiff's First Set of Interrogatories and Request for Production of Documents Addressed to the Defendants, United Parcel Services, Inc. and Mark Bard. Please answer these Discovery Requests within thirty (30) days, as required by the Federal Rules of Civil Procedure.

Very truly yours,

Michael T. van der Veen

MTV/bh
encl.
cc:    William J. Cattie, Esquire
       Richard R. Wier, Jr., Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DITRSICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>        Plaintiffs, <br><br>vs. <br><br>UNITED PARCEL SERVICE, INC. and MARK BARD, <br>        Defendants. | : <br> : <br> : <br> : <br> :   C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO THE DEFENDANT, MARK BARD[FIRST SET]

Plaintiffs, pursuant to Fed. R. Civ. P. 33, hereby propound upon Defendant, Mark Bard the following First Set of Interrogatories. These interrogatories are to be answered within thirty (30) days after service, pursuant to the Federal Rules of Civil Procedure. Answers are to be provided from information available to the defendant, his attorneys, agents, employees, representatives and from records in the custody or control of these persons. The defendants are requested to supplement its answers without further notice, upon learning of additional information or inaccuracies in answers previously filed.

You will note that an original and two copies of the Interrogatories have been served upon you. Space has been provided below each Interrogatory for your answers. If additional space is required for answers, either use the reverse side of said paper or attach an additional sheet of paper appropriately marking said Interrogatory.

### DEFINITIONS AND INSTRUCTIONS

Plaintiffs hereby request that the Defendant answer fully in writing and under oath, the following Interrogatories.

Unless negated by the context of the Interrogatory, the following definitions are to be considered to be applicable to all Interrogatories contained herein:

A. The words "you" and "your" when used herein refers to the Defendant, Mark Bard.

B. The word "accident" when used herein refers to the accident that occurred on or about October 26, 2004, as described in plaintiffs' Complaint.

C. "Identity" when used herein with reference to a person means to state: (1) the person's full name and present or last known address; (2) the person's employer and job classification at the time of the events referred to in the Interrogatory.

D. Whenever the word "document" or "documents" is used herein, it shall include the original or any copy (regardless of origin or location) of any statement, paper, writing, letter, memorandum, report, log book, note, article, journal, journal article, magazine, newsletter, blueprint, drawing, sketch, book, pamphlet, record, recordings, photograph, movie picture, negative and any other object containing a written, printed, spoken or photographic image or sound. "Document" also includes cards, magnetic tapes or other electronic information storage articles for use in a computer or which can be extracted or assembled with the use of a computer or computer accessories.

E. "Identify" when referring to a document, means that all of the following information should be supplied as if the following list were incorporated each time the word "identify" appears: (1) nature of the document (e.g., whether it is a statement, brochure, report, letter, book, photograph or something else); (2) its physical description; (3) its custodian or possessor; (4) the identity of the maker or author of the document; (5) the identity of the persons to whom the document was directed; (6) the contents of the document (or, in the alternative, you may attach a clear copy of the particular document or your answers to the Interrogatories); and (7) if a book journal or other publication, its name and publisher and the volume, date, issue and pages in which the document appears. "Identify" when used in reference to an individual means:

    (a)    to state his/her name;
    (b)    present residence address or last known residence;
    (c)    present or last known business address;
    (d)    present employer or last known employer; and
    (e)    whether ever employed by any party to this action and, if so, the date he/she was employed by such party, the name of such party, and the last position held as an employee of such party.

F. No answer is to be left blank. If the answer to an Interrogatory or subparagraph of an Interrogatory is "none" or "unknown", such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

## INTERROGATORIES

1. State your full name, address, age, occupation and marital status at the time of the accident and at present.

2. State the name of all states in which you are licensed to operate a motor vehicle and your operator's number or license in every such state.

3. State the date on which you first obtained a valid operator's license and whether you had one at the time of the accident. If your answer is in the affirmative, please state:

   (a) whether there were any restrictions on your driver's license

   (b) whether your driver's license has ever been revoked or suspended and the reason therefore.

4. State whether you were the operator of a vehicle involved in an accident during the period beginning three (3) years before the date of the accident involved herein to the present time. If your answer is in the affirmative, describe such accident fully, including the name and addresses of all other persons involved.

5. Describe any physical defects you had at the time of the accident and indicate the state of your health at such time and the name and address of your doctor at that time and presently.

6. With respect to the vehicle you were operating at the time of the accident, state the following:

    (a)    The make, model and year of the manufacture;

    (b)    The name and address of the owner

    (c)    Whether it had previously been in any accidents;

    (d)    When it was last officially inspected prior to the accident giving rise to this suit indicating the name and address of the inspection station as well as the person who inspected the same and the nature and extent of the repairs;

    (e)    How much mileage was on the tires of the vehicle;

    (f)    The type of brakes, their condition and the date they were last repaired or adjusted before the accident indicating the name and address of the person who made the repairs or adjustment;

    (g)    Whether the horn was in operating condition and where and when it was last used before the accident;

    (h)    Whether the windows and doors were open or closed and whether you were able see through them clearly at the time of the accident; and,

    (i)    Whether the steering gear was operating properly;

    (j)    whether the vehicle was registered pursuant to state law.

