Exhibit E

June 25, 2005

*Via Fax (215)656-3301*
Jayne A. Risk, Esquire
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103

      **RE:**    **Estate of John Vascek vs. United Parcel Service, et al**
             **U.S.D.C. Del.; No. 04-1538**

Dear Ms. Risk:

      In reviewing responses of Mark Bard to Plaintiff's First Set of Interrogatories, please provide complete answers to the following Interrogatories, **as requested**.

Interrogatory 8

State with reference to the road on which you were travaling at the time of the accident:
- (a) Number of traffic lanes;
- (b) Number of parking lanes;
- (d) Nature of any traffic and parking lane(s), divider(s) or marker(s);
- (e) Grade of the road, (i.e., up, down, etc.);
- (f) Nature and extent of curbs at the side of the road;
- (g) Nature and width of shoulders of the road;
- (h) Whether the road was straight or curved;
- (i) Straightness or curve(s) of the road within 500 feet from the point of impact in either direction;
- (j) Traffic control devices or signage for each roadway.

RESPONSE: Mr. Bard objects to this Interrogatory to the extent it seeks information protected as attorney-work product. Further, the information that the Plaintiffs seek in this request can be determined by Plaintiffs' own investigatory efforts; Mark Bard is not

Jane A. Risk, Esquire
Page 2
June 25, 2005

obligated to conduct an investigation for the benefit of the Plaintiff. Without waiving said objection, see Delaware State Police Accident Report, UPS 0001-0009.

**Mr. Bard failed to respond to this Interrogatory. Your reference to Delaware State Police Accident Report, UPS 0001-0009 is not responsive. To be clear, the Interrogatory requests Mr. Bard's observation of the roadway, not the police officer's.**

Interrogatory 13

State in narrative form, your version of the manner in which the accident occurred; and

(a) all remarks or discussions before, at the time of, and immediately after the accident in question.

Your response does not include the remarks or discussions Mr. Bard had before, at the time of, and immediately after the accident in question.

**Please have Mr. Bard state what he said, when he said it, and to whom he said it to.**

Interrogatory 15

What was the speed of your vehicle, 500 feet, 250 feet, 100 feet and 50 feet from point of impact.

RESPONSE: Mr. Bard was traveling on Twaddle Mill road at or below the posted speed limit of 30 mph at 500 ft., 250 ft. and 50 ft. from the point of impact. At the point of impact, Mark Bard was stopped.

**This is non-responsive. Please have Mr. Bard's state his exact speed at 500 ft., 250 ft., 100 ft. and 50 ft. from the point of impact.**

Interrogatory 26

Did your vehicle leave any skid marks? If so, state the length and direction of your skid marks.

RESPONSE: No. Mr. Bard is unaware of any skid marks caused by brake application of the package car.

Jane A. Risk, Esquire
Page 3
June 25, 2005

**This is non-responsive. This Interrogatory did not ask if Mr. Bard's application of brakes caused skid marks. The Interrogatory is, did the vehicle leave any skid marks. For the same reasons, your response to Interrogatory 27 is unresponsive.**

Interrogatory 31

Describe all physical evidence and its location which you observed at the scene of the accident after the collision, including, but not limited to, skid marks, dirt, debris, etc.

RESPONSE: The point of rest of the motorcycle was four to six feet from the left front tire of the package car on Montchanin Road. The point of rest of the body of Plaintiff's decedent was perpendicular to the package car front left tire. There was a dirt mark on Montchanin Rd. at the location of the point of impact. There was a light skid mark left by the front tire of Plaintiff's decedent's motorcycle.

**In reference to the light skid mark left by the front tire of Plaintiff's decedent's motorcycle, please have Mr. Bard state, when did he see it, where did he see it, what does he mean by "light".**

Interrogatory 36

At the time of the accident, did you own a pair of eyeglasses or other corrective lenses? If yes, state:

RESPONSE: Yes.

(a) were you wearing them when the accident occurred.

RESPONSE: No.

(b) if your answer to part (a) above is no, explain why you were not wearing them.

RESPONSE:

Bifocals for the purposes of reading only.

**This is non-responsive. Is Mr. Bard far or near-sighted? Was he wearing contacts at the time of the accident?**

Jane A. Risk, Esquire
Page 4
June 25, 2005

Interrogatory 37

State where you had been and what you were doing for the eight hours preceding the accident.
(a)   Give the names and addresses of each person(s) in whose company you were during the eight hours preceding the accident.

RESPONSE: Working delivering packages.

**This is non-responsive. Please have Mr. Bard state, the name, addresses of each person in whose company he was in during the 8 hours preceding the accident, list the specific routes and all stops Mr. Bard made during this period of time and list and provide any invoices for packages that were signed for.**

Interrogatory 42

At the time the collision in question occurred, were you operating in accordance with the instructions given to you by dispatch or operational personnel or United Parcel Service, Inc.? If so, please state:

(a)   the date and approximate time you received the instructions and your location at that time;
(b)   the verbal instructions that you received and if they were received *via* the telephone or in person;
(c)   the identity of the person giving you such verbal instructions;
(d)   were you given any documents at that time? If so, the identity of the person giving you the document(s) and a description or the title of each such document you received.

RESPONSE:

Mr. Bard was operating a routine delivery pattern route.

**This is non-responsive. Please have Mr. Bard state, the date and time he received instructions, the verbal instructions that he received and if they were received *via* telephone, the identity of the person giving him verbal instructions, and was he given documents at the time. If so, provide the identity of the person giving the documents. Please provide this information.**

Jane A. Risk, Esquire
Page 5
June 25, 2005

Interrogatory 44

In the last ten years, have you received any traffic citations for moving violations from any local, state or federal enforcement officers? If so, please state:
(a)     the approximate date, time and location of the issuance of each citation;
(b)     the type of violation(s) that were listed on each citation;
©       the law enforcement agency issuing the citation(s), inclusive of the name of their employer (name of city, county, state or federal enforcement agency);
(d)     the identity of the court each citation was filed in indicating the city, county or other location to the best of your knowledge;
(e)     the penalty imposed upon you for each violation.

RESPONSE:  Mark Bard objects to this Interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**You object on admissibility and relevance. Under the Federal Rules of Civil Procedure, this material is discoverable.**

Interrogatory 45

Were you ever admonished, warned, fined or in any way disciplined by any of your employers in the past ten (1) years? If so, please state:
(a)     why were you disciplined?
(b)     when were you disciplined?
©       the form the discipline took;
(d)     identify the person administering the discipline.

RESPONSE:  Mark Bard objects to this Interrogatory as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**You object on admissibility and relevance. Under the Federal Rules of Civil Procedure, this material is discoverable.**

Interrogatory 46

State whether any other investigatory or other reports were prepared, compiled, or submitted or made on behalf of the Defendant in the regular course of business or as a result of this accident for either private use or for any federal, state or industry safety or regulatory organization. If so, please identify said report.

Jane A. Risk, Esquire
Page 6
June 25, 2005

RESPONSE:

Mark Bard objects to this Interrogatory as it seeks information protected by the Attorney-Client Privilege and Work Product Doctrine. Without waiving said objection, an investigation has been conducted for UPS by, through and/or under the direction of counsel relating to the circumstances of this accident for the purposes of litigation. A privilege log will be produced disclosing same.

**Please produce Mr. Bard's employee file and "privilege log" that you reference.**

If we do not receive full and complete responses to these Interrogatories, as well as the Interrogatory referenced in our letter of June 17, 2005, we will be filing a Motion to Compel. I will not take Mr. Bard's deposition until he has answered the interrogatories in accordance with the Federal Rules of Civil Procedure.

                              Very truly yours,

MTV/lc                           Michael T. van der Veen