Exhibit F

 

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

June 29, 2005

**VIA TELEFAX**

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA   19053

    Re:   <u>Vascek v. United Parcel Services, Inc. and Mark Bard</u>

Dear Mr. van der Veen:

    I am in receipt of your letters dated June 18 and June 25, 2005 in which you request further responses to plaintiff's Interrogatories directed to Mark Bard. As a preliminary matter, Mr. Bard objects to those requests for further information than the interrogatories that were originally directed to him, as those interrogatories in and of themselves exceeded the number of interrogatories allowable pursuant to the Federal Rules of Civil Procedure. Responses to your requests are as follows:

<u>Interrogatory 7(b):</u>
<u>Supplemental Response:</u>    Mr. Bard has driven in the area of the accident at least once a day every business day exclusive of vacation and personal days, for the two years prior to the accident.

<u>Interrogatory 10:</u>    This response is complete as written. In addition, pursuant to F.R.C.P. 26, this information is equally available to you.

<u>Interrogatory No. 11:</u>    The response to Interrogatory No. 11 is complete as written.

<u>Interrogatory No. 12:</u>    The response to Interrogatory No. 12 is complete as written.

<u>Interrogatory No. 13:</u>    The response to Interrogatory No. 13 is complete as written.

<u>Interrogatory No. 14(a):</u>    This response is complete as written. The additional question further exceeds the total number of interrogatories allowable under the Federal Rules and Delaware local rules.



**DLA PIPER RUDNICK GRAY CARY**

Michael Van der Veen, Esquire
June 29, 2005
Page 2

Interrogatory No. 17(b): Response to Interrogatory No. 17(b) is complete as written.

Interrogatory No. 18: Response to Interrogatory No. 18 is complete as written. This information is equally available to plaintiff pursuant to the Federal Rules of Civil Procedure.

Interrogatory No. 24(a) & (b): Response to Interrogatory No. 24 is complete as written.

Interrogatory No. 25: Response to Interrogatory No. 25 is complete as written.

Interrogatory No. 8: Mr. Bard's response to Interrogatory No. 8 is complete as written. With respect to the reference to the Police Accident Report, pursuant to F.R.C.P. Rule 26, the information regarding the number of traffic lanes, etc. is equally available to plaintiff and is available in the Police Accident Report. "To be clear," this interrogatory requests the factual information, not "Mr. Bard's observations of the roadway" as characterized in your letter.

Interrogatory No. 13: Response to Interrogatory No. 13 is complete. In addition, Interrogatory No. 13(a) is vague and unintelligible.

Interrogatory No. 15: Response to Interrogatory No. 15 is complete and responsive as written.

Interrogatory No. 26: The response to Interrogatory No. 26 is complete. If plaintiff's definition of skid marks is other than those marks caused by brake application, that definition should have been contained in the interrogatory. For these reasons, this interrogatory then is vague and unintelligible.

Interrogatory No. 31: Interrogatory No. 31 is complete as written. The additional questions in the letter exceed the maximum number of interrogatories allowable under the Federal Rules and local Delaware Rules.

Interrogatory No. 36: The response to Interrogatory No. 36 is complete as written. The additional questions asked in the letter exceed the total number of interrogatories allowable under the Federal Rules of Civil Procedure and Delaware local rules.

Interrogatory No. 37: Interrogatory No. 37 is complete as written. The additional questions asked in the letter exceed the number of interrogatories allowable under the Federal Rules of Civil Procedure and Delaware local rules.

Interrogatory No. 42: Interrogatory No. 42 is complete as written.



Michael Van der Veen, Esquire
June 29, 2005
Page 3

Interrogatory No. 44:    Pursuant to Federal Rule of Civil Procedure 26(b)(1), this interrogatory exceeds the scope and limits of discovery in that it is not relevant to the claim or defense of any party.

Interrogatory No. 46:    Mr. Bard's employee file has been produced. A privilege log will be produced to supplement this interrogatory.

You have agreed to depose Mark Bard on Friday, July 1, 2005. Please advise as to the time and location of Mr. Bard's deposition. As we previously discussed, Mr. Bard has a scheduled vacation starting July 9, 2005 and will not return to UPS until August 15, 2005. It is my understanding that you have postponed the July 1 scheduled deposition of John Seiffert because you wanted to spend a full day with Mr. Bard. As I discussed with Nina Bushman of your office just moments ago, Mrs. Vascek's deposition is scheduled for 10:00 A.M. tomorrow morning, June 30, 2005, at Bill Cattie's office.

I have also just received the notice of continuation of deposition for Cpl. Weaver for July 13, 2005 at 10:00 A.M. While the notice was scheduled unilaterally and I was not consulted for the date (despite the fact that I will be deposing Cpl. Weaver that day), in the spirit of cooperation, I am available and agree to that date.

Thank you in advance for your cooperation.

Very truly yours,

Jayne A. Risk

JAR:pd
cc:   Richard R. Wier, Jr., Esquire
      William Cattie, Esquire