**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538** |
| | : | |
| **vs.** | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC. and** | : | |
| **MARK BARD,** | : | |
| **Defendants.** | : | |

---

**DEFENDANT MARK BARD'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL ANSWERS TO WRITTEN INTERROGATORIES**

---

I.     <u>INTRODUCTION</u>

Absent a brief as required by Local Rules of Civil Procedure 7.1.2, and without

advancing any legal authority, plaintiff has filed a baseless Motion to Compel defendant Mark

Bard to serve answers to Interrogatories which, in fact, he has already answered in full.  Mr.

Bard, by and through his attorneys, has served upon plaintiff his verified responses to plaintiff's

Interrogatories.  Without a basis in fact, Plaintiff's counsel insists that because Mr. Bard's

responses are *worded* in the third-person, they were not answered by Mr. Bard himself and were

instead answered by Mr. Bard's counsel.  The responses are Mr. Bard's responses, signed and

verified pursuant to the Federal Rules of Civil Procedure.  Moreover, assuming arguendo that the

responses are summaries prepared by Mr. Bard's counsel, a fact wholly denied, plaintiff's

counsel advances absolutely no legal authority for his position that it is insufficient for an

attorney to assist with the preparation of responses to interrogatories using the information

supplied by her client, with those responses being fully adopted and verified by the responding party. Plaintiff lacks any factual foundation to make the presumptive statement that Mr. Bard's responses are merely "summaries, paraphrases and redrafts" prepared by Mr. Bard's counsel. Pursuant to the Federal Rules of Civil Procedure, it is entirely sufficient that Mr. Bard provided the full and complete responses and supplied a Verification demonstrating that his responses are true and correct.

Additionally, plaintiff claims that Mr. Bard's responses to a number of the Interrogatories are insufficient. Plaintiff merely identifies the responses to which she refers, but fails to explain the purported "insufficiency." That is because there is none. Plaintiff's objections to Mr. Bard's responses are nothing more than an effort to compel Mr. Bard to answer *new* questions that are not properly propounded or simply to compel a different answer. Accordingly, plaintiff's frivolous Motion should be denied.

## II.    ARGUMENT

Plaintiff has filed this Motion to Compel Mark Bard to serve answers to plaintiff's discovery requests when, in fact, Mr. Bard has already provided full, complete and verified responses as required by the Federal Rules of Civil Procedure.

F.R.C.P. 33 provides:

**(a) Availability**. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served…

**(b) Answers and objections**.

**(2)** The answers are to be signed by the person making them and the objections signed by the attorney making them.

Each of Mr. Bard's response to plaintiff's Interrogatories were, in fact, answered by Mr. Bard. Mr. Bard expressly assumed responsibility for his answers in the form of a written Verification (attached hereto as "Exhibit A")[1] which satisfied the requirement that the answers be "signed by the person making them." FRCP 33(b)(2). Mr. Bard's responses were *worded* in the third-person and this technicality has motivated plaintiff to uselessly exhaust this Court's time and effort seeking new responses from Mr. Bard. Plaintiff has been made fully aware of the fact that the answers were supplied by Mr. Bard. However, plaintiff persists and has now filed this frivolous Motion, lacking either factual foundation or legal authority.

Specifically, plaintiff avers that Mr. Bard's responses are "prepared, summarized, paraphrased and redrafted by counsel." (Motion to Compel, ¶ 4). Plaintiff has no basis in fact for this averment. It is Mr. Bard's privilege and right to consult with counsel in the preparation of his responses to discovery, responses which Mr. Bard ultimately supplied, adopted and verified as his own. Should Mr. Bard be compelled to serve new responses to discovery, such responses would be nothing more than *rephrased* in the first-person. The substance of the responses would be unaltered, making the relief which plaintiff seeks both unduly burdensome and entirely unnecessary.

Plaintiff also seeks to compel Mr. Bard to supply additional information in response to Interrogatories No. 7(b), 8, 10 - 13, 14(a), 15, 17(b), 18, 24(a-b), 25, 26 31, 36, 37, 42, 44, 45 and 46. (Motion to Compel, ¶¶ 5-6). However, Mr. Bard fully answered the precise questions asked of him.

---

[1]  Mr. Bard's Verification was not originally served upon plaintiff at the same time that his responses were served; subsequently counsel for Mr. Bard personally handed Mr. Bard's signed original Verification to plaintiff's counsel. Plaintiff has *falsely* averred that Mr. Bard's responses lacked a Verification. (Motion to Compel, ¶ 8).

Of note, the very letters referred to by plaintiff's counsel as requests for full and complete responses reveal that plaintiff is actually seeking additional information through asking additional questions. For example, Mr. Bard supplied the following response to Interrogatory No. 36:

> Interrogatory No. 36:
> At the time of the accident, did you own a pair of eyeglasses or other corrective lenses?
>
> RESPONSE:
> Yes.
>
> (a) were you wearing them when the accident occurred?
>
> RESPONSE:
> No.
>
> (b) If your answer to part (a) above is no, explain why you were not wearing them.
>
> RESPONSE:
> Bifocals for the purposes of reading only.

(See Plaintiff's Exhibit E).

Plaintiff claims that the foregoing response is not sufficient, insisting that Mr. Bard answer (1) whether he is far-sighted or near-sighted; and (2) whether he was wearing contact lenses at the time of the accident. (See Plaintiff's Exhibit E). However, Plaintiff is not entitled to insist that Mr. Bard answer new questions that were not originally propounded. Mr. Bard explained that he wears bifocals for reading purposes only and thus was not wearing them at the time of the accident. If that is not clear to the plaintiff, her inability to understand Mr. Bard's response is a product of the fractured manner in which the question was propounded. Plaintiff did not ask about the condition of Mr. Bard's eyesight, therefore, insisting that Mr. Bard supply information about the condition of his eyesight effectively propounds a new question. The tactic of propounding additional questions is consistent throughout plaintiff's objections to Mr. Bard's responses. If there are additional questions that plaintiff would like to ask Mr. Bard, she will

have the opportunity to do so when Mr. Bard is deposed.  However, she is not entitled to do so in this manner.

In other cases, plaintiff has refused to accept the response Mr. Bard supplied and insists that Mr. Bard supply answers contrary to those already stated.  For example, Mr. Bard provided the following response to Interrogatory No. 11:

> Interrogatory No. 11
> How many seconds elapsed between the time you first realized an accident might happen an the actual happening of the accident.
>
> RESPONSE:
> At impact.

(See Plaintiff's Exhibit D).

Plaintiff insists that Mr. Bard provide the precise number of seconds.  (See Plaintiff's Exhibit D).  Plaintiff has made the identical complaint regarding Mr. Bard's response to Interrogatory No. 12.  Clearly Mr. Bard cannot supply a number of seconds because he "first realized an accident might happen" at the time of impact, thus no seconds elapsed.  Plaintiff has wasted Mr. Bard's time and now the time of this Court effectively insisting that this response be merely rephrased to "zero seconds" knowing full well that the substance of the response is accurate, complete and understood.

Finally, plaintiff seeks to compel responses to some Interrogatories to which Mr. Bard stated a cognizable objection.  Plaintiff does not address a single one of those objections in his Motion, let alone provide any legal authority for opposing those objections.  In sum, plaintiff's bare Motion, lacking of any foundation and legal authority, does not establish plaintiff's burden in bringing such a Motion and should, accordingly, be denied.

III.    <u>CONCLUSION</u>

For the foregoing reasons, defendant Mark Bard respectfully requests that this Court deny plaintiff's Motion to Compel and grant such other relief in the form of sanctions as this Court deems appropriate.

**RAWLE & HENDERSON LLP**

                                  <u>     /s/  William J. Cattie, III    </u>
                                  William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:     (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone: (215) 656-3328

Dated: <u>July 28, 2005</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>           Plaintiffs, <br><br>   vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>           Defendants. | : <br> : <br> : <br> : <br> :     **C.A. No. 04-1538** <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

    I, William J. Cattie, III, Esq., do hereby certify that on July 28, 2005, I electronically filed

the **DEFENDANT MARK BARD'S BRIEF IN OPPOSITION TO PLAINTIFF'S**

**MOTION TO COMPEL ANSWERS TO WRITTEN INTERROGATORIES** with the Clerk

of the Court using CM/ECF, which will send notification of such filing to the following:

Richard R. Wier, Jr., Esq.
Daniel W. Scialpi
1220 Market Street, Suite 600 Wilmington, DE 19801

and that I sent by first class mail a copy to the following:

Michael T. van der Veen, Esq.
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053
**RAWLE & HENDERSON** LLP

| | |
|---|---|
| | **DLA PIPER RUDNICK GRAY CARY US LLP** |
| /s/William J. Cattie, III, Esq. | |
| William J. Cattie, III, Esq., I. D. No. 953 | O. Daniel Ansa (*admitted pro hac vice*) |
| 300 Delaware Avenue, Suite 1015 | Jayne A. Risk (*admitted pro hac vice*) |
| P. O. Box 588 | Attorneys for Defendants |
| Wilmington, DE 19899-0588 | One Liberty Place |
| (302) 778-1200 | 1650 Market Street, Suite 4900 |
| Attorney for Defendant | Philadelphia, PA 19103 |
| | Telephone: (215) 656-3328 |