IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,** | : : : : | |
| Plaintiffs, | : : | C.A. No. 04-1538 |
| vs. | : : : | |
| **UNITED PARCEL SERVICE, INC. and MARK BARD,** | : : : | |
| Defendants. | : | |

**RESPONSE OF DEFENDANT MARK BARD TO PLAINTIFF'S
MOTION TO COMPEL ANSWERS TO WRITTEN INTERROGATORIES**

INTRODUCTION

Plaintiff's Motion to Compel Mark Bard's Answers to Interrogatories is procedurally improper. On or about April 26, 2005, Mark Bard responded to plaintiff's Interrogatories. His Verification, originally omitted, was hand delivered to plaintiff's counsel by defense counsel. As such, this Motion is improper and should be denied.

RESPONSE

Comes now, defendant Mark Bard, by and through his undersigned counsel, in response to plaintiff's Motion to Compel Answers to Written Interrogatories, and in opposition thereto avers as follows:

1. Admitted.

2. Admitted.

1181493 v.1

3.  Denied. It is specifically denied that the responses were not Mr. Bard's or were not prepared by Mr. Bard. To the contrary, on or about April 26, 2005, Mark Bard, by and through his counsel, served upon plaintiff his full, complete and verified responses to plaintiff's first set of discovery requests.

4.  Admitted in part, denied in part. It is admitted only that the letter dated June 15, 2005, attached to the Motion as Exhibit "C", was received by Mr. Bard's counsel. That letter is a writing which speaks for itself and any characterization thereof is denied. By way of further response, counsel for Mr. Bard explained to plaintiff's counsel on multiple occasions by telephone and in person, that the responses were Mr. Bard's responses.

5.  Admitted in part; denied in part. It is admitted only that the letter dated June 18, 2005, attached to the Motion as Exhibit "D", was received by Mr. Bard's counsel. That letter is a writing which speaks for itself and any characterization thereof is denied. By way of further response, the requests contained in the letter constitute additional questions, not requests for complete responses to the Interrogatories already propounded.

6.  Admitted in part; denied in part. It is admitted only that the letter dated June 25, 2005, attached to the Motion as Exhibit "E", was received by Mr. Bard's counsel. That letter is a writing which speaks for itself and any characterization thereof is denied. By way of further response, see responses to paragraphs 3 and 5, above.

7.  Admitted in part; denied in part. It is admitted only that the letter dated June 29, 2005, attached to the Motion as Exhibit "F", was sent by Mr. Bard's counsel to plaintiff's counsel. That letter is a writing which speaks for itself and any characterization thereof is denied. By way of further response, see responses to paragraph 3 and 5, above. The remaining averments of this paragraph state a conclusion of law to which no response is

1181493 v.1

required by the Federal Rules of Civil Procedure. To the extent a response is required, it is specifically denied that defense counsel referred to the responses as "her responses." It is further denied that defendants served 127 interrogatories upon plaintiff. To the contrary, defendants served 49 Interrogatories on plaintiff.

8. Denied. The corresponding paragraph states a conclusion of law to which no response is required by the Federal Rules of Civil Procedure. To the extent a response is required, it is denied that Mr. Bard failed to comply with Federal Rule of Civil Procedure 33. It is further denied that Mr. Bard's responses were "absent a Verification." To the contrary, Mr. Bard's Responses to Interrogatories were served April 26, 2005 and subsequently Mr. Bard's counsel personally handed the original signed Verification of Mark Bard to plaintiff's counsel. By way of further response, see response to paragraph 3, above.

9. Admitted in part; denied in part. It is admitted only that Mark Bard is a defendant in this matter. The characterization of this matter as "package van *versus* motorcycle fatality case" is denied.

10. Denied. It is denied that the discovery deadline is August 8, 2005. To the contrary, the discovery deadline has been extended by stipulation of the parties and signed by Judge Robinson. It is further denied that Mr. Bard's responses to plaintiff's interrogatories were not full, complete and verified.

**WHEREFORE**, defendant Mark Bard respectfully requests that this Court deny plaintiff's Motion to Compel Answers to Written Interrogatories and grant such other relief in the form of sanctions as this Court deems appropriate.

1181493 v.1

**RAWLE & HENDERSON LLP**

_____/s/  William J. Cattie, III_____
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:     (302) 778-1200


**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone: (215) 656-3328

Dated: July 28, 2005

1181493 v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,** : <br> : <br> : <br>    Plaintiffs, : <br> : C.A. No. 04-1538 <br> : <br>    vs. : <br> : <br> : <br> **UNITED PARCEL SERVICE, INC. and MARK BARD,** : <br> : <br>    Defendants. : | |

## CERTIFICATE OF SERVICE

I, William J. Cattie, III, Esq., do hereby certify that on July 28, 2005, I electronically filed the **RESPONSE OF DEFENDANT MARK BARD TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO WRITTEN INTERROGATORIES** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

Richard R. Wier, Jr., Esq.
Daniel W. Scialpi
1220 Market Street, Suite 600 Wilmington, DE 19801

and that I sent by first class mail a copy to the following:

Michael T. van der Veen, Esq.
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

**RAWLE & HENDERSON LLP**

/s/William J. Cattie, III, Esq.
William J. Cattie, III, Esq., I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
(302) 778-1200
Attorney for Defendant

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone: (215) 656-3328

1181493 v.1

1181493 v.1