IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., | : | |
| Plaintiffs, | : | |
| | : | |
| | : | C.A. No. 04-1538 SLR |
| v. | : | |
| | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. and MARK BARD, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S REPLY BRIEF TO DEFENDANT MARK BARD'S BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO WRITTEN
INTERROGATORIES

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222

Michael T. van der Veen
Anthony Bocchino
KATS, JAMISON VAN DER VEEN
& ASSOCIATES
25 Bustleton Pike
Festerville, PA 19053

August 4, 2005

**TABLE OF CONTENTS**

TABLE OF CITATIONS……………………………………………………………………2

INTRODUCTION……………………………………………………………………….....3

NATURE AND STAGE OF THE PROCEEDINGS………………………………………4

ARGUMENT…………………………………………………………………....………….6

    A.  The Defendant Bard Must Answer Plaintiff's Interrogatories Under Oath and Personally Sign Those Interrogatories……………………………………………...….6

    B.  The Defendant Bard Has Not Answered Plaintiff's Interrogatories Fully As Required By Rule 33………………………………………...…………………………………..8

CONCLUSION………………………………………………...………………………….12

**TABLE OF CITATIONS**

Custom Signals, Inc. v. Applied Concepts, Inc., 181 F.R.D. 489 (D.C. Kan. 1998)……………...7

Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163 (E.D. Pa. 1962)…………………………...…….8

The Trane Company v. Klutznik, 87 F.R.D. 473 (W.D. Wis. 1980)……………………...…….8

## I. INTRODUCTION

Plaintiff, Heidi Vascek, individually and as the Administratrix of the Estate of John Vascek, Jr., has sued the Defendants, United Parcel Service and Mark Bard for the wrongful death of her husband. Mr. Vascek was killed when a UPS truck, driven by the Defendant, John Bard, completely blocked Mr. Vascek's lane of travel, to which Mr. Vascek had the right of way, and thereby caused a collision resulting in his death. Nonetheless, Defendants have claimed that the collision was the result of the negligence of John Vascek, and rely on the Defendant, John Bard's version of the facts of the case for that proposition. As a result, the Defendant Bards's version of the events, and his credibility, are critical to a fair resolution of this matter.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On or about March 1, 2005, Plaintiff served the Defendant Bard with Plaintiff's First Set of Written Interrogatories. On April 26, 2005, despite the clear dictates of Federal Rule of Civil Procedure 33 (hereinafter Rule 33), Jayne Risk, Counsel for the Defendants Bard and UPS answered and signed those interrogatories on behalf of the Defendant Bard. In repeated telephonic communications, counsel for the Plaintiff demanded that the Defendant Bard respond personally and sign the interrogatories served on him. Ms. Risk, apparently misapprehending Rule 33, initially responded that because this matter was in "federal court" that she was entitled to answer and sign interrogatories on behalf of her individual client. Such, of course, is not the case, but nonetheless, she persisted in her view.

Thereupon, a series of letters were exchanged by counsel regarding the answers to interrogatories that were unavailing.

Eventually, on June 8, 2005, Ms. Risk sought to cure the failure of her client to answer under oath and sign the interrogatories addressed to him by providing a self-styled, unsworn "Verification" purportedly signed by the Defendant Bard, stating that counsel's responses to the interrogatories were "true upon (Bard's) personal knowledge information and belief." (See Exhibit "A", attached).

On June 18, 2005 and again on June 25, 2005, letters were sent by Plaintiff's counsel requesting that when Mr. Bard finally did respond to the interrogatories in question as required by Rule 33, that a specified number of interrogatories be answered fully and completely. (See Exhibits "D" and "E" attached to Plaintiff's Motion to Compel Defendant's Answer to Written Interrogatories). Finally, on June 29, 2005, Defendant's counsel responded that in fact the answers to the interrogatories in question were full and complete. In the alternative, Defendant's counsel

4

claimed that the Plaintiff's First Set of Interrogatories were too numerous and therefore need not be answered at all; this despite a tacit agreement to the contrary, evidenced by the fact that Defendant's counsel had served 127 Interrogatories, counting sub parts, on the Plaintiff. (See Exhibit "F" attached to Plaintiff's Motion to Compel Defendant's Answers to Written Interrogatories). To date, Defendant Bard, through counsel, has failed to comply with the requirements of Rule 33.

On July 13, 2005, Plaintiff filed this Motion to Compel Defendant's Answers to Written Interrogatories with Exhibits "A" – "F".

In his response to that motion, the Defendant Bard admitted that the answers provided to Plaintiff's First Set of Interrogatories were by and through counsel and not by Mr. Bard, individually. The answers were signed by Ms. Risk. Assuming compliance with Rule 33, the answers must have been provided by Ms. Risk and not by Mr. Bard, as the rule requires signing of interrogatory answers by the person who answered them. In addition, Ms. Risk, at first took the position, incorrect as a matter of law, that she was entitled to answer and sign the interrogatories on behalf of the Defendant Bard. Defendant's counsel claims that the answers to the interrogatories, provided in the third person, as they admittedly are, is merely a question of form. It is not. Further, Defendant claims that all of the answers to interrogatories are full and complete. They are not.

## III. ARGUMENT

The Plaintiff has filed this Motion to Compel Defendant Bard's Answers to Interrogatories because the Defendant Bard has failed to comply with the clear dictates of Rule 33 in two respects. First, the answers were not provided in writing and under oath and signed by the party to whom they are addressed, the Defendant Bard.   Second, the answers are not full and complete in several important respects.

**A.      The Defendant Bard Must Answer Plaintiff's Interrogatories Under Oath and Personally Sign Those Interrogatories.**

Rule 33 provides:

"Rule 33. Interrogatories to Parties
(b) Answers and Objections

(1) Each interrogatory shall be answered separately and fully in writing under oath.

. .

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them."

The duties of a party and his attorney, therefore are clearly set out in Rule 33. The interrogatories are served on the **party**, must be answered fully and under oath by the **party**, and must be signed by the **party**. The role of counsel is to provide advice and to sign any **objections** made to the interrogatories.

Although counsel may render advice to a client regarding interrogatory answers, the answers must be by the party under oath, and signed by the party. These are not mere formal requirements. It is anticipated that answers to interrogatories will be used throughout the trial, not only to limit the triable issues by providing the bases for evidentiary admissions, but in the impeachment of the party. To the extent that a party testifies inconsistent with an interrogatory answer, the party's credibility

6

may be impeached. If the party could respond that the answers were actually provided by counsel, as occurred here[1], that impeachment would be mitigated.

In this case, the credibility of the Defendant Bard, is paramount to determining the truth of the matter. The Defendant Bard provides the bulk of the factual predicate for the position of the Defendants regarding the cause of the death of John Vascek, Jr. Plaintiff is entitled to the full evidentiary force of all discovery devices available to all parties in federal court.

It is because Interrogatory Answers are given evidentiary force as both substantive and credibility tools that they must be answered, sworn to and signed by the party. For that reason, the unsworn "Verification" of Mr. Bard that the interrogatory answers provided by counsel are "true" is insufficient to take the place of the requirements of Rule 33. First, the "verification" is fatally flawed because it is not even under oath. Second, the "verification" is fatally flawed because it merely states that the answers provided by counsel are true, but not that they are full or complete as required by Rule 33. Third, Rule 33 makes no provision for a "verification" such as that provided, to substitute for its clear requirements. Fourth Defendants have been able to provide no authority that such a "verification" has ever been accepted as a substitute. In fact, Plaintiff's counsel's search for such authority in any federal court has been unavailing. To the contrary, it is well-settled that interrogatories must be answered under oath by the party and signed b y the party and not by their attorneys. See Custom Signals, Inc. V. Applied Concepts, Inc., 181 F.R.D. 489 (D.C. Kan. 1998).

If the unsworn "verfification" of "truthfulness' could substitute for Rule 33 requirements, in addition to being able to respond to inquiry regarding testimony inconsistent with the interrogatory

---

[1]Defendant's counsel admitted as much by first claiming that she was entitled to answer and sign interrogatories on behalf of her client because the case was in "federal court," and then by signing the interrogatory answers that were provided. Assuming compliance with Rule 33 (b)(2), the fact that Defendant's counsel signed the interrogatories is clear evidence that she answered the interrogatories.

7

answers that they were prepared by counsel, based on the so-called "Verification" provided in this case, the Defendant Bard could further explain that the answer was not under oath and not complete. Such a result is neither contemplated by Rule 33, nor wise as a matter of policy.

**B.     The Defendant Bard Has Not Answered Plaintiff's Interrogatories Fully As Required By Rule 33.**

Rule 33 provides:

"Rule 33. Interrogatories to Parties

(b) Answers and Objections.

(1) Each interrogatory shall be answered separately and fully in writing under oath."

The responses to Plaintiff's Interrogatories provided by Defendant Bard's counsel do not meet this requirement.

It is well settled that a party must provide information within his first hand knowledge and control in answering interrogatories. See The Trane Company v. Klutznik, 87 F.R.D. 473 (W.D. Wis., 1980). Further, it is also well settled that interrogatories are an appropriate means for obtaining facts upon which a claim of negligence can be predicated. See Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163 (E.D. Pa. 1962). Defendant Bard cites no precedent to the contrary, but merely states that the answers to Plaintiff's Interrogatories by his counsel are full and complete.

All of the Plaintiff's interrogatories seek information within the control of the Defendant Bard. In fact, virtually all interrogatories to which incomplete answers have been provided, seek the first hand knowledge of the Defendant Bard. And virtually all of those interrogatories seek facts directly relevant to the issue of negligence of the Defendant Bard, and to his credibility regarding those facts.

8

Rather than provide full interrogatory answers so that the facts of the matter can be fully developed and understood, the answers provided by counsel are vague, unresponsive and hypertechnical and designed to prevent discovery of relevant information. The following demonstrates the failure of the Defendant Bard, through counsel, to comply with the requirements of Rule 33.

1. Interrogatory 7(b) seeks to learn how often the Defendant Bard had been to the scene of Mr. Vascek's death. The vague answer provided is "very often."

2. Interrogatory 8 seeks the Defendant Bard's first hand knowledge of the road conditions at the scene of Mr. Vascek's death. The answer provided is an inexplicable claim of work product protection, a claim that the interrogatory seeks to have the Defendant Bard conduct an investigation, and makes reference to the Delaware State Police Accident report. What is relevant here is how the Defendant Bard viewed the scene of Mr. Vascek's death, not the result of a later investigation by counsel or police authorities. His view is relevant to both causation and his credibility.

3. Interrogatory 10 requests the Defendant Bard's first hand knowledge of exactly where Mr. Vascek died. The answer provided is by its own terms "general" and refers to the police report again. To the extent that the Defendant Bard's recollection of the accident scene is inconsistent with physical facts or the testimony of other witnesses, it may be impeached. This answer provided insufficient information to do so because of lack of completeness.

4. Interrogatory 13 seeks Defendant Bard's version of the events leading to Mr. Vascek's death **and** all remarks or discussions before, at the time of or following those events. Defendant's counsel provided a purported statement of Defendant Bard's version of the events, but fails to respond as to other remarks or discussion, even though it is uncontested that the Defendant Bard

9

discussed then events and made remarks about them to police officials.  Plaintiff has a right to know about all of these discussions and remarks to test them for consistency both internally and with physical facts and the testimony of other witnesses.

5. Interrogatory 14 seeks information regarding the Defendant Bard's first hand knowledge of the location and speed of vehicles when he first observed Mr. Vascek.  No response is given as to the Defendant Bard's speed.  The speed of Mr. Vascek is described as "a high rate" which is, as an evidentiary matter worthless and further states that there was sufficient space for Mr. Vascek to avoid the Defendant Bard without reference to how and where.  The speed of both vehicles as claimed by the Defendant Bard will ultimately be relevant in determining causation for Mr. Vascek's death.  And given the fact that at the time of Mr. Vascek's death, the Defendant Bard was in a lane of travel to which Mr. Vascek had the right of way, any assertion as to the ability of Mr. Vascek to avoid the collision is of paramount importance to a fair determination of this matter.

6. Interrogatory 17 seeks information as to any indication by Mr. Vascek of his awareness of the presence of the Defendant Bard in Mr. Vascek's right of way and the distance at which that indication occurred.  The answer provides no information regarding the distance at which such an indication occurred which is critical to a determination if there was an avenue of escape for Mr. Vascek and what the Defendant should have done to avoid this event.

7. Interrogatory 18 seeks information as to the distance from which the Defendant Bard first saw Mr. Vascek.  The answer provided refers to a landmark but not the distance as perceived by the Defendant Bard.  That perception is important to determine what the Defendant Bard could actually have done to avoid Mr. Vascek's death.

8. Interrogatories 24 and 25 seek the time(in seconds) before collision when the Defendant

Bard applied his brakes and his distance (in feet) from Mr. Vascek when he applied his brakes. The answer provides neither time in seconds nor distance in feet, but mere conclusions regarding each. As such the answers are unresponsive and evasive. To the extent that the Defendant Bard's perception of time and distance differs from physical facts and other witnesses, it is certainly relevant not only to causation but the Defendant Bard's credibility.

9. Interrogatory 31 seeks the existence and location of physical evidence within the first hand knowledge of the Defendant Bard. There is an answer regarding physical evidence. There is no answer regarding its location which is important to the issues of causation as well as the credibility of the Defendant Bard.

10. Interrogatory 37 seeks the names and addresses of people with whom the Defendant had contact before the events leading to the death of Mr. Vascek. No names or addresses are provided. These persons may certainly have information regarding the Defendant Bard and his physical and/or emotional state that may be causative of Mr. Vascek's death.

11

## IV. CONCLUSION

In light of all of the above it is clear that Plaintiff's Motion to Compel is appropriate. The Defendant, by his argument seeks to subvert and re-write Rule 33, and replace the candor on which the federal system of discovery relies, with obfuscation, vagueness and non-responsiveness. For all of the foregoing reasons the Plaintiff respectfully requests that her Motion to Compel Answers to Written Interrogatories by the Defendant Bard be granted.

Respectfully submitted:

Dated: 8/3/05

/s/ Michael T. van der Veen
Michael T. van der Veen
Anthony Bocchino
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053
Counsel for Plaintiff

/s/ Daniel W. Scialpi
Daniel W. Scialpi (4146)
Richard R. Wier, Jr., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@wierlaw.com

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as**<br>**Administratrix of the ESTATE OF**<br>**JOHN VASCEK, JR.,**<br>         **Plaintiffs,** | : <br> : <br> : <br> : | |
| | : | **C.A. No. 04-1538 SLR** |
| **vs.** | : <br> : <br> : | |
| **UNITED PARCEL SERVICE, INC. and**<br>**MARK BARD,**<br>         **Defendants.** | : <br> : <br> : | |

### CERTIFICATE OF SERVICE

I certify that on this 4th day of August, 2005, that I electronically filed the attached Plaintiff's Reply Brief to Defendant Mark Bard's Brief in Opposition to Plaintiff's Motion to Compel Answers to Written Interrogatories with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Catie, Esquire
> Rawle & Henderson
> 300 Delaware Avenue, Suite 1015
> Wilmington, DE  19899

> **RICHARD R. WIER, JR., P.A.**

> /s/ Daniel W. Scialpi
> Richard R. Wier, Jr. (#716)
> Daniel W. Scialpi (#4146)
> 1220 Market Street, Suite 600
> Wilmington, Delaware 19801
> (302)888-3222
> Dscialpi@Wierlaw.com