IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDI VASCEK, individually and as administratrix of THE ESTATE OF JOHN VASCEK, JR., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No.: 04-1538 SLR |
| UNITED PARCEL SERVICES, INC., a Delaware corporation, and MARK BARD, | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF HER OMNIBUS MOTION**

**RICHARD R. WIER, JR., P.A.**

  /s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

September 16, 2005

# TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    Defendant has refused to permit the inspection of the subject package van. . . . . . . . . . . . 3

II.    Defendant has refused to produce Defendant Mark Bard for a physical examination . . . . 4

III.    Defendant has refused to provide full answers to interrogatories. . . . . . . . . . . . . . . . . . . 4

IV.    Defendant has refused to produce requested documents. . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.    Rule 34 requires that Defendant permit the inspection of the subject package van. . . . . . 8

II.    Defendant is required to permit the physical examination of Defendant Mark Bard pursuant to Rule 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.    Defendant is required to provide full answers to Plaintiff's interrogatories . . . . . . . . . . 11

IV.    Defendant is required to produce the requested documents. . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF CITATIONS

Fisher v. United States Fidelity, 246 F.2d 344 (7th Cir. 1957) ............................ 8

Home Insurance Co. v. Cleveland Electric Illuminating Co., 7 F.R.D. 2d 731
    (N.D. Ohio 1959) ................................................................ 8

Spell v. Kendall-Futuro Co., 155 F.R.D. 587 (E.D. Tx. 1994) ............................ 9

## NATURE AND STATE OF THE PROCEEDINGS

On December 22, 2004, Plaintiff, Heidi Vascek, individually and as the Administratrix of the Estate of John Vascek, Jr., filed this action against the Defendants, United Parcel Service and Mark Bard, for the wrongful death of her husband. (D.I. 1). On February 28, 2005, this Court entered an order scheduling discovery to be completed by September 2, 2005. On July 18, 2005, at the joint request of the parties, this Court extended the discovery deadline until October 5, 2005.

This is Plaintiff's Opening Brief in support of her Omnibus discovery motion, which seeks Orders to (1) compel inspection of the subject package van pursuant to Rule 34; (2) compel Defendant Mark Bard to submit to a physical examination pursuant to Rule 35; compel answers to Plaintiff's interrogatories directed to Defendant UPS pursuant to Rule 33; and compel the production of documents by Defendant UPS pursuant to Rule 34.

## SUMMARY OF ARGUMENT

1. Rule 34 permits the testing and inspection of objects.

2. Rule 35 permits a physical examination of a Defendant when the physical condition is in controversy

3. Rule 33 requires that interrogatories be fully answered.

4. Rule 34 requires a party to produce all non-privileged documents that are relevant or likely to lead to the discovery of admissible evidence.

## STATEMENT OF FACTS

**I.   Defendant has refused to permit the inspection of the subject package van**

On June 17, 2005, Plaintiff and Defense counsel agreed to allow Plaintiff's counsel to conduct an inspection and investigation of the package van, involved in the fatal collision with Mr. Vascek, at the UPS facility and then at the scene of the accident. See Exhibit A. The purpose of the inspection was so Plaintiff's experts could inspect the tires, and most importantly, inspect the package van for noise levels and sight lines. An inspection was scheduled to allow Plaintiff's experts to examine the van's undercarriage and tires by placing it on a lift, and then having the van brought to the scene of the collision. Defense counsel unilaterally cancelled that inspection.

Once again, Plaintiff and Defense counsel agreed to have Plaintiff's experts inspect the van. Plaintiff's counsel was clear, and it always was understood that the purpose of bringing the van and Mr. Vascek's motorcycle to the scene was so that Plaintiff's experts could understand what Defendant driver Mark Bard sensed as he approached the scene of the collision. August 24, 2005 was the date selected and confirmed by counsel. Prior to August 24, 2005, Defense counsel cancelled the inspection and refused to produce the package van.

On August 24, 2005, Plaintiff's counsel faxed a Request for Inspection and Testing of the Subject UPS Van. See Exhibit B. On August 30, 2005, Defendants objected to the inspection. See Exhibit C.

A critical issue in this case is what the Defendant driver Mark Bard could hear, as well as see, at the intersection of the collision. It was understood in scheduling the inspection that the package van would be inspected for noise levels and sight lines. It was understood that noise

3

levels and sight lines would be recorded so that Plaintiff's accident reconstructionist and sound engineer could understand what the Defendant driver Mark Bard both saw and heard. For this, it is obviously necessary that Mr. Vascek's motorcycle be present at the inspection scene.

**II.    Defendant has refused produce Defendant Mark Bard for a physical examination.**

On August 24, 2005, Plaintiff served a request upon the Defendants for Defendant driver Mark Bard to submit to a physical examination by an audiologist and ophthalmologist pursuant to Rule 35. See Exhibit D. This was done after several requests were made by Plaintiff to Defendants.

On August 25, 2005, Defense counsel objected to the request. See Exhibit E. In their objection, Defense counsel referenced a November 8, 2004 medical examiner's certificate, but that document does not address Mr. Bard's audio and visual acuity, or provide any date or records of testing.

Mr. Bard's sensory perceptions at the scene of the collision are a critical issue in this case, and are in controversy.

**III.    Defendant has refused to provide full answers to interrogatories**

On March 1, 2005, Plaintiff served Defendant UPS with interrogatories. See Exhibit F. On April 26, 2005, Defendant provided answers to the interrogatories, but were, in several respects, incomplete or non-responsive. See Exhibit G. On August 31, 2005, Plaintiff's counsel wrote to Defendants' counsel seeking to resolve the discovery differences regarding Defendant's answers, and requested a telephone conference regarding those differences. See Exhibit H.

On September 5, 2005, Plaintiff's counsel again wrote to defense counsel seeking to resolve the discovery differences and again requested a telephone conference. See Exhibit I.

4

Counsel for Defendant UPS refused to contact Plaintiff's counsel by phone, but instead wrote a letter on September 8, 2005 refusing any sort of accommodation, while at the same time failing to address specific claims regarding Defendant's answers to interrogatories. See Exhibit J.

Plaintiff's counsel responded to Defendant's letter and sought clarification of Defendant's position regarding the answers to interrogatories and again suggested a telephone conference to resolve outstanding issues. See Exhibit K.

On September 13, 2005, Plaintiff's counsel received a letter and supplemental responses to Plaintiff's Interrogatories that are still incomplete.

The following are the deficiencies in Defendant's answers to interrogatories:

1. Interrogatory number 12 requested photographs of the accident scene and the vehicles involved that were taken by Defendants. Defendant's answers refer to the police report, and has since been supplemented by other photographs taken of the UPS truck ad the UPS depot on November 11, 2004 and pictures taken of the scene of October 27, 2004. Upon information and belief there exists additional photographs taken by the Defendant, or its agent, Liberty Mutual Insurance Company, on the day of the collision and the day after at the scene of the collision. There are photographs taken of Mr. Vascek's motorcycle during an unauthorized inspection within days of the collision. Additionally, there are pictures of the UPS truck at the scene of the collision taken on October 27, 2004. These photographs have been requested by Plaintiff, but have not been produced by the Defendants. These photographs contain information that cannot be reproduced by the Plaintiff. They were taken at a time prior to Plaintiff's

5

representation by counsel. The equivalent of these photographs cannot be obtained by Plaintiff.

2. Interrogatory number 17 requested information regarding persons who had information pertaining to this collision. Neither Defendant's Rule 26 disclosures or answers to Interrogatories do not identify the persons involved in the investigation of the collision scene on October 26, 2004, the day of the collision, October 27, 2004, or the inspection of Mr. Vascek's motorcycle.

3. Interrogatory number 37 requested information regarding Defendant's training requirements. Defendant's response fails to identify the materials utilized in the training.

4. Interrogatory number 39 requested information regarding the Defendant's insurance policies that are available to cover the losses of the Plaintiff. Defendant identified that it is self-insured and has an excess insurance policy from Liberty Mutual. Defendant, however, has refused to state the level to which it is self-insured.

## IV. Defendant has refused to produce requested documents

On March 1, 2005, Plaintiff served a document request upon Defendant. See Exhibit L. On August 24, 2005, Plaintiff served a Supplemental Request for Production of Document to Defendant. See Exhibit M.

Despite being requested, the following documents have not been produced:

1. All photographs, video tapes, films and diagrams of any person, place or thing which is directly or indirectly related to the claims set forth in Plaintiff's

Complaint.

2. All documents related to the conditions of the scene of the accident.

3. All photographs relating to any object, including any vehicle which was alleged to have been involved in the occurrence.

4. All documents, writings, memorandum, data, physical evidence, photographs, video tapes, models, diagrams and/or tangible things of any nature whatsoever you intend to introduce fo use for any purpose whatsoever at trial.

5. Any and all documents containing the name, home and business of addresses of all individuals contacted as potential witnesses.

6. Repair records of the UPS vehicle for the previous 3 years.

7. Driver's logs in previous years up to and including the day of the accident.

8. Included in the driver's logs are the DIAD records, pre-trip inspection form check list, phone and pager logs for Defendant Mark Bard.

9. All UPS reports filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department and U.S. Department of Transportation.

10. All documents requested in Plaintiff's supplemental request for production of documents.

## ARGUMENT

I.  **RULE 34 REQUIRES THAT DEFENDANT PERMIT THE INSPECTION OF THE SUBJECT PACKAGE VAN.**

Plaintiff has sought for Defendant UPS to produce for inspection and testing the subject package van, to allow audio and visual recordings of the inspection and to have Mr. Vascek's motorcycle present at the inspection site.

Rule 34 provides:

> Any party may serve on any other party a request (1) to produce and permit the party making the request or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data complilations from which information can be obtained, translated, if necessary, by the repondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or **(2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purposes of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon within the scope of rule 26(b).** [emphasis added.]

Rule 34 permits testing and inspection of objects. As an example, in an action involving damages to automobile, trial court can insist that it be inspected and reasonable testing be made in order to ascertain the true condition of the vehicle. Fisher vs. United States Fidelity, 246 F.2d 344 (7th Cir. 1957). Testing of an object is well within the spirit of the word inspection used in Rule 34, provided testing will not damage object or, as alternative, object can be replaced or paid for. Home Insurance Co. v. Cleveland Electric Illuminating Co., 7 F.R.D. 2d 731 (N.D. Ohio

1959) Even destructive testing of an object which caused Plaintiff's personal injuries is allowed under the Rule. Spell v. Kendall-Futuro Co., 155 F.R.D. 587 (E.D. Tx. 1994).

Nothing under Rule 34 prohibits Plaintiff's experts to record and measure sound levels and visual points of view at the UPS facility, and at the accident scene. These protocols were set forth in writing by letter of August 24, 2005. See Exhibit B. Defense counsel now objects to the production of the UPS van claiming that she did not agree to "an accident reconstruction". In fact, this is not an accident reconstruction. It is an audio and visual recordation of what the Defendant driver saw and heard at the scene. It cannot be done in a vacuum. The Vascek motorcycle must be there or the tests and inspection is meaningless. This sort of testing is non-destructive and can be duplicated by Defendant's experts. Accordingly, Defendant has no reason to object to protocols in the attached Order.

II. **DEFENDANT IS REQUIRED TO PERMIT THE PHYSICAL EXAMINATION OF DEFENDANT MARK BARD PURSUANT TO RULE 35**

Rule 35 provides:

> When the mental or physical condition … of a party or of a person in the custody or under the legal control of a party, is in controversy, the Court in which the action is pending may order the party submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the parties' custody or legal control. The order may be only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

Defendant has objected to a Rule 35 examination, including audio and visual acuity testing. However, the Defendant has produced no records of the testing. The medical examiner's certificate in Exhibit E indicates nothing about a visual or hearing examination, how the alleged examination was performed or the results of the testing.

Mr. Bard's sensory perceptions at the scene of the accident are a critical and controversial issue in this case and speak directly to the Defendant's culpability.

III. **DEFENDANT IS REQUIRED TO PROVIDE FULL ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Federal Rule of Civil Procedure 26(b)(3) provides in pertinent part:

> Trial Preparation: Materials. Subject to the provisions of sub division (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under sub division (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnator, insurer or agent) only upon a showing that the parties seeking discovery have a substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

With regard to Interrogatory 12, Plaintiff's request for all photographs relating to the inspection of the accident scene and the motorcycle by individuals on behalf of UPS, Defendant has refused to produce **all** photographs, asserting privilege. Rule 26(b)(3)(4) mandates the production of the photographs when the requesting party cannot obtain the discovery by any other means. Every photograph is unique. It is impossible for Plaintiff to reproduce what was available to be seen on the dates of these photographs. Each photograph depicts the condition of an object, be it the motorcycle or the UPS van, at a particular point in time and place, *e.g.* the day of and, the day after the accident, and times subsequent thereto, which cannot be replicated. As an example, it is believed the photographs exist of the UPS truck placed at the scene of the accident, taken the day after the accident. These photographs have not been produced. Defendant cannot "pick and choose" which photographs they disclose.

Likewise, with regard to Interrogatory 17, the people who investigated the incident scene

11

and later, the Vascek motorcycle have unique information which cannot be reproduced with reasonable equivalency. All of their identities have not been provided.

## IV. DEFENDANT IS REQUIRED TO PRODUCE THE REQUESTED DOCUMENTS

Plaintiff complied with Rule 34 by serving upon Defendant a request for production of documents. Despite being requested, Defendant has refused to produce the following documents:

1. All photographs, video tapes, films and diagrams of any person, place or thing which is directly or indirectly related to the claims set forth in Plaintiff's Complaint.

2. All documents related to the conditions of the scene of the accident.

3. All photographs relating to any object, including any vehicle which was alleged to have been involved in the occurrence.

4. All documents, writings, memorandum, data, physical evidence, photographs, video tapes, models, diagrams and/or tangible things of any nature whatsoever you intend to introduce fo use for any purpose whatsoever at trial.

5. Any and all documents containing the name, home and business of addresses of all individuals contacted as potential witnesses.

6. Repair records of the UPS vehicle for the previous 3 years.

7. Driver's logs in previous years up to and including the day of the accident.

8. Included in the driver's logs are the DIAD records, pre-trip inspection form check list, phone and pager logs for Defendant Mark Bard.

9. All UPS reports filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department and U.S. Department of Transportation.

13

10. All documents requested in Plaintiff's supplemental request for production of documents.

## CONCLUSION

For the reasons stated above, and the facts and authorities that support those reasons, Plaintiff respectfully requests that the motions be granted.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**


  /s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

## CERTIFICATE OF SERVICE

I certify that on this 16th day of September, 2005, that I electronically filed the attached Motion, Answering Brief and Appendix with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

William Cattie, Esq.
Rawle & Henderson
300 Delaware Ave., Suite 1015
Wilmington, DE 19899

**RICHARD R. WIER, JR., P.A.**

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@Wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053