## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HEIDI VASCEK, individually and as     :
administratrix of THE ESTATE OF     :
JOHN VASCEK, JR.,     :
    :
       Plaintiffs,     :
    :
      v.     :     C.A. No.: 04-1538 SLR
    :
UNITED PARCEL SERVICES, INC., a     :     JURY TRIAL DEMANDED
Delaware corporation, and MARK BARD,     :
    :
       Defendants.     :

## APPENDIX TO PLAINTIFF'S OPENING BRIEF

**RICHARD R. WIER, JR., P.A.**

_/s/ Daniel W. Scialpi_
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HEIDI VASCEK, individually and as     :
administratrix of THE ESTATE OF     :
JOHN VASCEK, JR.,     :
           :
       Plaintiffs,     :
           :
       v.     :    C.A. No.: 04-1538 SLR
           :
UNITED PARCEL SERVICES, INC., a     :    JURY TRIAL DEMANDED
Delaware corporation, and MARK BARD,     :
           :
       Defendants.     :

## **APPENDIX TO PLAINTIFF'S OPENING BRIEF**

### **RICHARD R. WIER, JR., P.A.**

    /s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

## TABLE OF CONTENTS

June 17, 2005 letter from Jayne A. Risk, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

August 22, 2005 letter from Michael T. van der Veen, Esq. . . . . . . . . . . . . . . . . . . . . . . Exhibit B

August 22, 2005 letter from Jayne A. Risk, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

Request for Physical Examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

August 25, 2005 letter from Jayne A. Risk, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

Plaintiff's First Set of Interrogatories  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

Responses of Defendant UPS to Plaintiff's First Set of Interrogatories  . . . . . . . . . . . . Exhibit G

August 31, 2005 letter from Anthony J. Bocchino, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit H

September 5, 2005 letter from Anthony J. Bocchino, Esq.  . . . . . . . . . . . . . . . . . . . . . . . Exhibit I

September 8, 2005 letter from Jayne A. Risk, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit J

September 8, 2005 letter from Michael T. van der Veen, Esq. . . . . . . . . . . . . . . . . . . . . . Exhibit K

Request for Production of Documents Addressed to Defendants  . . . . . . . . . . . . . . . . . . Exhibit L

August 24, 2005 letter from Michael T. van der Veen, Esq. . . . . . . . . . . . . . . . . . . . . . . Exhibit M

Exhibit A

AUG. 22. 2005  6:13PM                                          NO. 0097  P. 7

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

June 17, 2005

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

Jayne A. Risk, Esquire                          215-606-3328
Piper Rudnick, Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re:   Heidi Vascek, Individually and as Administratrix of the Estate
      of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk,

As you requested in our telephone conversation earlier today, please find the following to be confirmation of our conversation.

Although you had agreed to allow us to conduct an inspection and investigation of the package van at the UPS facility and then at the scene of the accident on Monday, June 20, 2005, you have now requested that these inspections be rescheduled because UPS cannot get the package van into a "road worthy" condition by the agreed upon date. This change is understood by me because, in all fairness, my requests were made to you on relatively short notice.

We have agreed to reschedule our inspection and investigation to a date mutually convenient. You have asked, and the following is, my description of the protocol and requirements attendant to our inspection. First, I want to raise the UPS truck from the ground at the UPS facility so that I may inspect the tires for wear, tear, and road marks. Second, at the accident scene, I want to inspect the package van for noise levels and sight lines. As I am sure you are aware, there are federal regulations mandating that truck motors not operate too loudly. I want to verify that the UPS van is in compliance. Therefore, when you replace the hood, I ask that it be a replacement hood of the same specifications, and when you fix the electrical wire that you not replace the engine or alter the engine's noise in any

JUN 2 2 2005

Ms. Risk
June 17, 2005
Page -2-

manner. I am going to have an individual sit in the package van so that I can understand what Mr. Bard sensed as he approached this accident.

I have checked with my experts and their dates of availability are June 23rd, July 5th and July 8th. In that, we have depositions on June 23rd, I would suggest July 5th or July 8th, whichever is most convenient for UPS.

Finally, you have agreed to withdraw your Motion for Protective Order which was apparently filed on June 2, 2005. I thank you for withdrawing this Motion in light of the fact that I have never received service of this Motion and in light of the fact that service of this Motion was only effectuated on my local counsel in Wilmington, Delaware earlier this week.

I hope you have an enjoyable weekend and look forward to meeting you next week at the depositions.

Very truly yours,

Michael T. van der Veen

MTV:nb
cc: Richard R. Wier, Jr., Esquire
    William Cattie, Esquire
    (by fax)

Exhibit B

LAW OFFICES

OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE

FEASTERVILLE, PA 19053

MARINA J KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  :** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
  ' Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

August 22, 2005

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

Jayne A. Risk, Esquire                    215-606-3328
Piper Rudnick, Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re:    Heidi Vascek, Individually and as Administratrix of the Estate
       of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk:

Apparently there has been some mis-communication regarding the nature of the testing to be done to and with your client's package van on August 24, 2005.

1. The time of the road side test is 1:00 p.m. - 4:00 p.m., during which time the road will be closed to other traffic. We request that the van be at the scene by 12:20 p.m. so that appropriate recording devices can be installed.

2. During the course of the test, a devices recording sound levels will be placed in the package van by Plaintiff's expert engineer.

3. Mr. Vascek's motorcycle will travel towards the accident scene at various speeds and various gears and sound levels from the van will be recorded. These tests will be repeated from with the van at various positions on the road way (e.g. at the stop sign, where Monchanin Road meets Twadell Hill Road, from a point midway into the south bound lane of Monchanin Road).

AUG. 22, 2005  6:13PM                                              NO. 0097   P. 5

Jayne A. Risk, Esquire                        August 22, 2005
                                              Page -2-

    4. A video camera will be placed at the eye level of Mr. Bard and record the line of sight from the driver's seat of the van towards the on-coming motorcycle.

    5. A second camera will be placed on the motorcycle.

    6. A third camera will be placed on the roadway in the center of Montchanin Road, pointed in the direction from which the motorcycle approached.

    7. Before the van is driven to the accident scene, Plaintiff's expert engineer will do a sound test of the van at your Newark facility.

    I understand from your letter of August 22, 2005, that you believe that any testing other than mentioned by you is not appropriate. Plaintiff is quite confident that the proposed testing is well within the legitimate bounds of discovery. I suggest that the procedure we should follow is for the testing to go on as scheduled, as outlined above, as significant time, money and energy has been expended that would have to be replicated at a later time. Defendants could then object to the admissibility of any testing and/or expert testimony that results from the testing. Should you not provide the van as requested for testing on August 24, 2005, at the time and for the duration requested, Plaintiff will not release the van to be put back in service and will seek appropriate costs for any necessary rescheduling of this testing.

    The testing requested is standard, and not objectionable in any way. If Defendants view the results as unreliable or inadmissible for any reason, Defendant's rights are preserved by potential future motion practice.

                             Very truly yours,

                             Michael T. van der Veen

MTV:nb
cc: Richard R. Wier, Jr., Esquire
    William Cattie, Esquire

Exhibit C



**PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328   F 215.606.3328

August 22, 2005

**VIA TELEFAX**

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA   19053

Re:    <u>Vascek v. United Parcel Services, Inc. and Mark Bard</u>

Dear Mr. van der Veen:

I am in receipt of your facsimile of August 22, 2005, which I received at 4:41 P.M. (noted on the bottom of your letter which is attached).  There is no miscommunication regarding the nature of the inspection that was scheduled for August 24, 2005.  Your revised protocol does not meet with our agreement nor does it comport in any way with your letter dated June 17 wherein you described what <u>exactly</u> you intended to do during your second inspection of the package van.

What you have described in the attached facsimile of today is a total aberration of anything that you have requested for this "inspection," let alone, what was agreed to.  As I made quite clear in my facsimile of this morning (which I am sure is what prompted your latest facsimile), your purported second inspection was in no way an authorization for you to engage in an attempted reconstruction of this accident.  As recently as this morning at a break during Corporal Weaver's deposition, I asked you specifically if you had intended to do anything other than what you had outlined in your letter of June 17, specifically that you wanted to inspect the package van tires at the facility, and then inspect the package van for noise levels at the scene. At no time have you ever disclosed to me your intention to attempt to reconstruct this accident, to place cameras on a UPS vehicle, or to have someone attempt to drive Mr. Vascek's motorcycle toward the accident scene.  Your underhanded methods and attempts to mislead are sanctionable.  <u>As such, and as a result of your continued less than ethical methods, the package van will not be available for your inspection on August 24 or any other date barring a Court Order.</u>

Serving clients globally



Michael Van der Veen, Esquire
August 22, 2005
Page 2

I am attaching copies of your letters of June 17, 2005 and August 22, 2005, and my previous letter of August 22, 2005.

*Jayne A. Risk*

Jayne A. Risk

JAR:mj
Attachments

cc:   Richard R. Wier, Jr., Esquire
      William Cattie, Esquire

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,             Plaintiffs, <br><br>     vs. <br><br><br> UNITED PARCEL SERVICE, INC. and MARK BARD,           Defendants. | : <br> : <br> : <br> : <br> :     C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

### REQUEST FOR DEFENDANT, MARK BARD
### TO SUBMIT TO A PHYSICAL EXAMINATION BY AN AUDIOLOGIST
### PURSUANT TO RULE 35

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant Mark Bard submit to a physical examination by an audiologist or other medical specialist qualified to determine Mark Bard's hearing acuity and ophthalmologist or other medical specialist qualified to determine Mr. Bard's visual acuity.

This examination will be conducted within twenty (20) days, but no later than ten (10) days before the discovery deadline, October 5, 2005.

Dated:  8/24/05

_____
Michael T. van der Veen
Counsel for Plaintiff

Exhibit E

**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

August 25, 2005

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA   19053

Re:    <u>Vascek v. United Parcel Services, Inc. and Mark Bard</u>

Dear Mr. van der Veen:

I am in receipt of your August 25, 2005 request that Mark Bard submit to a physical examination by an audiologist and ophthalmogist pursuant to Rule 35. I write to inform you that Mark Bard will not submit to the requested examination. Rule 35 provides that "when the mental or physical condition … of a party … is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination… The order may be made only on motion for good cause shown…". Mark Bard's health is not the matter in controversy in this case. Moreover, the requisite good cause has not been shown nor Order of the Court entered.

There is no evidence that an audiology or ophthalmology examination is warranted here. Mr. Bard has testified that his hearing is good and that he does not require glasses for driving. In addition, we have previously produced the Medical Examiner's Certificates demonstrating that Mark Bard passed each of his physical examinations as required by the Federal Motor Carrier Safety Regulations, including the one most recently conducted in November, 2004. That physical examination included audio and visual acuity testing. If you require, we can produce an affidavit attesting to that fact. A copy of UPS-0026, the Medical Examiner's Certificate of November 8, 2004, is enclosed for your ease of reference. That examination was conducted by

Serving clients globally.



**DLA PIPER RUDNICK GRAY CARY**

Michael Van der Veen, Esquire
August 25, 2005
Page 2

an independent and disinterested party less than one month after the accident, making it a sufficiently reliable source of the information that you seek. Accordingly, there is not good cause to compel Mr. Bard to submit to additional testing. Additionally, Mr. Bard informed you during his deposition of the identity of his eye care provider. Such records may be obtained by you pursuant to subpoena. Please advise if you plan to subpoena those records and Mr. Bard will *supena.* execute the appropriate authorization.

Sincerely,

Jayne Risk

Enclosure
cc:     William Cattie, Esquire (w/enclosure)
        Richard Weir, Esquire (w/enclosure)

SIGNATURE OF MEDICAL EXAMINER                    PHONE (INCL AREA CODE)    DATE

VANEETA KUBAL, MD                                                          11/8/06

MEDICAL EXAMINER'S LICENSE OR CERTIFICATE NO    IMPORT DOCKET NO

DE C100221-Q                                    83356          DE

SIGNATURE AND TITLE OF DRIVER                   DATE

332 Meadow Glen Dr.                             11-8-06

ADDRESS OF MEDICAL EXAMINER

Verify that Employee and Medical Examiner
have provided all required signatures.
Remember Press Firmly

1   Fill out Driver's Copy above

2   Press firmly, check 2nd and 3rd copies
    for legibility before detaching top "Driver's"
    copy

3   Detach completed top "Driver's" copy
    and give to Driver (if qualified)

4   Send 2nd and 3rd copies to CliniNet
    (do not separate 2nd and 3rd copy
    certificates from instructions - keep intact)

5   External Providers, if applicable, make
    photocopy for your records

Top copy - to Driver
2nd and 3rd copies - to CliniNet

UPS-0026

Exhibit F

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,           Plaintiffs, <br><br> vs. <br><br><br> UNITED PARCEL SERVICE, INC. and MARK BARD,           Defendants. | : <br> : <br> : <br> : <br> :    C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO THE DEFENDANT, UNITED PARCEL SERVICE, INC., ("UPS") [FIRST SET]

Plaintiffs, pursuant to Fed. R. Civ. P. 33, hereby propound upon Defendant, United Parcel Service, Inc., the following First Set of Interrogatories. These interrogatories are to be answered within thirty (30) days after service, pursuant to the Federal Rules of Civil Procedure. Answers are to be provided from information available to the defendant, his attorneys, agents, employees, representatives and from records in the custody or control of these persons. The defendants are requested to supplement its answers without further notice, upon learning of additional information or inaccuracies in answers previously filed.

You will note that an original and two copies of the Interrogatories have been served upon you. Space has been provided below each Interrogatory for your answers. If additional space is required for answers, either use the reverse side of said paper or attach an additional sheet of paper appropriately marking said Interrogatory.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs hereby request that the Defendant answer fully in writing and under oath, the following Interrogatories.

Unless negated by the context of the Interrogatory, the following definitions are to be considered to be applicable to all Interrogatories contained herein:

A. The words "you" and "your" when used herein refers to the Defendant, United Parcel Service, Inc. ("UPS").

B. The word "accident" when used herein refers to the accident that occurred on or about October 26, 2004, as described in plaintiffs' Complaint.

C. "Identity" when used herein with reference to a person means to state: (1) the person's full name and present or last known address; (2) the person's employer and job classification at the time of the events referred to in the Interrogatory.

D. Whenever the word "document" or "documents" is used herein, it shall include the original or any copy (regardless of origin or location) of any statement, paper, writing, letter, memorandum, report, log book, note, article, journal, journal article, magazine, newsletter, blueprint, drawing, sketch, book, pamphlet, record, recordings, photograph, movie picture, negative and any other object containing a written, printed, spoken or photographic image or sound. "Document" also includes cards, magnetic tapes or other electronic information storage articles for use in a computer or which can be extracted or assembled with the use of a computer or computer accessories.

E. "Identify" when referring to a document, means that all of the following information should be supplied as if the following list were incorporated each time the word "identify" appears: (1) nature of the document (e.g., whether it is a statement, brochure, report, letter, book, photograph or something else); (2) its physical description; (3) its custodian or possessor; (4) the identity of the maker or author of the document; (5) the identity of the persons to whom the document was directed; (6) the contents of the document (or, in the alternative, you may attach a clear copy of the particular document or your answers to the Interrogatories); and (7) if a book journal or other publication, its name and publisher and the volume, date, issue and pages in which the document appears. "Identify" when used in reference to an individual means:

    (a)     to state his/her name;
    (b)     present residence address or last known residence;
    (c)     present or last known business address;
    (d)     present employer or last known employer; and
    (e)     whether ever employed by any party to this action and, if so, the date he/she was employed by such party, the name of such party, and the last position held as an employee of such party.

F. No answer is to be left blank. If the answer to an Interrogatory or subparagraph of an Interrogatory is "none" or "unknown", such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

## INTERROGATORIES

1.    If you are a corporation:

    (a)    state your full name;

    (b)    the date of incorporation;

    (c)    the State in which incorporated;

    (d)    the address of the principal office;

    (e)    state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

    (f)    identify each individual who serves as a director or officer of the corporation at the time of the incident.

2.    If you are another form of business entity, please state:

    (a)    your full name;

    (b)    The form of entity (limited liability company, etc.)

    (c)    the date of the creation of the entity;

    (d)    the State, if any, in which you registered the entity;

    (e)    the address of the principal office of the entity;

(f)     state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

(g)     identify each individual who is a member or who holds an interest in the entity at the time of the incident.

3.     State whether you owned, controlled or had any other interest in the United Parcel Service, Inc. truck (hereinafter "UPS truck") involved in the motor vehicle accident which is the subject of this litigation. (*i.e., the accident on October 26, 2004 near* Montchanin Road (Delaware 100) involving *John Fascek).*

(a)     State the nature of the interest you had in the UPS truck at the time of the incident;

(b)     Identify the person(s) having custody of any documents concerning your ownership or other interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

(c)     the date on which you acquired your interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

(d)     whether you currently own the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

4.     Please describe the alleged occurrence as accurately as you can, including the location and the year, month, day, hour and minute.

5.    Please state the name and address of the person, firm or entity which had the responsibility for inspection, maintenance and/or repair of the UPS truck at the time of Plaintiffs' accident, including the dates of their service and the exact nature of their duties and responsibilities.

6.    Did the Defendant have any established procedure for the inspection of the UPS truck involved in the motor vehicle accident which is the subject of this litigation? If so please state:

    (a)    A description of the procedure;

    (b)    The date when the last inspection was made prior to the date of the accident;

    (c)    The name, job title, address and telephone number of each person who participated in such inspection;

7.    If Defendant had no established procedure for inspection, state whether it made an inspection of the UPS truck involved in the accident any time within six (6) months prior to the date of the accident.

8.    Were any written or oral reports made of the inspections referred to in the preceding Interrogatories? If so, from whom and to whom were such reports provided.

9.    Was an inspection made prior to the accident to determine whether the UPS truck in question was in a safe condition? If so, please state:

    (a)    The date and time of the last inspection prior to the accident;

    (b)    A description of, or the substance of, the findings that were made on the last inspection.

    (c)    Whether any instructions were given as a result of the last inspection to repair or replace or alter anything on the UPS truck in question, if so, a description of the instructions and were they carried out/performed.

    (d)    If not, why was no inspection made?

10.    List the name and address of each person known to you or your attorney, who observed the condition of the UPS truck in question, as stated in Plaintiffs' Complaint prior or subsequent to the accident.

11.    Did you receive any complaint, warning, or other notice concerning a dangerous or defective condition on the UPS truck in question prior to the accident?

    (a)    The date and time it was received;

    (b)    Whether it was written or oral, and if oral the substance of it;

    (c)    The name or other means of identification and address of the person by whom it was given;

    (d)    The name, address, and job title of the person who received it;

    (e)     The nature and location of the danger or defect to which it related;

    (f)      Whether any action was taken as a result of it and, if so, a description of the action and time at which it was taken; and,

    (g)     If you will do so without a motion to produce, attach a copy of each written complaint, warning, or other notice to your answers to these Interrogatories.

12.    Are you in possession of any photographs of the locale or surrounding area or site of the accident or any other matter or things relating to this accident? If yes, state:

    (a)     The date(s) when such photographs were taken;

    (b)     The name and address of the party taking them;

    (c)     Where were they taken;

    (d)     The object(s) or subject(s) or the particular site or view which each photograph represents; and,

    (e)     The present whereabouts of the photographs and the name and address of whomever is in possession or custody thereof.

13.    State whether any plans, drawings or diagrams exist or were made, other than by counsel, of the site of the alleged accident and, if yes, state:

    (a)     The identity of each said plan, drawing or diagram;

    (b)      The date(s) when each was made;

    (c)      The name, address, job classification and employer of the person making same; and,

    (d)      The name and address of the person having custody thereof.

14.    State whether, for three (3) years prior to and including the date of this incident, any person or persons other than Plaintiff was injured as a result of an accident with the UPS truck involved in this accident? If so, state:

    (a)      Date of such accident;

    (b)      Name and address of each person involved;

    (c)      In detail, how the accident occurred;

    (d)      Whether any lawsuits or claims were filed against you or any person or corporation as a result of such accidents;

    (e)      If yes to (d) above, give the court term and number of such lawsuit(s); and,

    (f)      The ultimate disposition of the case or claim.

15.    Was any repair or alteration made to the UPS truck in question subsequent to the accident? For each repair or alteration, state:

    (a)      A description of it;

    (b)       The date it was made;

    (c)       The name, address and occupation of the person who made it;

    (d)       The reason it was made.

16.      Was an alteration made to the motorcycle? For each alteration please state:

    (a)       A description of it;

    (b)       The date it was made;

    (c)       The name, address and occupation of the person who made it;

    (d)       The reason it was made.

17.      State the name, last known home and business address of persons you know or believe:

    (a)       Witnessed all or part of the accident;

    (b)       Were present at or near the scene of the accident when the accident occurred;

    (c)       Have any knowledge of any facts pertaining to the cause of the accident and/or the condition of the physical conditions at the scene of the accident;

    (d)       Have any knowledge concerning the facts or circumstances leading up to or immediately following the accident.

18.     State the names and addresses of all witnesses, including expert witnesses, upon whom you presently intend to rely at trial.

   (a)     for each expert, have the expert state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

   (b)     set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise.

19.     Please state the name and address of every person who viewed the motorcycle on your behalf?

20.     Please state the name and address of every person who viewed the UPS truck on your behalf?

21.     State the name and title of the person answering these Interrogatories.

22.     State the name of each and every person with whom you consulted in the process of answering these Interrogatories.

23.     State the names and addresses of all persons with knowledge concerning any facts relating to this case.

24.     State whether or not you have received any statement, either oral or written, from the persons named in the preceding Interrogatory or from any other persons with knowledge of the accident in question. If yes, please state:

    (a) the names and addresses of the person giving the statement

    (b) the date the statement was taken

    (c) whether the statement was written or oral

    (d) the names and addresses of the persons currently in possession of those statements

25.     When was the Defendant driver, Mark Bard, hired by answering Defendant? If so, please state:

    (a)     the name and last known address of the person who hired him;

    (b)     whether a written contract or employment agreement was entered into;

    (c)     each state in which driver was licensed to drive at the time of the accident; and

    (d)     indicate the state, identifying number of each license; and

    (e)     please attach a copy.

26.    Did Defendant, Mark Bard, file a written application of employment with answering Defendant? If so, please state:

    (a)    the date it was completed;

    (b)    the name and address of the employee who received the application; and

    (c)    please provide a copy of the written application.

27.    Was a written report or recommendation made following the application? If so, please state:

    (a)    the date of the report or recommendation;

    (b)    who made the written report or recommendation;

    (c)    the date the driver began employment;

    (d)    if an when a personnel review was conducted;

    (e)    who conducted the personnel review;

    (f)    whether a road driving test was conducted, of so, when;

    (g)    who administered the driving test;

(h)    whether a written test was administered, if so, when;

(i)    who administered and scored the written test; and

(j)    if there are any documents which evidenced any of the above, please attach copies of all documents.

28.    Was a certification of road test prepared for Defendant driver, Mark Bard? If so, please state:

(a)    the name and address of the person who signed the certification; and

(b)    describe the test administered.

29.    Did Defendant, Mark Bard furnish a list of violations of the Motor Vehicles Drivers Certification prior to driving for Defendant? If so, please state:

(a)    the nature of the document furnished;

(b)    the name and address of the person to whom the document was furnished;

(c)    list all violations contained on said document, including nature of offense, type of vehicle operated, and date of disposition; and

(d)    please attach a copy of any such documents.

30.     Did you request an abstract of Defendant, Mark Bard's driving record or criminal history from any State or Federal agency prior to the date of the accident?  If so, please state:

    (a)    the name and address of the agency or agencies which were requested;

    (b)    the person who requested it; and

    (c)    please attach a copy.

31.     Did you maintain a driver's qualification file for Defendant, Mark Bard?  If so, please state:

    (a)    the location where the file was kept;

    (b)    identify the title of the person having custody;

    (c)    each and every document in the file on the date of this accident;

    (d)    provide a copy of the file; and

    (e)    please attach a copy.

32.    Did you investigate Defendant, Mark Bard's employment record?  If so, please state:

    (a)    the name of the person who performed the investigation; and

    (b)    attach a copy of any documents which in any way evidences that investigation.

33.    Is Defendant, Mark Bard, still employed by you?  If not, please state:

    (a)    the date he left his employment;

    (b)    the reason for leaving his employment; and

    (c)    attach all documents related to driver leaving your employment.

34.    Please state whether your UPS truck contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master or any device known by any other name which records information concerning the operation of the UPS truck.  This includes an electronic control module on the engine.  If so, please state the name and address of the person having custody of the graphs, printouts, raw date and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the collision which forms the basis of Plaintiffs' Complaint.  Also, please identify who has custody of any information relating to the operation of any vehicle used by driver and the location of such information.  As such information may be relevant to the case, do not destroy or discard any information related to the vehicle involved in the collision or driver.

35.    Were any tests (blood, urine or other) performed on Defendant, Mark Bard, by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the accident through and including 45 days after the accident? If so, please state the results of all such tests and the name, address and phone number of the persons, firms or entities who administered said test and all such persons, firms or entities who are in possession of a copy of the results of said tests.

36.    At the time of the accident, did you have any policy or procedure manuals pertaining to the operation of a UPS truck such as driver's manuals, company rules, or other tangible materials by whatever name? If so, identify each such manual and provide a copy of each.

37.    Describe in detail the initial and continuing training requirements for your drivers as of the date of the accident described in the Complaint.

38.    Describe in detail your drug and alcohol programs, including, without limitation, your random drug testing program for one (1) year prior to the collision.

39.    State whether you are covered by any type of insurance, including any excess or umbrella insurance in connection with this accident.

If the answer to the preceding interrogatory is in the affirmative, state the following with respect to each policy:

(a)    the name of the insurance carrier which issued each policy of insurance;

(b)    the name insured under each policy and the policy number;

(c)     the type of each policy and the effective dates;

(d)     the amount of coverage provided for injury to each person, for each occurrence, and in the aggregate for each policy;

(e)     each exclusion, if any, in the policy which is applicable to any claim thereunder and the reasons why you or the company claims the exclusion is applicable.


_____
Michael T. van der Veen
Attorney I.D. No. 75616
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Richard R. Wier, Jr.
1220 Market Street
Suite 600
Wilmington, DE 19801


Dated:

## INTERROGATORIES

1. State the names and addresses of each expert who you have retained in anticipation or preparation of litigation and/or trial who is not expected to be called as a witness at trial.

　　　For each expert, please state:

(a) The content of all materials and facts submitted to the expert used to form his opinion

(b) The substance of the facts and opinions of the expert and a summary of the grounds for each opinion;

(c) Attach a true and correct of the complete report of the expert;

(d) set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise.

Michael T. van der Veen
Attorney I.D. No. 75616
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Richard R. Wier, Jr.
1220 Market Street
Suite 600
Wilmington, DE 19801

Dated: