Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538** |
| **vs.** | : | |
| | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC.** | : | |
| **and MARK BARD,** | : | |
| **Defendants.** | : | |

## RESPONSES OF DEFENDANT, UPS TO PLAINTIFFS'
## FIRST SET OF INTERROGATORIES

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel,

DLA Piper Rudnick Gray Cary US LLP, hereby responds to the plaintiffs' First Set of

Interrogatories as follows:

## GENERAL OBJECTIONS

1.     UPS objects to plaintiffs' interrogatories in total, as they exceed the number of
interrogatories permitted by the Federal Rules of Civil Procedure and the Local Rules of
Procedure of the Federal District Court for District of Delaware.

2.     UPS objects to the interrogatories to the extent that they are overly broad, unduly
burdensome, vague, seek inadmissible and/or irrelevant evidence, and are not likely to lead to the
discovery of admissible evidence.

3.     UPS objects to identifying or producing confidential, proprietary, competitively
sensitive or trade secret materials or information without an appropriate protective order assuring
the confidentiality of the documents and the information contained therein.

4.     UPS objects to the extent that the interrogatories may be construed to seek
information or documents protected by the Attorney-Client Privilege, the Work Product
Doctrine, the exemption protecting communications passing between the agents of a party
conducting an investigation in connection to litigation, or any other applicable privilege or
exemption from discovery under the Federal Rules of Civil Procedure.

5.    UPS objects to the extent that an interrogatory imposes a burdensome, harassing duty upon UPS to search for documents or information beyond the reasonable scope of this litigation.

6.    These General Objections, Nos. 1 through 5, shall be deemed to apply to the entirety of plaintiffs' requests for production to which this document responds. In response to any particular Interrogatory, one or more objections may be articulated. The statement of these objections in response to any particular Interrogatory shall in no way be deemed a waiver of the above "General Objections."

## INTERROGATORIES

1.    If you are a corporation:

   (a)    state your full name;

**RESPONSE**: UPS

   (b)    the date of incorporation;

**RESPONSE**: 1917

   (c)    the State in which incorporated;

**RESPONSE**: Ohio

   (d)    the address of the principal office;

**RESPONSE**: 55 Glenlake Parkway, NE, Atlanta, Georgia 30328

   (e)    state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

**RESPONSE**:  UPS objects to Interrogatory 1(e) on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. UPS maintains multiple places of business in each state throughout the United States, the exhaustive list of which is not relevant to this litigation and would unduly

burden UPS to produce. Without waiving said objection, the place of business maintained by UPS relevant to this litigation and to which Mark Bard reported is located at 325 Ruthar Drive, Newark, DE 19711.

(f)    identify each individual who serves as a director or officer of the corporation at the time of the incident.

**RESPONSE:** UPS objects to Interrogatory 1(f) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.    If you are another form of business entity, please state:

(a)    your full name;

(b)    The form of entity (limited liability company, etc.)

(c)    the date of the creation of the entity;

(d)    the State, if any, in which you registered the entity;

(e)    the address of the principal office of the entity;

(f)    state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

(g)    identify each individual who is a member or who holds an interest in the entity at the time of the incident.

**RESPONSE:** Not applicable.

3.    State whether you owned, controlled or had any other interest in the United Parcel Service, Inc. truck (hereinafter "UPS truck") involved in the motor vehicle accident which is the subject of this litigation. (*i.e., the accident on October 26, 2004 near* Montchanin Road (Delaware 100) *involving John Vascek*).

(a)    State the nature of the interest you had in the UPS truck at the time of the incident;

**RESPONSE:** At the time of the accident, UPS owned the package car involved in the accident.

(b)    Identify the person(s) having custody of any documents concerning your ownership or other interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:**  UPS objects to Interrogatory No. 3(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

(c)    the date on which you acquired your interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:**    UPS objects to Interrogatory No. 3(c) as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, UPS purchased the package car in 2001.

(d)    whether you currently own the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:** UPS currently owns the subject package car.

4.    Please describe the alleged occurrence as accurately as you can, including the location and the year, month, day, hour and minute.

**RESPONSE:** UPS incorporates the responses of Mark Bard to Plaintiffs' Interrogatory No. 13.

5.    Please state the name and address of the person, firm or entity which had the responsibility for inspection, maintenance and/or repair of the UPS truck at the time of Plaintiffs' accident, including the dates of their service and the exact nature of their duties and responsibilities.

**RESPONSE:** Automotive Department.  UPS facility, 325 Ruthar Drive, Newark, DE 19711. See Equipment Repair History, UPS 0054-056.

6.    Did the Defendant have any established procedure for the inspection of the UPS truck involved in the motor vehicle accident which is the subject of this litigation? If so please state:

**RESPONSE:** Yes. UPS conducted 15,000 mile scheduled routine Preventative Maintenance Inspections of the package car.

(a)    A description of the procedure;

**RESPONSE:**    See Instructions Manual and PMI Forms, UPS 0403-0412, UPS 0414-0470.

(b)    The date when the last inspection was made prior to the date of the accident;

**RESPONSE:**  9/23/04

(c)    The name, job title, address and telephone number of each person who participated in such inspection;

**RESPONSE:**    See Equipment Repair History.

7.    If Defendant had no established procedure for inspection, state whether it made an inspection of the UPS truck involved in the accident any time within six (6) months prior to the date of the accident.

**RESPONSE:**  Not applicable. See response to Interrogatory No. 6.

8.    Were any written or oral reports made of the inspections referred to in the preceding Interrogatories?  If so, from whom and to whom were such reports provided.

**RESPONSE:** Yes. See Response to Interrogatory No. 5.

9.    Was an inspection made prior to the accident to determine whether the UPS truck in question was in a safe condition?  If so, please state:

(a)    The date and time of the last inspection prior to the accident;

(b)     A description of, or the substance of, the findings that were made on the last inspection.

(c)     Whether any instructions were given as a result of the last inspection to repair or replace or alter anything on the UPS truck in question, if so, a description of the instructions and were they carried out/performed.

(d)     If not, why was no inspection made?

**RESPONSE:** Yes. The scheduled 15,000 mile Preventive Maintenance Inspection was performed on 9/23/04. In addition, prior to the operation of the vehicle each day, Mr. Bard conducted a "pre-trip inspection" of the vehicle.

10.    List the name and address of each person known to you or your attorney, who observed the condition of the UPS truck in question, as stated in Plaintiffs' Complaint prior or subsequent to the accident.

**RESPONSE:** UPS objects to this interrogatory to the extent it seeks information protected by Attorney-Client Privilege and the Work Product Doctrine. Without waiving said objection:

Mark Bard

Amy Stratton
2300 W. 17th St.
Apt. G
Wilmington, DE 19806
(302) 425-5436

John Seiffert
10 Haslet Way
Wilmington, DE 19807
(302) 777-1644

Karen Garroway
(610) 696-0286

Chris D'Pallo
(610) 388-7869

Corporal Jeff Weaver
Delaware State Police, Troop 1-A
3000 Brandywine Parkway
Wilmington, DE 19803
(302) 477-8501

Jim Liggett
United Parcel Service, Inc.

Michael Long
United Parcel Service, Inc.

Jim Jester
United Parcel Service, Inc.

By way of further answer, UPS's investigation of this matter is ongoing and UPS reserves the right to supplement this response if and when additional information becomes available.

11.    Did you receive any complaint, warning, or other notice concerning a dangerous or defective condition on the UPS truck in question prior to the accident?

   (a)    The date and time it was received;

   (b)    Whether it was written or oral, and if oral the substance of it;

   (c)    The name or other means of identification and address of the person by whom it was given;

   (d)    The name, address, and job title of the person who received it;

   (e)    The nature and location of the danger or defect to which it related;

   (f)    Whether any action was taken as a result of it and, if so, a description of the action and time at which it was taken; and,

   (g)    If you will do so without a motion to produce, attach a copy of each written complaint, warning, or other notice to your answers to these Interrogatories.

**RESPONSE**: UPS objects to this interrogatory because its use of the phrases "dangerous or defective condition" and "prior to the accident" renders it vague and unintelligible, as well as overly broad. Without waiving said objection, no, the package car was in proper working order.

12.     Are you in possession of any photographs of the locale or surrounding area or site of the accident or any other matter or things relating to this accident? If yes, state:

    (a)     The date(s) when such photographs were taken;

    (b)     The name and address of the party taking them;

    (c)     Where were they taken;

    (d)     The object(s) or subject(s) or the particular site or view which each photograph represents; and,

    (e)     The present whereabouts of the photographs and the name and address of whomever is in possession or custody thereof.

**RESPONSE:** Yes. See photographs previously produced with Initial Disclosures of UPS.

13.     State whether any plans, drawings or diagrams exist or were made, other than by counsel, of the site of the alleged accident and, if yes, state:

    (a)     The identity of each said plan, drawing or diagram;

    (b)     The date(s) when each was made;

    (c)     The name, address, job classification and employer of the person making same; and,

    (d)     The name and address of the person having custody thereof.

**RESPONSE:** UPS objects to this interrogatory to the extent it seeks information protected by Attorney-Client Privilege and Work Product Doctrine. Without waiving said objection, see the Delaware State Police Accident Report, UPS 0001-0009.

14.     State whether, for three (3) years prior to and including the date of this incident, any person or persons other than Plaintiff was injured as a result of an accident with the UPS truck involved in this accident? If so, state:

    (a)     Date of such accident;

(b)     Name and address of each person involved;

(c)     In detail, how the accident occurred;

(d)     Whether any lawsuits or claims were filed against you or any person or corporation as a result of such accidents;

(e)     If yes to (d) above, give the court term and number of such lawsuit(s); and,

(f)     The ultimate disposition of the case or claim.

**RESPONSE:** UPS objects to Interrogatory No. 14 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, no.

15.     Was any repair or alteration made to the UPS truck in question subsequent to the accident? For each repair or alteration, state:

(a)     A description of it;

(b)     The date it was made;

(c)     The name, address and occupation of the person who made it;

(d)     The reason it was made.

**RESPONSE:** No. The package car has been preserved for litigation purposes in its post-accident state.

16.     Was an alteration made to the motorcycle? For each alteration please state:

(a)     A description of it;

(b)     The date it was made;

(c)     The name, address and occupation of the person who made it;

(d)     The reason it was made.

9

**RESPONSE:**  Unknown.  UPS is not in possession or control of the motorcycle and has no knowledge of alterations made to the motorcycle.

17.   State the name, last known home and business address of persons you know or believe:

  (a)    Witnessed all or part of the accident;

  (b)    Were present at or near the scene of the accident when the accident occurred;

  (c)    Have any knowledge of any facts pertaining to the cause of the accident and/or the condition of the physical conditions at the scene of the accident;

  (d)    Have any knowledge concerning the facts or circumstances leading up to or immediately following the accident.

  **RESPONSE:**  See Initial Disclosures.

18.   State the names and addresses of all witnesses, including expert witnesses, upon whom you presently intend to rely at trial.

  (a)    for each expert, have the expert state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

  (b)    set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise.

  **RESPONSE:** UPS has not yet determined what, if any, witnesses whom it will call at the trial of this matter.  UPS reserves the right to supplement this response.

19.   Please state the name and address of every person who viewed the motorcycle on your behalf?

  **RESPONSE:**   UPS objects to this interrogatory on the grounds that it seeks information protected from disclosure as attorney work product and work product

produced in anticipation of litigation.  Subject to and without waiving said objection:

Jim Liggett
United Parcel Service, Inc.

Michael Long
United Parcel Service, Inc.

Jim Jester
United Parcel Service, Inc.

UPS reserves the right to supplement this response.

20.    Please state the name and address of every person who viewed the UPS truck on your behalf?

**RESPONSE:**  See Response to Interrogatory No. 19.

21.    State the name and title of the person answering these Interrogatories.

**RESPONSE:**  Michael Long, UPS with the aid of undersigned counsel.

22.    State the name of each and every person with whom you consulted in the process of answering these Interrogatories.

**RESPONSE:**  UPS consulted its undersigned counsel in the course of answering these interrogatories.

23.    State the names and addresses of all persons with knowledge concerning any facts relating to this case.

**RESPONSE:**  UPS incorporates herein its response to Interrogatory No. 17.

24.    State whether or not you have received any statement, either oral or written, from the persons named in the preceding Interrogatory or from any other persons with knowledge of the accident in question.  If yes, please state:

    (a)    the names and addresses of the person giving the statement

(b)    the date the statement was taken

(c)    whether the statement was written or oral

(d)    the names and addresses of the persons currently in possession of those statements

**RESPONSE:**  UPS objects to Interrogatory No. 24 to the extent it seeks information protected from disclosure by the Attorney-Client Privilege and the Work Product Doctrine.  Without waiving said objection, see Initial Disclosures.

25.    When was the Defendant driver, Mark Bard, hired by answering Defendant?  If so, please state:

**RESPONSE:**  1979

(a)    the name and last known address of the person who hired him;

**RESPONSE:**  See Employment Application, UPS 0011-0014.

(b)    whether a written contract or employment agreement was entered into;

**RESPONSE:**  Mr. Bard is a member of Union Local 326, and as such, his employment is subject to the terms and conditions of the Collective Bargaining Agreement between UPS and the Union.

(c)    each state in which driver was licensed to drive at the time of the accident; and

**RESPONSE:**    Delaware – See Response to Interrogatory No. 2 of Mark Bard.

(d)    indicate the state, identifying number of each license; and

**RESPONSE:**  Delaware – See Response to Interrogatory No. 2 of Mark Bard.

(e)    please attach a copy.

**RESPONSE:** See copy of driver's license of Mark Bard, UPS 0052-0053.

26.    Did Defendant, Mark Bard, file a written application of employment with answering Defendant? If so, please state:

**RESPONSE:**  Yes

(a)    the date it was completed;

(b)    the name and address of the employee who received the application; and

(c)    please provide a copy of the written application.

**RESPONSE:** See Employment Application.

27.    Was a written report or recommendation made following the application?  If so, please state:

(a)    the date of the report or recommendation;

(b)    who made the written report or recommendation;

(c)    the date the driver began employment;

(d)    if an when a personnel review was conducted;

(e)    who conducted the personnel review;

(f)    whether a road driving test was conducted, of so, when;

(g)    who administered the driving test;

(h)    whether a written test was administered, if so, when;

(i)    who administered and scored the written test; and

(j)    if there are any documents which evidenced any of the above, please attach copies of all documents.

**RESPONSE:**    UPS objects to this interrogatory because its use of the phrase "written report or recommendation" renders it vague and unintelligible. Without waiving said objection, no.

28.    Was a certification of road test prepared for Defendant driver, Mark Bard? If so, please state:

(a)    the name and address of the person who signed the certification; and

(b)    describe the test administered.

**RESPONSE:**    Yes. See Delivery Vehicle Road Test Report, UPS 0040.

29.    Did Defendant, Mark Bard furnish a list of violations of the Motor Vehicles Drivers Certification prior to driving for Defendant? If so, please state:

**RESPONSE:**    Yes.

(a)    the nature of the document furnished;

**RESPONSE:**  See Employment Application.

(b)    the name and address of the person to whom the document was furnished;

**RESPONSE:**  See Employment Application.

(c)    list all violations contained on said document, including nature of offense, type of vehicle operated, and date of disposition; and

**RESPONSE:**  See Employment Application.

(d)    please attach a copy of any such documents.

**RESPONSE:**  See enclosed documents.

30.    Did you request an abstract of Defendant, Mark Bard's driving record or criminal history from any State or Federal agency prior to the date of the accident?  If so, please state:

   (a)    the name and address of the agency or agencies which were requested;

   driving record, please see attached Delaware DMV documents.

   (b)    the person who requested it; and

   (c)    please attach a copy.

   **RESPONSE:**  UPS objects to this interrogatory as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, yes.  With respect to the driving records, see enclosed Delaware DMV documents, UPS 0041 and UPS 0048-0051.

31.    Did you maintain a driver's qualification file for Defendant, Mark Bard?  If so, please state:

   (a)    the location where the file was kept;

   **RESPONSE:**    Human Resources District Office 14402 York Road Sparks Maryland

   (b)    identify the title of the person having custody;

   **RESPONSE:**    Human Resources Department (address above)

   (c)    each and every document in the file on the date of this accident;

   **RESPONSE:**    UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, see enclosed documents.

   (d)    provide a copy of the file; and

**RESPONSE:**    UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see enclosed.

(e)    please attach a copy.

**RESPONSE:**    UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see enclosed.

32.    Did you investigate Defendant, Mark Bard's employment record?  If so, please state:

(a)    the name of the person who performed the investigation; and

(b)    attach a copy of any documents which in any way evidences that investigation.

**RESPONSE:**    UPS objects to this interrogatory because it seeks information that is neither relevant or reasonably calculated to lead to the discovery of admissible evidence. UPS further objects because the use of the word "investigate" renders it vague and unintelligible. Without waiving said objection, see Mark Bard's employment records, enclosed.

33.    Is Defendant, Mark Bard, still employed by you?  If not, please state:

(a)    the date he left his employment;

(b)    the reason for leaving his employment; and

(c)    attach all documents related to driver leaving your employment.

**RESPONSE:** Yes.  Mr. Bard is presently employed by UPS.

34.    Please state whether your UPS truck contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master or any device known by any other name which records information concerning the operation of the UPS truck. This includes an electronic control module on the engine. If so, please state the name and address of the person having custody of the graphs, printouts, raw date and/or other documentary evidence produced or

16

capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the collision which forms the basis of Plaintiffs' Complaint. Also, please identify who has custody of any information relating to the operation of any vehicle used by driver and the location of such information. As such information may be relevant to the case, do not destroy or discard any information related to the vehicle involved in the collision or driver.

**RESPONSE:** There is no recording device on the package car that records information relating to the operation of the vehicle.

35.    Were any tests (blood, urine or other) performed on Defendant, Mark Bard, by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the accident through and including 45 days after the accident? If so, please state the results of all such tests and the name, address and phone number of the persons, firms or entities who administered said test and all such persons, firms or entities who are in possession of a copy of the results of said tests.

**RESPONSE:**  No.

36.    At the time of the accident, did you have any policy or procedure manuals pertaining to the operation of a UPS truck such as driver's manuals, company rules, or other tangible materials by whatever name? If so, identify each such manual and provide a copy of each.

**RESPONSE:** UPS objects to this interrogatory because its use of the phrase "policy or procedure manuals pertaining to the operation of a UPS truck" renders it vague and unintelligible. Without waiving this objection, see the following documents:

1.    UPS Habits Manual, UPS 0193 – 0296;
2.    Package Pickup and Delivery Methods, UPS 0297 – 0332;
3.    Defensive Driving Methods, UPS 0333- 0375.

UPS reserves the right to supplement this response.

37.    Describe in detail the initial and continuing training requirements for your drivers as of the date of the accident described in the Complaint.

**RESPONSE:**  UPS drivers undergo both initial and ongoing training regarding both driving and delivery and pickup methods including but not limited to: (1) Defensive Driving Course; (2) Package Delivery and Pickup Methods; (3) Space

and Visibility Training (including on-car supervisor rides); (4) Five Seeing Habits driver training; and (5) Habits training.

38.   Describe in detail your drug and alcohol programs, including, without limitation, your random drug testing program for one (1) year prior to the collision.

**RESPONSE:** UPS objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, pursuant to Department of Transportation regulations, drug testing is performed only on CDL certified drivers.

39.   State whether you are covered by any type of insurance, including any excess or umbrella insurance in connection with this accident.

**RESPONSE:** Yes.

If the answer to the preceding interrogatory is in the affirmative, state the following with respect to each policy:

(a)    the name of the insurance carrier which issued each policy of insurance;

(b)    the name insured under each policy and the policy number;

(c)    the type of each policy and the effective dates;

(d)    the amount of coverage provided for injury to each person, for each occurrence, and in the aggregate for each policy;

(e)    each exclusion, if any, in the policy which is applicable to any claim thereunder and the reasons why you or the company claims the exclusion is applicable.

**RESPONSE:** UPS is the named insured on an excess policy issued by Liberty Mutual Insurance Company, Policy # AS2C21004175334.

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa/Jayne A. Risk
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:     (215) 656-3328

**RAWLE & HENDERSON LLP**
William J. Cattie, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:     (302) 778-1200

Dated: 4/26/05

19

Exhibit H

LAW OFFICES
OF
KATS, JAMISON, VAN DER VEEN & ASSOCIATES†
25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
+ Member PA, NJ, NY & Wash., D.C. Bars
* Member PA, NJ Bars
** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
KATS & ASSOCIATES, P.C.

August 31, 2005

Jayne A. Risk, Esquire
Piper Rudnick, Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

215-606-3328

Re: Heidi Vascek, Individually and as Administratrix of the Estate <u>of John Vascek, Jr. v. United Parcel Services and Mark Bard</u>

Dear Ms. Risk:

I am writing to follow-up on the responses you have provided to interrogatories addressed to UPS. The interrogatory answers are incomplete or non-responsive in several respects. It is our hope that we can resolve the differences noted in this correspondence without resort to a Motion to Compel.

1. Interrogatory 12 requests any photographs of the accident scene or matters related to this incident. In response you refer to photographs disclosed pursuant to FRCP 26. We are aware, as confirmed in the deposition of Mr. Sieffert, that UPS had an investigatory team on the scene the day after this incident during which numerous photographs were taken. This information is unique and cannot be reproduced in any form by the Plaintiff. As a result, we request that all of these photographs be produced. In addition, we are aware that an inspection of Mr. Vascek's motorcycle was conducted without permission of Mrs. Vascek or anyone else, during which the motorcycle was

Jayne A. Risk, Esquire                          August 31, 2005
Re: Vascek v. UPS, et al.                       Page -2-

inspected, moved and photographed. This inspection occurred either the day
after the incident or shortly thereafter. Please produce any photographs that
were taken in this inspection. They too, are unique and may reveal something
about the condition of the motorcycle that cannot otherwise be discovered.

    2. Interrogatory 17 requests information regarding any person who has
information pertaining to this incident. In response, you refer to Rule 26
disclosures. In addition to the inspection team (referred to in Paragraph one,
above), that inspected the scene of the incident the day after the incident and
the investigators who made an unauthorized inspection of the motorcycle, the
course of this litigation may have revealed others who should be included in
responses to this interrogatory. In addition to identifying members of the
investigation team(s) referred to above, please identify others who have such
information.

    3. Interrogatory 19 seeks the identification of those persons who have
viewed the motorcycle on behalf of UPS. As noted above, Plaintiff is aware of
the unauthorized first inspection of the motorcycle before there was any
opportunity for the Plaintiff to secure information available from such an
inspection. Even if the identity of these people would normally be protected as
consulting experts, because they are in possession of unique information, not
otherwise discoverable by Plaintiff, their disclosure and the opportunity to take
discovery regarding their observations is permissible pursuant to FRCP 26
because it cannot be reasonably obtained by other means.

    4. The answer to Interrogatory 34 is incomplete, at best. The
interrogatory asks about the presence of on-board recording devices on the
van. Through informal fact investigation we have learned that such a device,
(ECM) was present on the van at the time of manufacture and sale to UPS. As a
result, Plaintiff would appreciate your rechecking concerning the presence of
such a device, and if your response was in error, please provide the information
sought in the interrogatory regarding the data on the device and the person
having custody of that data and device so further discovery can be had. If your
answer depends on a narrow or specialized definition of "information regarding
the operation of the vehicle," please provide that definition.

Jayne A. Risk, Esquire                    August 31, 2005
Re: <u>Vascek v. UPS, et al.</u>              Page -3-

5. In your response to Interrogatory 37, you list a variety of training requirements for UPS drivers. In your response to Interrogatory 36, you provide no materials utilized in that training.  To the extent that such materials exist, please provide them.

6. The response to Interrogatory 39 is incomplete.  Although you acknowledge that there is insurance that covers this incident, none of the particulars regarding that insurance are provided. This information, of course, is required pursuant to FRCP 26 as a mandatory disclosure so Plaintiff would appreciate receiving the insurance information immediately.

A prompt response is appreciated.

Sincerely yours,

Anthony J. Bocchino

AJB:nb
cc:  Richard R. Wier, Jr., Esquire
     William Cattie, Esquire

Exhibit I

LAW OFFICES

OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
  * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
  Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

September 5, 2005

Jayne A. Risk, Esquire           215-606-3328
Piper Rudnick Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re: Heidi Vascek, Individually and as Administratrix of the Estate
    of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk:

    I am writing in response to your letter of August 29, 2005 regarding Plaintiff's responses to Defendant's Interrogatories in the above-captioned matter.

    1. As to Interrogatory No. 9, the financial loss to the Plaintiff due to the death of Mr. Vascek will be the subject of expert testimony. That analysis is not yet complete. When it is, Plaintiff will provide the report of her expert economist.

    2. As to Interrogatory No. 11, Plaintiff provided tax returns for the years 2000, 2001, 2002 and 2003. However, if defendant is unable to locate those returns, please notify me and duplicates will be provided.

Jayne Risk, Esquire                         September 5, 2005
Re: Estate of John Vascek v. UPS, et al.    Page -2-

3. As to Interrogatory No. 15, what you request is trial preparation material protected from disclosure by FRCP 26. The information is not unique and, in fact, Defendant is in possession of the only unique photographs of the scene, those taken by representatives of the Defendant on the day of the incident. That being said, Plaintiff will gladly exchange all photographs taken in preparation of this matter for litigation in exchange for a like exchange from the Defendants of all photographs taken by Defendants or their representatives in preparation of this litigation.

4. Nina is in the process of obtaining all addresses and will be supplied within the week.

5. As to Interrogatory Nos. 21 and 22, what you request is again trial preparation material protected by FRCP 26. Should Mr. Govatos or Mr. Baxter be called as testifying expert witnesses for the Plaintiff, Plaintiff, will, of course, provide notice of the same to you and provide a written report containing reference to all material considered in reaching their opinions.

6. As to Interrogatory No. 31, Plaintiff is making a search for the "safety books" referred to by the Plaintiff, and will provide the information that you request that is a product of that search.

7. As to Interrogatory No. 32, as explained, the response of the Plaintiff is: (a) Mr. Vascek took and passed all required licensure examinations for operating a motorcycle which contained information as to the safe use of a motorcycle. (b) To Plaintiff's knowledge, Mr. Vascek was never warned by anyone regarding safe operation of his motorcycle. (c) Mr. Vascek did, however, make numerous safety modifications to his motorcycle surrounding which it can be assumed that he received information regarding those safety modifications with persons unknown at this time.

8. As to Interrogatory No. 42, Plaintiff has no first hand knowledge of how the incident in question occurred. That being said, it is the belief of the Plaintiff that the Defendant, Bard, in operation of the Defendant UPS package van, violated his duties at a stop sign, violated the right of way of Mr. Vascek, stopped the van completely blocking Mr. Vascek's right of way, leaving Mr. Vascek no ability to avoid the collision which caused the death of Mr. Vascek. At trial, Plaintiff will present expert

Jayne Risk, Esquire                     September 5, 2005
Re: <u>Estate of John Vascek v. UPS, et al</u>.   Page -3-

accident reconstruction testimony that more fully develops how and why
Mr. Vascek died. That expert testimony will be the subject of a report by
the accident reconstruction expert, which will be provided pursuant to
the Court's order in this matter.

In addition, we have received your response to our request for
inspection and the use of the package van in our proposed testing. The
purpose of the new request was to clarify what we sought to accomplish
and to have a clean statement of what was requested and your response.
We will, of course, pursue an order to compel this inspection, but if you
persist in your refusal to allow the inspection, we propose, in the
alternative, we will rent a van of the same make, model and dimensions
to conduct our own testing.

As to our request for visual and hearing testing of Mr. Bard, it is
Plaintiff's position that both his eyesight and hearing are in question, as
he neither saw a motorcycle (with lights on) that he should have been
able to see, nor heard a motorcycle that given his position, with doors
open, that he should have been able to hear. The fact that he testified
that his eyesight and hearing are fine, does not, as I am sure you realize,
resolve the issue. That being said, if there exists a record of testing
conducted of Mr. Bard's eyesight and hearing, please provide it. If that
testing is sufficient for our purposes, we will withdraw our request for the
physical examination of Mr. Bard.

When you receive this letter, I would appreciate the courtesy of a
phone call at (215) 204-8949, during which time we can address your
letter, this response, and your response to my letter of August 31, 2005,
as well as other outstanding discovery issues. Hopefully, during that
phone call, we can agree on an exchange of information, or agree to
disagree and go forward with appropriate motion practice.

Sincerely,

Anthony J. Bocchino

AJB:nb
cc: Richard Wier, Esquire
    William Cattie, Esquire

Exhibit J



DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

September 8, 2005

**VIA TELEFAX**

Anthony J. Bocchino, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

     Re:   **Vascek v. United Parcel Services, Inc. and Mark Bard**

Dear Mr. Bocchino:

     I am in receipt of your letter dated September 5, 2005.

     Relating to your response to Interrogatory No. 9: As you are well aware, Federal Rule of Civil Procedure 26(a)(C) specifically requires disclosure of "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying . . . the documents or other evidentiary material not privileged or protected on which such computation is based including materials bearing on the nature and extent of injuries suffered." The financial loss claimed by Ms. Vascek is specific information that is not privileged in nature. As such, this response is not sufficient. Should you fail to supplement this response or your initial disclosures, we will seek to move *in limine* for the preclusion of all evidence regarding financial loss at trial. In addition, while you state in your letter that the financial loss will be the subject of "expert testimony," you have failed to disclose the identity of any expert who will testify on this subject at trial. Should you fail to disclose the identity of said expert, either through this response or by supplement to your initial disclosures, we will seek to preclude his or her testimony at trial.

     With respect to Interrogatory No. 11: Plaintiff has failed to produce the tax return for the year 2004. Please provide this tax return as soon as possible.

     With respect to identification of witnesses' addresses and telephone numbers: Your dilatory tactics in failing to disclose this information has severely prejudiced the defendant in locating witnesses for deposition. As such, if this information is not received in this office by tomorrow, September 9, 2005, we will move to preclude plaintiff from offering any and/or all of the witnesses at the trial of this matter.

Serving clients globally



PIPER RUDNICK
GRAY CARY

Anthony J. Bocchino, Esquire
September 8, 2005
Page 2

 

With respect to Interrogatory No. 32: Please formally supplement plaintiff's response, as I am sure you can understand, your interpretation of her response is not her response.

Finally, with regard to your proposed inspection: **rent the van**.

Very truly yours,

Jayne A. Risk

JAR:pd
cc:   Richard R. Wier, Jr., Esquire
     William Cattie, Esquire

Exhibit K

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

_____

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
 + Member PA, NJ, NY & Wash., D.C. Bars
 * Member PA, NJ Bars
 ** Member PA, NJ & IL Bars
 *** Member PA, NJ & NY Bars
 Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

September 8, 2005

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
 KATS & ASSOCIATES, P.C.

Jayne A. Risk, Esquire                        215-606-3328
Piper Rudnick Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re: Heidi Vascek, Individually and as Administratrix of the Estate
of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk:

I am in receipt of your letter of September 8, 2005.

It is unfortunate and I regret that you deem it inappropriate to place a phone call as I requested in order to work out our differences regarding discovery and have responded with a letter that evidences an extreme lack of courtesy and professionalism. If, however, you are bent on conducting this litigation in the most uncooperative and dilatory way, so be it. Please respond to the following necessitated by your above-referenced letter.

First, where is the information required by the FRCP Rule 26 regarding insurance. This information should have been provided months ago as part of your mandatory Rule 26 disclosures. It was not provided then. It has not been provided today in your most offensive letter. Please take the time to read the rules and do what is required. Do you have an excuse or an explanation; or, can I take it by your silence that you admit to your abject failure to abide by the rules of civil procedure in this regard and are willing to pay appropriate sanctions.

Jayne A. Risk, Esquire                         September 8, 2005
Re: <u>Vascek v. UPS, et al.</u>                         Page -2-

Second, can I take it that your failure to respond to numerous items in my last conciliatory letter to you regarding other claims you have made as an admission that your arguments regarding discovery of information that clearly falls within trial preparation material were utterly without merit. I take it that objections voiced to non-provision of that material are withdrawn and Plaintiff's offer for a mutual exchange of information has been declined.

Third, you asked in your interrogatory for tax returns for the years previous to Mr. Vascek's death. Mr. Vascek died, as I am sure even you are aware, in 2004. The 2004 tax year is not previous to his death by definition. Inconsistent with your baseless claims in your letter of August 29, 2005, the tax returns you requested have been provided. Do you now admit you have received them, and that your demand was in error and the result of a failure to search your own files? Have those tax returns been found? Plaintiff will, of course, now that you have requested the 2004 return, even if in an inappropriate form, provide it to you.

Fourth, testifying expert witnesses must be disclosed in a timely way as per the rules you cite but apparently fail to read. We will do so. By way of foreshadowing, we have retained Dr. Brian Sullivan of the Center for Forensic Economics in Philadelphia, Pennsylvania to assist Plaintiff in calculating the economic losses suffered due to the death of Mr. Vascek as a result of the clear negligence of UPS and Mr. Bard. To date, he has acted as a consultant so this disclosure is made a matter of courtesy. In all likelihood, he will be denominated a testifying expert at a date in the near future and all appropriate disclosures will be made with his report. Although his calculations have not been completed, we expect that the economic loss to the Plaintiff will be in excess of $4 million dollars. File any dilatory motion in limine regarding this testimony you like. We will seek the appropriate sanctions. As an interesting aside; does the defendant intend to have any testifying experts, on any matter? You have certainly conducted enough testing; some authorized and some unauthorized. No expert witnesses have been disclosed by Defendants to date.

Fifth, with respect to addresses and phone numbers of witnesses, I again suggest you read the rules. When the addresses and phone numbers are known, they will, as required by the rules, be provided. We are making every effort to do so and voluntarily have agreed to provide them to you. Your claim of prejudice, is made, of course, without benefit of any legitimate support. Again, your threat of dilatory in limine motions, and the filing of the same in this regard is welcome, and will, as well, be the subject of a sanctions motion. Again as an

Jayne A. Risk, Esquire                                September 8, 2005
Re: <u>Vascek v. UPS, et al.</u>                      Page -3-

aside, have the Defendants provided all of the names, addresses and phone numbers of all witnesses it intends to call in support of all claims and defenses and as a result are Defendants willing to stipulate that witnesses not fully disclosed to date will not be called at trial?

Sixth, you have made no response to Plaintiff's request for information regarding inspections and investigations of the accident scene when Mr. Vascek had yet to be buried that contain unique information that the Plaintiff cannot obtain by other reasonable means. Again, I suggest you read the rules. Can I assume by your failure to respond that the information requested as to this unique information, that otherwise might have qualified as trial preparation material, will be provided, including but not limited information obtained in the investigation conducted by UPS on the day of Mr. Vasceks's death and the day after his death of the scene of his death, and the inspection of Mr. Vascek's motorcycle that was conducted illegally and without permission.

Seventh, because your letter is silent, will you produce the testing you claim shows that Mr. Bard's eyesight and hearing are normal as requested in my letter of September 5, 2005, or are you, in the alternative agreeing that he will be tested as provided for in the rules of civil procedure?

Finally, with regard to your last snippy, inappropriate and unprofessional response to a legitimate discovery request for inspection of the van involved in the death of Mr. Vascek, Plaintiff will rent the van as you suggest, seek sanctions for your failure to respond appropriately to a legitimate discovery request and assert, consistent with decided law, that any objection you may have to use of such a rental van versus use of the actual van is utterly without merit.

Jayne A. Risk, Esquire                    September 8, 2005
Re: <u>Vascek v. UPS, et al.</u>               Page -4-


    My phone number remains the same.  You may reach me if you choose to act in a professional and civil manner.

                Very truly yours,

*Anthony J. Bocchino*

Anthony J. Bocchino
Feinberg Professor of Litigation
Temple University
Beasley School of Law
Co-Counsel for Plaintiff


AJB:nb
cc:  All counsel

Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DITRSICT OF DELAWARE

| | | |
|---|---|---|
| HEIDI VASCEK, individually and as | : | |
| Administratrix of the ESTATE OF | : | |
| JOHN VASCEK, JR., | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-1538 |
| vs. | : | |
| | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. and | : | |
| MARK BARD, | : | |
| Defendants. | : | |

## REQUEST FOR PRODUCTION OF
## DOCUMENTS ADDRESSED TO DEFENDANTS

Plaintiffs hereby request that Defendants produce for inspection and copying the below listed original documents and/or items that are in defendant's possession. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs produced.

This request is deemed to be continuing insofar that if any of the below is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to plaintiffs' counsel, within thirty (30) days of service of this Request for Production of Documents pursuant to the Federal Rules Civil Procedure.

The instructions provided in Plaintiffs' accompanying Interrogatories addressed to the Defendants apply in the foregoing Request for Production of Documents.

## INSTRUCTIONS

For each and every document that you refuse to produce on the basis of an allegedly applicable privilege or doctrine, provide the following information:

(a)     The date of the document;

(b)     The Author of the document;

(c)     The recipient or recipients of the document;

(d)     The general subject matter of the document; and

(e)     The privilege claimed.

## REQUEST FOR PRODUCTION

1.    All statements of witnesses to the accident or potential witnesses, including the names of any and all individuals having knowledge relating thereto.

2.    All statements of witnesses to defendant (s), including the names of any and all individuals having knowledge relating thereto.

3.    All documents relating to the manner of the accident, the events giving rise or leading up to it and the causes thereof, other than statements of witnesses or parties produced in response to any of the preceding requests.

4.    All photographs, videotapes, films, and diagrams of any person, place, or thing which is directly or indirectly related to the claims set forth in Plaintiffs' Complaint.

5.    All documents relating to the conditions at the scene of the accident.

6.    Any and all bills and/or estimates of property damage.

7.    All documents relating to investigations of the accident by or on behalf of any party herein, other than those produced in response to any of the preceding requests.

8.    All documents relating to any facts on the basis of which it is asserted that the conduct of plaintiff or any other person contributed to the happening of the accident or to the injuries or losses, allegedly suffered as a result thereof, except to the extent such documents are produced in response to one or more of the other requests herein.

9.    All documents relating to the identity of any statute or ordinance or governmental code which it is alleged was violated by any party herein, except as already produced in response to any preceding request.

10.    All photographs relating to any object including any vehicle which was or is alleged to have been involved in the occurrence, except to the extent such photographs have been produced in response to any preceding request.

11.    Copies of any and all medical reports, bills, summaries, invoices, hospital discharge summaries, and any other documents authored by any medical personnel pertaining to the treatment, diagnoses of any injuries, and the prognosis of any recovery of any of the parties in this matter.

12.    All documents, writing, memoranda, data, physical evidence, photographs, videotapes, models, diagrams, and/or tangible things of any nature whatsoever which in any way pertain to or support the responsive pleading pled by you in response to the Plaintiffs' Complaint and/or support your contentions, if any, that Plaintiff is not entitled to recover or is limited in her recovery under any of the claims set forth in her Complaint.

13.    All documents, writings, memoranda, data, physical evidence, photographs, videotapes, models, diagrams, and/or tangible things of any nature whatsoever you intend to introduce or use for any purpose whatsoever at the trial.

14.    Copies of defendant's driver's license and motor vehicle registration for the vehicle involved in the motor vehicle accident described in Plaintiffs' Complaint.

15.    Any and all documents containing the name, home and business addresses of all individuals contacted as potential witnesses.

16.    A copy of any documents requested in Plaintiffs' Interrogatories.

17.    Copies of all lawsuits and/or complaints in which you have been named as a defendant involving claims of personal injury and/or wrongful death.

18.    If not already supplied, copies of all documents consulted in answering this request for production of documents.

19.    Repair records of the UPS vehicle for the previous three years.

20.    Driver logs in previous years up to and including the day of the accident.

21.    Defendant's employee file, company records, safety manuals, accident manuals and training manuals.

_____
Michael T. van der Veen
Attorney I.D. No. 75616
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Richard R. Wier, Jr.
1220 Market Street
Suite 600
Wilmington, DE 19801

Exhibit M

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

———

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
    + Member PA, NJ, NY & Wash., D.C. Bars
    * Member PA, NJ Bars
   ** Member PA, NJ & IL Bars
  *** Member PA, NJ & NY Bars
    Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
KATS & ASSOCIATES, P.C.

August 24, 2005

*Via Fax (215-606-3328) & Regular Mail*
Jayne A. Risk, Esquire
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

RE:    **Estate of John Vascek vs. United Parcel Service, et al**
        **U.S.D.C. Del.; No. 04-1538**

Dear Ms. Risk:

Enclosed please find Plaintiff's Request for Production of Documents addressed to Defendant UPS, second set.

If you intend to object to the production of these materials, please advise immediately so that the appropriate Motion to Compel can be filed.

Very truly yours,

Michael T. van der Veen

MTV/lc
Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., **Plaintiffs,** vs. UNITED PARCEL SERVICE, INC. and MARK BARD, **Defendants.** | : : : : : : : : : : : : C.A. No. 04-1538 |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## ADDRESSED TO DEFENDANT, UPS (Second Set)

Plaintiff hereby requests that defendant produce for inspection and copying the below listed original documents and/or items that are in defendant's possession. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs produced.

This request is deemed to be continuing insofar that if any of the below is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to plaintiffs' counsel, within thirty (30) days of service of this Request for Production of Documents.

The below listed documents and/or items are to be produced at the offices of Kats, Jamison, van der Veen & Associates, 25 Bustleton Pike, Feasterville, PA 19053.

## DEFINITIONS

"Defendant" means these responding defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s).

"You" and "your" means defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s) of defendant.

"Accident or Accident Scene" means the accident and/or location alleged in Plaintiff's Complaint.

"Documents and tangible things" shall include all copies, drafts or duplicates thereof.

"Subject Package Van" means UPS van involved in the accident alleged in Plaintiff's Complaint.

"Records" includes hard copies of electronic data.

"Motorcycle" is the motorcycle driven by John Vascek.

## INSTRUCTIONS

For each and every document that you refuse to produce on the basis of an allegedly applicable privilege or doctrine, provide the following information:

    (a)    The date of the document;

    (b)    The Author of the document;

    (c)    The recipient or recipients of the document;

    (d)    The general subject matter of the document; and

    (e)    The privilege claimed.

## REQUEST FOR PRODUCTION

1.    UPS daily maintenance log book for the subject van for three months before, after and including October 26, 2004.

2.    Pre-trip inspection form check list of subject package van for three months before, after and including October 26, 2004.

3.    All photos, video tapes and audio tapes of the motorcycle, subject package van and accident scene taken by you and your safety team on any date and including October 26, 2004, October 27, 2004 and November 11, 2004.

4.    DIAD records from the UPS DIAD machine in subject package van for three months before, after and including October 26, 2004.

5.    UPS dispatcher records for Mark Bard on October 26, 2004.

6.    All documents relating to the inspection of the accident scene, subject package van and motorcycle conducted by you and your safety team on behalf of UPS on any date but including October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to all recorded/transcribed interviews, statements and field notes/measurements.

7.    All documents relating to conversations between Mark Bard and you and your safety team on October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to, recorded/transcribed interviews and statements and field notes.

8.    All reports UPS filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department, and U.S. Department of Transportation pertaining to the subject accident.

9.    All phone and pager logs for Mark Bard on October 26, 2004.

10.    All UPS' annual review of Mark Bard's driving records.

11.    Mark Bard's list of driver violations from the time of his employment with UPS until October 26, 2004.

12.    Any responses to you from Delaware Department of Transportation, Delaware Department of Motor Vehicle's concerning Mark Bard's driving record.

13.    All documents relating to bills of lading for subject package van on October 26, 2004.

14.    Manufacturer specifications for subject package van.

15.    All Mark Bard's physical examination reports.

Dated: 8/23/05

_____
Michael T. van der Veen
Attorney for Plaintiff
Attorney ID #75616
Kats, Jamison, van der Veen & Assoc.
25 Bustleton Pike
Feasterville, PA  19053

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 16th day of September, 2005, that I electronically filed the attached

Motion, Answering Brief and Appendix with the Clerk of the Court using CM/ECF, which will

send notification of such filing to the following:

William Cattie, Esq.
Rawle & Henderson
300 Delaware Ave., Suite 1015
Wilmington, DE 19899

**RICHARD R. WIER, JR., P.A.**

    /s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@Wierlaw.com

OF COUNSEL:
Michael T. van der Veen (pro hac admitted)
Anthony Bocchino (pro hac admitted)
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053