IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,** : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> **UNITED PARCEL SERVICE, INC. and MARK BARD,** : <br> Defendants. : | C.A. No. 04-1538 |

### DEFENDANT UNITED PARCEL SERVICE, INC.'S
### MOTION FOR PROTECTIVE ORDER

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, brings this Motion for Protective Order directing that plaintiff shall be precluded from further deposing non-party fact witness Corporal Jeffrey Weaver, and in support of same avers as follows:

1. On or about October 23, 2004, a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware (the "accident"). Mr. Vascek was killed in the collision.

2. On or about December 22, 2004, decedent's wife, Heidi Vascek ("Plaintiff"), filed the above-captioned wrongful death and survival action against UPS and Mark Bard.

3. Corporal Jeffrey Weaver, of the Delaware State Police Department's Fatal Accident Investigation and Reconstruction unit, arrived at the scene of the accident. Corporal

Weaver proceeded to conduct an investigation and subsequently prepared the Delaware State Police report of the accident.

4. Corporal Weaver was first deposed in this matter on June 23, 2005. On that day, he was deposes solely by plaintiff's counsel. Not including breaks and time off record, Mr. Weaver gave approximately six and half hours of deposition testimony. During that time, Mr. Weaver gave a comprehensive account of his background and qualifications, as well as his investigation, reporting and conclusions regarding the accident.

5. Corporal Weaver was again deposed by plaintiff's counsel on August 22, 2005. At that time, not including breaks and time off record, Mr. Weaver gave approximately four hours of deposition testimony.

6. During the second day of Corporal Weaver's deposition, plaintiff's counsel repeatedly yelled and attacked both Corporal Weaver and defense counsel and otherwise demonstrated a lack of professional civility. (See Deposition of Corporal Weaver, pp. 558-580, attached hereto as "Exhibit A").

7. Corporal Weaver has given more than ten hours of exhaustive testimony in this matter, eight hours of which was taken by plaintiff's counsel alone. Plaintiff's counsel has had more than adequate time and opportunity to depose Corporal Weaver.

8. Plaintiff's counsel now indicates that he intends to depose Corporal Weaver again.

9. F.R.C.P. 30(d)(2) provides:

> Unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to **one day of seven hours**. The Court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impeded or delays the examination.

10. This Court's Scheduling Order dated February 25, 2005 limited depositions to a maximum of eight hours unless extended by agreement of the parties.

11. Defendants have already once agreed to extend the time for Corporal Weaver's deposition. Corporal Weaver has been subjected to more than ten hours, over two days, of deposition questioning in this matter.

11. Absent an agreement of the parties, plaintiff must obtain a court order to conduct another deposition of Corporal Weaver. Defendants will not agree to again extend the deposition of Corporal Weaver due to plaintiff counsel's unprofessional and abusive behavior toward the Corporal.

12. It is not necessary for plaintiff's counsel to be afforded additional time by this Court per the parameters of Rule 30(d)(2), as it is not needed for a fair examination of Corporal Weaver. Plaintiff's counsel alone has deposed Corporal Weaver for approximately eight hours. Neither the deponent or defendants has impeded or delayed the examination. Plaintiff's counsel's deposition of Corporal Weaver consisted of harassing and abusive conduct and lines of questioning, and accordingly he should not be afforded more time.

13. Fed. R. Civ. P. 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c)(1).

14. Per the foregoing, defendants seek an Order of this Court, consistent with the guidance of Rule 26(c)(1), precluding plaintiff's counsel from further deposing Corporal Weaver. Defendants wish to prevent Corporal Weaver from being subjected to further annoyance, embarrassment, oppression, undue burden and expense that will inevitably occur if plaintiff's counsel is permitted to depose Corporal Weaver yet again.

15. The Delaware Department of Justice, on behalf of Corporal Weaver and the Delaware State Police, joins defendants in this request, as Corporal Weaver will not voluntarily consent to appear and give additional deposition testimony absent a court order compelling him to do so. (See correspondence of September 16, 2005 from Deputy Attorney General Durstein, attached hereto as Exhibit "B").

**WHEREFORE**, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion for Protective Order precluding the plaintiff from further deposing Corporal Jeffrey Weaver and granting such other relief as this Court deems appropriate.

**RAWLE & HENDERSON LLP**

    /s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103

Dated: September 19, 2005    Telephone:    (215) 656-3300