**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,** | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-1538 |
| vs. | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC. and MARK BARD,** | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF**
**DEFENDANT UNITED PARCEL SERVICE, INC.'S**
**MOTION FOR PROTECTIVE ORDER**

**I.   INTRODUCTION / STATEMENT OF THE FACTS**

This action arises from an accident that occurred on October 23, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by defendant Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was killed in the collision. Corporal Jeffrey Weaver, of the Delaware State Police Department's Fatal Accident Investigation and Reconstruction unit, was called to the scene of the accident. Corporal Weaver proceeded to conduct an investigation and subsequently prepared the Delaware State Police report of the accident.

As the officer primarily responsible for the investigation and reconstruction of the accident, the parties agreed to extend the time in which Corporal Weaver's deposition would be conducted beyond the one day of seven hours allotted by F.R.C.P. 30. However, plaintiff's counsel used the additional time to harass and abuse Corporal Weaver, and otherwise conducted

himself in a highly uncivil and unprofessional manner.  Accordingly, absent a court order compelling otherwise, UPS, Mr. Bard, and Corporal Weaver will not agree to extend the time of Corporal Weaver's deposition any further.

Corporal Weaver was first deposed in this matter on June 23, 2005.  On that day, he was deposed solely by plaintiff's counsel.  Not including breaks and time off record, Mr. Weaver gave more than six and half hours of deposition testimony.  Mr. Weaver gave a comprehensive account of his background and qualifications, as well as his investigation, reporting and conclusions regarding the accident.

By agreement of the parties to extend the time for Corporal Weaver's deposition, and by the courtesy of Corporal Weaver himself, Mr. Weaver was again deposed on August 22, 2005.  At that time, not including breaks and time off record, Mr. Weaver gave approximately four hours of deposition testimony.  Corporal Weaver has now given more than ten hours of exhaustive testimony in this matter, eight of which was conducted by plaintiff's counsel alone.  Despite the fact that Plaintiff's counsel has had more than adequate time and opportunity to depose Corporal Weaver, he indicates that he intends to depose Corporal Weaver again.

Corporal Weaver has been deposed in excess of the time allotted by the Rules of Civil Procedure and by Order of this Court.  Moreover, during the additional time, plaintiff's counsel was harassing and abusive toward both Corporal Weaver and defendants' counsel.  (See Exhibit A, Deposition of Corporal Weaver, pp. 558-580).  Accordingly, in an effort to prevent Corporal Weaver from being subjected further additional harassment, and to prevent themselves from incurring needless additional expense, defendants now move for a Protective Order directing that the plaintiff be precluded from further deposing Corporal Weaver.

II. **ARGUMENT**

Corporal Weaver, who has been deposed in this matter for more than ten hours over the course of two days, has already been subjected to deposition time in excess of the limit as prescribed by the Federal Rules of Procedure. Specifically, F.R.C.P. 30 provides:

> Unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to **one day of seven hours**. The Court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impeded or delays the examination.

F.R.C.P. 30(d)(2) (emphasis supplied).

Rule 30(b)(2) applies equally to all deponents, including non-party fact witnesses. *See e.g.* Beneville v. Pileggi, 2004 U.S. Dist. LEXIS 13586 (D. Del. 2004) (applying Rule 30(d)(2) to plaintiff's deposition of the *defendant*); Hollen v. USCO Distrib. Servs., 2004 U.S. Dist. LEXIS 1782, *8 (D. Minn. 2004) (stating that a party was entitled to seven hours of deposition from a *fact witness*); *and see* F.R.C.P. 30 Advisory Committee Notes to the 2000 Amendment (stating that grounds for requesting additional time under Rule 30(d)(2) include the need for additional time for full exploration of an *expert witness's* theories).

Additionally, the seven-hour rule applies to a single deponent, regardless of the number of parties seeking to depose the witness. See F.R.C.P. 30 Advisory Committee Notes to the 2000 Amendment (stating that an instance in which multiple parties seek to depose a single witness would serve as a legitimate basis for an extension of time beyond a single day and seven hours, cautioning that "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.").

This Court's Scheduling Order dated February 25, 2005 limited depositions in this matter to a maximum of eight hours, unless extended by agreement of parties. By agreement of counsel, Corporal Weaver's deposition was extended and the Corporal was subjected to approximately ten hours of deposition testimony over two days. Plaintiff's counsel has himself enjoyed a full eight hours to depose Corporal Weaver. In fact, defense counsel has taken only two hours to depose Corporal Weaver. However, plaintiff's counsel insists that he needs additional time to again depose Corporal Weaver.

It is not necessary for plaintiff's counsel to be afforded any additional time. Plaintiff's counsel has had more than adequate time to conduct a fair deposition of Corporal Weaver, and neither the deponent or defendants have impeded or delayed the examination. Indeed, plaintiff's counsel is merely unhappy with Corporal Weaver's complete and honest responses, and insists on asking repetitious, leading, hypothetical, and confusing questions in an effort to exhaust Corporal Weaver and trap him into providing a different or inconsistent response. Corporal Weaver himself perceived plaintiff's counsel's conduct as a personal attack, and it was noted on more than one occasion that plaintiff's counsel raised his voice and yelled at the witness. Further, when repeatedly asked to stop yelling and to conduct himself with professional civility, plaintiff's counsel flatly refused. (See Ex. A, Weaver Deposition, pp. 558-580). The following exchanges demonstrate plaintiff's counsel's complete lack of civility:

> Q.   Did you note anywhere that you had a problem with the lighting? I'm not arguing with you. Did you note it?
>
> A.   No.
>
> Ms. Risk:   Objection. Noting the plaintiff's attorney shouting, for the record.

(Ex. A, Weaver Deposition, pg. 558).

> Q.   Trooper, let me get this point down so it's rock-solid clear. Okay? You got on the scene. It was daylight; right?

4

| | |
|---|---|
| A. | Yes. |
| Q. | Plenty of light for you; right? |
| A. | Yes. |
| Q. | You didn't ask for a flashlight? |
| A. | No. |
| Q. | Could have; right? Correct? You could have illumination if you needed it? |
| Ms. Risk: | Objection; argumentative, harassing tone of voice. |

(Ex. A, Weaver Deposition, pp. 561-62).

| | |
|---|---|
| Q. | How do you know nothing's coming if you aren't looking to the left? |
| Ms. Risk: | Objection to form. |
| Q. | How do you know nothing's coming if you aren't in a position in the roadway where you can see from the left? |
| Ms. Risk: | Objection to counsel's – |
| The Witness. | We're concluding this. |
| Ms. Risk: | Excuse me. Objection to counsel's not allowing the witness to answer – |
| The Witness: | Because I am not going to sit and continue to be directed at the questions in which you are attacking me personally as an investigator – no, don't wave your hands or – I've been more than professional through this whole deposition. … |
| | But your attacks are putting me on the defensive, and I'm tired of it. … And for me to come in here early, voluntarily, to be subjected to your demeanor and your attacks of me, I would much rather conclude this… |

(Ex. A, Weaver Deposition, pg. 568).

Defense counsel's attempts to return civility to the deposition were rebuffed by plaintiff's counsel, who refused to cooperate and continued deposing Corporal Weaver despite the fact that defense counsel left the room and repeatedly asked him to cease the deposition while she attempted to contact Judge Robinson:

| | |
|---|---|
| Ms. Risk: | Excuse me. May I ask that no more go on while I'm out of the room. |

5

| | |
|---|---|
| Mr. van der Veen: | No. |
| Ms. Risk: | I have Judge Robinson that I'm going to get on the phone. |
| Mr. van der Veen: | So what? So what? You don't – |
| Ms. Risk: | Stop. |
| Mr. van der Veen: | - leave in the middle of my deposition. |
| Ms. Risk: | I didn't walk out. I asked you politely to please stop because I would like to call the judge. I do not believe under the rules, under Delaware civility and the statement of lawyers' conduct, that – harassing a witness definitely a reason to call the judge. In fact, it's a reason to get your pro hac revoked. |
| Mr. van der Veen: | Go ahead. No, Trooper, I have not been meaning to harass you in any way. |
| Ms. Risk: | I am going to ask again. I have to leave the room to talk on the phone with the Judge. |
| Mr. van der Veen: | Use the phone in here. |
| Ms. Risk: | I have the other line going out in the office. I would ask that you please stop asking questions. Please Mr. van der Veen, I'm asking you as a reasonable human being – |
| Mr. van der Veen: | No. |

(Ex. A, Weaver Deposition, pp. 573-75).

In short, plaintiff's counsel's conduct, toward both Corporal Weaver and defense counsel, was utterly unprofessional.

Fed. R. Civ. P. 26(c) provides, in pertinent part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c)(1).

Per the foregoing, defendants seek an Order of this Court, consistent with the guidance of Rule 26(c)(1), precluding plaintiff's counsel from further deposing Corporal Weaver. The Delaware Department of Justice, on behalf of Corporal Weaver and the Delaware State Police, joins defendants in this request to prevent Corporal Weaver from being subjected to any further questioning by plaintiff's counsel, especially in light of the fact that he has already given deposition testimony far in excess of the requirements and protections of Rule 30. (See Ex. B). Defendants and the Department of Justice seek to prevent Corporal Weaver from being subjected to the annoyance, embarrassment, oppression, undue burden and expense that will inevitably occur if plaintiff's counsel is permitted to depose Corporal Weaver yet again.

Absent an agreement of the parties, plaintiff must obtain a court order to conduct another deposition of Corporal Weaver:

> The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

F.R.C.P. 30, Advisory Committee Notes to the 2000 Amendments; *see also* Beneville v. Pileggi, 2004 U.S. Dist. LEXIS 13586, *3 (D. Del. 2004) (the party seeking additional time has the burden of proving its necessity).

The District Court of Delaware has provided that examples of grounds for granting an extension include whether a witness requires an interpreter, the examination covers events occurring over a long period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination. Beneville, *supra* at *4. In the case *sub judice*, Corporal Weaver is but a single deponent testifying about a single document, namely the police

7

report that he prepared, which relates to events that occurred over the course of only a few hours. Moreover, defendants have not impeded or delayed the examination, having already once agreed to extend the time for Corporal Weaver's deposition. Although Rule 30 requires that all parties share the seven hours allotted to the single deponent, plaintiff's counsel alone has had eight hours in which to depose Corporal Weaver.

Plaintiff's counsel cannot demonstrate the need for any additional time, which would only serve to waste the time and resources of the defendants and Corporal Weaver. Plaintiff's counsel has had ample time to depose the Corporal and intends nothing other than to ask more repetitious and abusive questions, as he did during the last deposition. Plaintiff's counsel has already exceeded the allotted time under the Rules of Procedure, this Court's Scheduling Order and the agreement of the parties. Accordingly, defendants seek an Order of this Court precluding plaintiff's counsel from further deposing Corporal Weaver as a consequence of his harassment of the witness and insistence on pursuing a leading and badgering line of questioning for which he lacks any factual foundation.

### III.    CONCLUSION

Per the foregoing, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion for Protective Order precluding the plaintiff from further deposing Corporal Jeffrey Weaver, and granting such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

    /s/  William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:     (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:     (215) 656-3328

Dated: September 19, 2005