# Exhibit A

# Piper Rudnick

One Liberty Place
Suite 4900 – 1650 Market Street
Philadelphia, Pennsylvania 19103
*main* 215.656.3300  *fax* 215.656.3301

JAYNE A. RISK
jayne.risk@piperrudnick.com
*direct* 215.656.3328  *fax* 215.656.3301

December 15, 2004

**Via Telefax: (215) 396-8388**

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feastervile, PA  19053

**RE:   John Vascek**

Dear Mr. van der Veen:

Since I have been unable to reach you by telephone, as I indicated in my voice mail message, UPS will preserve the hood of the package van, but will return the vehicle to service. I assume that you have no objection, since both you and your expert have had the opportunity to inspect and photograph the van.

Should you have any questions, please feel free to call me.

Very truly yours,

Jayne A. Risk

JAR:pd
**DICTATED BUT NOT READ**

*Piper Rudnick LLP*

**Exhibit B**



**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

February 11, 2005

**Via Telefax: (215) 396-8388 & Regular Mail**

Michael T. Van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feastervile, PA  19053

   Re: Heidi Vascek, Individually and as Administratrix of the Estate of John
     Vascek, Jr. v. United Parcel Services, Inc. and Mark Bard

Dear Mr. Van der Veen,

  In addition to initial disclosures that were sent to you pursuant to Federal Rule of Civil Procedure 26, please consider the following information as a supplement to those disclosures and in compliance with Judge Susan L. Robinson's Order of January 14, 2005. Enclosed please find photographs in our possession of the accident site, Mr. Vascek's motorcycle and the UPS vehicle. We are not in possession of the police report or other documents relating to the accident as it is our understanding that they have not yet been released.

  To date, our experts include William Otto and Tyler Kress, neither of whom have disclosed their opinions at this time. We will supplement these disclosures when the information becomes available. We are also in possession of the package van that was involved in the accident, and per our previous correspondence will provide that for your inspection upon your request.

  We are also in possession of transcribed recorded statements of the following individuals: John Sieffert, Amy Stratton, and Mark Bard. As disclosed in your letter, you are already aware of the identity of these individuals. Because these documents fall within the immunity of the

**Serving clients globally**



work product doctrine as prepared in anticipation of litigation pursuant to Rule 26(b)(3) they are not discoverable and therefore we will not be providing them.

Very truly yours,

Jayne Risk

JR/rah
Enclosure

~PHIL1:3696228.v1

# Exhibit C



**PIPER RUDNICK**
**GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

February 17, 2005

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

Re: Heidi Vascek, Individually and as Administratrix of the Estate of John Vascek, Jr. v. United Parcel Services, Inc. and Mark Bard

Dear Mr. van der Veen:

As we agreed, you had the opportunity to inspect the package van that is the subject of the above-referenced case on November 22, 2004. Please be advised that we will maintain the hood of the vehicle (the location of the damage sustained during the accident), but we intend to release the package van for regular service.

Please respond by letter facsimile by Friday, February 18, 2005, should you, for some reason, not agree with this course of action. Thank you in advance for your cooperation.

Very truly yours,

Jayne A. Risk

JAR:pd

Serving clients globally

**Exhibit D**

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES[†]

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
+ Member PA, NJ, NY & Wash., D.C. Bars
* Member PA, NJ Bars
** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
KATS & ASSOCIATES, P.C.

February 17, 2005

**VIA FACSIMILE**
Jayne A. Risk, Esquire
DLA Piper Rudnick Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300

Re:   <u>Vascek and the Estate of John Vascek v. United Parcel Service, Inc., et al.</u>

Dear Ms. Risk:

I received your letter this afternoon and I object to your unilateral decision to direct your client to release the package van to regular service. The package van, not only the damaged hood, is material evidence in this pending death case and plaintiffs intend to conduct further investigations that may require inspection of the package van.

Accordingly, I ask that you not allow this package van to be released for regular service and cause spoliation of material evidence. If you intend to do so despite my written objection, I ask you immediately inform me so that I may file an emergency motion to present this issue before the Court.

Thank you for your immediate attention to this matter.

Sincerely,

Michael T. van der Veen

MTV/rjb

FEB 18 2005

**Exhibit E**



**PIPER RUDNICK
GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

February 21, 2005

**Via Telefax and Regular Mail**
Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feastervile, PA  19053

Re:  Heidi Vascek, Ind. and as Administratrix of the Estate of John
     Vascek, Jr. v. United Parcel Services, Inc. and Mark Bard

Dear Mr. van der Veen:

I am in receipt of your facsimile dated February 17, 2005 relating to your response to the proposed release of the package van to regular service. Please be advised that there was no "unilateral decision" to direct UPS to release the package van to regular service. I am quite aware that the package van is material evidence in this case and that is the very reason why we encouraged you to inspect the package van. Should you intend to conduct further inspections of the package van, I would ask that you do so in a timely manner.

Until and at which time you are satisfied with the inspections that you have conducted of the package van, the package van will not be returned to regular service and will remain in its current state. I would seek your cooperation in completing your inspections in a timely manner.

Thank you for your cooperation.

Very truly yours,

Jayne A. Risk

JAR:pd
cc:  William Cattie, Esquire
     Richard R. Wier, Jr., Esquire

Serving clients globally

**Exhibit F**



**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

April 6, 2005

**Via Telefax and Regular Mail**

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feastervile, PA  19053

Re: Heidi Vascek, Ind. and as Administratrix of the Estate of John Vascek, Jr. v. United Parcel Services, Inc. and Mark Bard

Dear Mr. van der Veen:

This serves to confirm your cancellation of all depositions, including that of Heidi Vascek, scheduled for this week. It is my understanding that you will (or have) notified the witnesses and will circulate a calendar for re-scheduling the depositions.

As we discussed, UPS is very interested in returning the package van to service. The hood, which is the point of impact and damage, would be removed and preserved. I understand that you would like another expert to examine the package van and intend to have this accomplished by the end of April. Please let me know as soon as possible when we can schedule an inspection of the vehicle with your expert. Regardless, we would like to release the vehicle by the end of April, at the very latest.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Jayne A. Risk

JAR:pd
cc: William Cattie, Esquire
    Richard R. Wier, Jr., Esquire

**Serving clients globally**

**Exhibit G**



**DLA Piper Rudnick Gray Cary US LLP**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

May 3, 2005

**VIA TELEFAX**
Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Re: <u>Vascek v. United Parcel Services, Inc. and Mark Bard</u>

Dear Mr. van der Veen:

    I have been unable to reach you by telephone; however, I have left you voice mails relating to UPS' desire to return the subject package van to service. As I have stated in numerous letters and during numerous telephone calls, it is UPS' intention to return the package van to service but most certainly to preserve the parts of the vehicle affected by the accident, specifically the hood which is the point of impact and damage. On November 22, 2004 you, with your experts, inspected and photographed the package van. In addition, the package van has been preserved and has been available for your inspection for the past five to six months. During this time, no attempts have been made on your part to schedule a second inspection of the package van. In February of 2005, we had a conversation about your intended further inspection of the package van. You informed me that you would have your inspection completed by the end of April. As recently as yesterday I left a voice mail for you relating to this issue.

    Please be advised that the package van is presently preserved and no parts have been removed, but it is UPS' intention to put the vehicle back into service on Monday, May 9, 2005. If it is still your intention to inspect the vehicle a second time, please call to schedule an inspection sometime prior to Friday, May 6, 2005.

    Thank you in advance for your cooperation.

Very truly yours,

*[signature]*

Jayne A. Risk

JAR:pd
cc:    Richard R. Wier, Jr., Esquire
        William Cattie, Esquire

Serving clients globally

# Exhibit H

LAW OFFICES
OF
# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
 + Member PA, NJ, NY & Wash., D.C. Bars
 * Member PA, NJ Bars
 ** Member PA, NJ & IL Bars
 *** Member PA, NJ & NY Bars
 Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

May 6, 2005
215-606-3328

Jayne A. Risk, Esquire
Piper Rudnick Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re: Heidi Vascek, Individually and as Administratrix of the Estate
    of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk:

   I am in receipt of and thank you for your May 3, 2005 letter. My trial schedule the last several months has been exhaustive and has left me at times unavailable.

   It is still my desire to inspect the UPS package van. I will do it as expeditiously as possible given my schedule. Certainly, it will be done within the discovery deadline set by the Court. I suppose that I cannot, absent Court Order, prevent UPS from placing the package van back into service without my previously agreed upon right to inspect. Of course, I am sure that you are versed in the issues of evidence spoliation.

   Perhaps we could speak Tuesday, May 10th, in the late afternoon and resolve this issue and reschedule all the depositions that you asked me to continue last month.

                                Very truly yours,

                                Michael T. van der Veen

MTV:nb
First Class Mail/Fax

MAY 11 2005

**Exhibit I**

Law Offices
of
# KATS, JAMISON, VAN DER VEEN & ASSOCIATES[†]

25 Bustleton Pike
Feasterville, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. van der VEEN** Δ

OF COUNSEL:
Michael N. David***
 + Member PA, NJ, NY & Wash., D.C. Bars
 * Member PA, NJ Bars
 ** Member PA, NJ & IL Bars
 *** Member PA, NJ & NY Bars
 Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

New Jersey Office
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

New York Office
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†Law Offices of
 Kats & Associates, P.C.

June 17, 2005

Jayne A. Risk, Esquire                                       215-606-3328
Piper Rudnick, Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re:   Heidi Vascek, Individually and as Administratrix of the Estate
      of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk,

As you requested in our telephone conversation earlier today, please find the following to be confirmation of our conversation.

Although you had agreed to allow us to conduct an inspection and investigation of the package van at the UPS facility and then at the scene of the accident on Monday, June 20, 2005, you have now requested that these inspections be rescheduled because UPS cannot get the package van into a "road worthy" condition by the agreed upon date. This change is understood by me because, in all fairness, my requests were made to you on relatively short notice.

We have agreed to reschedule our inspection and investigation to a date mutually convenient. You have asked, and the following is, my description of the protocol and requirements attendant to our inspection. First, I want to raise the UPS truck from the ground at the UPS facility so that I may inspect the tires for wear, tear, and road marks. Second, at the accident scene, I want to inspect the package van for noise levels and sight lines. As I am sure you are aware, there are federal regulations mandating that truck motors not operate too loudly. I want to verify that the UPS van is in compliance. Therefore, when you replace the hood, I ask that it be a replacement hood of the same specifications, and when you fix the electrical wire that you not replace the engine or alter the engine's noise in any

Ms. Risk
June 17, 2005
Page -2-

manner. I am going to have an individual sit in the package van so that I can understand what Mr. Bard sensed as he approached this accident.

I have checked with my experts and their dates of availability are June 23rd, July 5th and July 8th. In that, we have depositions on June 23rd, I would suggest July 5th or July 8th, whichever is most convenient for UPS.

Finally, you have agreed to withdraw your Motion for Protective Order which was apparently filed on June 2, 2005. I thank you for withdrawing this Motion in light of the fact that I have never received service of this Motion and in light of the fact that service of this Motion was only effectuated on my local counsel in Wilmington, Delaware earlier this week.

I hope you have an enjoyable weekend and look forward to meeting you next week at the depositions.

Very truly yours,

Michael T. van der Veen

MTV:nb
cc: Richard R. Wier, Jr., Esquire
    William Cattie, Esquire
    (by fax)