# Exhibit Q

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538** |
| **vs.** | : | |
| | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC.** | : | |
| **and MARK BARD,** | : | |
| **Defendants.** | : | |

## SUPPLEMENTAL RESPONSES OF DEFENDANT, UPS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel,

DLA Piper Rudnick Gray Cary US LLP, hereby provides supplemental responses, as indicated in

bold typeface, to the plaintiffs' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.     UPS objects to plaintiffs' interrogatories in total, as they exceed the number of interrogatories permitted by the Federal Rules of Civil Procedure and the Local Rules of Procedure of the Federal District Court for District of Delaware.

2.     UPS objects to the interrogatories to the extent that they are overly broad, unduly burdensome, vague, seek inadmissible and/or irrelevant evidence, and are not likely to lead to the discovery of admissible evidence.

3.     UPS objects to identifying or producing confidential, proprietary, competitively sensitive or trade secret materials or information without an appropriate protective order assuring the confidentiality of the documents and the information contained therein.

4.     UPS objects to the extent that the interrogatories may be construed to seek information or documents protected by the Attorney-Client Privilege, the Work Product Doctrine, the exemption protecting communications passing between the agents of a party conducting an investigation in connection to litigation, or any other applicable privilege or exemption from discovery under the Federal Rules of Civil Procedure.

5.     UPS objects to the extent that an interrogatory imposes a burdensome, harassing duty upon UPS to search for documents or information beyond the reasonable scope of this litigation.

6.     These General Objections, Nos. 1 through 5, shall be deemed to apply to the entirety of plaintiffs' requests for production to which this document responds.  In response to any particular Interrogatory, one or more objections may be articulated.  The statement of these objections in response to any particular Interrogatory shall in no way be deemed a waiver of the above "General Objections."

## INTERROGATORIES

1.     If you are a corporation:

(a)     state your full name;

**RESPONSE**:  UPS

(b)     the date of incorporation;

**RESPONSE**:  1917

(c)     the State in which incorporated;

**RESPONSE**:  Ohio

(d)     the address of the principal office;

**RESPONSE**:  55 Glenlake Parkway, NE, Atlanta, Georgia  30328

(e)     state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

**RESPONSE**:  UPS objects to Interrogatory 1(e) on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably  calculated to lead to the discovery of admissible evidence. UPS maintains multiple places of business in each state throughout the United States,

the exhaustive list of which is not relevant to this litigation and would unduly burden UPS to produce. Without waiving said objection, the place of business maintained by UPS relevant to this litigation and to which Mark Bard reported is located at 325 Ruthar Drive, Newark, DE 19711.

(f)    identify each individual who serves as a director or officer of the corporation at the time of the incident.

**RESPONSE:** UPS objects to Interrogatory 1(f) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.    If you are another form of business entity, please state:

(a)    your full name;

(b)    The form of entity (limited liability company, etc.)

(c)    the date of the creation of the entity;

(d)    the State, if any, in which you registered the entity;

(e)    the address of the principal office of the entity;

(f)    state the address of each place of business you maintain at present, and the address of each place of business you maintained at the time of the incident, and

(g)    identify each individual who is a member or who holds an interest in the entity at the time of the incident.

**RESPONSE:** Not applicable.

3.    State whether you owned, controlled or had any other interest in the United Parcel Service, Inc. truck (hereinafter "UPS truck") involved in the motor vehicle accident which is the subject of this litigation. (*i.e., the accident on October 26, 2004 near* Montchanin Road (Delaware 100) *involving John Vascek*).

3

     (a)      State the nature of the interest you had in the UPS truck at the time of the incident;

**RESPONSE:** At the time of the accident, UPS owned the package car involved in the accident.

     (b)      Identify the person(s) having custody of any documents concerning your ownership or other interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:**  UPS objects to Interrogatory No. 3(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

     (c)      the date on which you acquired your interest in the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:**   UPS objects to Interrogatory No. 3(c) as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, UPS purchased the package car in 2001.

     (d)      whether you currently own the UPS truck involved in the motor vehicle accident which is the subject of this litigation;

**RESPONSE:** UPS currently owns the subject package car.

4.      Please describe the alleged occurrence as accurately as you can, including the location and the year, month, day, hour and minute.

**RESPONSE:** UPS incorporates the responses of Mark Bard to Plaintiffs' Interrogatory No. 13.

5.      Please state the name and address of the person, firm or entity which had the responsibility for inspection, maintenance and/or repair of the UPS truck at the time of Plaintiffs' accident, including the dates of their service and the exact nature of their duties and responsibilities.

**RESPONSE:** Automotive Department. UPS facility, 325 Ruthar Drive, Newark, DE 19711. See Equipment Repair History, UPS 0054-056.

6.     Did the Defendant have any established procedure for the inspection of the UPS truck involved in the motor vehicle accident which is the subject of this litigation? If so please state:

**RESPONSE:** Yes. UPS conducted 15,000 mile scheduled routine Preventative Maintenance Inspections of the package car.

(a)     A description of the procedure;

**RESPONSE:**    See Instructions Manual and PMI Forms, UPS 0403-0412, UPS 0414-0470.

(b)     The date when the last inspection was made prior to the date of the accident;

**RESPONSE:**  9/23/04

(c)     The name, job title, address and telephone number of each person who participated in such inspection;

**RESPONSE:**    See Equipment Repair History.

7.     If Defendant had no established procedure for inspection, state whether it made an inspection of the UPS truck involved in the accident any time within six (6) months prior to the date of the accident.

**RESPONSE:** Not applicable. See response to Interrogatory No. 6.

8.     Were any written or oral reports made of the inspections referred to in the preceding Interrogatories? If so, from whom and to whom were such reports provided.

**RESPONSE:** Yes. See Response to Interrogatory No. 5.

5

9.    Was an inspection made prior to the accident to determine whether the UPS truck in question was in a safe condition?  If so, please state:

(a)    The date and time of the last inspection prior to the accident;

(b)    A description of, or the substance of, the findings that were made on the last inspection.

(c)    Whether any instructions were given as a result of the last inspection to repair or replace or alter anything on the UPS truck in question, if so, a description of the instructions and were they carried out/performed.

(d)    If not, why was no inspection made?

**RESPONSE:**  Yes.  The scheduled 15,000 mile Preventive Maintenance Inspection was performed on 9/23/04.  In addition, prior to the operation of the vehicle each day, Mr. Bard conducted a "pre-trip inspection" of the vehicle.

10.    List the name and address of each person known to you or your attorney, who observed the condition of the UPS truck in question, as stated in Plaintiffs' Complaint prior or subsequent to the accident.

**RESPONSE:**  UPS objects to this interrogatory to the extent it seeks information protected by Attorney-Client Privilege and the Work Product Doctrine.  Without waiving said objection:

Mark Bard

Amy Stratton
2300 W. 17th St.
Apt. G
Wilmington, DE 19806
(302) 425-5436

John Seiffert
10 Haslet Way
Wilmington, DE 19807
(302) 777-1644

Karen Garroway
(610) 696-0286

Chris D'Pallo

6

(610) 388-7869

Corporal Jeff Weaver
Delaware State Police, Troop 1-A
3000 Brandywine Parkway
Wilmington, DE 19803
(302) 477-8501

Jim Liggett
United Parcel Service, Inc.

Michael Long
United Parcel Service, Inc.

Jim Jester
United Parcel Service, Inc.

By way of further answer, UPS's investigation of this matter is ongoing and UPS reserves the right to supplement this response if and when additional information becomes available.

**SUPPLEMENTAL RESPONSE:  Objection.  UPS objects to this Interrogatory as it pertains to "prior and subsequent to the accident;" this Interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant or calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objection and the general objections above:**

- **Kevin Ellmore
  Ellmore Auto Collision LLC
  4921 Governor Printz Boulevard
  Wilmington, DE 19809
  (302) 762-2301**

- **Pat McDowell
  Ellmore Auto Collision LLC
  4921 Governor Printz Boulevard
  Wilmington, DE 19809
  (302) 762-2301**

- **Sergeant Mathew Cox
  Delaware State Police
  603 Philadelphia Pike
  Wilmington, DE 19809
  (302)761-6677**

- **Brian Vincent (contact through counsel for UPS)**

- **Colton Swift**
  **Powersports East**
  **620 Pulaski Hwy**
  **Bear, DE 19701**
  **(302) 322-4120**

11.    Did you receive any complaint, warning, or other notice concerning a dangerous or defective condition on the UPS truck in question prior to the accident?

    (a)    The date and time it was received;

    (b)    Whether it was written or oral, and if oral the substance of it;

    (c)    The name or other means of identification and address of the person by whom it was given;

    (d)    The name, address, and job title of the person who received it;

    (e)    The nature and location of the danger or defect to which it related;

    (f)    Whether any action was taken as a result of it and, if so, a description of the action and time at which it was taken; and,

    (g)    If you will do so without a motion to produce, attach a copy of each written complaint, warning, or other notice to your answers to these Interrogatories.

**RESPONSE:** UPS objects to this interrogatory because its use of the phrases "dangerous or defective condition" and "prior to the accident" renders it vague and unintelligible, as well as overly broad. Without waiving said objection, no, the package car was in proper working order.

12.    Are you in possession of any photographs of the locale or surrounding area or site of the accident or any other matter or things relating to this accident? If yes, state:

    (a)    The date(s) when such photographs were taken;

     (b)     The name and address of the party taking them;

     (c)     Where were they taken;

     (d)     The object(s) or subject(s) or the particular site or view which each photograph represents; and,

     (e)     The present whereabouts of the photographs and the name and address of whomever is in possession or custody thereof.

**RESPONSE:** Yes. See photographs previously produced with Initial Disclosures of UPS.

**SUPPLEMENTAL RESPONSE:** UPS objects to this request as it seeks information protected by attorney-client privilege and the work product doctrine. Without waiving that objection, UPS produced photographs taken by its investigatory team of the scene of the accident as part of its Initial Disclosures. Subsequently, by letter dated August 4, 2005, UPS produced photographs taken during an inspection of Mr. Vascek's personal effects and by letter dated August 30, 2005, UPS produced photographs taken during an inspection of the motorcycle. All relevant, non-privileged photographs have been produced.

13.    State whether any plans, drawings or diagrams exist or were made, other than by counsel, of the site of the alleged accident and, if yes, state:

     (a)     The identity of each said plan, drawing or diagram;

     (b)     The date(s) when each was made;

     (c)     The name, address, job classification and employer of the person making same; and,

     (d)     The name and address of the person having custody thereof.

**RESPONSE:** UPS objects to this interrogatory to the extent it seeks information protected by Attorney-Client Privilege and Work Product Doctrine. Without waiving said objection, see the Delaware State Police Accident Report, UPS 0001-0009.

14.     State whether, for three (3) years prior to and including the date of this incident, any person or persons other than Plaintiff was injured as a result of an accident with the UPS truck involved in this accident?  If so, state:

    (a)     Date of such accident;

    (b)     Name and address of each person involved;

    (c)     In detail, how the accident occurred;

    (d)     Whether any lawsuits or claims were filed against you or any person or corporation as a result of such accidents;

    (e)     If yes to (d) above, give the court term and number of such lawsuit(s); and,

    (f)     The ultimate disposition of the case or claim.

**RESPONSE:**  UPS objects to Interrogatory No. 14 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, no.

15.     Was any repair or alteration made to the UPS truck in question subsequent to the accident?  For each repair or alteration, state:

    (a)     A description of it;

    (b)     The date it was made;

    (c)     The name, address and occupation of the person who made it;

    (d)     The reason it was made.

**RESPONSE:**  No.  The package car has been preserved for litigation purposes in its post-accident state.

16.     Was an alteration made to the motorcycle?  For each alteration please state:

    (a)     A description of it;

    (b)     The date it was made;

    (c)     The name, address and occupation of the person who made it;

    (d)     The reason it was made.

**RESPONSE:**  Unknown.  UPS is not in possession or control of the motorcycle and has no knowledge of alterations made to the motorcycle.

17.    State the name, last known home and business address of persons you know or believe:

    (a)     Witnessed all or part of the accident;

    (b)     Were present at or near the scene of the accident when the accident occurred;

    (c)     Have any knowledge of any facts pertaining to the cause of the accident and/or the condition of the physical conditions at the scene of the accident;

    (d)     Have any knowledge concerning the facts or circumstances leading up to or immediately following the accident.

**RESPONSE:**  See Initial Disclosures.

**SUPPLEMENTAL RESPONSE: In addition to the individuals listed in UPS's Initial Disclosures, the following people may have information pertaining to this accident:**

- **All individuals identified in the Delaware State Police Troop 1 accident investigation report**

- **Brian Vincent (contact through counsel for UPS)**

- **James Roman III**
  **618.632.6668, Room 201**

- **John Barnas**
  **New Castle County EMS**

87 Reads Way
New Castle, DE 19720
(302) 395-8010

- **Joseph Dudley**
  **New Castle County EMS**
  **87 Reads Way**
  **New Castle, DE 19720**
  **(302) 395-8010**

- **William Wagner**
  **New Castle County EMS**
  **87 Reads Way**
  **New Castle, DE 19720**
  **(302) 395-8010**

- **Kevin Ellmore**
  **Ellmore Auto Collision LLC**
  **4921 Governor Printz Boulevard**
  **Wilmington, DE 19809**
  **(302) 762-2301**

- **Pat McDowell**
  **Ellmore Auto Collision LLC**
  **4921 Governor Printz Boulevard**
  **Wilmington, DE 19809**
  **(302) 762-2301**

18. State the names and addresses of all witnesses, including expert witnesses, upon whom you presently intend to rely at trial.

    (a) for each expert, have the expert state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

    (b) set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise.

**RESPONSE:** UPS has not yet determined what, if any, witnesses whom it will call at the trial of this matter. UPS reserves the right to supplement this response.

19.     Please state the name and address of every person who viewed the motorcycle on your behalf?

**RESPONSE:**   UPS objects to this interrogatory on the grounds that it seeks information protected from disclosure as attorney work product and work product produced in anticipation of litigation.  Subject to and without waiving said objection:

Jim Liggett
United Parcel Service, Inc.

Michael Long
United Parcel Service, Inc.

Jim Jester
United Parcel Service, Inc.

UPS reserves the right to supplement this response.

20.     Please state the name and address of every person who viewed the UPS truck on your behalf?

**RESPONSE:**   See Response to Interrogatory No. 19.

21.     State the name and title of the person answering these Interrogatories.

**RESPONSE:**   Michael Long, UPS with the aid of undersigned counsel.

22.     State the name of each and every person with whom you consulted in the process of answering these Interrogatories.

**RESPONSE:**  UPS consulted its undersigned counsel in the course of answering these interrogatories.

23.     State the names and addresses of all persons with knowledge concerning any facts relating to this case.

**RESPONSE:**  UPS incorporates herein its response to Interrogatory No. 17.

**SUPPLEMENATAL RESPONSE: UPS incorporates herein its response to Interrogatories No 10 and No. 17, and its Initial Disclosures.**

24.    State whether or not you have received any statement, either oral or written, from the persons named in the preceding Interrogatory or from any other persons with knowledge of the accident in question.  If yes, please state:

   (a)    the names and addresses of the person giving the statement

   (b)    the date the statement was taken

   (c)    whether the statement was written or oral

   (d)    the names and addresses of the persons currently in possession of those statements

   **RESPONSE:**  UPS objects to Interrogatory No. 24 to the extent it seeks information protected from disclosure by the Attorney-Client Privilege and the Work Product Doctrine.  Without waiving said objection, see Initial Disclosures.

25.    When was the Defendant driver, Mark Bard, hired by answering Defendant?  If so, please state:

   **RESPONSE:**    1979

   (a)    the name and last known address of the person who hired him;

   **RESPONSE:**    See Employment Application, UPS 0011-0014.

   (b)    whether a written contract or employment agreement was entered into;

   **RESPONSE:**    Mr. Bard is a member of Union Local 326, and as such, his employment is subject to the terms and conditions of the Collective Bargaining Agreement between UPS and the Union.

   (c)    each state in which driver was licensed to drive at the time of the accident; and

**RESPONSE:**  Delaware – See Response to Interrogatory No. 2 of Mark Bard.

(d)      indicate the state, identifying number of each license; and

**RESPONSE:**  Delaware – See Response to Interrogatory No. 2 of Mark Bard.

(e)      please attach a copy.

**RESPONSE:**  See copy of driver's license of Mark Bard, UPS 0052-0053.

26.    Did Defendant, Mark Bard, file a written application of employment with answering Defendant?  If so, please state:

**RESPONSE:**  Yes

(a)      the date it was completed;

(b)      the name and address of the employee who received the application; and

(c)      please provide a copy of the written application.

**RESPONSE:** See Employment Application.

27.    Was a written report or recommendation made following the application?  If so, please state:

(a)      the date of the report or recommendation;

(b)      who made the written report or recommendation;

(c)      the date the driver began employment;

(d)      if an when a personnel review was conducted;

(e)      who conducted the personnel review;

(f)      whether a road driving test was conducted, of so, when;

(g)     who administered the driving test;

(h)     whether a written test was administered, if so, when;

(i)     who administered and scored the written test; and

(j)     if there are any documents which evidenced any of the above, please attach copies of all documents.

**RESPONSE:**   UPS objects to this interrogatory because its use of the phrase "written report or recommendation" renders it vague and unintelligible.  Without waiving said objection, no.

28.     Was a certification of road test prepared for Defendant driver, Mark Bard?  If so, please state:

(a)     the name and address of the person who signed the certification; and

(b)     describe the test administered.

**RESPONSE:**   Yes.  See Delivery Vehicle Road Test Report, UPS 0040.

29.     Did Defendant, Mark Bard furnish a list of violations of the Motor Vehicles Drivers Certification prior to driving for Defendant?  If so, please state:

**RESPONSE:**   Yes.

(a)     the nature of the document furnished;

**RESPONSE:** See Employment Application.

(b)     the name and address of the person to whom the document was furnished;

**RESPONSE:** See Employment Application.

(c)     list all violations contained on said document, including nature of offense, type of vehicle operated, and date of disposition; and

16

**RESPONSE:** See Employment Application.

(d)    please attach a copy of any such documents.

**RESPONSE:** See enclosed documents.

30.    Did you request an abstract of Defendant, Mark Bard's driving record or criminal history from any State or Federal agency prior to the date of the accident? If so, please state:

(a)    the name and address of the agency or agencies which were requested;

driving record, please see attached Delaware DMV documents.

(b)    the person who requested it; and

(c)    please attach a copy.

**RESPONSE:** UPS objects to this interrogatory as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, yes. With respect to the driving records, see enclosed Delaware DMV documents, UPS 0041 and UPS 0048-0051.

31.    Did you maintain a driver's qualification file for Defendant, Mark Bard? If so, please state:

(a)    the location where the file was kept;

**RESPONSE:**    Human Resources District Office 14402 York Road Sparks Maryland

(b)    identify the title of the person having custody;

**RESPONSE:**    Human Resources Department (address above)

(c)    each and every document in the file on the date of this accident;

**RESPONSE:**   UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, see enclosed documents.

(d)      provide a copy of the file; and

**RESPONSE:**   UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, see enclosed.

(e)      please attach a copy.

**RESPONSE:**   UPS objects to this interrogatory because it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, see enclosed.

32.    Did you investigate Defendant, Mark Bard's employment record?  If so, please state:

(a)      the name of the person who performed the investigation; and

(b)      attach a copy of any documents which in any way evidences that investigation.

**RESPONSE:**   UPS objects to this interrogatory because it seeks information that is neither relevant or reasonably calculated to lead to the discovery of admissible evidence.  UPS further objects because the use of the word "investigate" renders it vague and unintelligible.  Without waiving said objection, see Mark Bard's employment records, enclosed.

33.    Is Defendant, Mark Bard, still employed by you?  If not, please state:

(a)      the date he left his employment;

(b)      the reason for leaving his employment; and

(c)      attach all documents related to driver leaving your employment.

**RESPONSE:**  Yes.  Mr. Bard is presently employed by UPS.

18

34.    Please state whether your UPS truck contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master or any device known by any other name which records information concerning the operation of the UPS truck. This includes an electronic control module on the engine. If so, please state the name and address of the person having custody of the graphs, printouts, raw date and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the collision which forms the basis of Plaintiffs' Complaint. Also, please identify who has custody of any information relating to the operation of any vehicle used by driver and the location of such information. As such information may be relevant to the case, do not destroy or discard any information related to the vehicle involved in the collision or driver.

**RESPONSE:** There is no recording device on the package car that records information relating to the operation of the vehicle.

**SUPPLEMENTAL RESPONSE:   The package car at issue does not contain an ECM that records a history of the operation of the vehicle.  Rather, the package car is equipped with a Cummins engine and an Allison transmission, which, as part of the basic design function, each contains an electronic control device that monitors and adjusts fuel and timing needs in order to control the operation of the engine.  As such, it houses single units of systemic information, such as the total hours that the engine has run, the maximum road speed the engine has reached, the maximum revolutions per minute ("rpm") the engine has reached, the maximum horsepower and the maximum torque of the engine.  It does not record a sequential history of the vehicle's operation (i.e. speed, fuel pedal position, brake actuation, gear actuation) the way an ECM, or "black box," would and is not information that is recorded in a printed version for purposes of production.**

35.    Were any tests (blood, urine or other) performed on Defendant, Mark Bard, by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the accident through and including 45 days after the accident? If so, please state the results of all such tests and the name, address and phone number of the persons, firms or entities who administered said test and all such persons, firms or entities who are in possession of a copy of the results of said tests.

**RESPONSE:** No.

36.     At the time of the accident, did you have any policy or procedure manuals pertaining to the operation of a UPS truck such as driver's manuals, company rules, or other tangible materials by whatever name? If so, identify each such manual and provide a copy of each.

**RESPONSE:** UPS objects to this interrogatory because its use of the phrase "policy or procedure manuals pertaining to the operation of a UPS truck" renders it vague and unintelligible. Without waiving this objection, see the following documents:

1.     UPS Habits Manual, UPS 0193 – 0296;
2.     Package Pickup and Delivery Methods, UPS 0297 – 0332;
3.     Defensive Driving Methods, UPS 0333- 0375.

UPS reserves the right to supplement this response.

37.     Describe in detail the initial and continuing training requirements for your drivers as of the date of the accident described in the Complaint.

**RESPONSE:**   UPS drivers undergo both initial and ongoing training regarding both driving and delivery and pickup methods including but not limited to: (1) Defensive Driving Course; (2) Package Delivery and Pickup Methods; (3) Space and Visibility Training (including on-car supervisor rides); (4) Five Seeing Habits driver training; and (5) Habits training.

38.     Describe in detail your drug and alcohol programs, including, without limitation, your random drug testing program for one (1) year prior to the collision.

**RESPONSE:**  UPS objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, pursuant to Department of Transportation regulations, drug testing is performed only on CDL certified drivers.

39.     State whether you are covered by any type of insurance, including any excess or umbrella insurance in connection with this accident.

**RESPONSE:** Yes.

If the answer to the preceding interrogatory is in the affirmative, state the following with respect to each policy:

(a)     the name of the insurance carrier which issued each policy of insurance;

(b)     the name insured under each policy and the policy number;

(c)     the type of each policy and the effective dates;

(d)     the amount of coverage provided for injury to each person, for each occurrence, and in the aggregate for each policy;

(e)     each exclusion, if any, in the policy which is applicable to any claim thereunder and the reasons why you or the company claims the exclusion is applicable.

**RESPONSE:** UPS is the named insured on an excess policy issued by Liberty Mutual Insurance Company, Policy # AS2C21004175334.

**SUPPLEMENTAL RESPONSE:**   **UPS is self-insured.  A copy of the Liberty Mutual excess insurance policy's declaration page is enclosed herewith.**

DLA PIPER RUDNICK GRAY CARY US LLP

O. Daniel Ansa/Jayne A. Risk
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328

**RAWLE & HENDERSON LLP**
William J. Cattie, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200

Dated: September 9, 2005

33620050000420090

 **Liberty Mutual.**

**BUSINESS AUTO DECLARATIONS**

**LIBERTY MUTUAL INSURANCE GROUP/BOSTON**
LIBERTY MUTUAL FIRE INSURANCE COMPANY
**175 BERKELEY STREET**
**BOSTON, MASSACHUSETTS 02117**

| ACCOUNT NO. 004105 | SUB-ACCT NO. 0104 | | | | | | | |
|---|---|---|---|---|---|---|---|---|

| POLICY NO. AS2-C21-004175-334 | TD/CD 04/ 2 | SALES OFFICE UPS | | CODE 266 | SALES REPRESENTATIVE HORGAN        L | | CODE 8909 | N/R 2 | 1ST YR 56 |
|---|---|---|---|---|---|---|---|---|---|

**ITEM ONE**
Named Insured
and
Mailing Address

UNITED PARCEL SERVICE INC.
AND AS PER ENDORSEMENT 1
ATTN: RAMI SULEIMAN, UPS CORPORATE RISK
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

Named Insured is   CORPORATION        and occupation or business is  PARCEL DELIVERY SERV-4414

Policy Period: From     01/01/2004              To        01/01/2005
12:01 A.M. Standard Time at the address of the named insured indicated in Item One.

**ITEM TWO  - ATTACHED IMMEDIATELY AFTER THIS PAGE**

SEE ENCLOSED EXPLANATION OF COLLISION
COVERAGE FOR RENTAL VEHICLES.

| | |
|---|---|
| SCHEDULE PREMIUM | $ |
| ENDORSEMENT PREMIUM | $ |
| UNDISCOUNTED PREMIUM | $ |
| AMOUNT OF PREMIUM DISCOUNT | $ |
| TERRORISM PREMIUM | $ |
| *ESTIMATED TOTAL PREMIUM | $ |

SURCHARGES, TAXES, & ASSESSMENTS
SHOWN IN SEPARATE SCHEDULE ATTACHED        $     281,699.96        *This policy may be subject to final audit.

This Policy is countersigned by our Authorized Representative        By_____
                                                              AUTHORIZED REPRESENTATIVE

| TERM. ID E43 | RENEWAL OF AS2-C21-004175-333 | DATE ISSUED LOC-6 07/08/2004 | POL HG NO | AUDIT BASIS 1 | AUDIT SYMBOLS Owned     Hired | | RATING BASIS Exp. Rated     Retro | | ARC | ACCT ENTRY Div. on Exp Policy |
|---|---|---|---|---|---|---|---|---|---|---|
| | | *NW1L00* | | | | HC | NO | NO | | |

**GPO 3233 R2**        Includes Copyrighted material of Insurance Services Office, with its permission

UPS-0803

236200500004200003

**BUSINESS AUTO DECLARATION 3 (CONTINUED)**

POLICY NO. AS2-C21-004175-334

## THIS FORM IS EFFECTIVE IN ALL STATES EXCEPT MA AND TX.

### ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those autos shown as covered autos. Autos are shown as covered autos for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO section of the Business Auto Coverage Form next to the name of the coverage.

COVERAGE PROVIDED PURSUANT TO ANY SYMBOL IS SUBJECT TO ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS IN THE POLICY, INCLUDING ANY STATE SPECIFIC EXCLUSIONARY ENDORSEMENTS.

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS section of the Business Auto Coverage Form shows which autos are covered autos) | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| LIABILITY | 01 | $ 5,000,000 — HI — SEE ENDORSEMENT 0071 | $ |
| PERSONAL INJURY PROTECTION (or equivalent No-fault coverage) | 05 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT. | $ |
| ADDED PERSONAL INJURY PROTECTION (or equivalent added No-fault coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT. | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | 05 | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT. | $ |
| EXTRAORDINARY MEDICAL BENEFITS COVERAGE (PA only) | | SEPARATELY STATED IN THE E.M.B. ENDORSEMENT. | $ |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (VA ONLY) | | SEPARATELY STATED IN EACH MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | $ |
| OPTIONAL BASIC ECONOMIC LOSS COVERAGE (New York only) | | SEPARATELY STATED IN THE O.B.E.L. SCHEDULE. | $ |
| AUTO MEDICAL PAYMENTS | | $ | $ |
| UNINSURED MOTORISTS | 06 | SEE STATE SCHEDULE OF LIMITS FOR UNINSURED MOTORISTS INSURANCE. | $ |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 06 | SEE STATE SCHEDULE OF LIMITS FOR UNDERINSURED MOTORISTS INSURANCE. | $ |
| SUPPLEMENTARY UNINSURED/ UNDERINSURED MOTORISTS (New York only) | | SEE GPO 3216 R2 - NY SUPPLEMENTARY UNINSURED/UNDERINSURED MOTORISTS SCHEDULE. | $ |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS DEDUCTIBLE FOR EACH COVERED AUTO AS STATED IN ITEM THREE FOR ALL LOSS EXCEPT FIRE OR LIGHTNING. | $ |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $ DED. FOR EACH COVERED AUTO. FOR LOSS CAUSED BY MISCHIEF OR VANDALISM. | $ |
| PHYSICAL DAMAGE COLLISION COVERAGE | 10 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS DEDUCTIBLE FOR EACH COVERED AUTO AS STATED IN ITEM THREE. | $ |
| PHYSICAL DAMAGE TOWING AND LABOR | | SEPARATELY STATED IN THE TOWING AND LABOR ENDORSEMENT FOR EACH DISABLEMENT OF A PRIVATE PASSENGER AUTO. | $ |

I=INCLUDED IN COMPOSITE RATE

| | |
|---|---|
| SCHEDULE PREMIUM | $ |
| ENDORSEMENT PREMIUM | $ |
| UNDISCOUNTED PREMIUM | $ |
| AMOUNT OF PREMIUM DISCOUNT | $ |
| TERRORISM PREMIUM | $ |
| ESTIMATED PREMIUM FOR ALL STATES EXCEPT MASSACHUSETTS AND TEXAS | $ |

| SURCHARGES, TAXES, & ASSESSMENTS SHOWN IN SEPARATE SCHEDULE ATTACHED | $ |
|---|---|

GPO 3236 R4 (Ed. 2/1/2003) Includes Copyrighted material of Insurance Services Office, with its permission

UPS-0804

# Exhibit R

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538** |
| **vs.** | : | |
| | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC. and** | : | |
| **MARK BARD,** | : | |
| **Defendants.** | : | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**ADDRESSED TO DEFENDANT, UPS (Second Set)**

Plaintiff hereby requests that defendant produce for inspection and copying the below listed original documents and/or items that are in defendant's possession. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs produced.

This request is deemed to be continuing insofar that if any of the below is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to plaintiffs' counsel, within thirty (30) days of service of this Request for Production of Documents.

The below listed documents and/or items are to be produced at the offices of Kats, Jamison, van der Veen & Associates, 25 Bustleton Pike, Feasterville, PA 19053.

**DEFINITIONS**

"Defendant" means these responding defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s).

"You" and "your" means defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s) of defendant.

"Accident or Accident Scene" means the accident and/or location alleged in Plaintiff's Complaint.

"Documents and tangible things" shall include all copies, drafts or duplicates thereof.

"Subject Package Van" means UPS van involved in the accident alleged in Plaintiff's Complaint.

"Records" includes hard copies of electronic data.

"Motorcycle" is the motorcycle driven by John Vascek.

## INSTRUCTIONS

For each and every document that you refuse to produce on the basis of an allegedly applicable privilege or doctrine, provide the following information:

      (a)     The date of the document;

      (b)     The Author of the document;

      (c)     The recipient or recipients of the document;

      (d)     The general subject matter of the document; and

      (e)     The privilege claimed.

## REQUEST FOR PRODUCTION

1.     UPS daily maintenance log book for the subject van for three months before, after and including October 26, 2004.

2.     Pre-trip inspection form check list of subject package van for three months before, after and including October 26, 2004.

3.     All photos, video tapes and audio tapes of the motorcycle, subject package van and accident scene taken by you and your safety team on any date and including October 26, 2004, October 27, 2004 and November 11, 2004.

4.     DIAD records from the UPS DIAD machine in subject package van for three months before, after and including October 26, 2004.

5.     UPS dispatcher records for Mark Bard on October 26, 2004.

6.      All documents relating to the inspection of the accident scene, subject package van and motorcycle conducted by you and your safety team on behalf of UPS on any date but including October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to all recorded/transcribed interviews, statements and field notes/measurements.

7.      All documents relating to conversations between Mark Bard and you and your safety team on October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to, recorded/transcribed interviews and statements and field notes.

8.      All reports UPS filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department, and U.S. Department of Transportation pertaining to the subject accident.

9.      All phone and pager logs for Mark Bard on October 26, 2004.

10.     All UPS' annual review of Mark Bard's driving records.

11.     Mark Bard's list of driver violations from the time of his employment with UPS until October 26, 2004.

12.     Any responses to you from Delaware Department of Transportation, Delaware Department of Motor Vehicle's concerning Mark Bard's driving record.

13.     All documents relating to bills of lading for subject package van on October 26, 2004.

14.     Manufacturer specifications for subject package van.

15.     All Mark Bard's physical examination reports.

Dated:  8/23/05

Michael T. van der Veen
Attorney for Plaintiff
Attorney ID #75616
Kats, Jamison, van der Veen & Assoc.
25 Bustleton Pike
Feasterville, PA  19053

# Exhibit S

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538** |
| **vs.** | : | |
| | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC.** | : | |
| **and MARK BARD,** | : | |
| **Defendants.** | : | |

**RESPONSES OF DEFENDANT, UPS TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET)**

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel,

DLA Piper Rudnick Gray Cary US LLP, hereby responds to the plaintiffs' Request for

Production of Documents (Second Set) as follows:

**GENERAL OBJECTIONS**

1.    UPS objects to the requests to the extent that they are overly broad, unduly
burdensome, vague, seek inadmissible and/or irrelevant evidence, and are not likely to lead to the
discovery of admissible evidence.

2.    UPS objects to identifying or producing confidential, proprietary, competitively
sensitive or trade secret materials or information without an appropriate protective order assuring
the confidentiality of the documents and the information contained therein.

3.    UPS objects to the extent that the requests may be construed to seek information
or documents protected by the Attorney-Client Privilege, the Work Product Doctrine, the
exemption protecting communications passing between the agents of a party conducting an
investigation in connection to litigation, or any other applicable privilege or exemption from
discovery under the Federal Rules of Civil Procedure.

4.    UPS objects to the extent that a request imposes a burdensome, harassing duty
upon UPS to search for documents or information beyond the reasonable scope of this litigation.

5.    These General Objections, Nos. 1 through 4, shall be deemed to apply to the entirety of plaintiffs' requests for production to which this document responds.  In response to any particular Interrogatory, one or more objections may be articulated.  The statement of these objections in response to any particular Interrogatory shall in no way be deemed a waiver of the above "General Objections."

## REQUESTS FOR PRODUCTION

1.    UPS daily maintenance log book for the subject van for three months before, after and including October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is vague, overly broad, unduly burdensome, not reasonably limited in temporal scope and seeks information that is irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  UPS does not know what is meant by "maintenance log book."  The condition of the UPS package van is not an issue in this case.  Subject to and without waiving the foregoing objection and the general objections above, see (1) the maintenance and repair history of the UPS package van, UPS 0054-56, previously produced; (2) Driver Vehicle Inspection Reports, UPS 0376-0402, previously produced; and (3) Preventative Maintenance Inspection reports, UPS 0403-0412, previously produced.

2.    Pre-trip inspection form check list of the subject package van for three months before, after and including October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is vague and overly broad.  UPS does not know what is meant by "pre-trip inspection form checklist."  Subject to and without waiving the foregoing objection and the general objections above, see response to Request No. 1, above.  By way of further response, see deposition of Mark Bard regarding pre-trip inspection procedures.

3.    All photos, video tapes and audio tapes of the motorcycle, subject package van and accident scene taken by you and your safety team on any date and including October 26, 2004, October 27, 2004 and November 11, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine.  UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team."  Subject to and without waiving the foregoing objection and the general objections above, all non-privileged documents in the possession, custody and control of UPS that are responsive to this request have been previously produced as follows: UPS 471-802.   In addition, see Delaware State Police photographs taken the day of the accident.

4.     DIAD records from the UPS DIAD machine in the subject package van for three months

before, after and including October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is overly broad, unduly burdensome, not reasonably limited in temporal scope and seeks information that is irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objection and the general objections above, see DIAD records for October 26, 2004, enclosed herewith.

5.     UPS dispatcher records for Mark Bard on October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is vague, overly broad and seeking information that is neither relevant nor calculated to lead to the discovery of admissible evidence.  UPS does not know what is meant by "dispatcher records."  Subject to and without waiving the foregoing objection and the general objections above, UPS is presently conducting a search for documents responsive to this request and will supplement this response.

6.     All documents relating to the inspection of the accident scene, subject package van and

motorcycle conducted by you and your safety team on behalf of UPS on any date but including

October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to all

recorded/transcribed interviews, statements and field notes/measurements.

**ANSWER**:    Objection.  UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine.  UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team."  Subject to and without waiving the foregoing objection and the general objections above, all non-privileged, responsive documents have been previously produced.  By way of further answer, see response to Request No. 3, above.

7.    All documents relating to conversations between Mark Bard and you and your safety team on October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to, recorded/transcribed interviews and statements and field notes.

**ANSWER**:    Objection. UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine, as well as exceeds the scope of discovery pursuant to F.R.C.P. 26. UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team."

8.    All reports UPS filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department and U.S. Department of Transportation pertaining to the subject accident.

**ANSWER**:    UPS is presently conducting a search for documents responsive to this request and UPS will supplement this response.

9.    All phone and paper logs for Mark Bard on October 26, 2004.

**ANSWER**:    Objection. UPS objects to this request as it is vague and overly broad. UPS does not know what is meant by "phone and paper logs for Mark Bard." Subject to and without waiving the foregoing objection and the general objections above, Mr. Bard testified that he was not in possession of a cell phone on the date of the accident. By way of further response, communications between Mark Bard and the facility are conveyed by means of a devise known as a "DIAD." See Mark Bard's Accident Report, previously produced as UPS 0057-58 and the DIAD records for October 26, 2004, enclosed herewith.

10.    All UPS' annual review of Mark Bard's driving records.

**ANSWER**:    Objection. UPS objects to this request as it is vague and overly broad and unduly burdensome. UPS does not know what is meant by "UPS' annual review of Mark Bard's driving records." Subject to and without waiving the foregoing objection and the general objections above, See Motor Vehicle Driver Certifications, UPS 0027 - 0039, previously produced, and see MVR reports, UPS 0048-0051, previously produced.

11.    Mark Bard's list of driver violations from the time of his employment with UPS until

October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is vague, overly broad and unduly
burdensome.  UPS does not know what is meant by "Mark Bard's list of driver violations."
Subject to and without waiving the foregoing objection and the general objections above, see
response to Request No. 10, above, and see Human Resources Reporting System Accident
History and First Report of Serious/Fatal Accident, enclosed herewith.

12.    Any responses to you from Delaware Department of Transportation, Delaware

Department of Motor Vehicle's concerning Mark Bard's driving records.

**ANSWER**:    Objection.  UPS objects to this request as it is vague and overly broad.  UPS does
not know what is meant by "responses … concerning Mark Bard's driving record."  Subject to
and without waiving the foregoing objection and the general objections above, if what is meant
by "response" is Mr. Bard's Delaware driving records, see MVR reports, previously produced.

13.    All documents relating to bills of lading for the subject package van on October 26, 2004.

**ANSWER**:    Objection.  UPS objects to this request as it is vague and overly broad.  Subject to
and without waiving the foregoing objection and the general objections above, UPS does not
utilize "bills of lading."

14.    Manufacturer specifications for subject package van.

**ANSWER**:    Objection.  UPS objects to this request as it is vague, overly broad, unduly
burdensome and seeks information that is neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence.  Further, UPS is not the manufacturer of the subject
package van.  In fact the package van is comprised of parts manufactured by several different
manufacturers.  Should plaintiff specify what "manufacturer specifications" she seeks, UPS will
supplement this response.

15.    All Mark Bard's physical examination reports.

**ANSWER**:    Objection.  UPS objects to this request as it is vague, overly broad, unduly burdensome and not reasonably limited in temporal scope.  Subject to the foregoing objection and general objections above, see Mark Bard's FMCSA Physical Exam report, enclosed herewith.  By way of further response, see Mark Bard's Federal Motor Carrier Safety Regulations Medical Examiner's Certificates, bates numbers UPS 0020-0026, previously produced.

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa/Jayne A. Risk
(*admitted pro hac vice*)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328

**RAWLE & HENDERSON LLP**
William J. Cattie, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200

Dated: September  26, 2005

**Exhibit T**



**DLA Piper Rudnick Gray Cary US LLP**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
**T** 215.656.3300
**F** 215.656.3301
**W** www.dlapiper.com


JAYNE  RISK
jayne.risk@dlapiper.com
**T** 215.656.3328  **F** 215.606.3328


September 20, 2005


**VIA TELEFAX**

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

      **Re:**    <u>**Vascek v. United Parcel Services, Inc. and Mark Bard**</u>

Dear Mr. van der Veen:

      I write with reference to your "Omnibus" Motion to Compel, *inter alia*, responses to plaintiff's request for production of documents.  The Motion seeks to compel defendants to respond to plaintiff's Second Set of Requests for Production of Documents before such responses are even due.  Specifically, plaintiff's Motion seeks to compel production of the following documents:

- Repair records of the UPS vehicle for the previous three years;
- Driver's logs in previous years up to and including the day of the accident;
- DIAD records;
- Pre-trip inspection form check list;
- Phone and paper logs for defendant Mark Bard;
- All UPS reports filed with the Department of Transportation, Delaware Motor Vehicle Department and U.S. Department of Transportation; and
- All documents requested in plaintiff's supplemental request for production of documents.

      The foregoing documents were requested in plaintiff's Request for Production of Documents (Second Set).  I remind you that UPS's responses to your second request are not yet due.  Mr. Bocchino acknowledged as much in his letter to me dated September 13, 2005.  Rather,

~PHIL1:3727124.v1
**Serving clients globally**



Michael van der Veen, Esquire
September 20, 2005
Page 2

defendants have until Monday, September 27, 2005 to serve responses to your second request. Your Motion to compel such documents is premature and inappropriate; I therefore request that you withdraw your Motion with respect to your second request for documents, without the necessity of judicial intervention.

Very truly yours,

Jayne A. Risk

JAR:mm
cc:    Richard R. Wier, Jr., Esquire
       William Cattie, Esquire