IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., | : : : : | |
| Plaintiffs, | : : | C.A. No. 04-1538 |
| vs. | : : : | |
| UNITED PARCEL SERVICE, INC. and MARK BARD, | : : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL
PLAINTIFF'S RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS [FIRST SET]**

Defendants United Parcel Service, Inc. ("UPS") and Mark Bard, by and through their undersigned counsel, bring this Motion to Compel Responses to Interrogatories and Requests for Production of Documents and Things [First Set], and in support aver as follows:

1. On or about October 26, 2004, a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware (the "accident"). Mr. Vascek was killed in the collision.

2. On or about December 22, 2004, decedent's wife, Heidi Vascek ("Plaintiff"), filed the above-captioned wrongful death and survival action against UPS and Mark Bard.

3. Since filing the present action in December of last year, plaintiff has never served complete Initial Disclosures as required by F.R.C.P. 26(a)(1).

4. Rule 26 provides that as part of its Initial Disclosures a party must, *without awaiting a discovery request*, disclose to other parties (1) the name, address and telephone number of all individuals likely to have discoverable information; and a computation of any category of damages claimed.

5. On February 8, 2005, plaintiff's counsel forwarded what he referred to as "informal discovery production." See letter dated February 8, 2005 from Michael van der Veen to O. Daniel Ansa, attached hereto as Exhibit "A". The disclosure contained in the "informal discovery production" did not comply with the requirements of Rule 26(a)(1), as (1) plaintiff failed to disclose the identity and contact information of individuals likely to have discoverable information, and (2) plaintiff failed to provide a computation of any category of damages.

6. Rather, plaintiff identified by name only six individuals, without providing their contact information, and otherwise identified only the following categories of individuals without disclosing their identities: "John Vascek, Jr.'s friends and family members, representatives from Pfizer and coworkers from Pfizer." See Ex. A.

7. With respect to damages, plaintiff's counsel merely stated that the plaintiff has sustained wrongful death and survivorship damages, and vaguely categorized her economic damages as "ranging from lost wages and other employment benefits to household services." No computation of these purported damages was provided. See Ex. A.

8. To date, despite plaintiff's obligation to provide this information in Initial Disclosures, plaintiff (1) has failed to provide any calculation or categorization of her damages; (2) continues to withhold certain information pertaining to potential witnesses; and (3) has failed to provide all non-privileged, relevant documentation in her possession.

9. Defendants have directed Interrogatories and Requests for Production of Documents to plaintiff. See Defendants' Interrogatories and Request for Production of Documents and Things Directed to Plaintiff [First Set], attached hereto as Exhibit "B".

10. Plaintiff has failed to provide full and complete responses, or timely supplemental responses, to defendants' Interrogatories and Request for Production of Documents. See Plaintiff's Responses to Interrogatories and Requests for Production of Documents, attached hereto as Ex. C.

11. Defendants' Interrogatory No. 9 requests the nature and amount of the financial losses that plaintiff is claiming. See Ex. B, Interrogatory No. 9. In response, plaintiff lists broad categories, however fails to provide a calculation of the actual amounts of the purported losses. Plaintiff's response further states that that it will be supplemented; however, plaintiff has yet to supplement this response by providing an actual computation of damages. See Ex. C, Response to Interrogatory No. 9.[1]

12. By letter dated August 29, 2005, defendants' counsel requested that plaintiff's counsel provide a list of the financial losses suffered by plaintiff and a calculation as to the amount of each. See letter dated August 29, 2005 from Jayne A. Risk to Michael van der Veen, attached hereto as Exhibit "E". Plaintiff responded only that her damages calculation will be subject of expert testimony that is not yet complete. See letter dated September 5, 2005 from Anthony J. Bocchino to Jayne A. Risk, attached hereto as Exhibit "F". Rule 26 requires that a categories of financial losses, and a computation of the amount of each category, must be

---

[1] During deposition, plaintiff asked to provide the categories and computation of her damages. Plaintiff did not provide the information requested; rather she responded that she thought that defendants were already given a list of her damages. See Deposition of Heidi Vascek, pp. 101-102, attached hereto as Exhibit "D".

3

provided as part of Initial Disclosures, as such plaintiff may not shield such information from disclosure by making it the subject of expert testimony.

13. Defendants are prejudiced by plaintiff's failure to comply with the most basic of the discovery requirements of the Federal Rules of Civil Procedure. Days before the close of discovery, defendants still have not been informed as to the nature and extent of plaintiff's purported losses. Plaintiff is obligated to provide a detailed list of the losses being claimed, and the nature, date and amount of such loss.

14. Plaintiff's response to defendants' Interrogatory No. 15 requesting details of any photographs taken of the site of the accident or the instrumentalities involved is non-responsive and incomplete. See Ex. B, Interrogatory No. 15. Plaintiff responded: "I know my attorneys took photographs of the scene… of the motorcycle and package van. I do not know the exact date and time they were taken…" See Ex. C, Response to Interrogatory No. 15. Plaintiff's counsel cannot avoid the obligation to disclose this information by keeping his client uninformed. In addition, defendants have reason to believe that plaintiff's counsel photographed the motorcycle and the scene of the accident on multiple occasions and has not provided all such photographs. Finally, at the deposition of David Burbage, it was revealed that plaintiff's brother in law, Jake Ostrum, and Mr. Burbage photographed the motorcycle within days after the accident. These photographs have not been produced.

15. Defendants' Interrogatory No. 17 requests the identity of all fact witnesses plaintiff intends to call at trial. See Ex. B, Interrogatory No. 17. The instructions and definitions that accompanied Defendants' Interrogatories specifically defined the word "identify" to include "the address of all persons identified." See Ex. B, Instruction. F.R.C.P. 26(a)(1)(A) also requires that a party disclose the name, address and telephone number of each individual

4

likely to have discoverable information. Plaintiff supplied only a list of names and failed to provide their contact information. See Ex. C, Response to Interrogatory No. 17. While plaintiff has recently by letter provided additional addresses, this list is incomplete.

16. Defendants' Interrogatory No. 21 asks whether plaintiff directed or authorized the inspection of the motorcycle by an expert, and No. 22 requests the details pertaining thereto. See Ex. B, Interrogatories No. 21 and 22. Plaintiff responded that she was told that George Gavatos and Al Baxter inspected the motorcycle and that she does not know when or how many times. See Ex. C, Response to Interrogatory No. 22. Clearly this information is known by plaintiff's counsel and should have been provided in this response. As with the deficiency in plaintiff's response to Interrogatory No. 15, plaintiff's counsel and those retained by him in connection with this accident and litigation are acting on plaintiff's behalf and plaintiff is obligated to supply the requested information. Again, plaintiff's counsel may not avoid disclosure of relevant facts by keeping his client uninformed of his actions.

17. Defendants' Interrogatory No. 31 requests whether the decedent read the Owner's Manual, Instruction Manual or other publication pertaining to the use and operation of his motorcycle or similar product and, if so, that plaintiff state the details pertaining to those publications. See Ex. B, Interrogatory No. 31. Plaintiff's response states that the decedent read the Owner's Manual and "other safety books regarding safe motorcycle operation." See Ex. C, Response to Interrogatory No. 31. Per the specific request of Interrogatory No. 31, plaintiff must identify the "other safety books" by title and content, the product to which they pertain and the manner in which they were obtained by plaintiff and/or the decedent.

18. Defendants' Interrogatory No. 32 asks whether the decedent ever received any oral or written warning or instruction concerning the use, operation or potential hazards

5

associated with using a motorcycle, and if so, requests that plaintiff supply certain details. Plaintiff responded only that she did not understand the question. See Ex. B, Interrogatory No. 32; Ex. C, Response to Interrogatory No. 32. The question is plain and clear. Plaintiff's answer is non-responsive.

19. Defendants' Interrogatory No. 42 asks for a description of the accident, see Ex. B, Interrogatory No. 42, to which plaintiff responds that she did not witness the accident. See Ex. C, Response to Interrogatory No. 42. This is non-responsive. As the decedent's representative and the plaintiff carrying the burden of proof, plaintiff is obligated to fully describe how the accident occurred in a manner sufficient to carry her burden of proof, whether by first-hand knowledge or by inferences drawn from the body of evidence.

20. Defendants' Request for Production of Documents No. 6 requests, *inter alia*, all photographs of the scene of the accident or other subjects relevant to this litigation. To date, plaintiff has produced only eight (8) photographs, and defendants have good cause to believe that plaintiff possesses substantially more photographs than have been produced. In fact, during the September 27, 2005 deposition of fact witness Kevin Ellmore, plaintiff's counsel as a matter of record referred to a video of the motorcycle that was recorded on behalf of plaintiff while the motorcycle was stored at Ellmore Auto Collision after the accident. That video, which plaintiff's counsel has acknowledged exists, was not produced to defendants as it should have been in response to defendants' Request for Production of Documents.

**WHEREFORE**, defendants United Parcel Service, Inc. and Mark Bard respectfully request that this Court grant the foregoing Motion to Compel Answers to Interrogatories and Requests for Production of Documents, enter and Order compelling plaintiff to serve full and

complete responses, and to produce all responsive documents and things, within five (5) days of said Order, and grant such other relief as this Court deems appropriate.

          Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Telephone:   (215) 656-3328

Dated: September 30, 2005