IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>　　　　　Plaintiffs,<br><br>vs.<br><br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:　C.A. No. 04-1538<br>:<br>:<br>:<br>:<br>:<br>: |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS [FIRST SET]**

I.　**INTRODUCTION / STATEMENT OF THE FACTS**

　　This action arises from an accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by defendant Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was killed in the collision. On or about December 22, 2004, decedent's wife, Heidi Vascek ("Plaintiff"), filed the above-captioned wrongful death and survival action against UPS and Mark Bard. Since filing the present action more than nine months ago, in addition to other critical information and documentation, plaintiff has yet to identify her categories of damages and a computation of each. In fact, plaintiff never served complete Initial Disclosures as required by F.R.C.P. 26(a)(1).

　　On February 8, 2005, plaintiff's counsel forwarded what he referred to as "informal discovery production." See Exhibit A, letter dated February 8, 2005 from Michael van der Veen

to O. Daniel Ansa. The disclosure contained in the "informal discovery production" do not comply with the requirements of Rule 26(a)(1), as plaintiff (1) failed to disclose the identity and contact information of individuals likely to have discoverable information and (2) failed to provide a computation of any category of damages. Rather, plaintiff identified by name only six individuals, without providing their contact information, and otherwise identified only the following categories of individuals without disclosing their identities: "John Vascek, Jr.'s friends and family members, representatives from Pfizer and coworkers from Pfizer." See Ex. A. With respect to damages, plaintiff's counsel merely stated that the plaintiff has sustained wrongful death and survivorship damages, and vaguely categorizing her economic damages as "ranging from lost wages and other employment benefits to household services." No computation of these purported damages was provided. See Ex. A.

Defendants have directed Interrogatories and Requests for Production of Documents to plaintiff. See Exhibit B, Defendants' Interrogatories and Requests for Production of Documents Directed to Plaintiff [First Set]. Plaintiff has failed to provided full and complete responses, and has failed to provide timely supplemental responses, to defendants' discovery requests. See Exhibit C, Plaintiff's Responses to Interrogatories and Requests for Production of Documents. To date, despite plaintiff's obligation to provide this information in Initial Disclosures, plaintiff (1) has yet to provide a calculation or categorization of her damages; (2) continues to withhold certain information pertaining to potential witnesses; and (3) has failed to provide all non-privileged, relevant documentation in her possession.

Accordingly, for the reasons espoused below, defendants seek an Order compelling plaintiff to respond to Interrogatories and Requests for Production of Documents.

2

II.  **ARGUMENT**

   A.  **Computation of Plaintiff's Damages**

Defendants' Interrogatory No. 9 requests the nature and amount of the financial losses that plaintiff is claiming. See Ex. B, Interrogatory No. 9. In response, plaintiff lists broad categories and fails to provide a calculation of the actual amounts of the purported losses. See Ex. C, Response to Interrogatory No. 9.[1] Plaintiff's response further states that it will be supplemented, however plaintiff has yet to do so.

By letter dated August 29, 2005, defendants' counsel requested that plaintiff's counsel provide the plaintiff's alleged financial losses and a calculation as to the amount of each. See Exhibit E, letter dated August 29, 2005 from Jayne A. Risk to Michael van der Veen. Plaintiff responded that her damages calculation will be subject of expert testimony that is not yet complete. See Exhibit F, letter dated September 5, 2005 from Anthony J. Bocchino to Jayne A. Risk.

   Rule 26 provides, in pertinent part:

   (1) Initial Disclosures. … [A] party must, *without awaiting a discovery request*, provide to other parties:

>   (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extend of injuries suffered.

F.R.C.P. 26(a)(1)(C)(emphasis supplied).

---

[1] During deposition, plaintiff was asked to provide the categories and computation of her damages. Plaintiff did not provide the information requested; rather she responded that she thought that defendants were already given a list of her damages. See Exhibit D, Deposition of Heidi Vascek, pp. 101-102.

Rule 26 requires that categories of financial losses, and a computation of the amount of each category, be provided before a discovery request is even propounded by other parties, as such plaintiff may not shield such information from disclosure by making it the subject of expert testimony. Despite plaintiff's obligation pursuant to Rule 26 to produce information pertaining to her damages, defendants nonetheless propounded a discovery request seeking a computation of her damages. In addition, counsel for defendants posed the question to the plaintiff during her deposition. Plaintiff has repeatedly failed to respond to and to produce the required information.

UPS and Mark Bard are prejudiced by plaintiff's failure to comply with the most basic of the discovery requirements of the Federal Rules of Civil Procedure. With merely five days until the close of discovery, defendants still have not been informed as to the nature and extent of plaintiff's purported losses. Defendants request that this Court compel the plaintiff to provide a detailed list of the losses being claimed, and the nature, date and amount of each loss, or suffer the consequence of being precluded from recouping any damages which are not disclosed.

### B.   Photographic Evidence

Defendants' Interrogatory No. 15 requests details of any photographs taken of the site of the accident or the instrumentalities involved. See Ex. B, Interrogatory No. 15. Plaintiff responded: "I know my attorneys took photographs of the scene… of the motorcycle and package van. I do not know the exact date and time they were taken…" See Ex. C, Response to Interrogatory No. 15. This answer is non-responsive. Plaintiff cannot withhold discoverable information on the premise that her attorney has not shared the information with her. It goes without saying that plaintiff and her attorney are not separate actors for purposes of developing the factual record. Plaintiff's counsel was acting on behalf of the plaintiff at the time photographs were taken and he is obligated to supply the information as requested.

4

In addition, defendants' Request for Production of Documents No. 6 requests, *inter alia*, all photographs of the scene of the accident or other subjects relevant to this litigation. To date, plaintiff has produced only 8 photographs (as compared with defendants' 332 photographs produced to plaintiff). Defendants have good cause to believe that plaintiff possesses substantially more photographs than have been produced. During the deposition of fact witness David Burbage, the decedent's friend and motorcycle riding partner, Mr. Burbage revealed that he and the decedent's brother, Jake Ostrum, photographed the motorcycle while it was being held at Ellmore Auto Collision only two days after the accident.[2] Plaintiff's counsel has failed to produce these photographs. Defendants also learned that eye witness John Seiffert traveled with plaintiff's counsel to the scene of the accident and defendants have reason to believe that photographs were taken at that time. These photographs, as well as others, have yet to be produced by plaintiff.

Finally, during the September 27, 2005 deposition of fact witness Kevin Ellmore, plaintiff's counsel informed the deponent, as a matter of record, that a video of the motorcycle was recorded on behalf of plaintiff while the motorcycle was stored at Ellmore Auto Collision after the accident. That video, which plaintiff's counsel has acknowledged exists, has not been produced to defendants as it should have been in response to defendants' Request for Production of Documents.

Accordingly, defendants request that this Court compel plaintiff to produce all photographic and video images relating to this accident or the instrumentalities involved.

---

[2] In fact, Mr. Burbage testified that the decedent's family, including plaintiff Heidi Vascek, requested that he, and Mr. Ostrum, go to Ellmore Auto Collision to view and photograph the motorcycle.

5

C.   **Fact Witnesses Identified by Plaintiff**

Defendants' Interrogatory No. 17 requests the identity of all fact witnesses plaintiff intends to call at trial. See Ex. B, Interrogatory No. 17. The instructions and definitions that accompanied Defendants' Interrogatories specifically defined the word "identify" to include "the address of all persons identified." See Ex. B, Instruction. F.R.C.P. 26(a)(1)(A) also requires that a party disclose the name, address and telephone number of each individual likely to have discoverable information as part of the parties' Initial Disclosures. Plaintiff supplied only a list of names and failed to provide their contact information. See Ex. C, Response to Interrogatory No. 17. Defendants requested that plaintiff supplement her response, and by letter dated September 5, 2005, plaintiff's counsel stated that he was attempting to locate that information and would supply it. See Ex. F. Nearly a month later, plaintiff still has not supplemented her response. While plaintiff's counsel by letter provided additional addressed, the list is not complete. Defendants request that plaintiff be compelled to fully respond to Interrogatory No. 17 by providing the address and phone number for each individual identified in plaintiff's response.

D.   **Non-Responsive Answers to Interrogatories**

Plaintiff's responses to Interrogatories are incomplete and deficient as follows:

(1) Defendants' Interrogatory No. 21 asks whether plaintiff directed or authorized the inspection of the motorcycle by an expert, and No. 22 requests the time, date and location pertaining thereto. See Ex. B, Interrogatories No. 21 and 22. Plaintiff responded that she was told that George Gavatos and Al Baxter inspected the motorcycle and that she does not know when or how many times. See Ex. C, Response to Interrogatory No. 22. Clearly this information is known by plaintiff's counsel and should have been provided in this response. As

6

with the deficiency in plaintiff's response to Interrogatory No. 15, plaintiff's counsel and those retained by him in connection with this litigation are acting on plaintiff's behalf and plaintiff is obligated to supply the requested information. Plaintiff's counsel may not avoid disclosure of relevant facts by keeping his client uninformed of his actions.

Additionally, plaintiff claims that the information pertaining to inspections conducted by her experts is privileged. See Ex. F. Contrary to plaintiff's contention, Rule 26(b) protects the facts known and opinions held by experts. Defendants have not requested such information, rather, defendants request information pertaining to the time, date, location and subject of the inspections. Such information is not protected work product pursuant to Rule 26(b). In point of fact, plaintiff has requested and been given the same information by defendants relating to defendants' expert inspections of the accident scene and motorcycle.

(2) Defendants' Interrogatory No. 31 requests whether the decedent read the Owner's Manual, Instruction Manual or other publication pertaining to the use and operation of his motorcycle or similar product and, if so, that plaintiff state the details pertaining to those publications. See Ex. B, Interrogatory No. 31. Plaintiff's response states that the decedent read the Owner's Manual and "other safety books regarding safe motorcycle operation." See Ex. C, Response to Interrogatory No. 31. Per the specific request of Interrogatory No. 31, plaintiff must identify the "other safety books" by title and content, the product to which they pertain and the manner in which they were obtained by plaintiff and/or the decedent. By his letter dated September 5, 2005, plaintiff's counsel states he is investigating this information and would supplement the response. See Ex. F. Nearly a month later, plaintiff still has not supplemented her response to Interrogatory No. 31, and defendants now request that the Court compel plaintiff to do so.

(3) Defendants' Interrogatory No. 32 asks whether the decedent ever received an oral or written warning or instruction concerning the use, operation or potential hazards associated with using a motorcycle, and if so, requests that plaintiff supply certain details associated therewith, to which plaintiff responded that she did not understand the question. See Ex. B, Interrogatory No. 32; Ex. C, Response to Interrogatory No. 32. The question is a plain and clear. Plaintiff's answer is non-responsive.

By his letter dated September 5, 2005, plaintiff's counsel provides a vague explanation of plaintiff's position with respect to the information requested in this Interrogatory. See Ex. F. However, plaintiff has not supplemented her response to the Interrogatory, under oath and signed by her, as required by the Rules of Civil Procedure. A letter correspondence from plaintiff's attorney is insufficient and does not constitute an answer to a duly propounded Interrogatory, thus defendants request that this Court compel plaintiff to supplement her response to Interrogatory No. 32.

(4) Defendants' Interrogatory No. 42 asks for a description of the accident, see Ex. B, Interrogatory No. 42, to which plaintiff responds that she did not witness the accident. See Ex. C, Response to Interrogatory No. 42. This answer is non-responsive and evasive. As the decedent's representative and the plaintiff carrying the burden of proof, plaintiff is obligated to fully describe how the accident occurred in a manner sufficient to carry her burden of proof, whether by first-hand knowledge or by inferences drawn from the body of evidence.

By his letter dated September 5, 2005, plaintiff's counsel again gave a general and vague account of plaintiff's position with respect to the information requested in this Interrogatory. Again, a letter correspondence from plaintiff's counsel is not an adequate response under the

Rules of Civil Procedure to a duly propounded Interrogatory. Accordingly, defendants request that this Court compel plaintiff to provide a full and complete response to Interrogatory No. 42.

## III. CONCLUSION

For the foregoing reasons, defendants United Parcel Service, Inc. and Mark Bard respectfully request that this Court grant their Motion to Compel Answers to Interrogatories and Requests for Production of Documents, enter and Order compelling plaintiff to serve full and complete responses, and to produce all responsive documents and things, within five (5) days of said Order, and grant such other relief as this Court deems appropriate.

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:   (215) 656-3328

Dated: September 30, 2005