# Exhibit A

LAW OFFICES

OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE

FEASTERVILLE, PA 19053

——————

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
  + Member PA, NJ, NY & Wash., D.C. Bars
   * Member PA, NJ Bars
  ** Member PA, NJ & IL Bars
 *** Member PA, NJ & NY Bars
  ΔLL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

February 8, 2005

O. Daniel Ansa, Esquire         By Fax:  656-3301
Piper Rudnick
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103

Re: Estate of John Vascek, Jr. v. UPS, et al.

Dear Mr. Ansa:

      Pursuant to the early disclosure requirements of Fed.R.Civ.P.26(a)(1), please find enclosed herewith our informal discovery production.

      The following is an initial list of individuals likely to have knowledge of discoverable information that may be used to support plaintiffs' claims:  Heidi Vascek, John Seiffert, Amy Stratton, Corporal Jeffrey W. Weaver, John Vaseck, Jr.'s  friends and family members, representatives from Pfizer and co-workers from Pfizer, the Medical Examiner, and Mark Bard.

      I have enclosed, pursuant to Paragraph (2)(b) of Judge Susan L. Robinson's January 14th Court Order,  documents in our possession and I disclose to you we are in possession of Mr. Vascek's motorcycle and Mr. Vascek's clothing. We will forward various photographs of John Vascek, Jr. upon receipt.

O. Daniel Ansa, Esquire                    February 8, 2005
Re: Estate of John Vascek, Jr. v. UPS, et al.    Page -2-

     Our experts to date are George Govatos, Al Baxter and Brian Sullivan. These experts have not yet disclosed their opinions to us. Of course, as I receive them, I will forward them to you. Additionally, I anticipate the need for additional experts.

     Pursuant to paragraph 2(d) of the Court's Order, I have enclosed the insurance policy for Mr. Vascek's motorcycle, which was in force on the day of the accident. As you will note, Mr. Vascek did not have any first party medical coverage.

     Finally, Heidi Vascek, individually and as Administratrix of the Estate of John Vascek, Jr. has sustained wrongful death and survivorship damages, including economic damages ranging from lost wages and other employment benefits to household services. There are also non-economic damages such as pain and suffering, mental anguish, and loss of consortium. Depending upon what is discovered during the litigation of this case, plaintiffs may also have a claim for punitive damages.

     I await your discovery.

                 Very truly yours,

                 Michael T. van der Veen

MTV:nb

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as Administratrix of THE ESTATE OF JOHN VASCEK, JR.,** | : : : : | |
| **Plaintiffs,** | : : | **C.A. No. 04-1538** |
| **v.** | : : | |
| **UNITED PARCEL SERVICE, INC. and MARK BARD,** | : : : | |
| **Defendants.** | : | |

## DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO PLAINTIFF [FIRST SET]

Defendant United Parcel Service, Inc. ("UPS"), pursuant to Fed. R. Civ. P. 33 hereby serves upon plaintiffs the following First Set of Interrogatories and Request for Production of Documents and things, to be answered within thirty days of service pursuant to the Federal Rules of Civil Procedure.

## INSTRUCTIONS:

In answering each Discovery Request:

(a)    Identify by date, sender, recipient, location and custodian of each document relief upon or which forms a basis for the answer given or which corroborates the answer given or the substance of what is given in answer to these Interrogatories;

(b)    State whether the information furnished is within the personal knowledge of the person answering and, if not, the name, if known, of each person to whom the information is a matter of personal knowledge; and

(c)    Identify each person who assisted or participated in preparing and/or supplying any of the information given in the answer to or relied upon in preparing answers to these Interrogatories.

**DEFINITIONS:**

"Accident" means those events alleged in plaintiff's complaint to have caused injury to plaintiff and Decedent.

"You" and "plaintiff" means the plaintiff Heidi Vascek and the her agents, representatives, attorneys and all other persons acting on behalf of plaintiff.

"Decedent" means John Vascek, Jr. and the agents, representatives, attorneys and all other persons acting on behalf of Decedent's estate.

"Defendants" means United Parcel Service, Inc. ("UPS") and Mark Bard.

"Identify" means identify all documents, things, persons known to you, your attorney, and your agents and representatives, and the address of all persons identified must be set forth.

With respect to documents, the term "identify" means to give the date, title, author, and addressee. Identify with respect to document further means:

(a)    Describe a document sufficiently well to enable the interrogator to know what such document is and to retrieve it from a file or wherever it may be located;

(b)    Describe it in a manner suitable for use as a description in a Subpoena;

(c)    Give the name, address, position or title of the person(s) who has (have) custody of the document and/or copies thereof.

With respect to individuals, "identify" means:

(a)    State his/or her full name;

(b)    Present residence, address, or last known residence;

(c)    Present or last known business address;

(d)    Present employer or last known employer;

(e)    State whether ever employed by any party to this action and, if so, the dates he (she) was employed by such party, and the name of such party and last position held as an employer of such party.

"Occurrence," "alleged occurrence" means the accident alleged in Plaintiff's complaint as occurring on or about October 26, 2004.

"Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without

limitation, correspondence, memoranda, inter-office communications, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, maps, surveys, book of account, ledgers, invoices, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, print-outs, recordings, telegrams, films, and all other such documents tangible or retrievable or any kind.  Documents also include any preliminary notes and drafts of all the following, in whatever form, for example: printed, typed, longhand, shorthand, on paper, paper tape, tabulating coins, ribbon blueprints, magnetic tape, microfilm. film, motion picture film, or other form.

## INTERROGATORIES

1.        Give the names and addresses of those individuals who witnessed the accident; and those individuals who have any information or knowledge concerning the facts, events, circumstances, conditions and occurrences surrounding the happening of the accident.

**ANSWER**:

2.        State whether or not you have received any statement, either oral or written, from the persons named in answer to the Interrogatory 1 or from any other persons with knowledge of the subject matter of this action, and as to the same, state the names and addresses of the person giving and taking such statements, either oral or written, the date or dates such statement or statements were taken, whether said statements were written or oral, and the names and addresses of the persons presently in possession of any statements reduced to writing.

**ANSWER**:

3.      Please provide the following information regarding the Decedent:

  (a) Date, place of birth;

  (b) Social Security Number;

  (c) telephone number, mobile phone number and identity of the telephone and mobile phone service providers;

  (d) Marital status at the time of the accident;

  (e) Educational background; and

  (f) The name(s), age(s), school year and/or occupation(s) of the Decedent's children, if any.

**ANSWER**:

4.      State your age; date and place of birth; marital status (a) at the time of the accident here involved, and (b) at the present time; the number of children or other dependents, if any; your telephone number and service provider at the time of the accident; your mobile phone number and service provider at the time of the accident; and your Social Security number.

**ANSWER**:

5.        State the approximate time and place of death of the Decedent.  If you state that death did not occur at the scene of the accident, state name of the hospital or other institution to which the Decedent went for diagnosis and/or treatment following the accident, the names of the physicians, nurses and other treating personnel that attended to the Decedent and state the charges for same and the amount of each charge that has been paid and by whom.

**ANSWER**:

6.        State whether the Decedent sustained any injuries or had any disease, deformity or impairment prior to the accident.  If so, indicate the nature of any such injury, disease, deformity or impairment, and give the name and address of any hospital or other institution to which the Decedent had gone for treatment and/or examination and the dates thereof, and the name and address of any doctor or other person to whom the Decedent had gone for treatment and/or examination and the dates thereof.

**ANSWER**:

7.        Had the Decedent ever been involved in an accident of any kind, including any accident involving a motor vehicle or motorcycle, before the accident upon which this suit is based?  If so, state the nature of the accident, the place and date on which it occurred, the names and addresses of all persons involved, the injuries sustained by the Decedent, and the court, term and number of any suit commenced as a result thereof.

**ANSWER**:

8.        State the name and your policy number and group number for the health and accident insurance company at the time of the accident and the name of the insurance provider covering any injuries named.

**ANSWER**:

9.       Are you claiming any financial losses as a result of the accident?  If so, state:

    (a)       In detail - the nature, date and amount of such loss; and

    (b)       If the claim is made for household help, state the name and address of each such person employed, the period of employment, the amount actually paid to such persons, and whether you employed domestic help prior to the accident.

**ANSWER**:

10.       Give the name and address of the Decedent's employer at the time of the accident. If self-employed, state the address of the Decedent's usual place of business and the name under which the Decedent operated it.

**ANSWER**:

11.       State the job position and the rate of pay that the Decedent was earning at the time of the accident, whether the Decedent was employed on a full-time or part-time basis, and the Decedent's gross and net income as stated in the Decedent's federal income tax returns for each of the three years preceding the date of the accident.

**ANSWER**:

12.      Give the name and address of your employer (a) at the time of the accident and

(b) currently.  If self-employed, state the address of your usual place of business and the

name under which you operate it.

**ANSWER**:

13.      State the name and address of each of the Decedent's employers for the five years

immediately preceding the accident and, as to each, state the period of employment, the

dates thereof, the rate of pay, your total income and approximately the number of days

you were absent from work each year.

**ANSWER**:

14.      If you are claiming loss of future earnings as a result of the accident, state the total amount of such loss and the basis for the amount claimed.

**ANSWER**:

15.      State whether any photographs were taken of the site of the accident or any of the instrumentalities involved therein.  If "yes," state:

   (a)      The subject matter of the photographs;

   (b)      The date and time of day said photographs were taken:

   (c)      The name, address and job classification of the person taking same, and the name and address of his employer, if not in your employ; and

   (d)      The name, address and classification of the person having custody of the same.

**ANSWER**:

16.     State whether any plans, drawings, blueprints, sketches or diagrams exist or were made, other than by counsel, of the site of the alleged accident or the instrumentalities involved therein, and, if so, state:

    (a)     The identity of each said plan, drawing, blueprint. sketch or diagram by subject matter;

    (b)     The date and time of day when each of the same was made if subsequent to the occurrence;

    (c)     The name, address and job classification of the person making same, if made subsequent to the occurrence; and

    (d)     The name, address, and job classification of the person having custody of the plans, drawings, blueprints, sketches or diagrams.

**ANSWER**:




17.     Please identify all fact witnesses plaintiff intends to call at trial.

**ANSWER**:

18.     Please identify all exhibits plaintiff intends to use at trial.

**ANSWER:**

19.     Set forth the names and addresses of each proposed expert witness whom you expect to call at trial, and as to each:

(a)     State all areas of expertise or specialty;

(b)     State the expert's educational background, including names and addresses of all colleges and graduate schools attended and the years of attendance and all degrees awarded;

(c)     State the subject matter on which the expert is expected to testify;

(d)     State the substance of the facts and opinions to which the expert is expected to testify;

(e)     State a summary of the grounds for each opinion;

(f)     Attach true and exact copies of the entire report or reports rendered by him;

(g)     Set forth completely the substance of all oral reports; and

(h)     Identify all documents, tangible things and other materials reviewed or examined by the expert.

**ANSWER:**

20.     State the name and address of each expert who has been retained by you in anticipation or litigation or preparation for trial who is not expected to be called as a witness at trial, and as to each:

    (a)     State the date retained by you;

    (b)     State all fields of expertise or specialty;

    (c)     State the substance of all materials examined by him;

    (d)     State the nature and content of all facts submitted to him in preparation or formation of an opinion;

    (e)     Attach true and exact copies of the entire report or reports rendered by him; and

    (f)     Set forth completely the substance of all oral reports.

**ANSWER**:

21.     Subsequent to the date of the alleged occurrence, have you directed or authorized the inspection or examination of the motorcycle by any person or persons purporting to have expert knowledge or experience in dealing with similar or comparable vehicles or with accidents or injuries caused by similar vehicles?

**ANSWER**:

22.     If the answer to the preceding Interrogatory is in the affirmative, please state in complete detail for each such examination or inspection:

    (a)     The name, occupation, title, business address, areas of specialization, and professional relationship to the plaintiff of each person conducting such examination or inspection;

    (b)     The dates on which the product was examined or inspected;

    (c)     The titles or other identification of any reports, memoranda, notes, or transcripts of oral conversations between such persons and the plaintiff regarding the examination of inspection of the motorcycle which the plaintiff expects to introduce as evidence at the trial; and

    (d)     The location of each and every such report, memorandum, note or transcription of oral communications between such persons and the plaintiff regarding the motorcycle and/or the alleged occurrence.

**ANSWER**:

23.     Identify the persons answering, providing necessary information and/or contributing to the answers to these Interrogatories.

**ANSWER**:

24.     Did the Decedent have any previous experience operating motorcycles?  If so, please state:

      (a)     The number of times, the approximate dates and locations where the Decedent used or operated a motorcycle;

      (b)     The total miles or, if known, and the total number of hours spent using or operating a motorcycle prior to the subject accident.

**ANSWER**:

25.     Please state whether the Decedent received training and/or instruction regarding the operation of motorcycles.  If so, please state:

      (a)     The name of the individual and/or company from which the Decedent received his training and/or instruction;

(b)     The times, dates and locations at which the Decedent received training and/or instruction; and

(c)     The general nature of the training and/or instruction received.

**ANSWER**:

26.     Did the Decedent compete in any type of cycle competitions or belong to any type of riding or cycling "club", association or similar group?

**ANSWER**:

27.     Did the Decedent own the motorcycle that he was riding at the time of the accident? If so, please state:

28.

(a)     The date, location and from whom Decedent purchased said motorcycle;

(b)     The number of times, the approximate dates, and the locations where the Decedent operated the motorcycle that he was riding at the time of the accident; and

     (c)     The total miles, if known, and the total hours that Decedent spent operating the motorcycle that he was riding at the time of the accident.

If not, please state the identity and address of the registered owner of the motorcycle at the time of the accident and at the present time.

**ANSWER**:

29.     Set forth the following particulars of the motorcycle:

     (a)     Name of motorcycle manufacturer, model, model year, serial number, frame number and engine number;

     (b)     Each modification, alteration or change to the motorcycle since purchase, each accessory added since purchase and whether the accessory is still adhered or utilized; and

     (c)     The present location of the motorcycle and the name, position, and address of the custodian of the motorcycle.

**ANSWER**:

30.    Did the Decedent at any time own another motorcycle?  If so, please state the manufacturer, model, and model year, and the duration for which the Decedent owned said motorcycle(s).

31.    At any time prior to the accident did the Decedent see or read any part of any Owner's Manual or Operator's Manual or other instruction booklet concerning the use and operation of the motorcycle or any similar product and, if he did, state:

(a)    The approximate date that the Decedent saw or read any such publication or printed material;

(b)    The title of the printed materials read, or identify by content the printed material read;

(c)    The product to which the publication pertained;

(d)    The manner in which you obtained this publication; and

(e)    The reason or reasons for reading the publication.

**ANSWER**:

32.    State whether at any time prior to the Decedent's accident the Decedent received any oral warnings or instructions concerning the use, operation or potential hazards

associated with using a motorcycle or similar product or the motorcycle, and, if he did, state:

    (a)    The names, addresses and job titles of any person or persons who gave the Decedent any such warnings or instructions;

    (b)    The time and date that each such warnings or instructions were given;

    (c)    The substance and content of the warning and/or instruction; and

    (d)    The name and address of all individuals who were present at the time the Decedent received such warning and/or instruction.

**ANSWER**:

33.      Please state whether you, the Decedent or any other person made any examination, inspection or test of the motorcycle within the month preceding the alleged accident.

**ANSWER**:

34.     If your answer to the preceding Interrogatory is in the affirmative, please give the following information with regard to each examination, inspection or test:

    (a)     The date and time of day of each examination, inspection or test prior to the alleged accident;

    (b)     The identification, including name and address, of each person making such examination, inspection or test;

    (c)     State in complete detail what each examination, inspection or test consisted of;

    (d)     State in complete detail each and every act or activity done or undertaken by you, the Decedent or any other person as a result of any condition or circumstances disclosed by such examination, inspection or test; and

    (e)     State a complete description of the condition of the motorcycle at the time of each examination, inspection or test.

**ANSWER**:

35.    Was the motorcycle inspected, serviced and/or repaired at any time prior to this accident?  If so, set forth:

      (a)    The name or identity of each person or business establishment where the inspection, servicing and/or repairs were made;

      (b)    The dates when each inspection, servicing and/or repair took place;

      (c)    The details of the inspection, servicing and/or repairs that were performed;

      (d)    The reason for the inspection, servicing and/or repair and whether or not the alleged problem was cured by the service and/or repair;

      (e)    The name, position and address of the person who performed the inspection, servicing and/or repair; and

      (f)    Attach copies of all inspection, servicing and/or repair orders or other associated written material to these Interrogatories.

**ANSWER**:

36.    State whether the motorcycle was registered pursuant to state law and whether it had a valid registration sticker at any time between the purchase until the date of the accident.  If so, state:

      (a)    The date of issue and renewal for each license; and

(b)     Please attach a copy of the license(s) and registration(s).

**ANSWER**:

37.     Did the plaintiff have a valid driver's license at the time of the accident and, if so, please provide driver's identification numbers, issue and expiration dates, state of issue, license classes and restrictions.

**ANSWER**:

38.     Did the Decedent ever drive a motorcycle on the road on which the accident occurred prior to the date of the accident?  If so, when and how frequently did he do so?

**ANSWER**:

39.     Was the Decedent carrying anything on the motorcycle at the time of the accident? If so, please state the identity the item(s); their approximate size, dimensions and weight; where on the motorcycle the item(s) were being carried; and (d) whether the item(s) are in your possession at this time, and if not, identify the name and address of the custodian of said item(s).

**ANSWER**:

40.     When was the last time you spoke with the Decedent prior to the accident? Where were you at that time? Where was the Decedent at that time?

**ANSWER**:

41.     Did the motorcycle come into contact with another vehicle, a natural or man-made geographical feature, or any other object prior to the accident? If so:

(a)     If contact was with another vehicle, specifically identify the vehicle that came in contact with the said motorcycle, by operator's name, address, manufacturer's name, model number and year;

(b)    If contact was with a natural or man-made geographical feature or any other object, specifically identify the feature or object by size, composition, color and location with respect to other feature's or objects; and

(c)    Specifically describe the point(s) of contact.

**ANSWER**:

42.    Please describe fully and completely how the accident happened, the exact time of the day of the accident, the exact location of the accident, and stating in your answer all events relating thereto in their sequential order. Please include, without limitation, a detailed chronological description of everything the Decedent did to avoid the occurrence. (Do not refer to the Complaint).

**ANSWER**:

43.    Give a precise description of all clothing, footwear, jewelry, helmet, gloves, or equipment the Decedent was wearing at the time of the alleged incident.

**ANSWER**:

44.     Do you have any of the clothing, footwear, jewelry or equipment identified in the above Interrogatory in your possession at this time? If not, identify by name and address the custodian of said articles.

**ANSWER**:

45.     Identify any individual with whom the decedent was riding on the day of the accident.

**ANSWER**:

46.     Was the accident reported to the Decedent's insurance carrier?  If so, state:

    (a)     Name and address of the insurance carrier;

    (b)     The date or dates when the same was reported;

    (c)     Attach a copy of each report submitted to the carrier;

    (d)     Describe in detail the type of insurance policy issued by the above-described carrier and any and all benefits which you have received from the carrier; and

    (e)     State the policy number of the applicable policy.

**ANSWER**:

47.     By whom was the motorcycle removed from the accident site, including name of

company, names of persons, addresses and phone number.

**ANSWER**:

48.     Please provide the following information regarding the path of travel that the

Decedent was taking at the time of the accident.

    (a)     From where were was the Decedent coming?

    (b)     What was the Decedent's destination and, if applicable, what time

           was the Decedent scheduled to arrive at his destination?

    (c)     What direction was the Decedent traveling at the time of the

           accident?

**ANSWER**:

49.      Did the Decedent ingest any substance on the day of the accident that may have impaired or otherwise altered the Decedent's perception of, and/or awareness of, his surroundings or that may have caused the Decedent's reaction time to be decreased or may have caused drowsiness, including but not limited to, alcohol, over-the-counter medication, prescription medication or illegal substance?  If so, state the precise nature and amount of what the Decedent ingested and the precise time that he did so.

**ANSWER**:

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to the Federal Rules of Civil Procedure, you are requested to produce the following documents and things for inspection and copying at any time mutually agreeable to counsel within thirty (30) days.

Unless otherwise indicated, the definitions set forth in defendant's accompanying interrogatories directed to plaintiff (Set I) apply in the instant request for production of documents.

1.      Each statement made by a party or witness.  For purposes of this request, "statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof; which is a substantial verbatim recital of an oral statement made by the person making it and contemporaneously recorded.

2.      All bills, summaries of expense and the like relating to injuries, treatment, or property damage or any other kind of loss.

3.      All medical and other records pertaining to any injuries, treatment and/or recuperation which is material to this litigation.

4.      The report or reports of each doctor, physician, or other health care practitioner with respect to the injuries and treatment of the plaintiff.

5.      Every report prepared by any person who is expected to testify as an expert witness, including physicians, regardless of whether such testimony will be oral, by deposition, or written.

6.      All photographs, diagrams, sketches and maps of the scene of the accident, injuries, property damage, or other subjects relevant to this litigation.

7.      All investigation materials and documents related to this case but <u>not</u> including:

    (a)      The mental impression of your attorney or his conclusions, opinions, memoranda, notes, or summaries, legal research or legal theories;

    (b)      The mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics;

    (c)      Legal papers filed of record and served upon the undersigned;

    (d)      Transcripts of depositions attended by the undersigned or another member of this firm.

8.      The Decedent's federal tax returns for each year from 1995 until the present.

9.     The helmet, clothing, shoes and jewelry worn by the Decedent at the time of the alleged incident.

10.    All documents relating to the designation of the personal representative of the Estate of John Vascek, Jr. and the settlement and distribution of the Estate, including but not limited to letters testamentary, letters of administration and/or letters of appointment.

11.    Decedent's motorcycle and all documents consisting of the purchase, warranty, service, maintenance and repair orders relating to Decedent's motorcycle.

12.    Your marriage certificate.

13.    All documents identified by you in your responses to Interrogatories (First Set).

14.    All documents that relate to or support your responses to Interrogatories (First Set).

Jayne Risk, Esquire
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Ste 4900
Philadelphia, PA  19103
Tel:  (215) 656-3328
Fax: (215) 606-3328

William J. Cattie, Esquire
Rawle & Henderson
300 Delaware Avenue
Suite 1015
Wilmington, DE  19899
Tel: (302) 778-1200
Fax: (302) 778-1400

## <u>CERTIFICATE OF SERVICE</u>

I, Jayne Risk, do hereby certify that on this day a true and correct copy of the foregoing was served upon the following:

Michael T. Van der Veen, Esquire
Kats, Jamison, Van der Veen & Associates
25 Bustleton Pike
Feasterville, PA   19053

Jayne Risk, Esquire
DLA Piper Rudnick Gray Cary US
LLP
One Liberty Place
1650 Market Street, Ste 4900
Philadelphia, PA  19103
Tel:  (215) 656-3328
Fax: (215) 606-3328

William J. Cattie, Esquire
Rawle & Henderson
300 Delaware Avenue
Suite 1015
Wilmington, DE   19899
Tel: (302) 778-1200
Fax: (302) 778-1400

Date: February �age 2005

**Exhibit C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,**            **Plaintiffs,**    **vs.** **UNITED PARCEL SERVICE, INC. and MARK BARD,**            **Defendants.** | : : : : : : : : : : : :    **C.A. No. 04-1538** |

## PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES
## FIRST SET

**General Objection**

Plaintiff, by and through her authorized counsel of record, Michael T. van der Veen, sets forth this general objection to Defendant's Interrogatories to the extent the Interrogatories seek information that is not reasonably calculated to lead to the discovery of admissible evidence at trial. The Interrogatories are generally objected to on the basis that they are overly broad, unduly burdensome, and beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure and the Local Rules of Procedure of the Federal District Court for the District of Delaware. Also, the Interrogatories are objected to on the basis that they seek information, which is not within the possession, custody and/or control of plaintiff. Also, the Interrogatories are objected to the extent that the request may be construed to seek information or documents protected by the Attorney-Client Privilege, the Work Product Doctrine, the exemption protecting

1

communications passing between the agents of a party conducting an investigation in connection to litigation, or any other applicable privilege or exemption from discovery under the laws of any jurisdiction which may be applicable. Also the Interrogatories are objected to the extent that they impose a burdensome, harassing duty to search for documents or information beyond the reasonable scope of this litigation. Also, the Interrogatories are objected to the extent that they are unduly burdensome and oppressive insofar as any attempt to require plaintiff to provide information that spans a time period exceeding the reasonable scope of this litigation.  Plaintiff objects to Defendant's Interrogatories in total, as, with subparts, the numbers exceed that permitted by the Federal Rules of Civil Procedure and the Local Rules of Procedure of the Federal District Court for the District of Delaware and the agreement of the parties. Without waiving any of these objections and subject thereto, Plaintiff answers as follows:

_____

Michael T. van der Veen

**ANSWERS**

1.    I believe that a man named John Sieffert witnessed the accident. I believe that other people were on the scene of the accident shortly afterwards and their names and addresses are on the Police Report.

2.    I know that my attorneys took a statement from Mr. Sieffert. I don't know exactly when they took this statement, but I am told that they already sent it to you.

3.    John S. Vascek, Jr.

2

(a) September 14, 1968 in Roanoake, Virginia;

(b) Social Security Number 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;

(c) Cell Number (856) 261-8263, Verizon mobile service.

(d) Married.

(e) Graduated from the University of Delaware.

(f) No children. We were going to try to have children in the next several months.

4.    (a)  At the time of the accident, I was 31 years old. I was born on September 6, 1973 in Belleville, Illinois. I was married at the time of the accident.

(b) At the present time, I have no children or other dependents. My cell number is 302-528-1212. My Social Security Number is 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.

5.    My husband died on October 26, 2004 and I believe he was pronounced dead at Christiana Hospital.  I have been billed, as follows:

Ambulance $355.00

Christiana Hospital $4,119.90

Emergency Room $265.00

6.    John did not sustain any injuries or have any disease, deformity or impairment prior to the accident.

7.    I do not believe that my husband was in an accident before.

8.    John's health insurance carrier was United Healthcare through his employer, Pfizer. Subscriber Number 918882 100, Group Number 183644.

9.    I am claiming financial losses and they are still being calculated. However, to date, they are:

3

(a) My husband's employment wages and benefits; medical bills not paid by insurance; property damage to John's motorcycle not covered by insurance; cancellation of a non-refundable vacation to Cancun; Cobra benefits paid to date in the approximate amount of $2,300.

(b) Costs of upkeep of our rental properties (possible property manager). I will need help with snow removal; lawn care; housekeeping; pet sitting; house maintenance, repair and upkeep; maintenance for my automobile. I will add to this list if I can think of more things John did for us. It is hard right now.

10.    Pfizer Inc., 235 East 42nd Street, New York, New York 10017.

11.    John worked as an Endocrine Care Sales Specialist and was employed on a full time basis. Attached are tax returns for the years 2004, 2003 and 2002.

12.    I was employed at Arizant Healthcare, 10393 West 70th Street, Eden Prairie, MN 55344. I have not been able to return to work after John's death.

13.    John was employed by Pfizer. He was previously employed by Pharmacia, which was bought by Pfizer.

14.    I am not claiming a loss of future earnings as a result of this accident. I have not been able to return to work yet but will shortly. There will be a claim for loss of future earnings on behalf of my husband. I believe my attorneys have hired an economic expert to determine what those losses are.

15.(a)-(d)., inclusive. I know that my attorneys took photographs of the scene of the accident after I hired them. I know they also took photographs of the motorcycle and package van. I do not know the exact date and time they were taken but I believe my attorney has them.

16.(a)-(d). None that I know of.

17.    At the present time the names of witnesses are:

John S. Vascek, Sr.
Sharon and Mickey Ostrum
Kathy and Tommy Terranova
Sean Vascek
Jake Ostrum
Carrie Ostrum
Jack Cox
Sandy Vujanic
Jill Weiss
Kay SeeKamp
Susan Delaney
Dave Krishna
Dave Burbage
Jon White
Todd Eller
Ken Munson
Kevin Cottone
Steve Podolesney
Eric and Jen Burgess
Pam Weaver
Jason Stutts
Dave Swartley
Jay Waters
Emelio DeTorre
Joey Dellaversano
Vine Lunetta
Eddie Malec
Michael Hall
James Roman
William Wagner
John Bassas
Joseph Dudley
Corporal Jeffrey W. Weaver
Sgt. Matthew E. Cox
TFC John P. Forrester
Corporal Blaine Quickel
Corporal Steve T. Rizzo
TFC Andrew J. Hudak
Detective Norman Cochran, Jr.
Richard Callery, M.D.

I will give more names as they become known to me.

18.    I have no idea what exhibits will be used at trial. I will supplement this answer before the trial.

19.-20., inclusive. I do not know what expert witnesses are expected to be called to trial at this point. After I confer with my attorneys and after I speak with the experts my attorneys recommend, I will give a more specific answer to these series of questions.

21.    I believe George Govatos and Al Baxter inspected the motorcycle.

22.(a)-(d)., inclusive. I was told that these two gentlemen inspected the motorcycle shortly after this accident. I do not know exactly when or how many times, and I have not seen any reports of any kind to date.

23.    Heidi Vascek.

24.    Yes.

    (a) John has owned and/or has ridden a motorcycle since he was a teenager.

    (b) Approximately 20 years. For two years prior to the accident, John rode his motorcycle almost every sunny day.

25.    Unknown to me at this time. I will ask his friends and family who always rode with him. I will supplement this answer after I receive more information.

26.    No.

27.    Yes.

28.    (a) Purchased September 18, 2003 from Yamaha City in Philadelphia, Pennsylvania.

(b)  John had ridden his motorcycle on most sunny days since he purchased it. He rode all over. I couldn't give you dates, times and locations.

(c)  I don't know for sure.

29.    (a) Yamaha R1, 2003, Serial #JYARN10E73A13669.

(b) John had purchased a Scotts Steering Stabilizer for the motorcycle, a blue flame exhaust pipe, new lights, Perelli tires, stainless steel braided Galfer brake lines and frame sliders.

(c) My lawyers have the motorcycle stored at a storage locker in Delaware.

30.    Yes.  John owned a 2002 Dukati, which I think he owned for approximately nine months.

31.(a)-(e)., inclusive. John had read the entire Owner's Manual and other safety books regarding safe motorcycle operation. John read these materials because he wanted to be a safe driver.

32.    (a)-(d)., inclusive.  I do not understand the question.

33.    John was meticulous when it came to inspecting his motorcycle. He spent about 20 minutes every time he was going to ride his motorcycle by checking it to ensure that everything was in working order. Additionally, his friend Dave Burbage, who has years of experience riding also worked on and inspected John's bike regularly.

34.(a)-(e)., inclusive.    I do not have first hand knowledge of this information I believe that John's bike was in perfect working order.

35.    (a)-(f)., inclusive. John's motorcycle was inspected and I will try to locate those records. I believe he had his bike serviced at Yamaha and I will try to obtain those records. I do not believe that his motorcycle ever needed to be repaired.

36.    Attached to Plaintiff's Response to Defendant's Request for Production of Documents.

37.    Yes, DL#V07254078209686, expiration 12/31/07 and issued 12/5/03, no restrictions.

38.    John had driven on the road where the accident happened often, estimate of 25-50 times.

39.    At the time of the accident, John had a cell phone, wallet, and E-Z pass with him. I am in possession of those items.

40.    I had spoken to John at approximately 2:00 p.m. on the day of the accident. He was leaving our home to go for a ride. I was on Route 476 coming home from work. At that time he was in the driveway putting on his helmet.

41.    (a)-(c), inclusive. I don't believe so. I was not there.

42.    I did not witness the accident.

43.    I believe at the time of the accident John was wearing thermal underwear, two pairs of thermal socks, riding boots, a tee shirt, a riding jacket, riding gloves and a helmet.

44.    My lawyer has John's helmet. John's sister is in possession of his gloves and jacket. I have possession of his boots.

45.    No one.

46.    Yes.

(a)    USAA Casualty Insurance Company, P.O. Box 659468, San Antonio, Texas 78265;

(b)    Unknown.

(c)    I did not submit any reports.

(d)    A copy of the declaration page is attached to Plaintiff's Response to Defendant's Request for Production of Documents.

(e)    Policy No.: 01255 82 66C 7102.

47.    I believe the police removed the motorcycle from the accident scene but I am not sure.

48.    (a)-(c) John was going to meet a friend to look at houses in the West Chester area. He had no scheduled time to arrive at his destination. John was traveling south on Route 100.

49.    No.

By: *Heidi Vascek*
    _____

    Heidi Vascek

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HEIDI VASCEK, individually and as** | : |
| **Administratrix of the ESTATE OF** | : |
| **JOHN VASCEK, JR.,** | : |
| **Plaintiffs,** | : |
| | : **C.A. No. 04-1538** |
| **vs.** | : |
| | : |
| | : |
| **UNITED PARCEL SERVICE, INC. and** | : |
| **MARK BARD,** | : |
| **Defendants.** | : |

### CERTIFICATE OF SERVICE

I, Michael T. van der Veen, Esquire do hereby certify that on June 21, 2005, I have caused Plaintiff's Answers to Defendant's Interrogatories and Plaintiff's Response to Defendant's Production of Documents to be hand delivered to:

> Jayne A. Risk, Esquire
> One Liberty Place, Suite 4900
> 1650 Market Street
> Philadelphia, Pennsylvania 19103

And hereby certify that true and correct copies were sent via United States Mail, first class to the following counsel of record:

> Richard R. Wier, Jr., Esquire
> 1220 Market Street, Suite 600
> Wilmington, Delaware 19801

> William J. Cattie, III, Esquire
> 300 Delaware Avenue, Suite 1015
> PO Box 588
> Wilmington, Delaware 19899-0588

> Kats, Jamison, van der Veen & Associates

> _____
> Michael T. van der Veen

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,            Plaintiffs,         vs. | : : : : :    C.A. No. 04-1538 : : : |
| UNITED PARCEL SERVICE, INC. and MARK BARD,          Defendants. | : : : |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### REQUEST FOR PRODUCTION OF DOCUMENTS
### (SET I)

Plaintiff, by and through her undersigned counsel, hereby respond to Defendant's Request for Production of Documents.

### GENERAL OBJECTION

Plaintiff's counsel, Michael T. van der Veen, objects to Defendant's Request for Production to the extent that they are overly broad, unduly burdensome, vague, seek inadmissible and/or irrelevant evidence, and are not likely to lead to the discovery of admissible evidence. Plaintiff's counsel objects to the extent that the Request may be construed to seek information or documents protected by the Attorney-Client Privilege, the Work Product Doctrine, the exemption protecting communications passing between the agents of a party conducting an investigation in connection to litigation, or any other applicable privilege or exemption from discovery under the Federal Rules of Civil Procedure.

## **RESPONSES**

1.      Attached hereto is a copy of John Sieffert's statement.

2.      Any and all bills received to date are attached hereto and made a part hereof.

3.-4., inclusive. Any medical records received to date are attached hereto and made a part hereof.

5.-6., To be supplied.

7.      Attached is the Police Accident Report and Supplemental Police Accident Report.

8.      Attached hereto are tax returns from 2002, 2003 and 2004.

9.      Mr. Vascek's helmet, clothing, shoes and jewelry will be made available for inspection at the offices of Richard Wier, Esquire upon defense counsel's formal written request.

10.      Attached hereto is a copy of the Letters of Administration.

11.      The motorcycle has already been produced for inspection.

12.      The Marriage Certificate will be supplied upon request.

13.-14., All documents identified above and in Answer to Defendant's Interrogatories are attached hereto.

Kats, Jamison, van der Veen & Associates

_____

Michael T. van der Veen

Dated: June 21, 2005.

# Exhibit D

1           THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
2                      -   -   -
   HEIDI VASCEK,
3  individually and
   as Administratrix
4  of the ESTATE OF
   JOHN VASCEK, JR.   :
5          v.         :
   UNITED PARCEL      :
6  SERVICE, INC. and  :
   MARK BARD          :   NO. 04-1538
7                      -   -   -
8                 June 30, 2005
9                      -   -   -
10          Oral deposition of HEIDI VASCEK,
11  taken pursuant to notice, was held at the
12  offices of Rawle & Henderson, 300
13  Delaware Avenue, Wilmington, Delaware,
14  commencing at 9:58 a.m., on the above
15  date, before Linda Rossi Rios, a
16  Federally Approved Registered
17  Professional Reporter.
18                     -   -   -
19
20         ESQUIRE DEPOSITION SERVICES
            1880 John F. Kennedy Boulevard
21                   15th Floor
            Philadelphia, Pennsylvania 19103
22               (215) 988-9191
23
24

HEIDI VASCEK

1   my understanding that they'll pay

2   80 percent.

3          Q.     And the remainder of that is

4   a personal out-of-pocket expense?

5          A.     Correct.  Well, he had

6   $1,000 deductible, but yes.

7          Q.     What other costs have you

8   incurred since Mr. Vascek's death

9   relating to the accident?

10         A.     Do you want me to start with

11   the whole list?  There are a lot of

12   things.

13         Q.     Yes.  Start with funeral

14   expenses.  Did you pay his funeral

15   expenses?

16         A.     Yes.

17         Q.     What was the cost of his

18   funeral expenses?

19         A.     I believe you have the list

20   and so I'm guessing on figures.  But, you

21   know, $12,000 funeral.  $5,000 headstone.

22   General associated costs with someone's

23   death.  Hiring an estate attorney.

24         Q.     Anything other than what is

HEIDI VASCEK

1    on the list in your responses to

2    Interrogatories?

3         A.    I mean, if I really sat down

4    and made a huge list, there's lots of

5    things.  Things like hiring a property

6    manager.  John fixed the outlet in my

7    home that I don't know how to do, and I

8    have to hire an electrician, or the fact

9    that I need a gardener now because he

10   mowed my lawn.  The fact that we shared

11   the housekeeping duties.  The fact that

12   he could do the plumbing, the carpentry.

13   He did everything.  We worked on our

14   house and he was Mr. Handyman, and now I

15   have to hire somebody to do the smallest

16   task that I can't do.

17              There's -- the list is very

18   long of the things that I've had to hire

19   people to do.  He took care of the bills.

20   He was the one that was -- he was the

21   financial person.  I sit down and look at

22   everything and it's just -- my mind

23   swells.  He was very good about investing

24   our money and where we go.  Now I have --

**Exhibit E**



**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com


JAYNE RISK
jayne.risk@dlapiper.com
T 215.656.3328  F 215.606.3328

August 29, 2005

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

Re:    **Vascek v. United Parcel Services, Inc. and Mark Bard**

Dear Mr. van der Veen:

I write to request more specific responses to Defendants' Interrogatories Directed to Plaintiff [First Set]. Plaintiff's responses are deficient as follows:

- Interrogatory No. 9 requests the nature and amount of the financial losses that plaintiff is claiming. In response, plaintiff listed a few items, however failing to provide the actual amounts of the purported losses. Ms. Vascek gave no more detail at her deposition and instead referenced the insufficient response to Interrogatories. This response states that it will be supplemented. As the time for providing supplemental disclosures is now past due, please immediately provide a detailed list of the financial losses being claimed, and the nature, date and amount of such loss.

- Interrogatory No. 11 requests Decedent's income "as stated on his federal income tax returns for each of the three years preceding the date of the accident," which would encompass his tax returns for the years 2001, 2002 and 2003. In response, plaintiff referenced the Decedent's W-2's for 2002, 2003 and 2004. In addition, at her deposition Ms. Vascek could not provide a response to the same question and referred us to her income tax returns. Please

**Serving clients globally**



provide an answer to the specific question asked by stating what Decedent's income was for the years 2001, 2002 and 2003 as stated on his federal income tax return.

- Interrogatory No. 15 requests details of any photographs taken of the site of the accident or the instrumentalities involved, to which plaintiff responded "I know my attorneys took photographs of the scene... of the motorcycle and package van. I do not know the exact date and time they were taken..." This answer is non-responsive. You were acting on behalf of the plaintiff at the time photographs were taken and she is obligated to supply the information as requested in this Interrogatory. Additionally, Request for Production of Documents No. 6 requests, *inter alia*, all photographs of the scene of the accident or other subjects relevant to this litigation. It is further your obligation to provide these documents pursuant to the initial Disclosures. You have failed to do so. Only 2 photographs of a very poor quality were produced of the subject motorcycle. Please immediately supply color prints from the negatives of all photographs in your possession relevant to this litigation.

- Interrogatory No. 17 requests the identity of all fact witnesses plaintiff intends to call at trial, in response to which plaintiff supplied a list of names. The instructions and definitions that accompanied Defendants' Interrogatories specifically defined the word "identify" to include "the address of all persons identified." F.R.C.P. 26(a)(1)(A) also requires that a party disclose the name, address and telephone number of each individual likely to have discoverable information. Therefore, please immediately supply the address and telephone number for each of the individuals identified in your response to Interrogatory No. 17.

- Interrogatory No. 21 asks whether plaintiff directed or authorized the inspection of the motorcycle by an expert, and No. 22 requests the details pertaining thereto, to which plaintiff responds that she was told that George Gavatos and Al Baxter inspected the motorcycle and that she does not know when or how many times. Clearly such information is known by you, her attorney. As with the deficiency in your response to Interrogatory No. 15, you and those retained by you in connection with this accident and litigation are acting on plaintiff's behalf and she is obligated to supply the requested information. You may not avoid disclosure of relevant facts by keeping your client uninformed of your actions on her behalf. You and Mrs. Vascek are not separate actors for the purpose of developing the factual record. Please immediately provide the information requested in Interrogatory Nos. 21 and 22.

- Interrogatory No. 31 requests whether Mr. Vascek read the Owner's Manual, Instruction Manual or other publication pertaining to the use and operation of his motorcycle or similar product and, if so, that plaintiff state the details pertaining to those publications. Plaintiff's response states that Mr. Vascek read the Owner's Manual and "other safety books regarding safe motorcycle operation." Per the specific request of Interrogatory No. 31, please



immediately identify the "other safety books" by title and content, the product to which they pertain and the manner in which they were obtained by plaintiff and/or the decedent.

- Interrogatory No. 32 asks whether Decedent ever received an oral or written warning or instruction concerning the use, operation or potential hazards associated with using a motorcycle, and if so, requests that plaintiff supply certain details associated therewith, to which plaintiff responded that she did not understand the question. The question is a clearly-worded inquiry requiring a "yes", "no" or "unknown" response. Please advise your client as to the meaning of the request as it is plainly stated, and immediately supply the details associated with any oral or written warning or instruction that Decedent received concerning the use, operation or potential hazards associated with using a motorcycle, per subsections (a)-(d) of the request.

- Interrogatory No. 42 asks for a description of the accident, to which plaintiff responds that she did not witness the accident. This is non-responsive. As the Decedent's representative and the plaintiff carrying the burden of proof, plaintiff is obligated to fully describe how the accident occurred in a manner sufficient to carry her burden of proof, whether by first-hand knowledge or by inferences drawn from the evidence. The fact that Ms. Vascek did not herself witness the accident is irrelevant. Please immediately states plaintiff's description of how the accident happened as requested by Interrogatory No. 42.

As you are aware, the discovery deadline is quickly approaching. Any further dilatory tactics on your part will prejudice defendants in this matter. Please immediately supply the foregoing information as fully requested by Defendants' Interrogatories. Thank you.

Sincerely,

Jayne Risk

cc:    William Cattie, Esquire
        Richard Weir, Esquire

# Exhibit F

LAW OFFICES
OF

# KATS, JAMISON, VAN DER VEEN & ASSOCIATES†

25 BUSTLETON PIKE
FEASTERVILLE, PA 19053

MARINA KATS+Δ
SETH J. JAMISON* (1961-1998)
MICHAEL T. VAN DER VEEN** Δ

OF COUNSEL:
MICHAEL N. DAVID***
+ Member PA, NJ, NY & Wash., D.C. Bars
* Member PA, NJ Bars
** Member PA, NJ & IL Bars
*** Member PA, NJ & NY Bars
Δ LL.M in Trial Advocacy

(215) 396-9001
FAX (215) 396-8388
(800) LAW-1917
E-mail: Marina@mkats.com
Website: http://www.mkats.com

NEW JERSEY OFFICE
1 Pennington-Washington
Crossing Road; Suite 12
Pennington, NJ 08534-3506
(856) 795-0999

NEW YORK OFFICE
110 Wall Street, 21st Floor
New York, NY 10005
(212) 496-5400

†LAW OFFICES OF
  KATS & ASSOCIATES, P.C.

September 5, 2005

Jayne A. Risk, Esquire                    215-606-3328
Piper Rudnick Gray Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300

Re: Heidi Vascek, Individually and as Administratrix of the Estate
    of John Vascek, Jr. v. United Parcel Services and Mark Bard

Dear Ms. Risk:

     I am writing in response to your letter of August 29, 2005
regarding Plaintiff's responses to Defendant's Interrogatories in the
above-captioned matter.

     1. As to Interrogatory No. 9, the financial loss to the Plaintiff due to
the death of Mr. Vascek will be the subject of expert testimony. That
analysis is not yet complete. When it is, Plaintiff will provide the report of
her expert economist.

     2. As to Interrogatory No. 11, Plaintiff provided tax returns for the
years 2000, 2001, 2002 and 2003. However, if defendant is unable to
locate those returns, please notify me and duplicates will be provided.

Jayne Risk, Esquire                     September 5, 2005
Re: <u>Estate of John Vascek v. UPS, et al</u>.     Page -2-

    3. As to Interrogatory No. 15, what you request is trial preparation material protected from disclosure by FRCP 26. The information is not unique and, in fact, Defendant is in possession of the only unique photographs of the scene, those taken by representatives of the Defendant on the day of the incident. That being said, Plaintiff will gladly exchange all photographs taken in preparation of this matter for litigation in exchange for a like exchange from the Defendants of all photographs taken by Defendants or their representatives in preparation of this litigation.

    4. Nina is in the process of obtaining all addresses and will be supplied within the week.

    5. As to Interrogatory Nos. 21 and 22, what you request is again trial preparation material protected by FRCP 26. Should Mr. Govatos or Mr. Baxter be called as testifying expert witnesses for the Plaintiff, Plaintiff, will, of course, provide notice of the same to you and provide a written report containing reference to all material considered in reaching their opinions.

    6. As to Interrogatory No. 31, Plaintiff is making a search for the "safety books" referred to by the Plaintiff, and will provide the information that you request that is a product of that search.

    7. As to Interrogatory No. 32, as explained, the response of the Plaintiff is: (a) Mr. Vascek took and passed all required licensure examinations for operating a motorcycle which contained information as to the safe use of a motorcycle. (b) To Plaintiff's knowledge, Mr. Vascek was never warned by anyone regarding safe operation of his motorcycle. (c) Mr. Vascek did, however, make numerous safety modifications to his motorcycle surrounding which it can be assumed that he received information regarding those safety modifications with persons unknown at this time.

    8. As to Interrogatory No. 42, Plaintiff has no first hand knowledge of how the incident in question occurred. That being said, it is the belief of the Plaintiff that the Defendant, Bard, in operation of the Defendant UPS package van, violated his duties at a stop sign, violated the right of way of Mr. Vascek, stopped the van completely blocking Mr. Vascek's right of way, leaving Mr. Vascek no ability to avoid the collision which caused the death of Mr. Vascek. At trial, Plaintiff will present expert

Jayne Risk, Esquire                    September 5, 2005
Re: Estate of John Vascek v. UPS, et al.    Page -3-

accident reconstruction testimony that more fully develops how and why
Mr. Vascek died. That expert testimony will be the subject of a report by
the accident reconstruction expert, which will be provided pursuant to
the Court's order in this matter.

In addition, we have received your response to our request for
inspection and the use of the package van in our proposed testing. The
purpose of the new request was to clarify what we sought to accomplish
and to have a clean statement of what was requested and your response.
We will, of course, pursue an order to compel this inspection, but if you
persist in your refusal to allow the inspection, we propose, in the
alternative, we will rent a van of the same make, model and dimensions
to conduct our own testing.

As to our request for visual and hearing testing of Mr. Bard, it is
Plaintiff's position that both his eyesight and hearing are in question, as
he neither saw a motorcycle (with lights on) that he should have been
able to see, nor heard a motorcycle that given his position, with doors
open, that he should have been able to hear. The fact that he testified
that his eyesight and hearing are fine, does not, as I am sure you realize,
resolve the issue. That being said, if there exists a record of testing
conducted of Mr. Bard's eyesight and hearing, please provide it. If that
testing is sufficient for our purposes, we will withdraw our request for the
physical examination of Mr. Bard.

When you receive this letter, I would appreciate the courtesy of a
phone call at (215) 204-8949, during which time we can address your
letter, this response, and your response to my letter of August 31, 2005,
as well as other outstanding discovery issues. Hopefully, during that
phone call, we can agree on an exchange of information, or agree to
disagree and go forward with appropriate motion practice.

Sincerely,

Anthony J. Bocchino

AJB:nb
cc: Richard Wier, Esquire
    William Cattie, Esquire