IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., :<br>Plaintiffs, : <br> : <br>vs. : <br> : <br>UNITED PARCEL SERVICE, INC. and MARK BARD, : <br>Defendants. : | C.A. No. 04-1538 |

**BRIEF IN SUPPORT OF
DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION FOR PROTECTIVE ORDER**

I.   **INTRODUCTION / STATEMENT OF THE FACTS**

This action arises from an accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18). Plaintiff further alleges that UPS negligently entrusted the package car to Mr. Bard, and failed to properly hire, supervise, and train him. (See Complaint at ¶ 21).

Throughout the course of discovery, defendant UPS has been diligent and cooperative in providing plaintiff's counsel with access to documents and witnesses material to this lawsuit. Defendants have produced nearly five hundred documents in response to plaintiff's two sets of Requests for Production of Documents, and has supplemented its responses as many as five times. Defendant has also provided plaintiff with detailed and complete responses to Interrogatories. Further, defendant has been exceedingly cooperative with plaintiff's counsel in scheduling depositions of witnesses; to date, twelve witnesses have been deposed in this matter, (including three UPS employees) and additional depositions have been scheduled (including three more UPS employees).

Plaintiff now seeks to depose UPS representatives with knowledge of the following areas: (1) supervision of Mark Bard; (2) driver safety/training; (3) truck maintenance; and (4) information systems. (See Plaintiff's Notice of Depositions, 9/15/2005, attached to Defendant's Motion for Protective Order as Exhibit C).[1] In response to plaintiff's request, defendant has agreed to produce Alan Hastings, Mark Bard's direct supervisor, who will testify to the supervision of Mark Bard.

Thus, defendant has agreed to provide plaintiff with the opportunity to depose UPS representatives who possess knowledge that is relevant to this suit. However, defendant has not agreed to produce witnesses with knowledge of truck maintenance or information systems, as

---

[1] On September 14, 2005, plaintiff served a Notice of Depositions requesting to depose the following UPS designees on September 29, 2005: (1) Corporate designee—immediate supervisor of Mark Bard; (2) Corporate designee—in charge of driver safety/training; (3) Corporate designee—information systems; (4) Corporate designee—truck maintenance. (See Plaintiff's Notice of Depositions, 9/14/2005, attached to Defendant's Motion for Protective Order as Exhibit A). Subsequently, on September 15, 2005, plaintiff served a Notice of Vacation of Depositions, (See Plaintiff's Notice of Vacation of Depositions, 9/15/2005, attached to Defendant's Motion for Protective Order as Exhibit B), followed by a new Notice of Depositions requesting to depose the same individuals as well as additional witnesses at a mutually convenient date and time. (See Exhibit C).

these areas are entirely immaterial to plaintiff's claims against Mr. Bard and UPS. Indeed, plaintiff's sole motivation in deposing such witnesses is to harass, inconvenience, and cause needless expense to defendant UPS. Accordingly, defendant now moves for a Protective Order directing that the plaintiff be precluded from deposing a corporate designee with knowledge of truck maintenance and/or information systems.

## II.     ARGUMENT

Plaintiff seeks to depose two UPS representatives who do not possess any information that is relevant to this case: (1) a corporate designee with knowledge of truck maintenance, and (2) a corporate designee with knowledge of information systems. For the reasons set forth below, this Court should protect defendant UPS from undue burden and expense and enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) to preclude plaintiff from deposing these individuals.

Pursuant to Federal Rule of Civil Procedure 26(c), the court may issue a protective order for "good cause." Fed. R. Civ. P. 26(c). Specifically, Rule 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c)(1).

The Third Circuit has recognized several factors that may be considered in evaluating whether good cause exists for a protective order. See Glenmede Trust Company v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). Among these factors, the court may consider "whether the sharing of information between litigants will promote fairness and efficiency," and "whether the

3

information is being sought for a legitimate purpose." <u>BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.</u>, 224 F.R.D. 581, 589 (D. Del. 2004).

In the present matter, good cause exists for a protective order because the deposition of UPS representatives with knowledge in the requested areas will not promote fairness and efficiency, nor are the depositions being sought for a legitimate purpose.

### A. Good Cause Exists for a Protective Order Because the Deposition of UPS Representatives with Knowledge in the Requested Areas Will Not Promote Fairness and Efficiency.

First, deposing UPS representatives with knowledge in the requested areas will undoubtedly hinder the fairness and efficiency of discovery in this matter because these individuals do not possess any information relevant to plaintiff's claims. As noted above, plaintiff alleges in the Complaint that UPS is vicariously liable for Mark Bard's negligence in operating the package car, and that UPS negligently entrusted the package car to Mr. Bard and failed to properly hire, supervise, and train him. Nowhere in the Complaint does plaintiff allege that UPS or Mr. Bard failed to properly maintain the subject package car, or that improper maintenance contributed in any way to the collision. Maintenance of the package car is not an issue in this case. As such, testimony pertaining to the maintenance of the van is entirely irrelevant to this lawsuit. The deposition of a corporate designee with knowledge of truck maintenance would amount to a waste of time and resources.

Furthermore, assuming, *arguendo*, that "truck maintenance" is relevant to this suit, UPS has already provided plaintiff with complete maintenance records for the package car involved in the subject accident. Specifically, defendant has produced the following documents:

- Repair Records for package car covering 1/29/04 through 12/31/04
- Driver Vehicle Inspection Reports dated: 9/23/2004; 9/23/2004; 9/24/2004; 9/24/2004; 9/27/2004; 9/28/2004; 9/29/2004; 9/29/2004; 9/30/2004; 10/1/2004;

4

10/4/2004; 10/5/2004; 10/6/2004; 10/7/2004; 10/8/2004; 10/11/2004; 0/12/2004; 10/12/2004; 10/14/2004; 10/14/2004;10/15/2004; 10/18/2004; 10/19/2004; 10/19/2004; 10/20/2004; 10/21/2004; 10/21/2004; 10/22/2004; 10/25/2004; 9/23/2004; 3/9/2004; 8/19/2003

- Preventative Maintenance Inspection Reports dated: 8/18/2003; 9/22/2004; 3/8/2004

- DIAD report for the date of the accident

Thus, given that UPS's maintenance of the package car is not an issue in this case, and that plaintiff has, in any event, already received a complete set of maintenance, service, and repair records for the subject van, the deposition of a corporate representative with knowledge of truck maintenance will not in any way assist plaintiff in developing his case against Mr. Bard and UPS.

Similarly, it is difficult to conceive of how a member of UPS's information systems department could shed any light on facts pertaining to plaintiff's negligence claims. "Information systems," the department that oversees computer technology at UPS, does not have any information pertaining to this lawsuit. UPS employees who work in information systems do not have any knowledge as to how the accident occurred, how Mr. Bard was retained, trained, or supervised, or whether he was a competent employee. Nor does anyone in the information systems department have any knowledge of UPS's investigation into the accident after it took place. Plaintiff's request for a corporate designee in information systems amounts to nothing more than a fishing expedition. Plaintiff has deposed UPS district manager of health of safety Jim Liggett and supervisor Jim Jester, both of whom have knowledge of the accident. Plaintiff has also scheduled to depose UPS supervisors Brian Vincent and Alan Hastings, as well as manager Mike Long, all of whom have knowledge of the accident. Simply stated, "information systems" is completely irrelevant to the present dispute.

5

Given that the depositions of corporate designees with knowledge of truck maintenance and information systems will hinder the fairness and efficiency of the discovery process in this case, this Court should protect defendant UPS from undue burden and expense by entering a Protective Order precluding plaintiff from deposing such witnesses.

### B. Good Cause Exists for a Protective Order Because the Deposition of UPS Representatives with Knowledge in the Requested Areas is Not Being Sought for a Legitimate Purpose.

Moreover, these depositions are clearly being sought for an improper purpose. As discussed above, plaintiff seeks to depose UPS representatives who do not possess any information pertinent to the issues at stake in this lawsuit. As such, plaintiff cannot hope to achieve anything by deposing these individuals other than to harass, inconvenience, and cause unnecessary expense to UPS. Draining the resources of both UPS and its legal staff is obviously not a legitimate purpose for discovery.

This Court should prevent plaintiff from abusing the discovery process in this manner. Accordingly, defendants seek an Order of this Court, consistent with the guidance of Rule 26(c)(1), precluding plaintiff's counsel from deposing corporate designees with knowledge of truck maintenance and information systems.

### III. CONCLUSION

Per the foregoing, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion for Protective Order precluding the plaintiff from deposing

corporate designees with knowledge of truck maintenance and information systems, and granting such other relief as this Court deems appropriate.

                        Respectfully submitted,

**RAWLE & HENDERSON LLP**

    /s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**

O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:   (215) 656-3328

Dated: October 3, 2005