IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,                 Plaintiffs, vs. UNITED PARCEL SERVICE, INC. and MARK BARD,                 Defendants. | : : : : : : C.A. No. 04-1538 : : : : : : |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION TO QUASH THE SUBPOENA
DIRECTED TO MICHAEL HUTCHINSON**

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, brings this Motion to Quash plaintiff's subpoena *duces tecum* of documents from Michael Hutchinson, and in support of same avers as follows:

1. This action arises from an accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

2. On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package van caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18). Plaintiff further alleges that

UPS negligently entrusted the package van to Mr. Bard, and failed to properly hire, supervise, and train him. (See Complaint at ¶ 21).

3. Throughout the course of discovery, defendant UPS has been diligent and cooperative in providing plaintiff's counsel with access to documents material to this lawsuit. On April 26, 2005, defendant produced nearly five hundred documents in response to plaintiff's Request for Production of Documents, and has since supplemented its responses as many as five times. Defendant has also provided plaintiff with detailed and complete responses to two sets of Interrogatories.

4. Plaintiff now seeks the production of documents from UPS's liability insurer, Liberty Mutual, and has issued a subpoena requesting: "All documents related to the October 26, 2004 collision between Mark Bard and John Vascek, Jr. and any investigation of said collision, including but not limited to the claims file AB505167019-01." (See Subpoena *Duces Tecum*, attached to Defendant's Motion to Quash as Exhibit A). Plaintiff is not entitled to the production of these documents because they are protected by the work product privilege and under Rule 26(b)(3) of the Federal Rules of Civil Procedure. Accordingly, defendant now moves this Court to enter an Order quashing plaintiff's subpoena *duces tecum*.

5. Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena if such subpoena "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). Thus, a subpoena *duces tecum*, which compels the production of documents, is subject to Rule 45(c)(3)(A)(iii) where the subpoena requires the disclosure of documents that are privileged under the work product privilege.

6.    The work product privilege, which is codified under Federal Rule of Civil Procedure 26(b)(3), states that documents prepared in anticipation of litigation are not discoverable. Fed. R. Civ. P. 26(b)(3). Specifically, Rule 26(b)(3) provides in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, *insurer*, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3) (emphasis added).

7.    The party seeking discovery can only overcome the privilege by showing that it has "substantial need of the materials" and that the party is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Id.; Raso v. CMC Equipment Rental, Inc., 154 F.R.D. 126 (E.D. Pa. 1994).

8.    In the present matter, the documents that plaintiff requests from Liberty Mutual were prepared in anticipation of litigation and are therefore protected under the work product privilege.[1] Plaintiff has requested production of "all documents related to the October 26, 2004 collision between Mark Bard and John Vascek, Jr. and any investigation of said collision, including but not limited to the claims file AB505167019-01." (See Exhibit A). Liberty Mutual's file, however, was prepared for the specific purpose of defending a lawsuit against UPS in connection with this accident. Specifically, Liberty Mutual, UPS's liability insurer, was

---

[1] Moreover, to the extent that Liberty Mutual may be in possession of documents that were not prepared in anticipation of litigation, such documents have already been produced to plaintiff.

contacted immediately following the accident. At that time, upon discovering the circumstances surrounding plaintiff's death, it became apparent to both Liberty Mutual and UPS that this fatal motor vehicle collision presented a significant possibility of litigation. Therefore, Liberty Mutual proceeded to investigate the accident and to work with defense counsel in defending UPS against the present suit. Thus, the documents that plaintiff seeks to examine were created in the course of Liberty Mutual's participation in the defense of this lawsuit. Clearly then, these documents were "prepared in anticipation of litigation" within the meaning of Federal Rule of Civil Procedure 26(b)(3).

9. Plaintiff cannot meet her burden of establishing a "substantial need" for these documents, as plaintiff is able to obtain—indeed already has obtained—the substantial equivalent of these documents through written discovery and depositions. As noted above, over five months ago, on April 26, 2005, defendant UPS produced nearly five hundred documents in response to plaintiff's Request for Production of Documents, and has since supplemented its responses as many as five times. Among these documents are the police report,[2] photographs of the accident scene, and Mr. Bard's employment records. Defendant has also provided plaintiff with detailed and complete responses to Interrogatories, and plaintiff has been provided with the recorded statements of two witnesses, John Seiffert and Amy Stratton. Furthermore, to date, twelve witnesses have been deposed in this matter (including three UPS employees), and additional depositions have been scheduled (including three more UPS employees). Plaintiff has extensively deposed the Delaware State Police investigators involved in the accident investigation. Given that plaintiff has already been provided with extensive documentation and

---

[2] The Police Report is an exhaustive document containing witness statements, diagrams, vehicle information, scene measurements and 34 photographs.

access to witnesses in connection with the subject motor vehicle collision, plaintiff is clearly able to obtain "the substantial equivalent" of the information in Liberty Mutual's file.

10. For the foregoing reasons, the documents that plaintiff seeks from Liberty Mutual are protected from disclosure pursuant to the work product privilege and Rule 26(b)(3) of the Federal Rules of Civil Procedure. Accordingly, defendant seeks an Order of this Court, consistent with the guidance of Rule 45(c)(3)(A)(iii), quashing plaintiff's subpoena *duces tecum*.

**WHEREFORE**, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion to Quash, and granting such other relief as this Court deems appropriate.

> Respectfully submitted,
>
> **RAWLE & HENDERSON LLP**
>
> /s/ William J. Cattie, III
> William J. Cattie, III, Esquire (#953)
> Attorneys for Defendants
> 300 Delaware Avenue - Suite 1015
> Wilmington, DE 19899
> Telephone: (302) 778-1200
>
> **DLA PIPER RUDNICK GRAY CARY US LLP**
> O. Daniel Ansa (*admitted pro hac vice*)
> Jayne A. Risk (*admitted pro hac vice*)
> Attorneys for Defendants,
> One Liberty Place
> 1650 Market Street, Suite 4900
> Philadelphia, PA 19103
> Telephone: (215) 656-3328

Dated: October 4, 2005

# Exhibit A

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

## DISTRICT OF DELAWARE

Heidi Vascek

V.

United Parcel Service, Inc. and
Mark Bard

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 04-1538 SLR

TO: Michael Hutchinson
Liberty Mutual
PO Box 100058
Duluth, GA 30096-9358

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents related to the October 26, 2004 collision between Mark Bard and John Vascek, Jr. and any investigation of said collision, including but not limited to the claims file AB505167018-01
*Attendance is waived if produced by October 1, 2005

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Richard R. Wier, Jr.<br>1220 Market St., Suite 600<br>Wilmington, DE 19801 | Oct. 5, 2005; 10am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney For Plaintiff | 9/20/05 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Daniel W. Scialp, (302) 888-3222
1220 Market St. Suite 600 Wilmington DE 19801