IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>　　　　　Defendants. | C.A. No. 04-1538 |

## DEFENDANTS' MOTION TO COMPEL DOCUMENTS PERTAINING TO PLAINTIFF'S INTERVIEW OF WITNESS AMY STRATTON

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, brings this Motion to Compel plaintiff to produce documents pertaining to her counsel's interview of witness Amy Stratton, and in support of same avers as follows:

1. This action arises from an accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package van operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

2. On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package van caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18).

3. While traveling southbound on Route 100 in Greenville, Delaware on the date of the accident, witness Amy Stratton was passed by plaintiff's decedent traveling at a high rate

speed on his motorcycle, just moments prior to plaintiff's decedent's impacting the UPS package car. Plaintiff's decedent passed Ms. Stratton, pulled ahead and drove out of view, and moments later Ms. Stratton came upon the accident scene just after it had occurred.

4. Ms. Stratton was deposed on October 4, 2005. It was learned during Ms. Stratton's deposition that she traveled with plaintiff's counsel and an unidentified third individual to the scene of the accident, where she identified for plaintiff's counsel the exact point on the road where the plaintiff's decedent's motorcycle passed her.

5. Defendants' counsel made repeated attempts to speak with Ms. Stratton after the accident. However, unbeknownst to defendants' counsel, shortly after the accident Ms. Stratton relocated to Denver, Colorado and is no longer a resident of Delaware. Defendants' counsel was therefore not able to accompany Ms. Stratton to the scene of the accident, as plaintiff's counsel was able to do.

6. During Ms. Stratton's deposition, defendants' counsel asked Ms. Stratton to identify the exact location on Route 100 where the plaintiff's decedent's motorcycle passed her prior to the accident. She was unable to do so. Ms. Stratton explained that there are no landmarks or particular identifiers that would allow her to specifically identify the location where plaintiff's decedent's motorcycle passed her. She said that she would be able to identify it if she were physically present at the location, but she was unable to articulate it when not present at the location.

7. Plaintiff's decedent's speed at the time of the accident is the material fact at issue in this matter. The point at which plaintiff's decedent's motorcycle passed Ms. Stratton is highly relevant information, critical both to the defense in this matter. Knowledge of the precise location at which the plaintiff's decedent accelerated passed Ms. Stratton, combined with Ms.

Stratton's testimony regarding her rate of speed, will aid in determining the speed the plaintiff's decedent was traveling at the time of the accident. (In point of fact, the Delaware state police Fatal Accident Team investigation concluded that the cause of the accident was the motorcycle operator's excessive speed for the conditions.)

8. Plaintiff has failed to produce any documents, notes or photographs relating to the interview of Ms. Stratton at the accident scene.

9. The work product privilege, Rule 26(b)(3), provides in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

10. In this case, defendants have a "substantial need" for these documents, as they are unable to obtain the substantial equivalent without undue hardship. Ms. Stratton is unable to articulate the precise location where she was passed by the plaintiff's decedent without being physically present at the scene. She now resides in Denver Colorado. Defendants are unable to accompany Ms. Stratton to the scene of the accident, as plaintiff's counsel was able to do. Therefore, defendants are not able to learn from Ms. Stratton where on Route 100 she was passed by the plaintiff's decedent's motorcycle just prior to the accident. The information gathered by plaintiff's counsel and the unidentified third person when they accompanied Ms. Stratton to the accident scene is unique information exclusively possessed by plaintiff, is material and integral to the heart of the matter in this case, and defendants cannot obtain its reasonable equivalent.

11. Accordingly, defendants request an Order of this Court compelling plaintiff to produce the notes and related documents, excluding the mental impressions, conclusions, opinions, or legal theories of counsel, which were created by plaintiff's counsel and the unidentified third person during their interview of Amy Stratton at the scene of the accident.

**WHEREFORE**, defendant United Parcel Service, Inc. respectfully requests that this Court grant the foregoing Motion to Compel and grant such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Telephone:    (215) 656-3328

Dated: October 6, 2005