IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>            Plaintiffs,<br><br>    vs.<br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>            Defendants. | :<br>:<br>:<br>:<br>: C.A. No. 04-1538<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL DOCUMENTS PERTAINING TO PLAINTIFF'S INTERVIEW OF WITNESS AMY STRATTON**

**I.    INTRODUCTION**

This action arises from an accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18). Plaintiff further alleges that UPS negligently entrusted the package car to Mr. Bard, and failed to properly hire, supervise, and train him. (See Complaint at ¶ 21).

While traveling southbound on Route 100 in Greenville, Delaware on the date of the accident, witness Amy Stratton was passed by the plaintiff's decedent traveling at a high rate of speed on his motorcycle, just moments prior to the plaintiff's decedent impacting the UPS package car. Plaintiff's decedent passed Ms. Stratton, pulled ahead and drove out of view, and moments later Ms. Stratton came upon the accident scene just after it occurred.

Ms. Stratton was deposed on October 4, 2005. It was learned during Ms. Stratton's deposition that she traveled with plaintiff's counsel and an unidentified third individual to the scene of the accident, where she identified for plaintiff's counsel the exact point on the road that the decedent's motorcycle passed her. Defendants' counsel also made attempts to speak with Ms. Stratton after the accident; however, unbeknownst to defendants' counsel, shortly after the accident Ms. Stratton relocated to Denver, Colorado and is no longer a resident of Delaware. Defendants' counsel was therefore not able to accompany Ms. Stratton to the scene of the accident, as plaintiff's counsel was able to do prior to her relocation to Colorado.

During Ms. Stratton's deposition, defendants' counsel asked Ms. Stratton to identify the exact location on Route 100 where the plaintiff's decedent's motorcycle passed her, but she was unable to do so. Ms. Stratton explained that there are no landmarks or particular identifiers that would allow her to specifically identify the location where plaintiff's decedent's motorcycle passed her. She testified that she would be able to identify the location if she were physically present, but she was unable to articulate it when not present at the location. Defendants, however, are unable to travel with Ms. Stratton to the scene of the accident, and therefore cannot learn from her the precise location on Route 100 where she was passed by plaintiff's decedent's motorcycle prior to the accident.

The point at which plaintiff's decedent's motorcycle passed Ms. Stratton is highly relevant information, critical to Mark Bard's and UPS's defenses in this matter. As such, plaintiff is in possession of factual information, although gathered by her counsel, that is otherwise discoverable and defendants are not able to obtain the reasonable equivalent information without undue hardship. Accordingly, defendants request an Order of this Court compelling plaintiff to produce the notes and related documents, excluding the mental impressions, conclusions, opinions, or legal theories of counsel, which were created by plaintiff's counsel and the unidentified third person during their interview of Amy Stratton at the scene of the accident.

## II. ARGUMENT

The decedent's speed at the time of the accident is *the* material fact in this matter, a fact critical to the defendants' defenses. Ms. Stratton has testified regarding her rate of speed. That information, coupled with the precise location at which the plaintiff's decedent accelerated past Ms. Stratton prior to the accident, will aid in determining the speed that plaintiff's decedent was traveling at the time of the accident. Plaintiff, however, has failed to produce and documents, notes or photographs relating to the interview of Ms. Stratton at the accident scene.

The work product privilege, Rule 26(b)(3), provides in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Statements of an eye witness given to one party, where another party cannot obtain the reasonable equivalent, are discoverable pursuant to Rule 26(b)(3). *See* McNulty v. Bally's Park Place, Inc., 120 F.R.D. 27 (E.D. Pa. 1988). Therein, an eye witness who resided in Texas, and who had given two statements to the defendant, could not be reached by the plaintiff. Id. at 30. Defendant had given plaintiff the first of the two statements, and therefore challenged the plaintiff's showing of "substantial need" for the other statement. Id. However, plaintiff prevailed by noting that without knowledge of the information given to the defendant in the second statement, plaintiff could be subjected to surprise at trial and could be unaware of further facts beneficial to her case. Id. Although the plaintiff had also received an unconfirmed report of the witness's death, the Court remarked that, regardless of such unconfirmed report, the witness's whereabouts some 1200 miles away restricted plaintiff's access to the witness. Id. Accordingly, defendant was compelled to produce the witness's statement to the plaintiff. Id.

In the instant case, defendants are able to demonstrate a similar substantial need for the documents requested, as they are unable to obtain the substantial equivalent without undue hardship. Although defendants' counsel has deposed Ms. Stratton, nonetheless there is information that Ms. Stratton is no longer able to provide, namely information that she was able to convey to plaintiff's counsel shortly after the accident nearly a year ago when she still resided in Delaware. As in McNulty, the whereabouts of Ms. Stratton's current residence in Denver, Colorado restricts defendants' access to her. Unlike plaintiff's counsel was able to do, defendants are unable to accompany Ms. Stratton to the scene of the accident, and Ms. Stratton is now unable to articulate the precise location where she was passed by the plaintiff's decedent's motorcycle. Therefore, plaintiff possesses facts material to the case which defendants cannot obtain by other means. The information gathered by plaintiff's counsel and an unidentified third

person while accompanied by Ms. Stratton to the accident scene is unique information exclusively possessed by plaintiff, and defendants cannot obtain its reasonable equivalent.

Accordingly, defendants request an Order of this Court compelling plaintiff to produce the notes and related documents, excluding the mental impressions, conclusions, opinions, or legal theories of counsel, which were created by plaintiff's counsel and the unidentified third person during their interview of Amy Stratton at the scene of the accident.

### III. CONCLUSION

For the foregoing reasons, defendants United Parcel Service, Inc. and Mark Bard respectfully request that this Court grant their Motion to Compel production of documents pertaining to plaintiff's counsel's interview of witness Amy Stratton and grant such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:   (215) 656-3328

Dated: October 6, 2005