IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>        Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>        Defendants. | C.A. No. 04-1538 SLR |

**PLAINTIFF'S BRIEF IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION TO COMPEL DISCOVERY.**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222

Michael T. van der Veen
Anthony Bocchino
KATS, JAMISON VAN DER VEEN
& ASSOCIATES
25 Bustleton Pike
Festerville, PA 19053

October 6, 2005

TABLE OF CONTENTS

TABLE OF CITATIONS................................................................................3

I. INTRODUCTION...........................................................................4

II. INSPECTION OF DEFENDANT'S PACKAGE VAN PURSUANT TO FRCP 34......5

III. MOTION TO COMPEL THE NON-INVASIVE MEDICAL TESTING OF THE DEFENDANT BARD..............................................................................9

IV. PRODUCTION OF PHOTOGRAPHS OF THE INCIDENT SCENE, AND NAMES OF FACT WITNESSES POSSESSING INFORMATION OF THT SCENE, THE SUBSTANTIAL EQUIVALENT OF WHICH IS NOT AVAILABLE TO PLAINTIFFS.....................................................................................10

V. PRODUCTION OF DOCUMENTS REQUESTED IN PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS........................................13

VI. OTHER PENDING DISCOVERY REQUESTS...........................................14

VII. CONCLUSION................................................................................15

TABLE OF CITATIONS

In re Air Crash Disaster at Sioux City, 1881 U.S. Dist. Lexis 10372 (D. Ill.1991)...................7

I. INTRODUCTION

Plaintiff has filed an Ominbus Motion to Compel Discovery that was necessitated by the failure of Defendants to make timely, complete and candid responses to Plaintiff's legitimate discovery requests. Defendants claim in their brief in opposition to this motion that it is outside this Court's Order limiting the parties to two motions. Rather than attempting to circumvent the Court's order, this motion is filed so that the Court can address all of the multiple discovery failures of Defendants at one time. To suggest that discovery can be circumvented by a limitation on motions is, itself, an absurdity, as it would do nothing but encourage the lack of candor exhibited by Defendants in discovery in this case.

Defendants' claims regarding each portion in Plaintiff's Motion to Compel are addressed in order.

## II. INSPECTION OF DEFENDANT'S PACKAGE VAN PURSUANT TO FRCP 34

### A. Factual Background

John Vascek, Jr. was killed when the motorcycle he was operating collided with the Defendant UPS package van as it was operated by the Defendant Bard on October 26, 2004. Immediately before the collision, the package van was on Twadell Mill Road at the intersection of Montchanin Road. The package van had a stop sign and was attempting a left hand turn onto northbound Montchanin Road when it stopped fully in Mr. Vascek's lane of traffic (south bound on Montchanin Road), thereby violating Mr. Vascek's right of way and leaving him no safe avenue of escape and causing the collision that killed Mr. Vascek. The Defendant Bard claims that he did not hear or see Mr. Vascek and the motorcycle he was operating from where he stopped at the intersection, even though it was a clear day and the driver's side door of the package van was open, and that he could not avoid the collision.

The line of sight to Mr. Vascek's motorcycle from the van, and what could be heard of that motorcycle from the van are critical to a fair outcome of the case. As a result, Plaintiff, contemplated bringing the package van to the intersection of Twadell Mill Road and Montchanin Road to conduct line of sight and sound testing utilizing the actual package van and the actual motorcycle involved. A Motion to Produce the van at the intersection was made, a date agreed upon, and it was arranged with the Delaware State Police that the intersection would be closed to traffic for the purpose of this line of sight and sound testing. At the insistence of defense counsel, this testing was canceled for its originally scheduled time and date of June 20, 2005. (See Exhibit A)

Just prior to the second testing date, it became apparent that despite conversation between

counsel, that there was a misunderstanding as to what was to occur in the testing and a letter of clarification was sent by Plaintiff's counsel to Defendants'counsel. Defendant's counsel then refused to produce the van as agreed.

Rather than argue about oral representations in a Motion to Compel, a second request to produce the package van for line of sight and sound testing at the intersection where Mr. Vascek died was made on August 24, 2005 (See Exhibit B). That request, which clearly set out the details of the proposed testing was sent to Defendants' counsel and again, in a letter dated August 30, 2005, Defendants refused to produce the package van. (See Exhibit C) **In Defendants' Opposition to Plaintiff's Motion to Compel no reference is made to this clarifying request.**

B. Argument

The request to conduct non-destructive line of sight and sound testing utilizing the package van involved in the death is legitimate discovery. Contrary to Defendants' assertion what is proposed is not an Accident Reconstruction. There will be no collision between the Mr. Vascek's motorcycle (which is unchanged from the October 26, 2004 and driveable), and the package van. It should be noted that the package van was driveable after the collision in question, and it was arranged that repairs would be made to the van to put it in the same condition as it was at the time of the collision before it was to be driven to the intersection of Twadell Mill Road and Montchanin Road.

According to the clarifying request for production, all that was required for the desired line of sight and sound testing was that the van be placed at the stop sign on Twadell Mill Road, and then at the position where Twadell Mill Road and Montchanin Road actually intersect. Camera and sound equipment are to be placed in the position in which Mr. Bard was at the time

immediately proceeding the collision to check what he would have seen if he had looked and what he would have heard if he listened.[1]

The testing as described in Plaintiff's Request for Production (Exhibit B) does not, unlike the testing requested in In re Air Crash Disaster at Sioux City, 1881 U.S. Dist. Lexis 10372 (D. Ill.1991), require the Defendants to carry out tests on machinery according to opposing party's specifications. In fact, the Defendants need do nothing for the purposes of these tests. In addition, unlike the testing requested in that case, there is virtually no expense to Defendants. All they need do is drive their van to the scene of this collision. Plaintiff volunteers to pay for necessary fuel and the time of a driver. While it may be possible, with considerable expense to rent a van of the exact dimensions of the Defendant's van for the purposes of the testing proposed, that testing would then be subject to undoubted claims by the Defendant that the test was not admissible because the rented vehicle was not the one in question.

Defendants' claims that there is risk of damage to their van is nothing short of absurd. The van will be parked for all testing. The road will be closed to all other traffic. And the person operating Mr. Vascek's motorcycle will certainly not run into the Defendants' van. By the clear terms of the clarifying request to produce, nothing will be destroyed.

In short, the line of sight and sound testing proposed by the Plaintiff is neither destructive, time consuming, expensive or burdensome in any way. It will show exactly what would have been seen and heard by the Defendant Bard if he had looked and listened as he was required to do. While it is understandable that Defendants might fear the results of such testing, there is no

---

[1] In fact, during his deposition, the Defendant Bard volunteered to come to the scene of the proposed testing. Defendants' counsel has since withdrawn the Defendant Bard's offer on his behalf.

legitimate basis for their failure to comply with Plaintiff's request to produce of August 24, 2005. (See, Exhibit B)

C. Conclusion

For all of the above stated reasons, the production of the Defendant UPS van for purposes of conducting line of sight and sound testing should be granted.

III. MOTION TO COMPEL THE NON-INVASIVE MEDICAL TESTING
OF THE DEFENDANT BARD.

In communications between counsel, Plaintiff's counsel stated that Plaintiff would accept, in lieu of such testing, the results of a medical examination of the Defendant Bard of November, 2004, referred to by Defendant's counsel in earlier correspondence. On September 26, 2005, that record was finally produced. Plaintiff hereby withdraws her Motion for the Medical Examination of the Defendant Bard.

IV.  PRODUCTION OF PHOTOGRAPHS OF THE INCIDENT SCENE, AND NAMES OF FACT WITNESSES POSSESSING INFORMATION OF THAT SCENE, THE SUBSTANTIAL EQUIVALENT OF WHICH IS NOT AVAILABLE TO PLAINTIFFS

A. Factual Background

Mr. Vascek was killed on October 26, 2004. On October 26, 2004 and again, on October 27, 2004, before Mr. Vascek had been buried, and before Plaintiff had obtained representation, Defendant UPS through its employees, consultants and agents conducted an extensive investigation of the scene of the collision. On or about October 27, 2004, without the permission of Mrs. Vascek, the Defendant UPS through its employees and agents, conducted an unauthorized investigation and examination of Mr. Vascek's motorcycle during which photographs were taken and observations made. Plaintiff seeks discovery of the facts that were obtained in these investigations.

B. Argument

FRCP 26(b)(3) allows discovery of trial preparation materials of an opposing party, including those obtained by an opposing party's agents and consultants:

> ". . . only upon a showing that the party seeking discovery has substantial need of the material in the preparation of the party's case and that the party is unable without undue hardship to obtain substantial equivalent of the materials by other means."

The materials requested can not be obtained by the Plaintiff at all. Defendant UPS, through its employees, consultants and agents conducted first an investigation of the scene of Mr. Vascek's death and then an unauthorized inspection and investigation of Mr. Vascek's motorcycle.

First, as to the facts obtained in the investigation of the scene of Mr. Vascek's death; those facts are unique. Observations were made and photographs taken, on the day of and the day after the incident in question. By the time Plaintiff obtained representation, the scene may have been altered and factual information, then available, may no longer exist. Contrary to the assertion by defense counsel, these are not just any photographs and observations capturing any point in time, these are photographs and observations capturing the most relevant point in time, that just cannot be recreated. And this is so no matter how many other photographs have been produced. These photographs and the facts observed by Defendant UPS employees, consultants and agents, should, in these circumstances, and in fairness be produced. This is exactly the sort of information contemplated by the exception to the discovery of trial preparation materials provided in FRCP 26(b)(3).

The production of photographs taken and discovery of observations made of Mr. Vascek's motorcycle on or about October 27, 2004, is even more compelling. As of the death of Mr. Vascek, the owner of his motorcycle was the Plaintiff, his wife. The only person, then, who could provide authorization to inspect and investigate that motorcycle was Plaintiff. No such authorization was sought and none obtained by the Defendant UPS. Nonetheless the unauthorized inspection, investigation and photographing of Mr. Vascek's motorcycle was conducted by the Defendant UPS. There is no way for Plaintiff to know whether there was an alteration of the motorcycle by the Defendant UPS employees, consultants and agents without discovery of the photographs taken, a report of the investigation that occurred and the ability to depose the people who conducted such unauthorized activity. No stronger reason can exist for discovery of trial preparation materials.

For all of the above reasons the Plaintiff's request for photographs taken, and information obtained during the inspections and investigations of October 26 and 27, 2004 of both the incident scene and of Mr. Vascek's motorcycle should be granted.

V.   PRODUCTION OF DOCUMENTS REQUESTED IN PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

A. Factual Background

Plaintiff filed its second Request for Production of Documents on August 26, 2005. In oral communication, Defendant's counsel refused to produce those documents. Nonetheless, Defendant's counsel protests that this Motion to Compel is not timely. On September 26, 2005, Defendant's counsel, refused in substantial part, to produce the documents so requested. (See Exhibit D)

B. Argument

This discovery matter is now properly before this Court and should be heard in the interests of judicial economy. While oral denials of requests for document production are not binding, Defendant's counsel has proved true to her word. Rather than wait for the filing of another Motion to Compel, to which, as she did here, Defendants' counsel will undoubtedly protest that it exceeds the two motion order of this Court, this matter should be resolved at this time. All of the documents requested are relevant to this matter and will; provide important information, in particular as to the Defendant Bard's route, and deliveries yet to be made at the time of his collision with Mr. Vascek, none of which has been provided to date.

C. Conclusion

For all of the foregoing reasons the documents requested in Plaintiff's Second Request for Production of Documents should be ordered to be produced.

## VI. OTHER PENDING DISCOVERY REQUESTS

Defendants' counsel claims that all relevant documents have been produced. Yet, as recently as one week ago and after the filing of Defendants response to the pending motion, a requested document was produced during a deposition that, according to Defendants' bates stamping, had been available for quite some time. Plaintiff has long requested information regarding the delivery schedule that the Defendant Bard was following on the day of this incident in order to ascertain whether there was any reason for the Defendant Bard to be rushed or be inattentive at the time of this incident. It is known, through the depositions of several witnesses that there were a number of packages on the van yet to be delivered on the day of this incident. This information, has not been provided in any form.

Once Defendant, finally, after many cancellations, produced a corporate designee who knew the form and the nomenclature of the records that would reveal this information, a third Request for Production of Documents was filed, to which, of course, no response has yet to be received. Although that information is within the purview of Plaintiff's Second Request for Production of Documents, it has not been produce. As a result it would be an exercise of sound judicial discretion to insure that discovery of information that will divulge the route of Defendant Bard, his schedule, and the packages yet to be delivered be provided by Defendants.

Finally, Defendant UPS, refuses to disclose its level of self insurance, claiming that there is no legal authority that requires such a disclosure. FRCP 26(a)(1) provides no exclusion for self insurance and therefore provides all the authority necessary for this long overdue response to required disclosures.

VII. CONCLUSION

For all of the above stated reasons, Plaintiff respectfully requests that the remaining portions of Plaintiff's Omnibus Motion to Compel Discovery be granted.

Respectfully submitted,

RICHARD R. WIER, JR., P.A.

___/s/ Daniel W. Scialpi_____

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222