# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br> Defendants. | : <br> : <br> : <br> : <br> : C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

### RESPONSES OF DEFENDANT, UPS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET)

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, DLA Piper Rudnick Gray Cary US LLP, hereby responds to the plaintiffs' Request for Production of Documents (Second Set) as follows:

### GENERAL OBJECTIONS

1. UPS objects to the requests to the extent that they are overly broad, unduly burdensome, vague, seek inadmissible and/or irrelevant evidence, and are not likely to lead to the discovery of admissible evidence.

2. UPS objects to identifying or producing confidential, proprietary, competitively sensitive or trade secret materials or information without an appropriate protective order assuring the confidentiality of the documents and the information contained therein.

3. UPS objects to the extent that the requests may be construed to seek information or documents protected by the Attorney-Client Privilege, the Work Product Doctrine, the exemption protecting communications passing between the agents of a party conducting an investigation in connection to litigation, or any other applicable privilege or exemption from discovery under the Federal Rules of Civil Procedure.

4. UPS objects to the extent that a request imposes a burdensome, harassing duty upon UPS to search for documents or information beyond the reasonable scope of this litigation.

5. These General Objections, Nos. 1 through 4, shall be deemed to apply to the entirety of plaintiffs' requests for production to which this document responds. In response to any particular Interrogatory, one or more objections may be articulated. The statement of these objections in response to any particular Interrogatory shall in no way be deemed a waiver of the above "General Objections."

## REQUESTS FOR PRODUCTION

1. UPS daily maintenance log book for the subject van for three months before, after and including October 26, 2004.

ANSWER: Objection. UPS objects to this request as it is vague, overly broad, unduly burdensome, not reasonably limited in temporal scope and seeks information that is irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. UPS does not know what is meant by "maintenance log book." The condition of the UPS package van is not an issue in this case. Subject to and without waiving the foregoing objection and the general objections above, see (1) the maintenance and repair history of the UPS package van, UPS 0054-56, previously produced; (2) Driver Vehicle Inspection Reports, UPS 0376-0402, previously produced; and (3) Preventative Maintenance Inspection reports, UPS 0403-0412, previously produced.

2. Pre-trip inspection form check list of the subject package van for three months before, after and including October 26, 2004.

ANSWER: Objection. UPS objects to this request as it is vague and overly broad. UPS does not know what is meant by "pre-trip inspection form checklist." Subject to and without waiving the foregoing objection and the general objections above, see response to Request No. 1, above. By way of further response, see deposition of Mark Bard regarding pre-trip inspection procedures.

3. All photos, video tapes and audio tapes of the motorcycle, subject package van and accident scene taken by you and your safety team on any date and including October 26, 2004, October 27, 2004 and November 11, 2004.

**ANSWER:** Objection. UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine. UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team." Subject to and without waiving the foregoing objection and the general objections above, all non-privileged documents in the possession, custody and control of UPS that are responsive to this request have been previously produced as follows: UPS 471-802. In addition, see Delaware State Police photographs taken the day of the accident.

4. DIAD records from the UPS DIAD machine in the subject package van for three months before, after and including October 26, 2004.

**ANSWER:** Objection. UPS objects to this request as it is overly broad, unduly burdensome, not reasonably limited in temporal scope and seeks information that is irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the general objections above, see DIAD records for October 26, 2004, enclosed herewith.

5. UPS dispatcher records for Mark Bard on October 26, 2004.

**ANSWER:** Objection. UPS objects to this request as it is vague, overly broad and seeking information that is neither relevant nor calculated to lead to the discovery of admissible evidence. UPS does not know what is meant by "dispatcher records." Subject to and without waiving the foregoing objection and the general objections above, UPS is presently conducting a search for documents responsive to this request and will supplement this response.

6. All documents relating to the inspection of the accident scene, subject package van and motorcycle conducted by you and your safety team on behalf of UPS on any date but including October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to all recorded/transcribed interviews, statements and field notes/measurements.

**ANSWER:** Objection. UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine. UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team." Subject to and without waiving the foregoing objection and the general objections above, all non-privileged, responsive documents have been previously produced. By way of further answer, see response to Request No. 3, above.

7.  All documents relating to conversations between Mark Bard and you and your safety team on October 26, 2004, October 27, 2004 and November 11, 2004, including but not limited to, recorded/transcribed interviews and statements and field notes.

**ANSWER:** Objection. UPS objects to this request as it seeks information that is protected from disclosure by attorney-client privilege and the work product doctrine, as well as exceeds the scope of discovery pursuant to F.R.C.P. 26. UPS further objects to this request as vague and ambiguous to the extent that UPS does not know what is meant by the term "safety team."

8.  All reports UPS filed with the Delaware Department of Transportation, Delaware Motor Vehicle Department and U.S. Department of Transportation pertaining to the subject accident.

**ANSWER:** UPS is presently conducting a search for documents responsive to this request and UPS will supplement this response.

9.  All phone and paper logs for Mark Bard on October 26, 2004.

**ANSWER:** Objection. UPS objects to this request as it is vague and overly broad. UPS does not know what is meant by "phone and paper logs for Mark Bard." Subject to and without waiving the foregoing objection and the general objections above, Mr. Bard testified that he was not in possession of a cell phone on the date of the accident. By way of further response, communications between Mark Bard and the facility are conveyed by means of a devise known as a "DIAD." See Mark Bard's Accident Report, previously produced as UPS 0057-58 and the DIAD records for October 26, 2004, enclosed herewith.

10. All UPS' annual review of Mark Bard's driving records.

**ANSWER:** Objection. UPS objects to this request as it is vague and overly broad and unduly burdensome. UPS does not know what is meant by "UPS' annual review of Mark Bard's driving records." Subject to and without waiving the foregoing objection and the general objections above, See Motor Vehicle Driver Certifications, UPS 0027 - 0039, previously produced, and see MVR reports, UPS 0048-0051, previously produced.

11. Mark Bard's list of driver violations from the time of his employment with UPS until October 26, 2004.

**ANSWER:** Objection. UPS objects to this request as it is vague, overly broad and unduly burdensome. UPS does not know what is meant by "Mark Bard's list of driver violations." Subject to and without waiving the foregoing objection and the general objections above, see response to Request No. 10, above, and see Human Resources Reporting System Accident History and First Report of Serious/Fatal Accident, enclosed herewith.

12. Any responses to you from Delaware Department of Transportation, Delaware Department of Motor Vehicle's concerning Mark Bard's driving records.

**ANSWER:** Objection. UPS objects to this request as it is vague and overly broad. UPS does not know what is meant by "responses ... concerning Mark Bard's driving record." Subject to and without waiving the foregoing objection and the general objections above, if what is meant by "response" is Mr. Bard's Delaware driving records, see MVR reports, previously produced.

13. All documents relating to bills of lading for the subject package van on October 26, 2004.

**ANSWER:** Objection. UPS objects to this request as it is vague and overly broad. Subject to and without waiving the foregoing objection and the general objections above, UPS does not utilize "bills of lading."

14. Manufacturer specifications for subject package van.

**ANSWER:** Objection. UPS objects to this request as it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, UPS is not the manufacturer of the subject package van. In fact the package van is comprised of parts manufactured by several different manufacturers. Should plaintiff specify what "manufacturer specifications" she seeks, UPS will supplement this response.

15. All Mark Bard's physical examination reports.

**ANSWER:** Objection. UPS objects to this request as it is vague, overly broad, unduly burdensome and not reasonably limited in temporal scope. Subject to the foregoing objection and general objections above, see Mark Bard's FMCSA Physical Exam report, enclosed herewith. By way of further response, see Mark Bard's Federal Motor Carrier Safety Regulations Medical Examiner's Certificates, bates numbers UPS 0020-0026, previously produced.

DLA PIPER RUDNICK GRAY CARY US LLP

_____
O. Daniel Ansa/Jayne A. Risk
(*admitted pro hac vice*)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Telephone: (215) 656-3328

**RAWLE & HENDERSON LLP**
William J. Cattie, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone: (302) 778-1200

Dated: September 26, 2005