IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>     Plaintiffs, <br><br> vs. <br><br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>     Defendants. | : <br> : <br> : <br> : <br> :    C.A. No. 04-1538 SLR <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR A
PROTECTIVE ORDER TO PRECLUDE FURTHER
DEPOSITION TESTIMONY OF CORPORAL JEFFREY WEAVER.**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222

Michael T. van der Veen
Anthony Bocchino
KATS, JAMISON VAN DER VEEN
& ASSOCIATES
25 Bustleton Pike
Festerville, PA 19053

October 6, 2005

TABLE OF CONTENTS

STATEMENT OF FACTS………………………………………………...………..3

ARGUMENT…………………………………………………..…………………...8

CONCLUSION………………………………………………………...…………..11

## STATEMENT OF FACTS

On October 23, 2004, John Vascek, Jr. died when the motorcycle he was operating collided with a package van owned by the Defendant UPS, and operated by the Defendant Bard as it was stopped in Mr. Vascek's lane of traffic at the intersection of Montchanin and Twaddell Mill Roads in Greenville, Delaware. Plaintiff has sued the Defendants for the death of her husband. The circumstances surrounding John Vascek's death were investigated by Corporal Jeffrey Weaver of the Delaware State Police Department's Fatal Accident Investigation and Reconstruction Unit (FAIR).

Several months after Mr. Vascek's death, Corporal Weaver, after several consultations with representatives of the Defendant UPS, issued a report in which he opined that the primary contributing cause of the collision in question was the speed of Mr. Vascek's motorcycle. As a result, the testimony and opinions of Corporal Weaver were and are central to this cause of action, and the parties agreed to extend the presumptive seven hours for deposition to eight hours.

Corporal Weaver's deposition was scheduled at his convenience for June 23, 2005. During his deposition, the qualifications, investigatory methods utilized, opinions, and their basis were the subject of close and probing questioning by Plaintiff's counsel. As a result of that examination, Corporal Weaver, admitted in sworn testimony that the opinions he reached in the report of his investigation (See ExhibitA) were not given to a reasonable degree of scientific and accident reconstruction certainty. The following exchange occurred between Plaintiff's counsel and Corporal Weaver:

> "Question: Okay. I'm asking you within a reasonable degree of accident reconstruction and scientific certainty, having been qualified as an expert. You're familiar with those terms; right?

3

>A: Yes.
>
>Q: Those terms do not appear any where in your report; right?
>
>A: No, sir.
>
>Q: Your opinions in this report (Exhibit 1) are not given within a reasonable degree of scientific and accident reconstruction certainty; correct?
>
>A: Correct.
>
>Ms. Risk (Defendants' Counsel): Objection to form.
>
>The Witness: Correct
>
>Q: Okay. None of the opinions in here (Exhibit 1) are given within a reasonable degree of scientific and accident reconstruction certainty; correct?
>
>Ms. Risk: Objection.
>
>The Witness: Correct." (See Deposition of Corporal Weaver, June 23, 2005, Pages 327-328.- Exhibit B)

By so testifying, Corporal Weaver demonstrated that his opinions were not admissible at any trial of this matter.

Because of the probing nature of the deposition of Plaintiff's counsel, the fact that the deposition was delayed because of the late arrival of Defendants' counsel, and the convenience of Corporal Weaver, the deposition could not be completed on June 23, 2005, after approximately six and one half hours of testimony which was interrupted on numerous occasions by objections and comments from Defendants' counsel. Plaintiff's counsel anticipated another 75 minutes of deposition and Defendants' counsel anticipated questions of the witness, and it was agreed by the parties and Corporal Weaver that the deposition of Corporal Weaver would be concluded at a later date. (See Deposition of Corporal Weaver, June 23, 2005, Pages 328 - 332 - Exhibit B)

4

The deposition of Corporal Weaver was reconvened on August 22, 2005, again at the convenience of Corporal Weaver. In the intervening time, the deposition of the Defendant Bard was taken, during which the Defendant Bard made a number of representations regarding the conduct and statements of Corporal Weaver during the course of Corporal Weaver's investigation that were inconsistent with the testimony of Corporal Weaver in his June 23, 2005 deposition. The claims of the Defendant Bard, therefore, raised new issues for Corporal Weaver's testimony.

Nonetheless, the further questioning of Corporal Weaver by Plaintiff's counsel lasted approximately 80 minutes. Defendants' counsel then questioned Corporal Weaver for approximately three hours. Near the end of the examination of Corporal Weaver by Defendants' counsel the following exchange occurred:

> "Question: Okay. In your first day of depositions, Corporal Weaver, Mr. van der Veen asked you some questions about your opinions to a reasonable degree of accident reconstruction certainty; do you recall that?
>
> A: Yes.
>
> Q: The opinions that are in this police report (Exhibit A) with regard to the primary cause of the accident, do you hold those to a reasonable degree of accident reconstruction certainty?
>
> A: Yes." (See Deposition of Corporal Weaver, August 22, 2005, Page 544 – Exhibit C)

By so testifying, Corporal Weaver's sworn testimony on the primary issue of the nature, and admissibility of his opinions, changed. In response to clear and unambiguous questions, Corporal Weaver gave diametrically opposed testimony as to this critical issue.

Plaintiff's counsel, surprised as he was by this change in testimony, began once again to probe the testimony of Corporal Weaver. After only 13 minutes of examination, Corporal

Weaver became frustrated with the questions of Plaintiff's counsel, felt that he was being attacked by Plaintiff's counsel and stated that he would prefer to come back another day to complete his testimony. Corporal Weaver stated in part:

> "But your attacks at me are putting me on the defensive, and I'm tired of it. I have had a long weekend, as I explained to you off the record, that we've had multiple departmentals; we've had fatals that we've been out on. And I have not had a lot of sleep.
>
> And for me to come in here early, voluntarily, to be subjected to your demeanor and your attacks of me, **I would much rather conclude this and come back another day and start fresh; because I don't feel it's fair to me as an investigator, of all that I've done in this past week, . . .** (emphasis added)
>
> I am not saying I won't cooperate with. I'm not saying I won't answer your questions. But considering what I've been through this past week and my son now has an appointment, I don't know what else — I have a life beyond the division."

(See Deposition of Corporal Weaver, August 22, 2005, Pages 569-570 - Exhibit C)

Defendants' counsel then repeatedly interrupted attempts by Plaintiff's counsel to arrange a convenient time to continue the deposition of Corporal Weaver, which was something that he had previously expressed a willingness to do. Defendants' counsel then left the room while a question was pending to the witness, while making characterizations of her perception of the exchange between Corporal Weaver and Plaintiff's counsel, insisting that rather than using a phone in the deposition room, or her cell phone, that she needed to call the Court from another room. Of course, that telephone call was never made. A full revelation of what occurred between both counsel and the witness appears in the in the transcript of the deposition. (See Deposition of Corporal Weaver, August 22, 2005, Pages 571-579, Exhibit C)

At the end of the deposition Corporal Weaver agreed that it would be fair to reconvene his deposition at another time, as he had previously requested. Defendants' counsel made no

objection to the reconvening of Corporal Weaver's deposition, merely instructing him not discuss his testimony with either of the parties or their representatives, except with regard to the **rescheduling of his deposition**.  (See Deposition of Corporal Weaver, August 22, 2005, Pages 579 - 580, Exhibit C.

      The Defendants now bring this motion for a protective order.

ARGUMENT

F.R.C.P. 30 provides:

Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court **must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent**, or if the deponent or another person, or other circumstance, impeded or delays the examination. (Emphasis added)

As stated by Defendants in their brief on this motion, in the Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Civil procedure one of the grounds for additional time for a deposition for a party under Rule 30(d)(2) includes the need for additional time for full exploration of an expert witness's theories, even after the submission of a report required by Rule 26(a)(2).

In this case there has been no such Rule 26(a)(2) report regarding the potential expert testimony of Corporal Weaver[1], but Corporal Weaver submitted a report pursuant to his duty as a FAIR investigator with the Delaware State Police. In that report he states numerous opinions and the bases for those opinions. No where in his report does he state that any or all of his opinions are, as required for admissibility in a federal court, stated to a reasonable degree of scientific or accident reconstruction theory. In fact, as demonstrated in his deposition, his ultimate conclusion as to the speed of Mr. Vascek's motorcycle as a primary cause of the collision in which Mr. Vascek died, is utterly without any scientific basis.

---

[1] Of course, if such a report had been submitted, the need for extensive and time consuming exploration of Corporal Weaver's qualification would not have been necessary as they would have been part of the required Rule 26 report.

On June 23, 2005, in sworn testimony, Corporal Weaver stated in clear and unequivocal testimony that the opinions in his report **were not stated to a reasonable degree of scientific or accident reconstruction certainty**. Two months later, Corporal Weaver's sworn testimony was exactly the opposite. If any set of facts provides the basis for further exploration at a deposition, this is it. At stake, is potential expert testimony as to causation in a case involving the death of one of the parties. There is no more important testimony, and there can be no more compelling reason for allowing a deposition to continue beyond the agreed upon eight hours per party. In fairness, further examination is not only warranted but demanded so that the reasons why Corporal Weaver's testimony on a critical matter changed completely in an eight week period. This is especially so when the actual testimony time for the Plaintiff, absent interruptions and speeches by opposing counsel barely, if at all, reaches that agreed upon amount of time for Corporal Weaver's deposition of eight hours.

Defendants predicate their request for a protective order on the perception of Corporal Weaver that his opinions have been attacked by Plaintiff's counsel. In that regard, Corporal Weaver is accurate. His opinions and their bases, have indeed been attacked, to the point where he admitted that they were not scientific at all. Such an attack, is not harassment, but rather fair and appropriate questioning. And certainly when a purported expert witness recants sworn testimony as to the bases for his opinions, for exact opposite sworn testimony, an attack on that opinion is further warranted.

Finally, Defendants' counsel makes unwarranted and unfounded claims of lack of civility. In fact, it was Defendants' counsel who constantly interrupted testimony, made characterizations and self- serving speeches in violation of FRCP 30(d)(1), asked predominantly leading questions

of a fact witness, **(including the question where Corporal Weaver recanted sworn testimony)** and left the deposition room when questioning was ongoing. Should the Court have concerns about civility, it is suggested that the remaining deposition of Corporal Weaver be had with the use of video recording so that any such claims will be accurately presented for determination as to whether sanctions for either party are warranted.

## CONCLUSION

For all of the above stated reasons, Plaintiff respectfully requests that Defendants' Motion for a Protective Order be denied, and that the deposition of Corporal Weaver be ordered re-convened for a time reasonably calculated to serve the interests of justice.

Respectfully submitted,

RICHARD R. WIER, JR., P.A.

/s/ Daniel W. Scialpi

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@Wierlaw.com