IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:　C.A. No. 04-1538<br>:<br>:<br>:<br>:<br>:<br>: |

**MOTION FOR PROTECTIVE ORDER SHIELDING DEFENDANTS FROM PLAINTIFF'S UNTIMELY NOTICE OF DEPOSITIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS (FOURTH SET)**

Defendants United Parcel Service, Inc. ("UPS") and Mark Bard, by and through their undersigned counsel, bring this Motion to for Protective Order shielding defendants from plaintiff's untimely discovery requests, and in support of same avers as follows:

1.　This action arises from a motor vehicle accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

2.　On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18).

3. This Court entered a scheduling order originally setting the discovery deadline in this matter for August 5, 2005. However, the Court later granted the parties' joint request to extend the discovery deadline by 60 days, until October 5, 2005. A copy of the Court's Docket Entry #42 dated July 18, 2005 granting the parties' Joint Motion for Extension of Time to Complete Discovery is attached hereto as Exhibit "A". The discovery deadline has not been extended beyond October 5, 2005.

5. In the late evening of October 6, 2005, one day after the discovery deadline passed, plaintiff faxed defendants with a Request for Production of Documents and a Notice of Depositions. <u>See</u> Request for Production of Documents (Fourth Set), attached hereto as Exhibit "B"; <u>see</u> Notice of Depositions, attached hereto as Exhibit "C".

6. Although the certificate of service signed by plaintiff's counsel accompanying the foregoing discovery requests states that the discovery requests were served on October 5, 2005, they in fact were not faxed to defendants' counsel until after 6 o'clock p.m. on the evening of October 6, 2005, as the facsimile information on the discovery requests clearly demonstrates. <u>See</u> Exhibits B, C.

7. Despite already having the benefit of a sixty-day extension of the discovery deadline, plaintiff has served additional discovery requests, including a <u>fourth set</u> of Requests for Production of Documents, upon defendants after the discovery deadline has passed.[1] Further,

---

[1] It should be noted that defendants propounded only two sets of discovery requests upon plaintiff, responses to both being due from the plaintiff before the discovery deadline. However, without explanation or request for extension of time in which to respond, the plaintiff did not serve timely responses to defendants' second set of requests. Now, after the expiration of the discovery deadline and despite a written request from the defendants, plaintiff still have not served responses to defendants' second set of discovery requests. Nonetheless plaintiff served a <u>fourth set</u> of requests after the discovery deadline.

despite the pendency of this case for nearly eleven months, including the sixty-day extension of discovery, plaintiff seeks to conduct certain depositions after the close of discovery.

8. Defendants have been diligent in providing plaintiff's counsel with access to documents material to this lawsuit. Defendants produced nearly five hundred documents in response to plaintiff's Request for Production of Documents, and have since supplemented their responses as many as five times. Defendants provided plaintiff with additional documents responsive to plaintiff's second set of Requests for Production of Documents, and are now preparing to respond to plaintiff's third set of Requests for Production of Documents, responses to which are due after the close of discovery. Defendants have also provided plaintiff with detailed and complete responses to nearly 100 Interrogatories, which have been supplemented twice. The fourth set of discovery propounded by plaintiff <u>after the close of discovery</u> is harassing, burdensome and oppressive, amounting to nothing more than a "fishing expedition."

9. Fed. R. Civ. P. 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c)(1).

10. Prior to the close of discovery, plaintiff did not request an extension of time in which to conduct discovery, a burden which would lie with the plaintiff in order for her to be permitted to seek additional discovery post-deadline.

11. Plaintiff's Notice of five additional witnesses for deposition is harassing and burdensome, as well as untimely. Defendants have agreed to continue the deposition of Sergeant Cox that was not completed on October 4, 2005 and to produce UPS witness Michael Long, whose deposition did not go forward as scheduled on October 4 due to the fact that the deposition of Mr. Cox was not concluded. To date, over 15 depositions have been conducted in this matter, including (when Mike Long's deposition is completed) six UPS employees.

12. As plaintiff's discovery requests were served after the deadline for the conclusion of discovery, they are untimely and defendants should be shielded from having to respond. Plaintiff should further be precluded from conducting depositions after the close of discovery where she has shown no good cause for doing so.

**WHEREFORE**, defendants United Parcel Service, Inc. and Mark Bard respectfully request that this Court grant the foregoing Motion for Protective Order and grant such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

                        **DLA PIPER RUDNICK GRAY CARY US LLP**
                        O. Daniel Ansa (*admitted pro hac vice*)
                        Jayne A. Risk (*admitted pro hac vice*)
                        Attorneys for Defendants,
                        One Liberty Place
                        1650 Market Street, Suite 4900
                        Philadelphia, PA  19103
                        Telephone:     (215) 656-3328

Dated: October 10, 2005

# Exhibit A

MEDIATION

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:04-cv-01538-SLR

Vascek v. United Parcel Serv., et al  
Assigned to: Honorable Sue L. Robinson  
Demand: $0  
Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

Date Filed: 12/22/2004  
Jury Demand: Both  
Nature of Suit: 350 Motor Vehicle  
Jurisdiction: Diversity

**Plaintiff**

**Heidi Vascek**  
*individually and as administratrix of*  
*The Estate of John Vascek, Jr.*

represented by **Richard R. Wier, Jr.**  
Law Offices of Richard R. Wier, Jr.  
1220 Market Street  
Suite 600  
Wilmington, DE 19801  
(302) 888-3222  
Fax: (302) 888-3225  
Email: rwier@wierlaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Daniel W. Scialpi**  
Richard R. Wier, Jr., P.A.  
1220 Market Street  
Suite 600  
Wilmington, DE 19801  
(302)888-3222  
Fax: (302)888-3225  
Email: dscialpi@wierlaw.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United Parcel Service Inc.**  
*a Delaware corporation*

represented by **William J. Cattie, III**  
Rawle & Henderson  
300 Delaware Avenue, Suite 1130  
P.O. Box 588  
Wilmington, DE 19899  
(302) 778-1200  
Email: wcattie@rawle.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Bard**

represented by **William J. Cattie, III**

| | | |
|---|---|---|
| 06/20/2005 | 32 | MOTION for Pro Hac Vice Appearance of Attorney Anthony J. Bocchino - filed by Heidi Vascek. (Attachments: # 1 Affidavit Rule 7.1.1 disclosure# 2 Text of Proposed Order # 3 Affidavit Anthony J. Bocchino) (Scialpi, Daniel) (Entered: 06/20/2005) |
| 06/20/2005 | 33 | Letter to Honorable Mary Pat Thynge from William J. Cattie, III regarding Withdraw Motion for Protective Order. (Cattie, William) (Entered: 06/20/2005) |
| 06/21/2005 | 34 | Letter to Judge Robinson from William J. Cattie, III regarding Withdrawal of Motion for Protective Order re 25 MOTION for Protective Order, 24 MOTION for Protective Order, 23 Certificate of Service, 26 Opening Brief in Support,, 27 Exhibit to a Document,. (Cattie, William) (Entered: 06/21/2005) |
| 06/21/2005 | 35 | NOTICE of Records Deposition Duces Tecum of Christiana Hospital by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/21/2005) |
| 06/21/2005 | 36 | NOTICE of Records Deposition Duces Tecum of New Castle County EMS by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/21/2005) |
| 06/21/2005 | 37 | NOTICE of Records Deposition Duces Tecum of DHSS by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/21/2005) |
| 06/21/2005 | 38 | NOTICE of Records Deposition Duces Tecum of Talleyville Fire Co by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/21/2005) |
| 06/22/2005 | 39 | NOTICE of Records Deposition Duces Tecum USAA by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/22/2005) |
| 06/22/2005 | 40 | NOTICE of Records Deposition Duces Tecum Corporal Jeffrey W. Weaver by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 06/22/2005) |
| 06/28/2005 | | SO ORDERED, re 32 MOTION for Pro Hac Vice Appearance of Attorney Anthony J. Bocchino filed by Heidi Vascek, . Signed by Judge Sue L. Robinson on 6/28/05. (rld, ) (Entered: 06/28/2005) |
| 06/29/2005 | 41 | NOTICE to Take Deposition of Corporal Jeffrey Weaver on July 13, 2005 by Heidi Vascek.(Scialpi, Daniel) (Entered: 06/29/2005) |
| 07/14/2005 | 42 | Joint MOTION for Extension of Time to Complete Discovery - filed by Heidi Vascek. (Attachments: # 1 Text of Proposed Order)(Scialpi, Daniel) (Entered: 07/14/2005) |
| 07/18/2005 | | SO ORDERED, re 42 Joint MOTION for Extension of Time to Complete Discovery filed by Heidi Vascek,, Re-Setting Deadlines by 60 days: Fact Discovery due by 10/5/05; Expert Reports due 10/19/05; Rebuttal Exp. Rpts. due by 11/2/2005. Daubert motions due by 11/30/05. Signed by Judge Sue L. Robinson on 7/18/05. (rld, ) (Entered: 07/18/2005) |

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HEIDI VASCEK, individually and as
Administratrix of the ESTATE OF
JOHN VASCEK, JR.,
      Plaintiffs,

          C.A. No. 04-1538

vs.

UNITED PARCEL SERVICE, INC. and
MARK BARD,
      Defendants.

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT, UPS (Fourth Set)

Plaintiff hereby requests that defendant produce for inspection and copying the below listed original documents and/or items that are in defendant's possession. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs produced.

This request is deemed to be continuing insofar that if any of the below is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to plaintiffs' counsel, within thirty (30) days of service of this Request for Production of Documents.

The below listed documents and/or items are to be produced at the offices of Kats, Jamison, van der Veen & Associates, 25 Bustleton Pike, Feasterville, PA 19053.

### DEFINITIONS

"Defendant" means these responding defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s).

"You" and "your" means defendants, defendants' attorney(s), officer(s), agent(s), servant(s), workmen, employee(s), and any other representative(s) of defendant.

"Accident or Accident Scene" means the accident and/or location alleged in Plaintiff's Complaint.

"Documents and tangible things" shall include all copies, drafts or duplicates thereof.

OCT 7 2005

"Subject Package Van" means UPS van involved in the accident alleged in Plaintiff's Complaint.

"Records" includes hard copies of electronic data.

"Motorcycle" is the motorcycle driven by John Vascek.

### INSTRUCTIONS

For each and every document that you refuse to produce on the basis of an allegedly applicable privilege or doctrine, provide the following information:

(a) The date of the document;

(b) The Author of the document;

(c) The recipient or recipients of the document;

(d) The general subject matter of the document; and

(e) The privilege claimed.

### REQUEST FOR PRODUCTION
### Regarding October 26, 2004 accident

1. "WOR" Statistics.

2. "Send Again and Missed" Reports.

3. Delivery records for Scott Davis from 10/25 through 10/30/04.

4. Delivery records for Al Hastings from 10/25 through 10/30/04.

5. Delivery records for Mr. Outlaw from 10/25 through 10/30/04.

Michael T. van der Veen
Attorney I.D. No. 75616
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Richard R. Wier, Jr.
1220 Market Street Suite 600
Wilmington, DE 19801

# FAX COVER SHEET

## KATS JAMISON VAN DER VEEN & ASSOCIATES
25 Bustleton Pike
Feasterville, PA 19053
Telephone: (215) 396-9001
Fax: (215) 396-8388

Date: 10/6/05

| TO: | | |
|---|---|---|
| | Jayne Risk, Esquire | 215-606-3328 |
| | Richard Wier, Jr., Esquire | 302-888-3225 |
| | William Cattie, Esquire | 302-778-1400 |
| | Anthony J. Bocchino, Esquire | 215-204-8002 |

Michael T. van der Veen, Esquire

**NUMBER OF PAGES:** PAGES (including cover sheet):

**MESSAGE:** Attached is the Revised Notice of Deposition
Also attached is Plaintiff's Request for Production of Documents

IF YOU DID NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CONTACT OUR OFFICE AT (215) 396-9001. THANK YOU!

### CONFIDENTIALITY NOTE

The document accompanying this telecopy transmission contains information from Kats, Jamison, van der Veen & Associates, which is confidential, and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited and that the document should be returned to this firm immediately. In this regard, if you have received this telecopy in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us, at no cost to you.

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HEIDI VASCEK, individually and as
administratrix of THE ESTATE OF
JOHN VASCEK, JR.,

        Plaintiffs,

v.

UNITED PARCEL SERIVCES, INC., a
Delaware corporation, and MARK BARD,

        Defendants.

## NOTICE OF DEPOSITIONS

To:  William J. Cattie, III, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

Jayne A. Risk, Esquire
DLA Piper Rudnick Gray Cary
One Liberty Place
1650 Market St., Suite 4900
Philadelphia, PA 19103

    PLEASE TAKE NOTICE that Plaintiffs will take the following depositions, at a mutually convenient time and date, before a notary public or other person authorized to administer oaths. The deposition will take place at the Law Offices of Richard R. Wier, Jr., 1220 Market St., Suite 600, Wilmington, Delaware 19801 and will be recorded stenographically.

    Mr. William Cullacchi
    Mr. James Digan
    Mr. Scott Davis
    Trooper John P. Forrester #3302
    Kim Hedinger

                                                Michael T. van der Veen

OCT 7 2005

## CERTIFICATE OF SERVICE

I certify that on this 5th[h] day of October 2005, Notices of Depositions were faxed to all counsel.

William J. Cattie, III, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

and that I sent by first class mail a copy to the following:

Jayne A. Risk, Esquire
DLA Piper Rudnick Gray Cary
One Liberty Place
1650 Market St., Suite 4900
Philadelphia, PA 19103

Michael T. van der Veen