IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>　　　　　Plaintiffs, <br><br>　vs. <br><br>UNITED PARCEL SERVICE, INC. and MARK BARD, <br>　　　　　Defendants. | : <br> : <br> : <br> : <br> : C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER SHIELDING DEFENDANTS FROM PLAINTIFF'S UNTIMELY NOTICE OF DEPOSITIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS (FOURTH SET)**

I.　**INTRODUCTION**

This action arises from a motor vehicle accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18). Plaintiff further alleges that UPS negligently entrusted the package car to Mr. Bard, and failed to properly hire, supervise, and train him. (See Complaint at ¶ 21).

This Court entered a scheduling order originally setting the discovery deadline in this matter for August 5, 2005. The Court later granted the parties' joint request to extend the discovery deadline by 60 days, until October 5, 2005. See Ex. A. The discovery deadline has not been extended beyond October 5, 2005.

In the late evening of October 6, 2005, after the discovery deadline had passed, plaintiff faxed defendants with a Request for Production of Documents and a Notice of Depositions. See Ex. B, Request for Production of Documents (Fourth Set); see Ex. C, Notice of Depositions. Although the certificate of service accompanying the foregoing discovery requests misrepresents that they were served on October 5, 2005, in fact they were not faxed to defendants' counsel until after 6 o'clock p.m. on the evening of October 6, 2005, as the facsimile information on the discovery requests clearly demonstrates. See Ex. A; Ex. B.

For the reasons that follow, defendants seek a Protective Order shielding defendants from having to respond to plaintiff's untimely discovery requests and precluding plaintiff from conducting the depositions of the individuals named in plaintiff's Notice of Depositions.

## II.  ARGUMENT

Despite already having the benefit of a sixty-day extension of the discovery deadline, plaintiff has served additional discovery requests, including a fourth set of Requests for Production of Documents, upon defendants after the discovery deadline has passed.[1] Further, despite the pendency of this case for nearly eleven months, plaintiff seeks to depose certain

---

[1] It should be noted that defendants propounded only two sets of discovery requests upon plaintiff, responses to both having been due before the discovery deadline. However, without explanation or request for extension of time in which to respond, the plaintiff did not serve timely responses to defendants' second set of requests. Now, after the expiration of the discovery deadline, plaintiff still has not served responses to defendants' second set of discovery requests. Nonetheless plaintiff attempts to serve a fourth set of requests after the discovery deadline.

2

individuals after the close of discovery. Defendants should not be compelled to respond to such untimely, burdensome requests.

Fed. R. Civ. P. 26(c) provides, in pertinent part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c)(1).

A party should not be obligated to respond to discovery requests served even one day past the discovery deadline. *See* Palomba v. Barish, 1986 U.S. Dist. LEXIS 22236, 6-8 (E.D. Pa. 1986). Therein the Court remarked:

Rule 26(c) expressly permits the trial judge to protect a party from any undue burdens of discovery by, *inter alia*, ordering that the discovery may be had only on specified terms and conditions, including a designation of time or place. District courts do have power to prescribe time limits for conducting discovery. The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial.

The determination of whether the discovery of documents is timely is an issue that is committed to the sound discretion of the district court. Judges should not hesitate to exercise appropriate control over the discovery processes.

Id. at 6-8 (internal citations omitted) (granting motion for protective order from discovery requests served **one day** after the discovery deadline).

In Polomba, the Court gave consideration to the fact that: (1) even if the requests were served just prior to the deadline, plaintiff would still be burdened by having to respond post-

3

deadline; (2) the party seeking late discovery already had the benefit of an extension of the discovery deadline; and (3) the plaintiff had already provided extensive quantities of documents. Id.

In the instant case, plaintiff also had the benefit of a previous extension of the discovery deadline and ample opportunity to gather all necessary discovery in this case, which has been pending for nearly eleven months. Moreover, defendants has been diligent in providing plaintiff's counsel with access to documents material to this lawsuit. Defendants produced nearly five hundred documents in response to plaintiff's Request for Production of Documents, and has since supplemented their responses as many as five times. Defendants have also provided plaintiff with detailed and complete responses to nearly 100 Interrogatories. Finally, plaintiff has already propounded a third set of document requests just days before the close of discovery, and defendants' responses to that third set are due after the close of discovery. Now plaintiff burdens defendants with yet another set of document requests while the third set remains pending. The fourth set of discovery propounded by plaintiff after the close of discovery is harassing, burdensome and oppressive, amounting to nothing more than a "fishing expedition."

Additionally, plaintiff's Notice of five additional witnesses for deposition is harassing and burdensome, as well as untimely. Defendants have agreed to continue the deposition of Sergeant Cox that was not completed on October 4, 2005, and have agreed to produce UPS employee Michael Long, whose deposition did not go forward as scheduled on October 4 due to the fact that the deposition of Mr. Cox was not concluded. To date, over 15 depositions have been conducted in this matter, including (when Mike Long's deposition is completed) six UPS employees. As in Polomba, the discovery deadline, which has already been extended once

4

before, must honored in order to protect defendants from "the continuing burden of producing evidence." Polomba, *supra*.

Prior to the close of discovery, plaintiff did not request a second additional extension of time to conduct discovery, a burden which she bears in order to conduct additional discovery post-deadline. *See generally* Mines v. City of Philadelphia, 1994 U.S. Dist. LEXIS 9776, *7 (E.D. Pa. 1994). Rather, plaintiff has unilaterally propounded additional discovery requests, and seeks to continue with depositions, after the expiration of the Court-imposed discovery deadline. Accordingly, plaintiff's discovery requests are untimely and defendants should be shielded from having to respond to the late requests. Plaintiff should further be precluded from conducting depositions which were noticed after the close of discovery.

### III.  CONCLUSION

For the foregoing reasons, defendants United Parcel Service, Inc. and Mark Bard respectfully request that this Court grant the foregoing Motion for Protective Order and grant such other relief as this Court deems appropriate.

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103

Dated: October 10, 2005               Telephone:   (215) 656-3328