IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>         Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>         Defendants. | : <br> : <br> : <br> : <br> :    C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION TO QUASH THE SUBPOENA
DIRECTED TO DELAWARE TECHNICAL & COMMUNITY COLLEGE**

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, brings this Motion to Quash plaintiff's subpoena *duces tecum* directed to Delaware Technical & Community College ("DelTech"), and in support of same avers as follows:

1. This action arises from a motor vehicle accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware. Mr. Vascek was fatally injured in the collision.

2. On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS. In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18).

3. Throughout the course of discovery, defendant UPS has been diligent and cooperative in providing plaintiff's counsel with access to documents material to this lawsuit. Defendants have produced nearly five hundred documents in response to plaintiff's two sets Requests for Production of Documents and UPS is currently preparing responses to plaintiff's third set of Requests for Production of Documents. Defendants have supplemented their initial responses as many as five times. Defendants have also provided plaintiff with detailed and complete responses to nearly 100 Interrogatories, and UPS has supplemented its responses to Interrogatories twice.

4. Plaintiff now seeks the production of documents from Mr. Bard's college, DelTech, and has issued a subpoena broadly requesting: "Any and all documentation regarding Mark Bard." (See Plaintiff's Subpoena *Duces Tecum* directed to Delaware Technical & Community College, attached hereto as Exhibit A).

5. The subpoena directed to DelTech should be quashed because it (1) seeks information protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; 49 CFR part 99 ("FERPA"); (2) is intended only to harass, annoy and embarrass Mark Bard; (3) seeks records that are completely irrelevant to this motor vehicle accident case; and (4) is procedurally defective.

6. FERPA is a federal statute that protects the privacy of student education records. Generally, schools must have written permission from the student in order to release any information from a student's education record. 49 CFR § 99.30.

7. In the present matter, plaintiff seeks from DelTech all documentation relating to Mark Bard. See Ex. A. This sweeping, overly broad request encompasses documents protected by FERPA, and Mr. Bard does not consent to their release.

8. The conditions under which a school does not require the student's consent to release records include when the disclosure is to comply with a "<u>lawfully</u> issued subpoena," but "only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, *so that the parent or eligible student may seek protective action*." 34 CFR § 99.31(a)(9)(emphasis supplied).

9. In accordance with § 99.31, DelTech provided Mark Bard with notice of plaintiff's subpoena. <u>See</u> letter dated October 11, 2005 from Brian Shirey, Esquire to Mark Bard, attached hereto as Exhibit "B".

10. Mark Bard now seeks the protective action contemplated by § 99.31 in order to prevent the disclosure of his private information that has no relevance to this case. This action is an automobile accident case. Mark Bard's academic transcript and related records, which are more than twenty years old, have no bearing on plaintiff's allegations of basic negligence in the course of Mr. Bard's operation of the UPS package car on the date of the accident.

11. F.R.C.P. 45 provides that a Court shall quash or modify a subpoena if it requires disclosure of privileged or protected matter and no exception or waiver applies. F.R.C.P. 45(c)(3)(A)(iii).

12. Plaintiff's subpoena to DelTech seeks disclosure of information protected by FERPA, and Mark Bard has not consented to its release.

13. Although 49 CFR § 99.31 provides that such records may be disclosed without the student's consent when disclosed in response to a lawfully issued subpoena, § 99.31 also provides the mechanism for the student to prevent such disclosure by seeking protective action. Accordingly, § 99.31 does not provide litigants with unfettered access to protected education records simply by virtue of a litigant's subpoena power. Such an untoward result would

eviscerate the protections of FERPA. Rather, the limitations on disclosing such information naturally include the same limitations imposed on any discovery request in the course of a litigation.

14. Fed. R. Civ. P. 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had.

15. The plaintiff's overly broad request naturally encompasses highly personal and sensitive information. Such information is clearly irrelevant to the plaintiff's claims.

16. The subpoena directed to DelTech constitutes an egregious fishing expedition intended only to harass, embarrass and annoy Mark Bard. There is no plausible justification for plaintiff's efforts to obtain Mr. Bard's educational records, when such information has no relevance to the allegations of basic negligence asserted against Mr. Bard.

17. In accordance with the grounds for protective action provided in Rule 26(c), namely that plaintiff's subpoena to Mark Bard's alma mater constitutes a harassing fishing expedition for irrelevant information intended to embarrass and annoy Mr. Bard, defendants request that this Court afford Mr. Bard's educational records the privacy and protection intended by FERPA.

18. In addition to such substantive deficiencies in plaintiff's subpoena, it is also not a "lawfully issued subpoena," as required by FERPA, 49 CFR § 33.91, due to certain procedural

defects. Local Rule of Civil Procedure 5.4 requires that a party requesting discovery shall file with the Court a Notice of Service containing the following:

> (1) a certification that a particular form of discovery or response was served on other counsel or opposing parties; and
>
> (2) the date and manner of service. Filing the notice of taking of oral depositions required by Fed. R. Civ. P. 30(b)(1), and filing of proof of service under Fed. R. Civ. P. 45(b)(3) in connection with subpoenas, will satisfy the requirement of filing a "Notice of Service."

19.     Plaintiff did not file the requisite Notice. The subpoena directed to DelTech is dated October 3, 2005. See Ex. A. The docket in this case demonstrates that plaintiff failed to file a Notice of Service for that subpoena. A copy of the pertinent sections of the docket are attached hereto as Exhibit "C".

20.     In fact, Mr. Bard was not aware that a subpoena was served upon his college until counsel for DelTech informed Mr. Bard that it received the subpoena, two weeks after the subpoena was issued. See letter dated October 11, 2005 from Brian Shirey, Esquire to Mark Bard, attached hereto as Exhibit "B". Had counsel for DelTech not been so diligent, Mr. Bard would never have known that such private information was being sought by plaintiff. As it is, Mr. Bard and UPS have lost significant time in which to oppose the subpoena as a result of plaintiff's violation of one of the most basic rules of procedure.

21.     In addition, the subpoena inexplicably attaches a copy of UPS's Notice of Records Deposition dated June 20, 2005 for the deposition of an unrelated nonparty, which will certainly confuse the person to whom it is directed.

22.  Accordingly, defendant seeks an Order of this Court, consistent with the guidance of Rule 26(c) and Rule 45(c)(3)(A)(iii), quashing plaintiff's subpoena *duces tecum*.

**WHEREFORE**, defendants United Parcel Service, Inc. and Mark Bard respectfully requests that this Court grant the foregoing Motion to Quash, and granting such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/  William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328

Dated: October 18, 2005

**Exhibit "A"**

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

DISTRICT OF **DELAWARE**

HEIDI VASCEK, individually and as Administratrix
of the ESTATE OF JOHN VASCEK, JR.,
                        Plaintiff,
                v.
UNITED PARCEL SERVICES, INC. and
MARK BARD,
                      Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 04-1538

TO:  Delaware Technical & Community College
      Registrar's Office
      100 Campus Drive
      Dover, DE 19904

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documentation regarding Mark Bard.

| PLACE   Richard R. Wier, Jr., P.A.
1200 Market Street, Suite 600
Wilmington, DE 19801 | DATE AND TIME
10/3/05 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. van der Veen      25 Bustleton Pike
                                                Feasterville, PA 19053

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**Exhibit "B"**



*Dover♦Georgetown♦Stanton♦Wilmington*

October 11, 2005



Mr. Mark Bard
c/o William J. Cattie, III, Esquire
Rawle & Henderson, LLP
300 Delaware Avenue
P. O. Box 588
Wilmington, De 19899-0588

RE:   <u>Heidi Vascek, individually and as Administratrix of the Estate of John Vascek, Jr., v. United Parcel Service, Inc. and Mark Bard</u>

Dear Mr. Bard:

I am general counsel for Delaware Technical & Community College. I have received a copy of the attached subpoena issued by Attorney Michael T. van der Veen in connection with the above referenced legal proceeding. The subpoena seeks a copy of your student file, which contains educational records protected by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. §1232g. In accordance with FERPA, I am providing you with notice that your educational records have been subpoenaed.

It is my practice to provide a student (or former student) with twenty days to make an application to the court to prevent disclosure. Therefore, we will place the records that have been requested in the mail to Mr. van der Veen on October 31, 2005, unless I receive notice that the subpoena has been quashed or limited by the court.

Sincerely yours,

Brian D. Shirey
Chief Legal Counsel

cc:   Ms. Nauleen Perry, Registrar

---

*Delaware Technical & Community College*
**Office of the President**
P.O. Box 897, Dover, DE 19903
Phone: (302) 739-3737 Fax: (302) 739-3345
*Equal Opportunity/Affirmative Action Institution*

**Exhibit "C"**

MEDIATION

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:04-cv-01538-SLR

Vascek v. United Parcel Serv., et al  
Assigned to: Honorable Sue L. Robinson  
Demand: $0  
Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

Date Filed: 12/22/2004  
Jury Demand: Both  
Nature of Suit: 350 Motor Vehicle  
Jurisdiction: Diversity

**Plaintiff**

**Heidi Vascek**  
*individually and as administratrix of*  
*The Estate of John Vascek, Jr.*

represented by **Richard R. Wier, Jr.**  
Law Offices of Richard R. Wier, Jr.  
1220 Market Street  
Suite 600  
Wilmington, DE 19801  
(302) 888-3222  
Fax: (302) 888-3225  
Email: rwier@wierlaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Daniel W. Scialpi**  
Richard R. Wier, Jr., P.A.  
1220 Market Street  
Suite 600  
Wilmington, DE 19801  
(302)888-3222  
Fax: (302)888-3225  
Email: dscialpi@wierlaw.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United Parcel Service Inc.**  
*a Delaware corporation*

represented by **William J. Cattie, III**  
Rawle & Henderson  
300 Delaware Avenue, Suite 1130  
P.O. Box 588  
Wilmington, DE 19899  
(302) 778-1200  
Email: wcattie@rawle.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Bard**

represented by **William J. Cattie, III**

| | | |
|---|---|---|
| | | 10/3/2005. (Attachments: # 1 Text of Proposed Order Order# 2 Exhibit Exhibits A-I# 3 Exhibit Exhibit J-P# 4 Exhibit Exhibit Q-T# (5) Affidavit Certificate of Service)(Cattie, William) Modified on 9/27/2005 (fmt, ). Additional attachment(s) added on 9/27/2005 (fmt, ). (Entered: 09/26/2005) |
| 09/27/2005 | 82 | NOTICE to Take Deposition of John Schwab; Carol Allen; J.C. Kinney by Heidi Vascek.(Scialpi, Daniel) (Entered: 09/27/2005) |
| 09/27/2005 | | CORRECTING ENTRY: D.I. 81 has been linked as an answering brief to D.I. 72 (fmt, ) (Entered: 09/27/2005) |
| 09/27/2005 | | CORRECTING ENTRY: Initial Certificate of Service attachment to D.I. 81 was incorrect; the incorrect attachment has been deleted and the proper one is now attached (fmt, ) (Entered: 09/27/2005) |
| 09/30/2005 | 83 | MOTION to Compel - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Text of Proposed Order Proposed Order# 2 Supplement Certificate of Service# (Cattie, William) Modified on 10/3/2005 (fmt, ). (Entered: 09/30/2005) |
| 09/30/2005 | 84 | OPENING BRIEF in Support re 83 MOTION to Compel filed by United Parcel Service Inc., Mark Bard.Answering Brief/Response due date per Local Rules is 10/17/2005. (Attachments: # 1 Exhibits A-F# 2 Certificate of Service)(fmt, ) (Entered: 10/03/2005) |
| 10/03/2005 | | CORRECTING ENTRY: The Opening Brief to D.I. 83 has been deleted from the entry and given its own docket item number (D.I. 84) (fmt, ) (Entered: 10/03/2005) |
| 10/03/2005 | 85 | MOTION for Protective Order - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Supplement Order# 2 Supplement Certificate of Service)(Cattie, William) (Entered: 10/03/2005) |
| 10/03/2005 | 86 | OPENING BRIEF in Support of 85 filed by United Parcel Service Inc., Mark Bard.Answering Brief/Response due date per Local Rules is 10/18/2005. (Attachments: # 1 Supplement Certificate of Service# 2 Supplement Certification of Good Faith)(Cattie, William) Modified on 10/3/2005 (fmt, ). (Entered: 10/03/2005) |
| 10/03/2005 | | CORRECTING ENTRY: D.I. 86 has been linked to D.I. 85 (fmt, ) (Entered: 10/03/2005) |
| 10/04/2005 | 87 | MOTION to Quash - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Supplement Certification of Good Faith# 2 Supplement Order# 3 Supplement Certificate of Service)(Cattie, William) (Entered: 10/04/2005) |
| 10/04/2005 | 88 | OPENING BRIEF in Support of D.I. 87 filed by United Parcel Service Inc., Mark Bard.Answering Brief/Response due date per Local Rules is 10/19/2005. (Attachments: # 1 Supplement Certificate of Service)(Cattie, William) Modified on 10/4/2005 (fmt, ). (Entered: 10/04/2005) |
| 10/04/2005 | | CORRECTING ENTRY: D.I. 88 has been linked to D.I. 87 (fmt, ) |

| | | (Entered: 10/04/2005) |
|---|---|---|
| 10/06/2005 | 89 | CERTIFICATE OF SERVICE of Second Supplemental Responses of Defendant, UPS to Plaintiffs' First Set of Interrogatories by United Parcel Service Inc., Mark Bard (Cattie, William) (Entered: 10/06/2005) |
| 10/06/2005 | 90 | MOTION to Compel *Documents Pertaining to Plaintiff's Interview of Witness Amy Stratton* - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Supplement Order# 2 Supplement Certification of Good Faith# 3 Supplement Certificate of Service)(Cattie, William) (Entered: 10/06/2005) |
| 10/06/2005 | 91 | OPENING BRIEF in Support re 90 MOTION to Compel *Documents Pertaining to Plaintiff's Interview of Witness Amy Stratton* filed by United Parcel Service Inc., Mark Bard.Answering Brief/Response due date per Local Rules is 10/21/2005. (Attachments: # 1 Supplement Certificate of Service)(Cattie, William) (Entered: 10/06/2005) |
| 10/06/2005 | 92 | MOTION for Pro Hac Vice Appearance of Attorney Broughton M. Earnest - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Order Granting Motion# 2 Certification# 3 Certificate of Service) (Cattie, William) (Entered: 10/06/2005) |
| 10/06/2005 | 93 | MOTION for Pro Hac Vice Appearance of Attorney Erin L. Ginsberg, Esq. - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Order Granting Motion# 2 Certification# 3 Certificate of Service)(Cattie, William) (Entered: 10/06/2005) |
| 10/06/2005 | 94 | REPLY BRIEF re 72 MOTION to Compel - *Plaintiff's Brief in Reply to Defendant's Opposition to Plaintiff's Omnibus Motion to Compel Discovery* filed by Heidi Vascek. (Attachments: # 1 Certificate of Service)(Scialpi, Daniel) (Entered: 10/06/2005) |
| 10/06/2005 | 95 | APPENDIX re 94 Reply Brief, - *Appendix to Plaintiff's Brief in Reply to Defendants' Opposition to Plaintiff's Omnibus Motion to Compel Discovery* by Heidi Vascek. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Certificate of Service)(Scialpi, Daniel) (Entered: 10/06/2005) |
| 10/06/2005 | 96 | RESPONSE to Motion re 76 MOTION for Protective Order - *Plaintiff's Response to Defendants Motion for a Protective Order to Preclude Further Deposition Testimony of Corporal Jeffrey Weaver* filed by Heidi Vascek. (Attachments: # 1 Certificate of Service)(Scialpi, Daniel) (Entered: 10/06/2005) |
| 10/06/2005 | 97 | APPENDIX to 96 *Plaintiff's Response to Defendants Motion for a Protective Order to Preclude Further Deposition Testimony of Corporal Jeffrey Weaver* by Heidi Vascek. (Attachments: # 1 Exhibit A-Part 1# 2 Exhibit A-Part 2# 3 Exhibit B-Part 1# 4 Exhibit B-Part 2# 5 Exhibit B-Part 3# 6 Exhibit B-Part 4# 7 Exhibit C-Part 1# 8 Exhibit C-Part 2# 9 Exhibit C-Part 3# 10 Exhibit C-Part 4# 11 Exhibit C-Part 5# 12 Certificate of Service)(Scialpi, Daniel) Modified on 10/6/2005 (fmt, ). (Entered: 10/06/2005) |

| | | |
|---|---|---|
| 10/06/2005 | | CORRECTING ENTRY: D.I. 97 has been linked to D.I. 96 (fmt, ) (Entered: 10/06/2005) |
| 10/07/2005 | 98 | NOTICE of Depositions of Mr. William Cullacchi, Mr. James Digan, Mr. Scott Davis and Trooper John P. Forrester #3302 by Heidi Vascek (Scialpi, Daniel) (Entered: 10/07/2005) |
| 10/10/2005 | 99 | MOTION for Protective Order *Shielding Defendants from Plaintiff's Untimely Notice of Depositions and Request for Production of Documents (Fourth Set)* - filed by United Parcel Service Inc., Mark Bard. (Attachments: # 1 Text of Proposed Order Order# 2 Supplement Certification of Good Faith# 3 Supplement Certificate of Service)(Cattie, William) (Entered: 10/10/2005) |
| 10/10/2005 | 100 | OPENING BRIEF in Support re 99 MOTION for Protective Order *Shielding Defendants from Plaintiff's Untimely Notice of Depositions and Request for Production of Documents (Fourth Set)* filed by United Parcel Service Inc., Mark Bard.Answering Brief/Response due date per Local Rules is 10/24/2005. (Attachments: # 1 Supplement Certificate of Service for Brief in Support of Motion)(Cattie, William) Additional attachment(s) added on 10/11/2005 (fmt, ). (Entered: 10/10/2005) |
| 10/11/2005 | | CORRECTING ENTRY: Only the certificate of service was attached to D.I. 100; the Opening Brief is now attached to D.I. 100 (fmt, ) (Entered: 10/11/2005) |
| 10/14/2005 | | SO ORDERED, re 93 MOTION for Pro Hac Vice Appearance of Attorney Erin L. Ginsberg, Esq. filed by United Parcel Service Inc.,, Mark Bard,, 92 MOTION for Pro Hac Vice Appearance of Attorney Broughton M. Earnest filed by United Parcel Service Inc.,, Mark Bard, . Signed by Judge Sue L. Robinson on 10/14/05. (rld, ) (Entered: 10/14/2005) |
| 10/17/2005 | 101 | ANSWERING BRIEF in Opposition re 83 MOTION to Compel filed by Heidi Vascek.Reply Brief due date per Local Rules is 10/24/2005. (Scialpi, Daniel) (Entered: 10/17/2005) |
| 10/17/2005 | 102 | NOTICE to Take Deposition of Sergeant Matthew Cox on October 28, 2005 by United Parcel Service Inc., Mark Bard.(Cattie, William) (Entered: 10/17/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/18/2005 10:34:43 | | | |
| PACER Login: | pm0040 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:04-cv-01538-SLR Start date: 1/1/1970 End date: 10/18/2005 |
| Billable | | | |

| Pages: | 7 | Cost: | 0.56 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br> Defendants. | : <br> : <br> : <br> : <br> : C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, William J. Cattie, Esquire do hereby certify that on October 18, 2005, I have caused to be sent via U.S. Mail, First Class, a copy of the foregoing **Defendant United Parcel Service, Inc.'s Motion to Quash the Subpoena Directed to Delaware Technical & Community College** to the following individuals:

>Richard R. Wier, Jr., P.A.
>1220 Market Street, Suite 600
>Wilmington, DE  19801
>
>Michael T. van der Veen, Esquire
>Kats, Jamison, van der Veen & Associates
>25 Bustleton Pike
>Feasterville, PA   19053

>**RAWLE & HENDERSON LLP**
>
>_____/s/  William J. Cattie, III_____
>William J. Cattie, III, Esquire (#953)
>Attorneys for Defendants
>300 Delaware Avenue - Suite 1015
>Wilmington, DE 19899
>Telephone:    (302) 778-1200