IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 04-1538 |

**BRIEF IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO QUASH THE SUBPOENA DIRECTED TO DELAWARE TECHNICAL & COMMUNITY COLLEGE**

I.   **INTRODUCTION/STATEMENT OF FACTS**

This action arises from a motor vehicle accident that occurred on October 26, 2004, in which a motorcycle operated by plaintiff's decedent, John Vascek, Jr., impacted a UPS package car operated by UPS employee Mark Bard at the intersection of Montchanin and Twaddle Mill Roads in Greenville, Delaware.  Mr. Vascek was fatally injured in the collision.  On December 22, 2004, plaintiff instituted a negligence action against Mr. Bard and UPS.  In the Complaint, plaintiff alleges that Mr. Bard's negligent operation of the UPS package car caused the accident, and that UPS is vicariously liable for that negligence under the doctrine of *respondeat superior*. (See Complaint, at ¶¶ 15, 18).

Throughout the course of discovery, defendant UPS has been diligent and cooperative in providing plaintiff's counsel with access to documents material to this lawsuit.  Defendants have produced nearly five hundred documents in response to plaintiff's two sets Requests for

Production of Documents and UPS is currently preparing responses to plaintiff's third set of Requests for Production of Documents. Defendants have supplemented their initial responses as many as five times. Defendants have also provided plaintiff with detailed and complete responses to nearly 100 Interrogatories, and UPS has supplemented its responses to Interrogatories twice.

Plaintiff now seeks the production of documents from Mr. Bard's college, DelTech, and has issued a subpoena broadly requesting: "Any and all documentation regarding Mark Bard." See Ex. A.

The subpoena directed to DelTech is dated October 3, 2005. See Ex. A. The docket in this case demonstrates that plaintiff failed to file a Notice of Service for that subpoena. See Ex. B. In fact, Mr. Bard was not aware that a subpoena was served upon his college until counsel for DelTech informed Mr. Bard that it received the subpoena, two weeks after the subpoena was issued. See Ex.C. In addition to such procedural deficiencies, which place the subpoena in violation of L.R. 5.4, the subpoena should be quashed because plaintiff is not entitled to the production of the records sought, as the plaintiff's request (1) seeks information protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; 49 CFR part 99 ("FERPA"); (2) is overly broad, unduly burdensome, and harassing; and (3) seeks records that are completely irrelevant to this motor vehicle accident case.

Accordingly, UPS and Mark Bard wish to prevent the disclosure of Mr. Bard's private information in response to this procedurally and substantively deficient subpoena that seeks records having no relevance to this case, and request that this Court grant an Order to Quash the subpoena directed to DelTech.

II.     **ARGUMENT**

FERPA is a federal law that protects the privacy of student education records. See 20 U.S.C. § 1232g; 49 CFR part 99. Generally, schools must have written permission from the student in order to release any information from a student's education record. 49 CFR § 99.30.

In the present matter, plaintiff seeks from DelTech all documentation relating to Mark Bard. See Ex. A. This sweeping, overly broad request encompasses documents protected by FERPA, and Mr. Bard does not consent to their release.

The conditions under which a school does not require the student's consent to release records include when the disclosure is to comply with a "lawfully issued subpoena," and "only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, *so that the parent or eligible student may seek protective action.*" 34 CFR § 99.31(a)(9)(emphasis supplied). Mark Bard now seeks the protective action contemplated by § 99.31 in order to prevent the disclosure of his private information that has no relevance to this case. This action is an automobile accident case. Mark Bard's academic transcript and related records, which are more than twenty years old, have no bearing on plaintiff's allegations of basic negligence in the course of Mr. Bard's operation of the UPS package car on the date of the accident.

F.R.C.P. 45 provides that a Court shall quash or modify a subpoena if it requires disclosure of privileged or protected matter and no exception or waiver applies. F.R.C.P. 45(c)(3)(A)(iii). Plaintiff's subpoena to DelTech seeks disclosure of information protected by FERPA, and Mark Bard has not consented to its release. Although 49 CFR § 99.31 provides that such records may be disclosed without the student's consent when disclosed in response to a lawfully issued subpoena, § 99.31 also provides the mechanism for the student to prevent such

disclosure by seeking protective action. Accordingly, § 99.31 does not provide litigants with unfettered access to protected education records simply by virtue of the litigant's subpoena power. The limitations on disclosing such information naturally include the same limitations imposed on any discovery request.

18. Fed. R. Civ. P. 26(c) provides, in pertinent part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had.

Plaintiff's overly broad request naturally encompasses highly personal and sensitive information. Such information is clearly irrelevant to the plaintiff's claims. The subpoena directed to DelTech constitutes a harassing fishing expedition intended only to embarrass and annoy Mark Bard. There is no plausible justification for plaintiff's efforts to obtain Mr. Bard's educational records, when such information has no relevance to the allegations of basic negligence asserted against Mr. Bard.

In accordance with the grounds for protective action provided in Rule 26(c), namely that plaintiff's subpoena to Mark Bard's alma mater constitutes a harassing fishing expedition for irrelevant information intended only to embarrass and annoy Mr. Bard, defendants request that this Court afford Mr. Bard's educational records the privacy and protection intended by FERPA.

In addition to such substantive deficiencies in plaintiff's subpoena, it is also not a "lawfully issued subpoena," as required by FERPA, 49 CFR § 33.91, due to certain procedural

defects. Local Rule of Civil Procedure 5.4 requires that a party requesting discovery shall file with the Court a Notice of Service containing the following:

> (1) a certification that a particular form of discovery or response was served on other counsel or opposing parties; and
>
> (2) the date and manner of service. Filing the notice of taking of oral depositions required by Fed. R. Civ. P. 30(b)(1), and filing of proof of service under Fed. R. Civ. P. 45(b)(3) in connection with subpoenas, will satisfy the requirement of filing a "Notice of Service."

The subpoena directed to DelTech is dated October 3, 2005. See Ex. A. The docket in this case demonstrates that plaintiff failed to file a Notice of Service for that subpoena. See Ex. B. In addition, the subpoena inexplicably attaches a copy of UPS's Notice of Records Deposition dated June 20, 2005 for the deposition of an unrelated nonparty, which will certainly confuse the person to whom it is directed.

Therefore, for its procedural and substantive deficiencies, defendant seeks an Order of this Court, consistent with the guidance of Rule 26(c) and Rule 45(c)(3)(A)(iii), quashing plaintiff's subpoena *duces tecum*.

### III. CONCLUSION

Defendants United Parcel Service, Inc. and Mark Bard respectfully requests that this Court grant the foregoing Motion to Quash, and granting such other relief as this Court deems appropriate.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants

       300 Delaware Avenue - Suite 1015
       Wilmington, DE 19899
       Telephone:   (302) 778-1200

**DLA PIPER RUDNICK GRAY CARY US LLP**
O. Daniel Ansa (*admitted pro hac vice*)
Jayne A. Risk (*admitted pro hac vice*)
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:   (215) 656-3328

Dated: October 18, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br> Plaintiffs, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br> Defendants. | : <br> : <br> : <br> : <br> : C.A. No. 04-1538 <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, William J. Cattie, Esquire do hereby certify that on October 18, 2005, I have caused to be sent via U.S. Mail, First Class, a copy of the foregoing **Brief in Support of Defendant United Parcel Service, Inc.'s Motion to Quash the Subpoena Directed to Delaware Technical & Community College** to the following individuals:

Richard R. Wier, Jr., P.A.
1220 Market Street, Suite 600
Wilmington, DE  19801

Michael T. van der Veen, Esquire
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

**RAWLE & HENDERSON LLP**

_____/s/  William J. Cattie, III_____
William J. Cattie, III, Esquire (#953)
Attorneys for Defendants
300 Delaware Avenue - Suite 1015
Wilmington, DE 19899
Telephone:    (302) 778-1200