IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,         Plaintiffs, vs. UNITED PARCEL SERVICE, INC. and MARK BARD,         Defendants. | : : : : : : : : : : : : : |

C.A. No. 04-1538 SLR

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH THE
<u>SUBPEONA DIRECTED TO MICHAEL HUTCHINSON</u>**

```
                              RICHARD R. WIER, JR., PA.
                              Richard R. Wier, Jr. (#716)
                              Daniel W. Scialpi (#4146)
                              1220 Market St., Suite 600
                              Wilmington, DE 19801
                              (302)888-3222

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053


October 18, 2005
```

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................3

NATURE AND STAGE OF THE PROCEEDINGS.......................................................4

STATEMENT OF FACTS.....................................................................................................5

ARGUMENT............................................................................................................................7

    I.    Defendants Have Failed To Make a Proper Claim For Trial Preparation Material Protection Of The Documents Sought In Plaintiff's Subpoena........................................................................................7

    II.   The Subpoenaed Material Is Not Trial Preparation Material...8

    III. Even If The Subpoenaed Material Is Trial Preparation Material, Plaintiff Has A Substantial Need For The Material And Cannot Obtain The Substantial Equivalent Of The Material........................................................................................................10

CONCLUSION......................................................................................................................11

## **TABLE OF AUTHORITIES**

Celmer v. Marriot Corp., 2004 U.S. Dist LEXIS 17493 (E.D. Pa. 2004)(attached) ...............................................................................................................6

Harper v. Auto-Owners Insurance Co., 138 F.R.D. 655 (S.D. Ind. 1991) .............................................................................................................................7

Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24 (D.C. Mass. 1987) .............................................................................................................................8

Smith v. The Conway Organization, Inc., 154 F.R.D. 73 (S.D. N.Y. 1994) .............................................................................................................................7

**NATURE AND STAGE OF THE PROCEEDINGS**

On December 22, 2004, Plaintiff, Heidi Vascek, individually and as the Administratrix of the Estate of John Vaseck, Jr. filed this action against the Defendants, United Parcel Service and Mark Bard, for the wrongful death of her husband. (D.I. 1). On February 28, 2005, at the joint request of the parties, this Court extended the discovery deadline until October 5, 2005.

This is Plaintiff's Brief in Opposition to Defendants' Motion to Quash the Subpoena Directed to Michael Hutchinson.

**STATEMENT OF FACTS**

On October 26, 2004, John Vascek, Jr. died when the motorcycle he was operating collided with a package van owned by the Defendant UPS and operated by the Defendant Bard. The collision occurred when the Defendants' vehicle left Twadell Mill Road, began to cross the southbound lane of Montchanin Road in order to turn north on that road and then stopped in the southbound lane of Montchanin Road, where Mr. Vascek was operating his motorcycle.

The Defendant's excess insurance carrier, Liberty Mutual, was contacted on October 26, 2004 by the Defendant UPS and conducted a routine potential claim investigation on that very day, and on succeeding days, of the scene of the collision. The Defendants cooperated in that investigation of a potential claim, and information, that cannot be re-created because of changes in the condition of the scene, was obtained. The information was recorded in a Liberty Mutual Claims File - AB505167018-01, and otherwise. Plaintiff has filed numerous interrogatories and motions for production of documents designed to obtain the information obtained in that investigation. Defendants have resisted the production of that information claiming trial preparation material protection pursuant to FRCP 26(b)(3). Those requests and the Defendants' refusals are the subject of a Motion to Compel currently before this Court.

On September 20, 2005 Plaintiff's issued a Subpoena (See Exhibit

A attached to Defendants' Motion to Quash) requesting the information gathered by Liberty Mutual in their investigation of this collision. Instantly, Defendants move to quash that subpoena, claiming that it seeks trial preparation materials.

**ARGUMENT**

**I. Defendants Have Failed To Make A Proper Claim For Trial Preparation Material Protection Of The Documents Sought In Plaintiff's Subpoena**

The claim for protection of trial preparation materials is governed expressly by FRCP 26(b)(5) which provides:

"(5) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it

is privileged or subject to protection of trial preparation material, the party shall make the claim expressly **and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.**" (Emphasis added)

Defendants have failed utterly to meet the requirements of Rule 26(b)(5). Their only claim is that the subpoenaed material is entitled to trial preparation material protection, without providing any of the descriptions required by Rule 26(b)(5). Such a claim of trial preparation material protection is insufficient as a matter of law. See Celmer v. Marriot Corporation, et al., 2004 U.S. Dist. LEXIS 17493 (E.D. Pa. 2004).

**II. The Subpoenaed Material Is Not Trial Preparation Material**

The material sought by Plaintiff's subpoena that Defendants seek to quash is material that was collected and prepared by Liberty Mutual as part of their normal course of business, and as such is not entitled to trial preparation material protection. It is the very nature of the insurance business to investigate occurrences to determine whether there will be a claim in the future. This is especially true, as here, where Liberty Mutual provides only excess coverage to the Defendant UPS self insurance. As a result, then, routine or ordinary investigations and reports thereof are not work product and may be obtained as normal discovery. See Harper v. Auto-Owners Ins. Co., 138 F.R..D. 655 (D.C. Ind. 1991). And that is even true if the maker of the report is aware that the document may be useful in the event of litigation. See Smith v. Conway Organization, Inc., 154 F.R.D. 73 (S.D. N.Y. 1994).

The business of an insurance company is to investigate potential claims, and the mere fact that the documents produced may be helpful to a litigant will not accord the documents trial preparation material status Harper, supra. The records sought concern an investigation that was undertaken at the scene of an automobile accident. No claims had been made at the time, and in fact, according to the Defendant driver's version of the occurrence, which is the sum of what Liberty Mutual and its employees knew of the incident at the time, none could be anticipated. Merely because,

after further investigation by retained counsel for the Plaintiff, litigation did ensue is not sufficient reason to accord trial preparation material protection to the subpoenaed material.

Finally, the purpose behind the exclusion of trial preparation materials is to protect the sanctity of the mental impressions of a lawyer engaged in the process of representing a client. Facts obtained should only be precluded to the extent that they are directly gathered or gathered in such a way to reveal those mental impressions. There is no claim that the materials under subpoena are of that sort.  The materials sought from Liberty Mutual were not prepared by or for a lawyer.  Mere conclusory assertions that an insurance investigator's report was necessary to obtain facts for use at a possible future trial, such as those made by the Defendants in this case, are insufficient, by themselves to establish that such documents are entitled to trial preparation material protection, especially when done in the ordinary course of the business of an insurance company. See Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24 (D.C. Mass. 1987).

**III. Even If The Subpoenaed Material Is Trial Preparation Material, Plaintiff Has A Substantial Need For The Materials And Cannot Obtain The Substantial Equivalent Of The Material**

The material sought by the subpoena in question reflects information obtained at the scene of a fatal collision. It no doubt includes photographs of the scene, witness statements and other information that cannot be reproduced by Plaintiff. The collision scene, as it existed on the day of Mr. Vascek's death, fresh recollections of the events from witnesses before the intervention of time and litigation, and other unique information cannot be replicated by the Plaintiff, and is therefore squarely within the intended scope of the exception to the protection of trial preparation materials. FRCP Rule 26(b)(3). Surely, the rules of discovery should not be read so that a party who survived a collision, backed by a large corporate entity and its excess insurance carrier, be entitled to a superior information base, than the representative of the party who died. Facts should belong to neither party to be investigated, recorded and hidden from view. Such a result is anathema to the scope, purpose and policy of the Federal Rules of Civil Procedure.

**CONCLUSION**

For all of the above stated reasons Plaintiff respectfully requests that Defendants Motion to Quash the Subpoena Directed to Richard Hutchinson, be denied, and that the Court order compliance with Plaintiff's Subpoena directed to Mr. Hutchinson and Liberty Mutual Insurance Company.

                                          Respectfully submitted,
                                          RICHARD R. WIER, JR., PA.

                                          /s/ Daniel W. Scialpi
                                          Richard R. Wier, Jr. (#716)
                                          Daniel W. Scialpi (#4146)
                                          1220 Market St., Suite 600
                                          Wilmington, DE 19801
                                          (302)888-3222
                                          Dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

1 of 6 DOCUMENTS

JOSEPH CELMER, ET AL. v. MARRIOT CORPORATION, ET AL

CIVIL ACTION NO. 03-CV-5229

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2004 U.S. Dist. LEXIS 17493

August 23, 2004, Decided
August 23, 2004, Filed, Entered

**PRIOR HISTORY:** *Celmer v. Marriot Corp.,* 2004 U.S. Dist. LEXIS 17479 (E.D. Pa., Aug. 20, 2004)

**DISPOSITION:** [*1] Plaintiffs' Motion in Limine to Preclude Evidence of Prior Injuries, Accidents or Legal Actions and Nervous Breakdown Granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a personal injury case, plaintiff, husband and wife, sued defendant hotel and hotel corporation. Plaintiffs filed a motion in limine to exclude evidence of the husband's prior injuries, accidents, or legal actions and to exclude evidence of the wife's nervous breakdown.

**OVERVIEW:** Regarding the exclusion of prior injuries and accidents, plaintiffs argued that they were inadmissable under Fed. R. Evid. 401, 402, and 403. Defendants claimed that since the husband had placed his medical health at issue in the litigation, his prior accidents were relevant and admissible evidence. Defendants failed to demonstrate how the husband's prior injuries and accidents were at all related to his current injuries. Additionally, a jury could be confused and/or misled by defendants' use of his medical history. Regarding exclusion of the wife's nervous breakdown, plaintiffs contended that her claim was limited to loss of consortium. Again defendants argued that the wife had placed her own emotional and mental health at issue, and that her mental health and condition prior to her husband's fall directly related to her consortium claim. They made no attempt to establish a relationship between the wife's nervous breakdown more than eight years ago, and her present claim.

**OUTCOME:** Plaintiffs' motion in limine was granted.

**LexisNexis(R) Headnotes**

*Evidence > Procedural Considerations > Rule Application & Interpretation*
[HN1] District courts have broad discretion in determining what evidence is relevant, and in evaluating probative value versus unfair prejudice.

*Evidence > Relevance > Relevant Evidence*
[HN2] See Fed. R. Evid. 401.

*Evidence > Relevance > Relevant Evidence*
[HN3] See Fed. R. Evid. 402.

*Evidence > Relevance > Confusion, Prejudice & Waste of Time*
[HN4] See Fed. R. Evid. 403.

**COUNSEL:** For JOSEPH CELMER, REGINA CELMER, Plaintiffs: NATHAN M. MURAWSKY, LEAD ATTORNEY, DORIAN GOLDSTEIN ROCHESTIE WISNIEWSKI ORCHINIK AND PARLOW, P, BENSALEM, PA.

For MARRIOTT CORPORATION, MARRIOTT HOTEL/PHILADELPHIA AIRPORT, Defendants: STEPHANIE K. RAWITT, LEAD ATTORNEY, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PHILADELPHIA, PA.

**JUDGES:** R. Barclay Surrick, Judge.

**OPINIONBY:** R. Barclay Surrick

**OPINION:**

**MEMORANDUM ORDER**

AND NOW, this 23rd day of August, 2004, upon consideration of Plaintiffs' Motion in Limine to Preclude Evidence of Joseph Celmer's Prior Injuries, Accidents or Legal Actions and Regina's Celmer's Nervous Breakdown, (Doc. No. 30), we find as follows:

2004 U.S. Dist. LEXIS 17493, *1

1. In response to defense counsel's question regarding past accidents, injuries, and legal actions, Plaintiff testified that:

> . He had prostrate surgery approximately fifteen (15) years prior.
> . He had a slip and fall on ice on his own property with no medical treatment approximately four (4) to five (5) years ago.
> . He was [*2] a witness in a legal suit brought by the Federal Government regarding lead poisoning.
> . He has had two motor vehicle accidents. The first when he was thirty (30) to forty (40) years old in which he suffered a bruised right hand and right knee and had one visit to the emergency room. n1 The second accident occurred approximately two (2) years ago and was described as a "fender bender" in which no injuries were suffered.
> . He broke his ankle while working for Pathmark [prior to 1993] and was in a cast for four (4) to six (6) weeks but was able to work.

(Pl.'s Mot. in Limine at PP 4-5 (citing J. Celmer Dep. at 18, 35-36, 37, 38-40, 40-41, 43-44, Ex. A to Pl.'s Mot. in Limine).)

2. Plaintiff contends that Defendant should be precluded from raising these incidents at trial because they are inadmissable under *Federal Rules of Evidence 401, 402,* and *403.* n2 Specifically, Plaintiff claims that none of the previous injuries were sustained to those areas of the body that he presently claims were injured by Defendant's negligence, and "no medical records suggest, mention, [*3] or otherwise discuss any causal relationship between any of these past injuries and Mr. Celmer's current problems." (Pl.'s Mot. in Limine at unnumbered 3.) Plaintiff argues that allowing this medical history into evidence would "prejudice the jury in suggesting a causal relationship between his prior injuries and the injuries sustained in this accident." (Pl.'s Mot. in Limine at P 8.)

3. Defendant claims that because Plaintiff has "placed his medical health at issue in this litigation," his prior accidents are relevant and admissible evidence. (Mem. of Law in Supp. of Def.'s Resp. at unnumbered 1.) Specifically, Defendant contends that Plaintiff's health prior to the fall "directly relates to whether Plaintiff's current injuries are causally related to the incident at issue." (Id. at unnumbered 2.)

4. [HN1] District courts have broad discretion in determining what evidence is relevant, and in evaluating probative value versus unfair prejudice. *Cowgill v. Raymark Indus., Inc., 832 F.2d 798, 806 (3d Cir. 1987)* (citing *United States v. Long, 574 F.2d 761, 767 (3d Cir. 1978)).* In this case, Defendant has failed to demonstrate how the aforementioned [*4] events are at all related to Plaintiff's current injuries. Defendant would have us believe that every detail of Plaintiff's health history is related to the instant case, simply because Plaintiff has put his present injuries at issue. If Plaintiff had previously injured the body parts in question here, or if there were some other link of the past injuries to the present claims, then the history might be relevant. However, Defendant has failed to offer any evidence or suggest any similarity between the past and present injuries, other than the fact that the past and present injuries relate to Plaintiff's health. In addition, the report from Defendant's medical experts does not even discuss these past injuries. n3 Accordingly, we fail to see the relevance of this information. As to the possibility of prejudice, we conclude that the jury could be confused and/or misled by Defendant's use of this medical history. n4 Based on the record, we conclude that the probative value does not outweigh the potential for prejudice.

5. Plaintiff's Motion also seeks to preclude evidence of Regina Celmer's Nervous Breakdown. Plaintiff contends that Regina's Celmer's claim is limited to loss of consortium. [*5] According to Plaintiff, Regina Celmer suffered a nervous breakdown in the mid-1990s, but has had no hospitalization since 1996. (Pl.'s Mot. in Limine at P 13 (citing R. Celmer Dep. at 8-11, Ex. C to

Pl.'s Mot. in Limine).) Again, Defendant's only argument in support of admitting the evidence is that Regina Celmer has "placed her own emotional and mental health at issue in this litigation," and that Regina Celmer's "mental health and condition prior to her husband's fall" directly relate to her consortium claim. Defendant makes no attempt to establish a relationship between Regina Celmer's nervous breakdown more than eight years ago, and her present claim. Moreover, Defendant never requested any medical information related to Regina Celmer. (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. in Limine at 2.) Defendant has failed to establish the probative value of this potentially prejudicial information or its relevance to the consortium claim.

6. For the foregoing reasons, Plaintiff's Motion is GRANTED.

n1 More accurately, Plaintiff stated that he was in his thirties or late forties. (J. Celmer Dep. at 38, Ex. A to Pl.'s Mot. in Limine)

[*6]

n2 *Federal Rule of Evidence 401* states:

> [HN2] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401.

*Federal Rule of Evidence 402* states:

> [HN3] All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FED. R. EVID. 402.

*Federal Rule of Evidence 403* states:

> [HN4] Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

[*7]

n3 Defendant's own medical expert, who is not scheduled to testify at trial, does not discuss a connection between these past injuries and Plaintiff's present health issues.

n4 We note that our decision is limited to the admissibility of those past injuries and/or accidents that are specifically outlined in Plaintiff's Motion, and listed herein above. If Defendant is able to provide this Court with evidence of injuries and/or health complications related to the injuries presently in question, then we will consider its admissibility at that time.

IT IS SO ORDERED.

BY THE COURT:

R. Barclay Surrick, Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>         Plaintiffs, <br><br> vs. <br><br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>         Defendants. | C.A. No. 04-1538 SLR |

## CERTIFICATE OF SERVICE

I certify that on this 18 th day of October, 2005, that I caused to be electronically filed the attached Plaintiff's Brief in Opposition to Defendants' Motion to Quash the Subpoena Directed to Michael Hutchinson, with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

        William J. Catie, III, Esquire
        Rawle & Henderson
        300 Delaware Avenue, Suite 1015
        Wilmington, DE 19899
        Attorney for Defendants

        Jayne A. Risk, Esquire
        One Liberty Place
        1650 Market Street, Suite 4900
        Philadelphia, PA 19103
        *Via Regular Mail*

        **RICHARD R. WIER, JR., P.A.**

        /s/ Daniel W. Scialpi
        Richard R. Wier, Jr. (#716)
        Daniel W. Scialpi (#4146)
        1220 Market Street, Suite 600
        Wilmington, Delaware 19801
        (302)888-3222
        Dscialpi@wierlaw.com