## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as** | : | |
| **Administratrix of the ESTATE OF** | : | |
| **JOHN VASCEK, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **C.A. No. 04-1538 SLR** |
| **v.** | : | |
| | : | |
| | : | |
| **UNITED PARCEL SERVICE, INC. and** | : | |
| **MARK BARD,** | : | |
| **Defendants.** | : | |

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER TO PRECLUDE PLAINTIFF FROM TAKING THE
DEPOSITIONS OF UPS CORPORATE DESIGNEES WITH KNOWLEDGE
OF TRUCK MAINTENANCE AND INFORMATION SYSTEMS

RICHARD R. WIER, JR., PA.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

October 19, 2005

## **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS…………………………………………...3

STATEMENT OF FACTS…………………………...………………………………………4

ARGUMENT……………………………………………………………………………...5

CONCLUSION……………………………………………………………………………8

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

On December 22, 2004, Plaintiff, Heidi Vascek, individually and as the Administratrix of the Estate of John Vaseck, Jr. filed this action against the Defendants, United Parcel Service and Mark Bard, for the wrongful death of her husband. (D.I. 1). On February 28, 2005, at the joint request of the parties, this Court extended the discovery deadline until October 5, 2005.

This is Plaintiff's Brief in Opposition to Defendants' Motion for Protective Order.

## STATEMENT OF FACTS

On October 26, 2004, John Vascek, Jr.was killed when the motorcycle he was operating collided with a package van owned by the Defendant UPS and operated by the Defendant Bard. The collision occurred at approximately 4:00 p.m.  The collision was investigated by the Delaware State Police under the direction of Corporal Weaver of the FAIR unit.

Plaintiff has noticed the depositions of Defendant UPS corporate designees regarding truck maintenance and information systems.  Defendant UPS has refused to produce these designees, and has filed this motion for a protective order to preclude those depositions.  The Defendant UPS seeks this protective order based on claims that it has been cooperative in discovery matters that, according to the Defendant UPS, any information discovered in these noticed depositions would be immaterial to the case, and that the sole purpose for noticing these depositions is to harass, annoy and cause the Defendant UPS needless expense.

Plaintiff disagrees and contests all of Defendant UPS's claims.

4

## ARGUMENT

The Federal Rules of Civil Procedure provide in Rule 30(b)(6) for the depositions of corporate designees to provide information possessed by corporate parties. The scope of the information available from such corporate designees is subject only to the same limitations as all of discovery.  That is, if the information sought is reasonably calculated to lead to admissible evidence it is a legitimate topic for discovery. FRCP Rule 26(b)(1).

Protective orders precluding depositions are only available upon a showing that such an order is necessary because "justice requires (the protective order) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26 (c) And the burden is upon the party seeking the protective order to show "good cause" as to why the protective order should be granted.  The Defendant UPS has failed utterly to meet that burden of good cause shown.

First, Defendant UPS claims that it has been "diligent and cooperative" in providing discovery in this matter and   "exceeding cooperative" in scheduling depositions of witnesses.  In fact, the Defendant UPS has and continues to resist Plaintiff's legitimate discovery requests as is evident by the many discovery matters currently before this Court by way of motion practice. With regard to the depositions of corporate designees, The Defendant UPS has repeatedly scheduled such depositions only to cancel them on short notice.

Although it should be evident to the Defendant UPS the relevance of the depositions sought to be precluded, Plaintiff offers the following.  A corporate designee on truck maintenance can provide information regarding, among other things, the maintenance history of the truck involved in this incident.  The Defendant Bard did not hear an approaching motorcycle. The maintenance history can show whether the sound levels in the truck were at appropriate

5

levels. This same designee can provide information as to whether there was a place provided on the truck for storage of paper towels such as those found on the dash board of the truck in question at the time of this collision. The maintenance policies regarding as mundane a matter as the washing of the vehicle in question can also answer relevant questions in this case. There is an assumption by Corporal Weaver as to the location of the impact between the truck and Mr. Vascek's motorcycle, based on dirt in the roadway. If the truck, was, as Plaintiff suspects, washed on a daily basis, the dried dirt in the roadway is likely from another source.

Finally, although Plaintiff has made no claim as to the proper maintenance of the vehicle in question, that is so because the Defendant UPS has failed to provide information available only to it, although the same has been requested in various forms, regarding the maintenance history of the vehicle which may, when properly provided, form a basis for amending the pleadings in this case to make such a claim. The purpose of discovery is to ascertain if there exists a factual predicate for claims that have been, or may be made. To claim that because Plaintiff has no access to the maintenance history of this truck, and therefore no basis, as of yet to claim that it was improperly maintained as a basis for denying such discovery borders on the absurd.

The deposition of a corporate designee concerning information systems is critical to developing an important aspect of Plaintiff's theory regarding how and why this collision occurred. Plaintiff has sought, in a variety of ways, to determine the delivery schedule followed by the Defendant Bard on the day of this collision. The collision took place at 4:00 p.m. According to his deposition testimony, the Defendant Bard preferred to be at home by 5:00 p.m. The testimony of other witnesses at the scene suggest that there were hours of deliveries left to be made. Such a fact, provable through the information system records of the Defendant UPS, is

at the heart of explaining why this collision occurred.

The Defendant UPS has resisted each and every one of Plaintiff's requests designed to discover this information. Although the Defendant Bard claims that he was not in a rush, and coming from a delivery close in location to where the collision occurred, UPS records may prove that recollection faulty. The information systems corporate designee can disclose how, where, and in what form such records are kept so they can be discovered. In addition, such a witness can explain the content of certain information system records from the on-board Diad that have been produced in apparent incomplete form, using language that is unclear in its plain meaning, but which may be clear when the system is properly understood.

There is nothing fair and efficient about the refusal to provide for the depositions of these properly noticed corporate designees. In the time taken for the Defendant UPS to file this instant motion, the Plaintiff to respond, and this Court to decide the matter, the depositions complained of could have easily been completed. Plaintiff has no interest in prolonging this litigation. It is her desire, and in her interest, to find closure regarding her husband's death and what she has lost, as soon as it fairly can occur.

## **CONCLUSION**

For all of the above stated reasons, Plaintiff respectfully requests that the Motion for a Protective Order of the Defendant UPS be denied and that the Defendant UPS be ordered to produce the properly noticed corporate designees for their depositions.

Respectfully submitted,
RICHARD R. WIER, JR., PA.

__/s/ Daniel W. Scialpi__
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

8

## CERTIFICATE OF SERVICE

I certify on this 19th day of October 2005 that I caused to be electronically filed the

attached document with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:


William J. Cattie, III, Esq.
Rawle & Henderson
300 Delaware Ave., Suite 1015
Wilmington, DE 19899

And by mail on:
Jayne A. Risk, Esq.
One Liberty Place
1650 Market St., Suite 4900
Philadelphia, PA 19103



RICHARD R. WIER, JR., PA.

__/s/ Daniel W. Scialpi__
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053