IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.<br>　　　　Plaintiffs<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC. And MARK BARD<br>　　　　Defendants | :<br>:<br>:<br>:<br>: C.A. No. 04-1538 SLR<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER SHIELDING DEFENDANTS FROM PLAINTIFFS' UNTIMELY NOTICE OF DEPOSITIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Richard R. Wier, Jr. PA
1220 Market Street, Suite 600
Wilmington, DE 19801
(302) 888-3222

Michael T. van der Veen
Anthony J. Bocchino
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Date: October 28, 2005

I.   **Introduction**

The case arises from the death of John Vascek, Jr. on October 26, 2004, when the motorcycle he was operating collided with a package van owned by the Defendant UPS and operated by the Defendant Bard. During the course of the litigation there have been numerous disputes regarding legitimate discovery requests by the Plaintiff to determine the following:

1. What occurred during the investigation of Mr. Vascek's death by various employees of the Defendant UPS on the day of the collision;

2. The names of those employees who conducted the investigation;

3. The delivery schedule followed by the Defendant Bard on the day of Mr. Vascek's death;

4. The number of packages yet to be delivered at the time of Mr. Vascek's death; and

5. The length of time it took to make those deliveries after the packages on Mr. Bard's truck were unloaded from his van; and

6. The names of the other employees of the Defendant UPS who made those deliveries. These efforts have been repeatedly thwarted by the Defendants with incomplete responses to document requests, the refusal to provide a complete list of UPS employees with information regarding the collision and its aftermath, agreements to produce FRCP 30(b)(6) witnesses for depositions and then canceling those depositions and motions for protective orders to preclude providing information legitimately within the scope of proper discovery regarding the investigation of the accident scene.

This motion by the Defendants is yet another dilatory motion, designed to preclude fair

discovery that can lead to the appropriate and just resolution of this dispute.

The close of discovery in this matter was set for October 5, 2005. On that date a motion for production of documents and other material was sent to the Defendant via FAX. In addition, and at the same time, a formal notice of deposition of previously identified potential witnesses was sent to Defendants. Apparently the FAX transmission did not go through and it was resent on October 6, 2005. Based solely on the timing of the re-sent FAX, and without identifying any harm to their position in this matter, Defendants have brought this motion.

## II. ARGUMENT

The Court has broad discretion to allow discovery to be had in any matter before it. The purpose, of course, of discovery is for the fair flow of information between the parties so that a just result of any matter before the Court will occur. It is especially important in a litigation such as this, where Defendants have repeatedly thwarted or attempted to thwart the discovery of information within its possession, for the Court to exercise its authority in favor of legitimate discovery requests.

### A. The Requests for Production of Documents (Fourth Set)

The five requests made in this motion by Plaintiffs pertain to information that is fairly within previous production requests that have not been provided by Defendants. All of these records pertain to the delivery schedule of the Defendant Bard on the date of Mr. Vascek's death. That information has been requested numerous times and in numerous forms, only to be denied, each and every time by Defendants through failures to respond, incomplete production of documents, objections to producing witnesses for deposition, and numerous motions for protective orders. In fact, the names of the Defendant UPS employees who delivered the

packages remaining on the Defendant Bard's package van were not divulged until the last week of discovery, and only then reluctantly. It was impossible for Plaintiff to know who these UPS drivers were until their names were finally provided. If discovery in this matter were conducted in good faith by Defendants, the names of these employees would have been divulged in the answers to Plaintiff's first set of interrogatories. They were not, and now Defendants seek to profit from their dilatory discovery practices.

What the Defendant Bard was doing, how long he had been doing it, and how much more he had to do on the day Mr. Vascek died is at the heart of this law suit and may very well explain why he failed to comply with Delaware law regarding stopping before entering a right of way, did not see Mr. Vascek's motorcycle when he had a clear view, and did not hear Mr. Vascek's motorcycle before the collision. It has long been the theory of the Plaintiff that the Defendant Bard, who had put in a full day before the collision with Mr. Vascek, had many more stops to make, was tired and in a hurry, and for that reason did not operate the Defendant UPS's package van in a safe manner. This theory has been communicated to Defendants and is well known to Defendants and perhaps explains Defendants' recalcitrance in providing this information.

**B. The Notice of Depositions**

All of these potential witnesses, four of whom (Cullachi, Digan, Davis, and Hedinger) are Defendant UPS employees, possess information relevant to this law suit. Although not identified in response to Plaintiff's first set of interrogatories, their identities eventually became known only on October 5, 2005, the last day of discovery, during the deposition of Defendant UPS employee Al Hastings, who was produced as a supervisor of the Defendant Bard in response to a request for that UPS employee on September 15, 2005.

As to Trooper Forrester, the extensive nature of his involvement in the investigation at the scene of the collision between the Defendants' van and Mr. Vascek was not known until the deposition of Sergeant Cox, which began on October 4, 2005 and was not completed until October 28, 2005. On the day after Trooper Forrester's role was revealed his deposition was noticed.

## III. CONCLUSION

The information sought in the complained of discovery is necessary and fair to a just resolution of this matter. The discovery sought presents no hardship to Defendants. In fact, if it were not for the fact of Defendants' dilatory conduct in the discovery of this case, the discovery would have long ago been completed. The time is now to end the motion practice engendered by the conduct of the Defendants, to agree to the legitimate discovery requested in this litigation, to provide all the relevant documents and allow this matter to proceed to an orderly and fair conclusion. Plaintiff welcomes the intervention of this Court to resolve the many outstanding discovery disputes in this litigation.

For all of the above stated reasons Plaintiff respectfully requests that Defendants' Motion for a Protective Order be denied.

                                    RICHARD R. WIER, JR., P.A.

                                    /s/ Daniel W. Scialpi
                                  Richard R. Wier, Jr. (#716)
                                  Daniel W. Scialpi (#4146)
                                  1220 Market St., Suite 600
                                  Wilmington, DE 19801
                                  (302)888-3222

                                  Michael T. van der Veen
                                  Anthony J. Bocchino

Date: 10/28/05

Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

## CERTIFICATE OF SERVICE

I certify that on this 28th day of October 2005, I electronically filed the attached Brief in Opposition to Defendants' Motion for a Protective Order with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Catie, Esq.
Rawle & Henderson
300 Delaware Ave., Suite 1015
Wilmington, DE 19899

and that I sent by first class mail a copy to the following:

Jayne A. Risk, Esq.
DLA Piper Rudnick Gray Cary
One Liberty Place
1650 Market St., Suite 4900
Philadelphia, PA 19103

**RICHARD R. WIER, JR., P.A.**

__/s/ Daniel W. Scialpi__
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@Wierlaw.com

Michael T. van der Veen
Anthony Bocchino
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053