IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEIDI VASCEK, individually and as Administratrix of THE ESTATE OF JOHN VASCEK, JR.,** | : : : : | |
| Plaintiffs, | : : | C.A. No. 04-1538 |
| v. | : : | JURY TRIAL DEMANDED |
| **UNITED PARCEL SERVICE, INC. and MARK BARD,** | : : : | HONORABLE SUE L. ROBINSON |
| Defendants. | : : | |

### NOTICE TO TAKE ORAL DEPOSITION DUCES TECUM

TO:

| | |
|---|---|
| Michael T. van der Veen, Esquire | Richard R. Wier, Jr., Esquire |
| Kats, Jamison, van der Veen & Associates | 1220 Market Street Suite 600 |
| 25 Bustleton Pike | Wilmington, DE  19801 |
| Feasterville, PA  19053 | |

**PLEASE TAKE NOTICE** that defendants, United Parcel Service and Mark Bard, by and through their undersigned counsel, Rawle & Henderson LLP and DLA Piper Rudnick Gray Cary US LLP, will take the oral deposition of **Jerome Staller** at the offices of DLA Piper Rudnick Grady Cary, 1650 Market Street, Suite 4900, One Liberty Place, Philadelphia, PA  19103 on **Thursday, November 17, 2005** beginning at **1:00 p.m.** upon oral examination under oath pursuant to the Federal Rules of Civil Practice and Procedure before a Notary Public or some other officer authorized by law to administer oaths.

The witness is commanded to bring all materials responsive to the attached Exhibit "A".

The deposition will continue from day-to-day until completed.

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esq. - ID #953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
Attorney for Defendants
Telephone:    (302) 778-1200

OF COUNSEL:
DLA PIPER RUDNICK GRAY CARY US LLP
O. Daniel Ansa/ Broughton M. Earnest/Jayne A. Risk
Attorneys for Defendants,
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
Telephone:    (215) 656-3328


Dated: November 3, 2005

## **EXHIBIT "A"**

As used herein, "document" includes any books, pamphlets, letters, correspondence, telegrams, reports, memoranda, records, studies, extracts, working papers, charts, papers, indices, tapes, data sheets or cards, minutes, transcriptions, photographs, bills, invoices, inventories, contracts, proposals, e-mails, either active or deleted, or any other written, printed, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced and all mechanical or electronic sound recordings or transcripts thereof in the possession and/or control of the witness.

The term "accident" refers to the accident of October 26, 2004 which is the subject of this lawsuit.

The term "this litigation" refers to the action pending in the United States District Court for the District of Delaware, Civil Action No. 04-1538.

The term "witness" refers to Jerome Staller, and any employees, agents or representatives working on his behalf.

DOCUMENTS REQUESTED

1. A copy of any document which refers or relates to the accident of the plaintiff's decedent John Vascek or any other matters relating to this litigation.

2. Copies of any notes, made by the witness or provided to the witness by anyone which relate or refer to the accident, the plaintiff's decedent John Vascek, plaintiff Heidi Vascek, or any other matters relating to this litigation.

3. Any deposition transcripts and employment records provided to the witness by anyone which relate or refer to the accident, John Vascek's injuries, Heidi Vascek's or John Vascek's finances, Heidi Vascek's or John Vascek's employment including compensation, or any other matters relating to this litigation.

4.      All drafts, electronic or otherwise, of reports, and/or correspondence relating to lawsuit including between Mr. van der Veen and the witness (including all those associated with Mr. van der Veen and his representation of plaintiff).

6.      The complete file of The Center for Forensic Economic Studies as it relates to the accident and any and all matters related to the accident and the economic analysis.

7.      Any memoranda made by the witness or provided to the witness which relates or refers to the accident, the plaintiff, John Vascek's injuries or any other matters relating to this litigation.

8.      Any correspondence between the witness and any persons, including the attorneys for the plaintiff and between third parties which refer or relate to the lawsuit and the economic analysis or any other matters relating to this litigation.

9.      Any documents prepared by the witness, provided to the witness, obtained by the witness, or reviewed by the witness, whether intended for him or not, which refer or relate to the lawsuit and the economic analysis, the plaintiff, John Vascek's injuries or any other matters relating to this litigation.

10.     All literature or other reference material or information consulted by the witness in connection with this litigation whether or not it was found to be relevant or helpful.

11.     All documents or other tangible things which the witness considers relevant to his assignment, investigation or opinions in this litigation.

12.     All documents prepared by the witness which illustrate or demonstrate any fact or opinion considered relevant to this litigation and/or to his assignment, investigation or opinions.

13.     Copies of all curriculum vitae used or prepared by the witness within the preceding five (5) years.

14.     List of all cases in both state and federal courts in which witness has testified, both in deposition and/or in court, for whom the witness testified (plaintiff or defendant) and dates of testimony.

15. All invoices or bills for services rendered by the witness or anyone else employed with or at the witness' company, in connection with this litigation.

16. A copy of all documents or data considered by the witness in forming opinions relating to this litigation.

17. A copy of all exhibits, documents, charts, photographs, diagrams the witness may use in support of or in summary of his opinions.

18. A copy of a list of all publications or articles authored by the witness in the past 10 years.