IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR., <br>     Plaintiffs, <br><br> vs. <br><br><br> UNITED PARCEL SERVICE, INC. and MARK BARD, <br>     Defendants. | : <br> : <br> : <br> : <br> :   C.A. No. 04-1538 SLR <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFF'S MOTION TO COMPEL DOCUMENTS, PUBLICATIONS AND OTHER MATERIALS RELIED UPON BY DEFENDANTS EXPERTS**

  1.  In accordance with the Court's Order dated February 23, 2005 and the subsequent Order extending deadlines by sixty (60) days, the deadline for submission of expert reports was October 19, 2005.

  2.  On October 19, 2005, Plaintiff submitted the report, *inter alia*, of George C. Govatos, Ph.D.

  3.  On October 19, 2005, Defendants submitted their reports of William M. Otto and Tyler Kress, Ph.D.

  4.  November 2, 2005 was the deadline for submitting expert rebuttal reports.

  5.  In order to prepare his rebuttal report, Plaintiff's expert requires the documents considered by Defendants' experts Otto and Kress.

  6.  On October 26, 2005 *via* fax, Plaintiff requested documents, publications and other materials considered by Otto and Kress in reaching their conclusions.

  7.  On October 28, 2005, in response to a similar request by Defendant, Plaintiff hand delivered the documents considered by Plaintiff's expert in preparing his

report.

8. On November 1, 2005 *via* fax Defendants advised Plaintiff that they would forward the requested materials "as soon as possible". The materials have not been received.

9. Without these materials, Plaintiff's expert is unable to prepare his rebuttal report.

10. Specifically, Plaintiff requests the following from Defendants experts Otto and Kress (hereinafter referred to as Defendants' experts):

A. A copy of any document which refers or relates to the accident of the Plaintiff's decedent John Vascek or any other matters relating to this litigation.

B. Copies of any notes, made by the Defendants' experts or provided to the Defendants' experts by anyone which relate or refer to the accident, Plaintiff's decedent, John Vascek, Plaintiff, Heidi Vascek, or any other matters relating to this litigation, including but not limited to interviews, notes of conversations with witness Amy Stratton Archer and witnesses, John Sieffert, and Defendant Mark Bard.

C. Any deposition transcripts and medical records provided to the Defendants' experts by anyone which relate or refer to the accident, the Plaintiff, John Vascek's injuries or any other matters relating to this litigation.

D. Any testing, measurement, diagram or test results conducted by Defendants' experts during the course of their inspection and examinations, including but not limited to, inspection of the accident site, motorcycle and UPS package car and crush analysis of the UPS package car exemplar which relate to the Plaintiff, Plaintiff's decedent or any other matters relating to this litigation.

E.   All drafts, electronic or otherwise, of reports, correspondence relating to this accident, including between Ms. Risk and Mr. Ansa and Defendants' experts, (including all those associated with Ms. Risk and Mr. Ansa and their representation of Defendants).

F.   The complete file of William M. Otto and Tyler Kress, Ph.D. as it relates to the accident and any and all matters related to the accident.

G.   Any memorandum made by Defendants' experts or provided to Defendants' experts which relates or refers to the accident, the Plaintiff, John Vascek's injuries or any other matter relating to this litigation.

H.   Any correspondence between Defendants' experts and any persons, including the attorneys for the Defendants and between third parties which refer or relate to this accident, the Plaintiff, John Vascek's injuries or any other matters relating to this litigation.

I.   Any documents prepared by Defendants' experts provided to Defendants' experts, obtained by Defendants' experts or reviewed by Defendants' experts, whether intended for them or not, which refer or relate to the accident, the Plaintiff, John Vascek's injuries or any other matters relating to this litigation.

J.   All literature or other referenced material or information consulted by Defendants' experts in connection with this litigation, whether or not it was found to be relevant or helpful.

K.   All documents or other tangible things which Defendants' experts considered relevant to their assignment, investigation or opinions in this litigation.

L.   All documents prepared by Defendants' experts which illustrate or

demonstrate any fact or opinion considered relevant to this litigation, and/or to their assignment, investigation or opinion.

M. Copies of all Curriculum Vitae used or prepared by Defendants' experts within the preceding five years.

N. A copy of all exhibits, documents, charts, **photographs, diagrams** that Defendants' experts may use in support of or in summary of their opinions.

O. A copy of all exhibits, documents, charts, **photographs**, diagrams that Defendants' experts may use in support of their opinion that there was skid mark from the front tire of the Vascek motorcycle that started approximately 140 feet north of the point of impact.

11. Accordingly, Plaintiff respectfully submits that the Court enter an Order compelling Defendants to produce documents, publications and other materials considered by Defendants' experts Otto and Kress in reaching their conclusions.

Respectfully submitted,
RICHARD R. WIER, JR., P.A.

Dated: 11/10/05

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market Street, Suite 600
Wilmington, DE 19801
(302)888-3222
Dscialpi@wierlaw.com

OF COUNSEL:
Michael T. van der Veen
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEIDI VASCEK, individually and as Administratrix of the ESTATE OF JOHN VASCEK, JR.,<br>            Plaintiffs,<br><br>vs.<br><br><br>UNITED PARCEL SERVICE, INC. and MARK BARD,<br>            Defendants. | :<br>:<br>:<br>:<br>:      C.A. No. 04-1538 SLR<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I certify that on this 10th day of November, 2005, that I caused to be electronically filed the Plaintiff's Motion to Compel Documents, Publications and Other Materials Relied upon by Defendants' Experts with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Catie, III, Esquire
> Rawle & Henderson
> 300 Delaware Avenue, Suite 1015
> PO Box 588
> Wilmington, DE 19899
> Attorney for Defendants
>
> Jayne A. Risk, Esquire
> One Liberty Place
> 1650 Market Street, Suite 4900
> Philadelphia, PA 19103
> *Via Regular Mail*

                                             **RICHARD R. WIER, JR., P.A.**

                                                     /s/ Daniel W. Scialpi
                                             Richard R. Wier, Jr. (#716)
                                             Daniel W. Scialpi (#4146)
                                             1220 Market Street, Suite 600
                                             Wilmington, Delaware 19801
                                             (302)888-3222
                                             Dscialpi@wierlaw.com