IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HEIDI VASCEK, individually      )
and as Administratrix of the    )
ESTATE OF JOHN VASCEK, JR.,     )
                                )
         Plaintiffs,            )
                                )
    v.                          )   Civ. No. 04-1538-SLR
                                )
UNITED PARCEL SERVICE, INC.     )
and MARK BARD,                  )
                                )
         Defendants.            )

**O R D E R**

At Wilmington this 18th day of November, 2005, having reviewed the multiple motions filed by the parties in connection with various discovery disputes;

IT IS ORDERED that:

1. Plaintiffs' omnibus motion to compel discovery (D.I. 72) is granted in part and denied in part. The motion is denied as to plaintiffs' request for inspection. Although the protocol ultimately described might have led to the discovery of relevant evidence, plaintiffs did not make the protocol known to defendants in a timely, candid manner. Therefore, the court will not allow such discovery to proceed. The motion is granted with respect to any photographs taken by or on behalf of defendants (whether by an employee, the insurance carrier, a consulting

expert or a testifying expert) of the accident scene, the UPS van, or plaintiffs' motorcycle. Plaintiffs' request for a physical examination of defendant Bard has been withdrawn. Plaintiffs' request to compel the production of documents was filed prematurely.

    2. Defendants' motion for a protective order (D.I. 76) is granted, unless plaintiffs' counsel agrees to depose Corporal Weaver for just one (1) additional hour **in my chambers**.

    3. Defendants' motion to compel (D.I. 83) is granted to the following extent: Just as I ordered defendants to produce all photographs (at plaintiffs' request), **on or before December 2, 2005,** plaintiffs shall produce all photographs in their possession, regardless of who took them. Likewise, **on or before December 2, 2005,** plaintiffs shall identify with particularity those witnesses with knowledge of the facts and the damages they seek to recover in this lawsuit. The parties should note in this regard that they may **NOT** introduce at trial any evidence that they fail to identify or that they refuse to produce during discovery.

    4. Defendants' motion for protective order (D.I. 85) is granted in part and denied in part. It is granted with respect to the depositions of corporate designees concerning information systems, truck maintenance and driver safety/training if, **on or before December 2, 2005,** defendants provide to plaintiffs

2

defendant Bard's delivery schedule for the day of the accident, documents relating to the UPS van's maintenance history and any information as to driver safety/training. As to the remainder of the topics, defendants' motion is granted.

5. Defendants' motion to quash the subpoena of Michael Hutchinson (D.I. 87) is granted.

6. Defendants' motion to compel (D.I. 90) is moot, as plaintiffs' counsel denies having any statements, notes or memoranda that relate to his meeting with witness Amy Stratton.

7. Defendants' motion for a protective order (D.I. 99) is granted as to the requests for production of documents. The motion is denied as to the deposition of Trooper Forrester (the deposition is limited to one (1) hour and shall be held in my chambers, if plaintiffs choose to go forward with same).

8. Defendants' motion to quash subpoena directed to Delaware Technical & Community College (D.I. 103) is granted.

9. Plaintiffs' motion to compel (D.I. 117) is denied, as it is the third motion filed by plaintiffs and it was filed without my permission.

IT IS FURTHER ORDERED that the scheduling order entered in this case shall be amended as follows:

1. Fact discovery is extended to **December 30, 2005.**

2. Expert reports for which the party has the burden of proof shall be filed **on or before January 31, 2006.** Rebuttal

expert reports shall be filed **on or before February 28, 2006.** Expert discovery shall be completed by **March 31, 2006.** Daubert motions shall be filed **on or before April 17, 2006.**

3. I will conduct status conferences with the parties in courtroom 6B, sixth floor of the Federal Building, 844 King Street, Wilmington, Delaware, on **January 18, 2006 at 4:30 p.m.** and on **May 2, 2006 at 4:30 p.m.**

4. The parties may not file any further motions to compel or motions for protective order. If there are further discovery disputes, I will address them at the scheduled status conferences.

5. I will reschedule trial once the parties have managed to finish discovery.

                                                                              United States District Judge