7.    With respect to the scene of the accident, state:

    (a)    the name and directions of the streets involved, indicating the direction in which each vehicle was being operated; and,

      (b)    whether you had been there before the accident, indicating when and how often; and

      (c)    the address you were coming from and going to at the time of the accident.

8.    State with reference to the road on which you were traveling at the time of the accident:

      (a)    Number of traffic lanes;

      (b)    Number of parking lanes;

      (d)    Nature of any traffic and parking lane(s), divider(s) or marker(s);

      (e)    Grade of the road, (i.e., up, down, etc.);

      (f)    Nature and extent of curbs at the side of the road;

      (g)    Nature and width of shoulders of the road;

      (h)    Whether the road was straight or curved;

      (i)    Straightness or curve(s) of the road within 500 feet of the point of impact in either direction;

      (j)    Traffic control devices or signage for each roadway.

9. If you contend that there were any defects in the road surface or obstructions near or upon the road surface which contributed to this accident, state:

   (a) The location of the defects or obstructions with reference to specific landmarks;

   (b) Describe the defects or obstructions (length, width, depth, etc.).

10. Explain exactly where, in terms of feet and with reference to specific landmarks, where the accident happened.

11. How many seconds elapsed between the time you first realized an accident might happen and the actual happening thereof?

12. State the distance in feet between your vehicle and the motorcycle operated by Plaintiff at the time you first realized an accident might happen.

13. State, in narrative form, your version of the manner in which the accident occurred, and:

   (a) all remarks or discussions before, at the time of, and immediately after the accident in question.

14. With respect to the first time you saw the Plaintiff involved in this accident immediately prior to its occurrence, state with reference to specific landmarks at the scene:

   (a) where your vehicle was and the speed thereof;

    (b)    where the Plaintiff was and his speed;

    (c)    the course of your vehicle thereafter, indicating any changes in the direction or speed.

15.    What was the speed of your vehicle:

    (a)    500 feet from point of impact;

    (b)    250 feet from point of impact;

    (c)    100 feet from point of impact;

    (d)    50 feet from point of impact;

    (e)    At point of impact.

16.    Describe any action you took prior to the impact in order to avoid the accident, specifying the details thereof and indicating the position of your vehicle, as well as the speed of your vehicle at the time you took such action.

17.    Did you see any indication by Plaintiff from the time you first observed him up to the time of impact that Plaintiff was aware of your vehicle? If yes, state:

    (a)    Nature of the indication;

    (b)    Distance in feet from where plaintiff gave such indication to the point of impact.

18. When you first saw the Plaintiff, state the distance in feet and geographical location from:

    (a)    Front of your vehicle to point of impact;

    (b)    Plaintiff to point of impact.

19. Was there anything which distracted your attention from the operation of your vehicle within 500 feet of the point of impact prior to the accident? If yes, state:

    (a)    Nature of distraction;

    (b)    How long this distraction lasted.

20. Were there any obstructions to your view of the Plaintiff where the accident occurred or prior to the time of the accident? If yes, state:

    (a)    Whether your view of the Plaintiff was obstructed;

    (b)    Distance in feet and geographical direction of impact where such obstruction occurred;

    (c)    Description of the obstruction;

    (d)    What precautions, if any, you took to obtain a better view, in reference to such obstructions prior to the accident.

21. Was your vision obstructed in any way by anything on or in your vehicle? If yes, state the nature of the obstruction and its location.

22. Was your vision obstructed by any artificial light or sunlight? If yes, state which one and from what direction the light was coming.

23. Did you hear the motorcycle before impact?

    (a) What was the distance of the motorcycle when you first heard it.

24. Did you apply your brakes immediately prior to the point of impact? If yes, state:

    (a) The distance in feet from the front of your vehicle to the vehicle owned, operated or occupied by the plaintiff(s);

    (b) The distance in feet from the front of your vehicle to the point of impact.

25. State the time, in seconds or fractions thereof, that elapsed from when you realized there might be an accident until you applied the brake pedal.

26. Did your vehicle leave any skid marks? If so, state the length and direction of your skid marks.

27. State whether such skid marks were made:

    (a) Solely by the front wheels;

    (b) Solely by the rear wheels;

    (c)    By both front and rear wheels.

28.    State whether at the moment of impact you:

    (a)    Had your lights on;

    (b)    Had your windshield wipers on;

    (c)    Had your turn signal light on;

    (d)    Gave an arm turn signal, and/or;

    (e)    Were moving or stopped.

29.    Describe the movement, direction and speed of your vehicle at the time of impact.

30.    State the parts of your vehicle that came into contact with the Plaintiff at the time of the impact.

31.    Describe all physical evidence and its location which you observed at the scene of the accident after the collision, including, but not limited to, skidmarks, dirt, debris, etc.

32.    Did you take any drug, narcotic, sedative, tranquilizer, medication, or alcoholic beverage within the twenty-four hour period proceeding the accident? If yes, state:

    (a)    what was taken and in what amount.

33. Were you suffering from or affected by any ailment, disease, pathological disorders, or, other medical conditions at the time of the accident? If yes, state the nature and degree of such conditions, when and by whom you were last treated for such condition(s) prior to the accident.

34. If you were required to have a periodic physical examination or mental examination for any reason, including, employment and/or federal, state or local regulations, state:

    (a) by whom and/or what regulation requires this (these) examination(s);

    (b) how frequently required;

    (c) name and address of the doctor or other medical personnel performing such examination(s);

    (d) date of last examination(s) prior to the accident;

    (e) results of such examination(s).

35. State the name and address of the doctor or other medical personnel who last treated you or examined you for any reason whatsoever, prior to the happening of the accident.

36. At the time of the accident, did you own a pair of eyeglasses or other corrective lenses? If yes, state:

    (a) were you wearing them when the accident occurred;

    (b) if your answer to part (a) above is no, explain why you were not wearing them.

37. State where you had been and what you were doing for the eight hours preceding the accident.

    (a) Give the names and addresses of each person(s) in whose company you were during the eight hours preceding the accident.

38. Have you or anyone on your behalf conducted any investigations of the accident which is the subject matter of the complaint? If the answer is in the affirmative, please state:

    (a) each person, and the employer of such person, who conducted any investigation;

    (b) the dates of the investigations;

    (c) all notes, reports or other documents prepared during or as a result of the investigations and the identity of the persons who have possession thereof.

39. Have you given any statements, either oral or written, concerning this action or its subject matter? If the answer is in the affirmative, please state:

    (a) each person to whom a statement was given;

    (b) when and where each statement was given;

    (c) any person who has custody of any such statements that were reduced to writing or otherwise recorded.

40. State whether you are covered by any type of insurance, including any excess or umbrella insurance in connection with this accident. If the answer is in the affirmative, state the following with respect to each policy:

    (a) the name of the insurance carrier which issued each policy of insurance;

    (b) the name insured under each policy and the policy number;

    (c) the type of each policy and the effective dates;

    (d) the amount of coverage provided for injury to each person, for each occurrence, and in the aggregate for each policy;

    (e) each exclusion, if any, in the policy which is applicable to any claim thereunder and the reasons why you or the company claims the exclusion is applicable.

41. To your knowledge, was any person involved in this accident, including answering defendant, convicted of any crime, motor vehicle code violation, or summary offense, arising out of this accident? If so, state:

    (a) the date of such conviction;

    (b) the nature of the proceeding which resulted in a conviction;

    (c) the location of said proceeding and the person or persons presiding;

    (d) the court term and number, if applicable, of such proceeding;

    (e) the identities and addresses of all persons testifying at said proceeding;

  (f)  the identities of any attorneys or legal representatives present at said proceeding;

  (g)  the penalty imposed as a result of said conviction.

42. At the time the collision in question occurred, were you operating in accordance with the instructions given to you by dispatch or operational personnel or United Parcel Service, Inc.? If so, please state:

  (a)  the date and approximate time you received the instructions and your location at that time;

  (b)  the verbal instructions that you received and if they were received *via* the telephone or in person;

  (c)  the identity of the person giving you such verbal instructions;

  (d)  were you given any documents at that time? If so, the identity of the person giving you the document(s) and a description or the title of each such document you received.

43. Did you personally perform any pre-trip inspection, maintenance task, or replacement of parts and accessories on the UPS truck during the 48 hours before the collision occurred? If so, please state the date, approximate time, and location where you conducted such activities, inclusive of a description of the problems you encountered and the actions you took. If a pre-trip inspection was performed, please identify and attach copies of any documents which evidence such pre-trip instructions. If maintenance task or replacement parts took place, please identify and attach copies of any documents which evidence such action.

44. In the last ten years, have you received any traffic citations for moving violations from any local, state or federal enforcement officers? If so, please state:

  (a)  the approximate date, time and location of the issuance of each citation;

  (b)  the type of violation(s) that were listed on each citation;

  (c)  the law enforcement agency issuing the citation(s), inclusive of the name of their employer (name of city, county, state or federal enforcement agency);

  (d)  the identity of the court each citation was filed in indicating the city, county or other location to the best of your knowledge;

  (e)  the penalty imposed upon you for each violation.

45. Were you ever admonished, warned, fined or in any way disciplined by any of your employers in the past ten (10) years? If so, please state:

  (a)  why were you disciplined?

  (b)  when were you disciplined?

  (c)  the form the discipline took;

  (d)  identify the person administering the discipline.

46. State whether any other investigatory or other reports were prepared, compiled, submitted or made on behalf of the Defendant in the regular course of business or as a result of this accident for either private use or for any federal, state or industry safety or regulatory organization. If so, please identify said report.

                          _____
Michael T. van der Veen
Attorney I.D. No. 75616
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Richard R. Wier, Jr.
1220 Market Street
Suite 600
Wilmington, DE 19801

Dated: